**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | | |
|---|---|---|
| **TAYLOR, TRENT** | § | |
| **TDCJ NO. 01691384,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION No. 5:14-cv-00149** |
| | § | |
| **MARION WILLIAMS, et al.,** | § | |
| *Defendants.* | § | |

**DEFENDANTS MARION WILLIAMS, RAY MITCHELL, ROBERT STEVENS, ROBERT ROJAS, RICARDO CORTEZ, STEPHEN HUNTER, LARRY DAVIDSON, JENNIFER MARES, MARY REYNA, SHANE SWANEY, EMMA PARRA, CHEVI PARKER, RAYMUNDO MONTEZ, TYRONE JONES, DARLA HUBBLE, TRICINIA GIPSON, RANDY HANCOCK, RANDY CRAIN, SHAWN VALLANCE, MELISSA, OLMSTEAD, AND LANETTE LINTHICUM'S**

**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND FED. R. CIV. P. 12(b)(6)**

Defendants, by and through the Attorney General for the State of Texas, submit this **Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1) and FED. R. CIV. P. 12(b)(6)** in response to Plaintiff Trent Taylor's Complaint and More Definite Statement.[1] In support, Defendants respectfully offer the following:

**I.
Statement of the Case**

Plaintiff Trent Taylor is an inmate, incarcerated in the Texas Department of Criminal Justice (TDCJ). Offender Taylor was sent to the Montford psychiatric unit after he was declared

---

[1] D.E. #1.

suicidal when he swallowed an overdose of pills.[2] Taylor was at the Montford Unit for two months, from September 6, 2013 to November 5, 2013. He alleges that he was subjected to a number of Constitutional and tort violations during his stay centering the conditions of his confinement, deliberate indifference to his medical needs, due process claims, retaliation claims, use of force, and conspiracy. Offender Taylor is seeking injunctive relief and over $18,804,700 in damages.

## II.
## Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1)

To the extent that Plaintiff Taylor is suing Defendants for money damages in their official capacities, his claims are barred by the Eleventh Amendment to the Constitution. Neither a state nor a state official sued in his or her official capacity for damages is a "person" for purposes of liability under §1983.[3] Moreover, a suit for damages against a state official in his official capacity is not a suit against that individual but a suit against the state.[4]

The Eleventh Amendment to the United States Constitution bars such suits against a state unless the state has waived its immunity or Congress has abrogated immunity pursuant to its power under §5 of the Fourteenth Amendment. In passing §1983, Congress "had no intention to disturb the States' Eleventh Amendment immunity."[5] Neither Congress nor the State of Texas has waived Eleventh Amendment immunity with regard to 42 U.S.C. §1983.

42 U.S.C. §1983 provides a federal forum to remedy the violation of constitutional rights, but "it does not provide a federal forum for litigants who seek a remedy against a state for alleged

---

[2] D.E. #1.
[3] *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989).
[4] *Id.*
[5] *Id.*

deprivations of civil liberties."[6] Therefore, Offender Taylor's claims against Defendants in their official capacities must be dismissed for lack of jurisdiction.

## III.
## Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6)

### A. Standard of Dismissal

A party is entitled to dismissal under FED. R. CIV. P. 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted.  Under FED. R. CIV. P. 12(b)(6), all well-pleaded facts are viewed in the light most favorable to the plaintiff, but the plaintiff must allege facts that support the elements of the cause of action in order to make out a valid claim.[7]

When presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis.

First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.[8] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."[9] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]' – "that the pleader is entitled to relief.'"[10] This "plausibility" determination will

---

[6] *Id.*
[7] *Hale v. King*, No. 07-60997, 2011 WL 2045346 at *3 (5th Cir. May 26, 2011) (q*uoting City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (May 18, 2009).
[9] *Id* at 679.
[10] *Id.*

be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[11]

After *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[12] To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible.[14]

### B. Respondent Superior Claim

As a threshold matter, in order to hold someone liable under 42 U.S.C. § 1983, an inmate must show that the Defendant was personally involved in the alleged constitutional violation. Personal involvement in an alleged constitutional depravation is an essential element to a civil rights cause of action.[15] The doctrine of *respondent superior* cannot support liability in §1983 actions.[16] Thus supervisory officials cannot be held vicariously liable solely on the basis of their employer-employee relationship with an alleged wrongdoer.[17] In order to successfully plead a cause of action in a civil rights case, a plaintiff must enunciate a set of facts that illustrate each defendant's participation in the alleged wrongdoing. To the extent that a Defendant is being

---

[11] *Id.*; *See also Fowler v. UMPC Shadyside*, 578 F.3d 203 (3rd Cir. 2009).
[12] *Iqbal*, 556 U.S. at 663.
[13] *Id.* at 1948
[14] *Id.* at 678-9; *see also Twombly*, 550 U.S. at 555, & n.3.
[15] *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).
[16] *Monell v. New York Dep't of Social Services*, 436 U.S. 658, 693 (1978).
[17] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983); *Bowen v. Watkins*, 669 F.2d 979, 988 (5th Cir. 1982); *Watson v. Interstate Fire and Casualty Co.*, 611 F.2d 120, 123 (5th Cir. 1980).

sued in his or her supervisory capacity, supervisory officials may not be held liable for their subordinates' actions under any theory of vicarious liability under 42 U.S.C. §1983.[18]

An official may be held liable when he is personally involved in the acts causing the deprivation of a person's constitutional violation sought to be redressed.[19] Thus, to hold the supervisory official accountable for the acts of his subordinates, §1983 "requires more than a simple ratification of an impermissible act when the ratification is based on independent legitimate reasons."[20] To prevail against a supervisor, a plaintiff must show that such a failure "caused" or was the "moving force" in causing plaintiff's harm.[21]

### C. Conditions of Confinement Claim

Although the constitution "does not mandate comfortable prisons," conditions of confinement "must not involve the wanton and unnecessary infliction of pain."[22] The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide "humane conditions of confinement," ensuring that "inmates receive adequate food, clothing, shelter, and medical care...."[23]

The Supreme Court has held that an inmate must satisfy two requirements to demonstrate that a prison official has violated the Eighth Amendment.[24] "First, the deprivation alleged must be, objectively, 'sufficiently serious'; a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'"[25] Second, "a prison official must have a

---

[18] *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir. 1985) (per curiam).
[19] *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *Lozano*, 718 F.2d at 768; *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981)(per curiam).
[20] *Bowen*, 669 F.2d at 988.
[21] *See Monell*, 436 U.S. at 692, 694 (1978); *Vela v. White*, 703 F.2d 147, 153 (5th Cir. 1983).
[22] *Palmer v. Johnson*, 193 F.3d 346, 351-52 (5th Cir. 1999), *citing*: *Rhodes v. Chapman,* 452 U.S. 337-349, 101 S.Ct. 2392-2400, 69 L.Ed.2d 59 (1981).
[23] *Palmer* at 352, *citing*: *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994).
[24] *Palmer* at 346, 352.
[25] *Palmer* at 346, 352, *citing: Farmer* at 834, 114 S.Ct. at 1977 (citations omitted).

'sufficiently culpable state of mind'"[26] In prison conditions cases, that state of mind is one of deliberate indifference to inmate health or safety.[27] "To establish deliberate indifference ..., the prisoner must show that the defendants (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed."[28]

The Fifth Circuit has held that indicia of confinement constituting cruel and unusual punishment include wanton and unnecessary infliction of pain, conditions grossly disproportionate to the severity of the crime warranting imprisonment, and the deprivation of the minimal civilized measures of life's necessities.[29] The Supreme Court has held, however, that to the extent that prison conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.[30] In compliance with the Supreme Court's opinion, the Fifth Circuit has stated that the Eighth Amendment does not afford protection against mere discomfort or inconvenience.[31] "Only those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation."[32] In order to recover damages for any type of mental or emotional injury suffered, an inmate must first allege a physical injury.[33]

---

[26] *Id.*
[27] *Id.*
[28] *Palmer* at 346, 352, *citing: Bradley v. Puckett,* 157 F.3d 1022, 1025 (5th Cir.1998).
[29] *Encalade v. Stacks,* 9:04 CV 214, 2006 WL 1582468 (E.D. Tex. May 30, 2006), *citing: Wilson v. Lynaugh,* 878 F.2d 846, 848 (5th Cir.), *cert. denied* 493 U.S. 969, 110 S.Ct. 417, 107 L.Ed.2d 382 (1989).
[30] *Encalade* at 214, *citing: Rhodes v. Chapman,* 452 U.S. 337, 346-7, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981).
[31] *Encalade* at 214, *citing: Wilson,* 878 F.2d at 849.
[32] *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S. Ct. 2321, 2324, 115 L. Ed. 2d 271 (1991), *citing: Rhodes v. Chapman, 4*52 U.S. 337, 69 L. Ed. 2d 59, 101 S. Ct. 2392, 2399 (1981).
[33] 42 U.S.C. § 1997e(e); *Taylor v. Milton,* 124 Fed. Appx. 248, 249 (5th Cir. 2005).

Like other Eighth Amendment claims, a conditions-of-confinement claim must satisfy tests for both objective and subjective components.[34] For the objective component, "extreme deprivations are required to make out a conditions-of-confinement claim."[35] "The Supreme Court has noted that 'the length of confinement cannot be ignored.... A filthy, overcrowded cell … might be tolerable for a few days and intolerably cruel for weeks or months.'"[36] A cell that "has blood on the walls and excretion on the floors…" does not necessarily rise to the level on an Eighth Amendment Constitutional violation.[37] Courts have found that there was no Eighth Amendment violation when a prisoner was exposed for four days to raw sewage from an overflowed toilet.[38] Courts have also found no Eighth Amendment injury when a prisoner was denied a shower after having human excrement thrown on him because he was given water and cleaning supplies.[39]

Finally, in order to bring any kind of claim, under the Prison Litigation Reform Act, the Plaintiff must allege a physical injury to recover from any kind of mental or emotional injury.[40] "No federal civil action may be brought by a prisoner … for mental or emotional injury suffered while in custody without a prior showing of physical injury."[41]

### D. Medical Deliberate Indifference Claim

Being deliberately indifferent to a prisoner's serious medical needs constitutes "unnecessary and wanton infliction of pain" and is a violation of the Eighth Amendment's

---

[34] *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998) (citing *Hudson v. McMillian,* 503 U.S. 1, 8, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)).
[35] *Davis* at 1006 (citing *Hudson at 9, 112 S. Ct. 995*).
[36] *Davis* at 1005 (citing *Hutto v. Finney, 437 U.S. 678, 686-87, 98 S. Ct. 2565, 2571, 57 L. Ed. 2d 522 (1978)*).
[37] *Davis* at 1006
[38] *Davis* at 1005 (citing *Smith v. Copeland,* 87 F.3d 265, 269 (8th Cir.1996)).
[39] *Davis* at 1005 (citing *Shakka v. Smith,* 71 F.3d 162, 167-68 (4th Cir.1995)).
[40] 42 U.S.C. § 1997e(e).
[41] *Id.*

prohibition against cruel and unusual punishment.[42] However, courts have determined that deliberate indifference is an extremely high standard to meet.[43]

To establish a deliberate indifference claim, the plaintiff must show that the defendant was (1) Aware of the of the facts from which he could infer an excessive risk to the prisoner's health and safety, and (2) that he actually inferred there was an excessive risk to the prisoner's safety.[44] In order for a prison official to be held liable for deliberate indifference, the official must "*know of* and *disregard* an excessive risk to inmate health and safety."[45] Deliberate indifference under the Eighth Amendment requires a showing of "subjective recklessness" as used in criminal law.[46]

In *Domino v. Texas Dep't of Criminal Justice*, the Fifth Circuit discussed the high standard involved in showing deliberate indifference:

> Deliberate indifference is an extremely high standard to meet.  It is indisputable that an incorrect diagnosis by medical personnel does not suffice to state a claim for deliberate indifference.[47]   Rather, the plaintiff must show the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[48] Furthermore the decision whether to provide additional treatment "is a classic example of a matter for medical judgment."[49] And, the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference.[50]

---

[42] *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir.2006) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)).
[43] *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).
[44] *Easter* at 837.
[45] *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102-03, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976)) (emphasis added).
[46] *Farmer v. Brennan*, 511 U.S. 825 (1994).
[47] *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).
[48] *Id*.
[49] *Estelle*, 429 U.S. at 107.
[50] *Farmer*, 511 U.S. at 838.

239. F.3d 752, 756 (5th Cir. 2001).   Furthermore, an inmate's disagreement with a physician about his medical treatment is insufficient to state a claim of deliberate indifference.[51] Mere negligence, neglect, or medical malpractice does not constitute deliberate indifference.[52] Gross negligence does not rise to the level of deliberate indifference.[53] When the medical records reflect assessment and treatment of an inmate's medical complaints, there is no deliberate indifference.[54]

When the basis for a deliberate indifference claim is a delay in medical care, the alleged deprivation must be "sufficiently serious."[55] The delay in medical care must result in *substantial* harm in order to violate the Eighth Amendment.[56] A plaintiff needs to indicate that his physical condition during the time of the delay warranted prompter medical treatment or that his condition wholly debilitated him.[57]

### E.  Denial of Due Process Claim

Generally speaking, due process protections attach only to those punishments that impose an atypical and significant hardship in relation to ordinary incident of prison life, or to those that extend the length or duration of confinement.[58] The Fifth Circuit has held that "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest."[59] Furthermore, the protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement"

---

[51] *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).
[52] *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1993) (citing *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979)).
[53] *Hare v. City of Corinth*, 74 F.3d 633, 645 (5th Cir. 1996).
[54] *McCord v. Maggio*, 910 F.2d 1248, 1251 (5th Cir. 1990).
[55] *Wilson v. Seiter*, 501 U.S. 294, 298, 115 L. Ed. 2d 271, 111 S. Ct. 2321 (1991)
[56] *Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir.1993).
[57] *Breakiron v. Neal*, 166 F. Supp. 2d 1110, 1114 (N.D. Tex. 2001)
[58] *Sandin v. Conner*, 515 U.S. 472, 484-86 (1995).
[59] *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir.1996) (quoting *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995)).

which are adverse to a prisoner.[60] Only when a prisoner demonstrates "extraordinary circumstances" may he maintain a due process challenge to a change in his custodial classification.[61]

Cases where segregated confinement is sufficiently atypical to implicate a due process liberty interest involve circumstances that are much harsher than those presented here. For example, in *Wilkerson v. Stalder*, 329 F.3d 431 (5th Cir. 2003), the Fifth Circuit held that due process ***might*** have been violated where the plaintiff had been kept on lockdown status for thirty years.[62] In another case, the Supreme Court held that transfer to the Ohio "Supermax" facility implicated a liberty interest, in part because the conditions there were "more restrictive than any other form of incarceration in Ohio."[63] The *Wilkinson* Court noted that at the Supermax facility, "almost all human contact is prohibited."[64] Moreover, confinement at the Supermax facility is indefinite, and otherwise eligible inmates are disqualified for parole consideration.[65]

The Supreme Court makes it clear that no particular process is required for punishment that affects only the *quality* of the confinement rather than the *quantity* of confinement.[66] Atypical and significant hardships are those deprivations which "clearly impinge on the duration of confinement."[67] Courts have found that temporary solitary confinement, disciplinary sanctions of curtailed recreation and commissary privileges,

---

[60] *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir.1997).
[61] *Sandin*, 515 U.S. at 484.
[62] *Id.*, 329 F.3d at 436 (remanding for determination whether such confinement was "atypical" under *Sandin*).
[63] *Wilkinson v. Austin,* 545 U.S. 209, 214 (2005).
[64] *Id.* at 223.
[65] *Id.* at 224.
[66] *Sandin v. Conner*, 515 U.S. 472, 483-84, 115 S.Ct. 2293, 2300 (1995).
[67] *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995) (quoting *Sandin* at 483-84).

assignment of extra duty, and a reduction in classification status did not represent atypical or significant hardships and did not infringe upon a constitutionally protected liberty interest.[68]

### F. Retaliation Claim

To prevail on a claim of retaliation, an inmate must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the inmate for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation.[69]  The Fifth Circuit has cautioned that prison officials must be given wide ranging deference in the management of inmates.[70]

> The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every...act that occurs in state penal institutions.[71]

Consequently, to state a claim for retaliation, an inmate must allege a violation of a specific Constitutional right, and "be prepared to establish *that but* for the retaliatory motive, the complained of incident...would not have occurred."[72]  Furthermore, "[m]ere conclusory allegations of retaliation will not withstand a summary judgment challenge. The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred."[73]  Evidence that the action of the prison official would be

---

[68] *Samford v. Staples*, 249 Fed. Appx. 1001, 1004 (5th Cir. 2007); *Clark v. Stalder*, 103 F.3d 126 (5th Cir. 1996) (unpublished) (citing *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995) ("prison classification and eligibility for rehabilitation programs are not directly subject to 'due process' protections").

[69] *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998); *see also Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).
[70] *Woods*, 60 F.3d at 1166.
[71] *Id*.
[72] *Id*. (emphasis added).
[73] *Id*. (quoting *Jackson v. Cain*, 864 F.2d 1235, 1143 n. 6 (5th Cir. 1989).

legitimate outside the context of possible retaliation is potent proof of the Constitutionality of the official's actions. *Id*.

## G. Use of Force Claim

When prison officials are accused of using excessive physical force in a manner which violates the Cruel and Unusual Punishment Clause of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline or, maliciously and sadistically for the very purpose of causing harm.[74] "That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. . . 'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.'"[75]

Instead, several factors are used to determine whether unnecessary and wanton infliction of pain was used in violation of a plaintiff's rights.  The *Hudson* factors include: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and, (5) any efforts made to temper the severity of a forceful response.[76]

"The amount of force that is constitutionally permissible . . . must be judged by the context in which that force is deployed."[77]

## H. Conspiracy Claim

A 42 U.S.C. § 1983 conspiracy claim is not actionable without an actual violation of §1983.[78]  Such a conspiracy claim is wholly contingent on a finding that the Defendant retaliated

---

[74] *Hudson v. McMillian*, 503 U.S. 1, 6 (1992).
[75] *Id*. at 9 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973)).
[76] *Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir.1992).
[77] *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir.1996).
[78] *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir.1990).

against the Plaintiff.[79]   Plaintiff must put forth specific facts supporting his claim; "mere conclusory allegations of conspiracy cannot, absent reference to material facts, survive a motion to dismiss."[80]   In pleading specific facts, Plaintiff must allege facts indicating the existence of a conspiracy.[81]

## I.   Qualified Immunity

Qualified immunity is immunity from suit and not just a mere defense to liability.[82] Thus, qualified immunity shields a defendant from the costs of trial and the burdens of broad-reaching discovery.[83] The United States Supreme Court has repeatedly stressed that qualified immunity must be decided at the earliest possible stage in litigation.[84] This Court has long held that qualified immunity is to be resolved on the face of the pleadings and with limited resort to pre-trial discovery.[85]   In fact, district courts have an obligation to carefully scrutinize a plaintiff's claims before subjecting public officials to broad-reaching discovery.[86]   This rule is designed to protect public officials from the burdens and costs of litigation and to prevent disruption of government responsibilities.[87]

Government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly-established statutory or constitutional rights of which a reasonable person would have known.[88]   The Fifth Circuit has

---

[79] *Id.*

[80] *Arseneaux v. Roberts,* 726 F.2d 1022, 1024 (5th Cir. 1990) (affirming dismissal of conclusory claim of conspiracy); *Morrison v. City of Baton Rouge,* 761 F.2d 242, 246 (5th Cir. 1985) (plaintiff's general allegations of conspiracy are not enough to state a civil rights claim when no underlying facts are alleged); *Dayse v. Schuldt,* 894 F.2d 170, 173 (5th Cir.1990); *Hale v. Harney,* 786 F.2d 688, 690 (5th Cir.1986).

[81] *Lynch v. Cannatella,* 810 F.2d 1363, 1369-70 (5th Cir. 1987).

[82] *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985).

[83] *Gaines v. Davis,* 928 F.2d 705, 706 (5th Cir. 1991), *reh'g denied*; *see also Harlow v. Fitzgerald,* 457 U.S. 800, 817-18 (1982).

[84] *Hunter v. Bryant,* 502 U.S. 224, 227 (1991).

[85] *Babb v. Dorman,* 33 F.3d 472, 477 (5th Cir.1994) (citing *James v. Sadler,* 909 F.2d 834, 838 (5th Cir.1990)).

[86] *Jacquez v. Procunier,* 801 F.2d 789, 791 (5th Cir.1986).

[87] *Harlow,* 457 U.S. at 817.

[88] *Harlow,* 457 U.S. at 818.

emphasized the extent of this shield, finding that a government official is entitled to qualified immunity unless all reasonable officials would have realized that the challenged conduct was proscribed by law at the time the official acted and under the circumstances the official acted.[89]

Once a government official has asserted qualified immunity, the burden shifts to the plaintiff to show that qualified immunity does not bar recovery.[90]

In determining whether the plaintiff has successfully overcome the qualified immunity defense, the court engages in a two-step inquiry.  First, the court must consider "whether the plaintiff asserted a violation of a constitutional right at all -- prior to addressing the potentially unnecessary question of whether plaintiff asserted a violation of a clearly established right."[91]  In making this assessment, the court uses "currently applicable constitutional standards."[92]

If a plaintiff has not cleared this first hurdle, the court need not further address the question of qualified immunity.  However, if the court finds that the plaintiff has alleged the violation of a constitutional right–a clearly established constitutional right--the court must go on to determine if the defendant official's actions could reasonably have been thought consistent with that right.[93]

In making this second determination, the court looks to whether the defendant's actions were objectively reasonable as measured by reference to the law as it existed at the time the conduct occurred and in light of the information that the defendant possessed.[94]  Regardless of a

---

[89] *Dudley v. Angel*, 209 F.3d 460, 462 (5th Cir. 2000).

[90] *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *see also McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) ("When a Defendant invokes qualified immunity, the burden is on the Plaintiff to demonstrate the inapplicability of the defense.").

[91] *Siegert v. Gilley*, 500 U.S. 226, 230 (1991) (internal quotation marks omitted); *Samaad v. City of Dallas*, 940 F.2d 925, 940 (5th Cir. 1991) (holding that *Siegert* requires a plaintiff first to allege a constitutional violation before a court will decide whether the right is "clearly established").

[92] *Rankin v. Klevenhagen*, 5 F.3d 103, 106 (5th Cir. 1993).

[93] *Siegert*, 500 U.S. at 230.

[94] *Mouille v. City of Live Oak*, 977 F.2d 924, 928 (5th Cir. 1992) (citing *Spann v. Rainey*, 987 F.2d 1110, 1114 (5th Cir. (1993)); *Valencia v. Wiggins*, 981 F.2d 1440, 1448 (5th Cir.) *cert. denied*, 113 S.Ct. 2998 (1993); *Anderson v. Creighton*, 483 U.S. 635, 639 (1987); *Streetman v. Jordan*, 918 F.2d 555, 556 (5th Cir. 1990).

defendant official's mistaken assumptions, if his conduct is determined to have been objectively reasonable, he is entitled to qualified immunity.  Thus, officials are immune if their "actions could reasonably have been thought consistent with the rights they are alleged to have violated."[95]

###### i.    Marion Williams

Offender Taylor has brought claims against Director Williams pertaining to respondent superior, medical deliberate indifference, and due process.[96] Taylor has not met the requisite threshold for any of his claims against Director Williams to overcome qualified immunity.

All of Taylor's claims against Director Williams for failure to supervise or properly train clearly fall under respondent superior. As stated above, the doctrine of *respondent superior* cannot support liability in §1983 actions.[97] Thus supervisory officials cannot be held vicariously liable solely on the basis of their employer-employee relationship with an alleged wrongdoer.[98] To establish a deliberate indifference claim, Taylor must show that the Director Williams was (1) Aware of the of the facts from which she could infer an excessive risk to the prisoner's health and safety, and (2) that she actually inferred there was an excessive risk to the prisoner's safety.[99]

Taylor has failed to allege any personal involvement of Director Williams in his complaint, or presented any facts that indicate that Director Williams had any personal knowledge of what Taylor alleges was an excessive risk to his health and safety. Offender Taylor makes allegations that Director Williams has control over policy and procedure, however, Taylor has asserted no facts showing that Director Williams has any control over the unit's policies. Furthermore, Taylor does not even assert how these policies violate his First,

---

[95] *Anderson*, 483 U.S. at 638.
[96] D.E. #1
[97] *Monell* at 693.
[98] *Lozano* at 768; *Bowen* at 988; *Watson* at 123.
[99] *Easter* at 837.

Fifth, Eighth, or Fourteenth Amendment rights. Under *Sandin v. Conner,* Taylor has no "created liberty interest of the regulations of Texas Department of Criminal Justice–Institutional Division."[100] Offender Taylor does not have a Constitutional right to regulate policies.

Taylor has also brought a claim against Director Williams for depriving him of his Constitutional rights (Claim 20)[101] however, he does not state which rights, or how Director Williams has any personal involvement. To the extent that this alleged deprivation refers to any complaints brought against Director Williams, his claims are barred because Taylor has not alleged any personal involvement, and therefore cannot overcome qualified immunity.

All claims against Director Williams should be dismissed entirely.

### ii.    Ray Mitchell

Offender Taylor has brought claims against Director Mitchell pertaining to respondent superior, medical deliberate indifference, and due process.[102] Taylor has not met the requisite threshold for any of his claims against Director Mitchell to overcome qualified immunity.

All of Taylor's claims against Director Mitchell for failure to supervise or properly train clearly fall under respondent superior. As stated above, the doctrine of *respondent superior* cannot support liability in §1983 actions.[103] Thus supervisory officials cannot be held vicariously liable solely on the basis of their employer-employee relationship with an alleged wrongdoer.[104] To establish a deliberate indifference claim, Taylor must show that the Director Mitchell was (1) Aware of the of the facts from which he could infer an excessive risk to the

---

[100] 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).
[101] D.E. #1 at 15.
[102] D.E. #1
[103] *Monell* at 693.
[104] *Lozano* at 768; *Bowen* at 988; *Watson* at 123.

prisoner's health and safety, and (2) that he actually inferred there was an excessive risk to the prisoner's safety.[105]

Taylor has failed to allege any personal involvement of Director Mitchell in his complaint, or presented any facts that indicate that Director Mitchell had any personal knowledge of what Taylor alleges was an excessive risk to his health and safety. Offender Taylor makes allegations that Director Mitchell has control over policy and procedure, however, Taylor has asserted no facts showing that Director Mitchell has any control over the unit's policies. Furthermore, Taylor does not even assert how these policies violate his First, Fifth, Eighth, or Fourteenth Amendment rights. Under *Sandin v. Conner,* Taylor has no "created liberty interest of the regulations of Texas Department of Criminal Justice–Institutional Division."[106] Offender Taylor does not have a Constitutional right to regulate policies.

Taylor has also brought a claim against Director Mitchell for depriving him of his Constitutional rights (Claim 20)[107] however, he does not state which rights, or how Director Mitchell has any personal involvement. To the extent that this alleged deprivation refers to any complaints brought against Director Mitchell, his claims are barred because Taylor has not alleged any personal involvement, and therefore cannot overcome qualified immunity.

All claims against Director Mitchell should be dismissed entirely.

### iii.    Robert Stevens

Offender Taylor has brought claims against Warden Stevens pertaining to respondent superior, medical deliberate indifference, and due process.[108] Taylor has not met the requisite threshold for any of his claims against Warden Stevens to overcome qualified immunity.

---

[105] *Easter* at 837.
[106] 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).
[107] D.E. #1 at 15.
[108] D.E. #1

All of Taylor's claims against Warden Stevens for failure to supervise or properly train clearly fall under respondent superior. As stated above, the doctrine of *respondent superior* cannot support liability in §1983 actions.[109] Thus supervisory officials cannot be held vicariously liable solely on the basis of their employer-employee relationship with an alleged wrongdoer.[110] To establish a deliberate indifference claim, Taylor must show that the Warden Stevens was (1) Aware of the of the facts from which he could infer an excessive risk to the prisoner's health and safety, and (2) that he actually inferred there was an excessive risk to the prisoner's safety.[111]

Taylor has failed to allege any personal involvement of Warden Stevens in his complaint, or presented any facts that indicate that Warden Stevens had any personal knowledge of what Taylor alleges was an excessive risk to his health and safety. Offender Taylor makes allegations that Warden Stevens has control over policy and procedure, however, Taylor has asserted no facts showing that Warden Stevens has any control over the unit's policies. Furthermore, Taylor does not even assert how these policies violate his First, Fifth, Eighth, or Fourteenth Amendment rights. Under *Sandin v. Conner,* Taylor has no "created liberty interest of the regulations of Texas Department of Criminal Justice–Institutional Division."[112] Offender Taylor does not have a Constitutional right to regulate policies.

Taylor has also brought a claim against Warden Stevens for depriving him of his Constitutional rights (Claim 20)[113] however, he does not state which rights, or how Warden Stevens has any personal involvement. To the extent that this alleged deprivation refers to any

---

[109] *Monell* at 693.
[110] *Lozano* at 768; *Bowen* at 988; *Watson* at 123.
[111] *Easter* at 837.
[112] 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).
[113] D.E. #1 at 15.

complaints brought against Warden Stevens, his claims are barred because Taylor has not alleged any personal involvement, and therefore cannot overcome qualified immunity.

All claims against Warden Stevens should be dismissed entirely.

### iv.   Robert Riojas

Offender Taylor has brought claims against Sargent Rojas pertaining to medical deliberate indifference, conditions of confinement, conspiracy, due process, retaliation, conspiracy to deprive Taylor of his freedom of speech, and the torts of negligence and intentional infliction of emotional distress.[114] Taylor has not met the requisite threshold for his claims against Sargent Rojas to overcome qualified immunity.

Taylor alleges that Sargent Rojas would not remove him from his cell, let him go to the restroom, and would not take pictures after what Offender Taylor alleges was a use of force. Taylor claims that this was a violation of medical deliberate indifference, conditions of confinement, conspiracy, due process, retaliation, conspiracy to deprive Taylor of his freedom of speech, and the torts of negligence and intentional infliction of emotional distress.

Taylor's claims against Sargent Rojas regarding the conditions of his confinement do not rise to the level of an Eighth Amendment violation. Taylor did not have a sufficiently serious violation that resulted in him being denied the minimal civilized measure of life's necessities. The only problems Taylor alleges with his cell is that he did not think that his cell was sufficiently clean. This does not rise to a Constitutional violation because the Eighth Amendment does not afford protection against discomfort or inconvenience.[115]

Taylor claims that Sargent Rojas violated the Constitution because Sargent Rojas allegedly violated policy. However, a policy violation is not a Constitutional violation. The mere allegation

---

[114] D.E. #1
[115] *Encalade* at 214, *citing*: *Wilson,* 878 F.2d at 849.

that prison policies were not followed does not state a claim.[116] Further, in the wake of *Sandin v. Conner*, Plaintiffs have no "created liberty interest of the regulations of Texas Department of Criminal Justice–Institutional Division."[117] The failure of an officer to follow agency procedural regulations or even the relevant state law is not, without more, a constitutional violation, because the relevant constitutional minima may nevertheless have been satisfied.[118] Alleging that Sargent Rojas violated a policy does not rise to a Constitutional violation.

Taylor also does not allege facts to show that Sargent Rojas actually drew an inference that such potential for harm existed, due to the conditions of his cell, or because of any medical necessity. Offender Taylor does not allege any type of physical harm as a result of the conditions of his cell, nor does he allege that Sargent Rojas *actually* drew an inference that there was potential harm to Offender Taylor. This means that Taylor cannot make a claim against Sargent Rojas for medical deliberate indifference.

At no point does Taylor allege facts that show that Sargent Rojas actually inferred that Taylor could have been substantially harmed by being in the cell without cleaning it. Offender Taylor has not shown that Sargent Rojas drew an inference that Taylor was subject to a substantial risk of harm to the level of a Constitutional violation. Taylor did not suffer any physical harm due to the conditions of his cell preventing him from bringing a claim for physical, mental, or emotional injuries. All his claims for Sargent Rojas regarding the condition of his confinement or medical deliberate indifference should be dismissed.

Offender Taylor alleges that Sargent Rojas violated his due process rights. However, Taylor does not allege how Sargent Rojas is personally involved in Taylor's confinement or his

---

[116] *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996) (TDCJ–CID's failure to follow its own administrative rules and regulations does not raise federal constitutional issues as long as minimal constitutional requirements are met).
[117] 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).
[118] *Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir.1990).

due process allegations. Furthermore, Offender Taylor states in his complaint that he is in confinement after he overdosed on medication and then later after he threatened to commit suicide.[119] Sargent Rojas has no personal involvement in Offender Taylor's overdose or his threats. The due process claim against Sargent Rojas should be dismissed entirely.

Offender Taylor has also brought claims of conspiracy and retaliation against Sargent Rojas. Taylor's claims against Sargent Rojas do not overcome qualified immunity because his claim does not rise to the level of a Constitutional violation. Offender Taylor has failed to allege facts that show that Sargent Rojas intended to retaliate against Taylor for exercising a constitutional right, that Taylor suffered an adverse act for exercising that right, or that, but for Sargent Rojas' actions, Offender Taylor would not have suffered.

Taylor claims that Sargent Rojas' statements show that he was retaliated against for using the grievance procedure. However, Sargent Rojas' statements only say that he was told not to give Taylor something. He does not say why, nor if these orders were given in order to retaliate against Taylor for using the grievance procedure. Offender Taylor is making a mere conclusory allegation, and does not produce any direct evidence of motivation on the behalf of Sargent Rojas or establish a chronology of events from which retaliation on the part of Sargent Rojas can be inferred.

Due to Taylor's inability to established a §1983 retaliation claim, he can also not establish a conspiracy claim. Offender Taylor has provided no specific facts supporting his claim of conspiracy, and only makes mere conclusory allegations. Taylor alleges that Sargent Rojas conspired against him to tamper with his legal mail. However, Taylor alleges no facts that show that Sargent Rojas has anything to do with Taylor's allegations of misappropriation of his mail. Offender Taylor is only making conclusory allegations with no factual foundations. Taylor has not

---

[119] DE #1

allege facts to establish either a retaliation or a conspiracy claim. All claims regarding retaliation or conspiracy should be dismissed entirely.

Taylor has also brought a claim against Sargent Rojas for depriving him of his Constitutional rights (Claim 20)[120] however, he does not state which rights, or how Officer Crain has any personal involvement in those rights. To the extent that this alleged deprivation refers to any complaints brought against Sargent Rojas, his claims are barred because Taylor has not made allegations that rise to a Constitutional violation, and therefore cannot overcome qualified immunity.

Finally, Taylor has brought two tort claims, intentional infliction of emotional distress and negligence. These are not constitutional claims. In order to overcome qualified immunity, Taylor needs to allege a constitutional violation. Offender Taylor's claims of intentional infliction of emotional distress and negligence do not overcome the first step of qualified immunity, because these are not constitutional violations. Therefore, Taylor's claims of intentional infliction of emotional distress and negligence should be dismissed entirely.

### v.    Ricardo Cortez

Offender Taylor has brought claims against Sargent Cortez pertaining to conditions of confinement, medical deliberate indifference, conspiracy, retaliation, and the tort of intentional infliction of emotional distress.[121] Taylor has not met the requisite threshold for any of his claims against Sargent Cortez to overcome qualified immunity.

Taylor alleges that Sargent Cortez knew that the cell that Offender Taylor was to be placed into was not sanitary and that it was malicious and deliberate indifference to place Taylor in that cell.

---

[120] D.E. #1 at 15.
[121] D.E. #1

Taylor's claims against Sargent Cortez regarding the conditions of his confinement do not rise to the level of an Eighth Amendment violation. Taylor did not have a sufficiently serious violation that resulted in him being denied the minimal civilized measure of life's necessities. The only problems Taylor alleges with his cell is that he did not think that his cell was sufficiently clean. This does not rise to a Constitutional violation because the Eighth Amendment does not afford protection against discomfort or inconvenience.[122]

Furthermore, Taylor does not allege facts to show that Sargent Cortez actually drew an inference that such potential for harm existed. Offender Taylor does not allege any type of physical harm as a result of the conditions of his cell, nor does he allege that Sargent Cortez *actually* drew an inference that there was potential harm to Offender Taylor. This also means that Taylor cannot make a claim against Sargent Cortez for medical deliberate indifference. Offender Taylor is required to make a showing that Sargent Cortez actually drew an inference, and Taylor has not alleged any facts to do so.

Since Taylor did not suffer any physical harm due to the conditions of his cell, he cannot bring a claim for physical, mental, or emotional injuries. All his claims for Sargent Cortez regarding the condition of his confinement or medical deliberate indifference should be dismissed.

Offender Taylor has also brought claims of conspiracy and retaliation against Sargent Cortez. Taylor's claims against Sargent Cortez do not overcome qualified immunity because his claim does not rise to the level of a Constitutional violation. Offender Taylor has failed to allege facts that show that Sargent Cortez intended to retaliate against Taylor for exercising a constitutional right, that Taylor suffered an adverse act for exercising that right, or that, but for Sargent Cortez's actions, Offender Taylor would not have suffered. Offender Taylor is making a

---

[122] *Encalade* at 214, *citing*: *Wilson,* 878 F.2d at 849.

mere conclusory allegation, and does not produce any direct evidence of motivation on the behalf of Sargent Cortez, or establish a chronology of events from which retaliation on the part of Sargent Cortez can be inferred.

Due to Taylor's inability to established a §1983 retaliation claim, he can also not establish a conspiracy claim. Offender Taylor has provided no specific facts supporting his claim of conspiracy, and only makes mere conclusory allegations. Taylor has not allege facts to establish either a retaliation or a conspiracy claim. All claims regarding retaliation or conspiracy should be dismissed entirely.

Taylor has also brought a claim against Sargent Cortez for depriving him of his Constitutional rights (Claim 20)[123] however, he does not state which rights, or how Sargent Cortez has any personal involvement in those rights. To the extent that this alleged deprivation refers to any complaints brought against Sargent Cortez, his claims are barred because Taylor has not made allegations that rise to a Constitutional violation, and therefore cannot overcome qualified immunity.

Finally, Taylor has brought a claim of the tort intentional infliction of emotional distress. This is not a constitutional claim. In order to overcome qualified immunity, Taylor needs to allege a constitutional violation. Offender Taylor's claim of intentional infliction of emotional distress does not overcome the first step of qualified immunity, because this is not a constitutional violation. Therefore, Taylor's claim of intentional infliction of emotional distress should be dismissed entirely.

### vi.    Stephen Hunter

---

[123] D.E. #1 at 15.

Offender Taylor has brought claims against Officer Hunter pertaining to conditions of confinement, medical deliberate indifference, conspiracy, and the tort of intentional infliction of emotional distress.[124] Taylor has not met the requisite threshold for any of his claims against Officer Hunter to overcome qualified immunity.

Taylor alleges that Officer Hunter knew that the cell that Offender Taylor was to be placed into was not sanitary and that it was malicious and deliberate indifference to place Taylor in that cell.

Taylor's claims against Officer Hunter regarding the conditions of his confinement do not rise to the level of an Eighth Amendment violation. Taylor did not have a sufficiently serious violation that resulted in him being denied the minimal civilized measure of life's necessities. The only problems Taylor alleges with his cell is that he did not think that his cell was sufficiently clean. This does not rise to a Constitutional violation because the Eighth Amendment does not afford protection against discomfort or inconvenience.[125]

Furthermore, Taylor does not allege facts to show that Officer Hunter actually drew an inference that such potential for harm existed. Offender Taylor does not allege any type of physical harm as a result of the conditions of his cell, nor does he allege that Officer Hunter *actually* drew an inference that there was potential harm to Offender Taylor. This also means that Taylor cannot make a claim against Officer Hunter for medical deliberate indifference. Offender Taylor is required to make a showing that Officer Hunter actually drew an inference, and Taylor has not alleged any facts to do so.

---

[124] D.E. #1
[125] *Encalade* at 214, *citing*: *Wilson,* 878 F.2d at 849.

Since Taylor did not suffer any physical harm due to the conditions of his cell, he cannot bring a claim for physical, mental, or emotional injuries. All his claims for Officer Hunter regarding the condition of his confinement or medical deliberate indifference should be dismissed.

Offender Taylor has also brought claims of conspiracy against Officer Hunter. Taylor's claims against Officer Hunter do not overcome qualified immunity because his claim does not rise to the level of a Constitutional violation. Offender Taylor has failed to allege facts that show that Officer Hunter intended to retaliate against Taylor for exercising a constitutional right, that Taylor suffered an adverse act for exercising that right, or that, but for Officer Hunter's actions, Offender Taylor would not have suffered. Offender Taylor is making a mere conclusory allegation, and does not produce any direct evidence of motivation on the behalf of Officer Hunter establish a chronology of events from which retaliation on the part of Officer Hunter can be inferred. All claims regarding conspiracy should be dismissed entirely.

Taylor has also brought a claim against Officer Hunter for depriving him of his Constitutional rights (Claim 20)[126] however, he does not state which rights, or how Officer Hunter has any personal involvement in those rights. To the extent that this alleged deprivation refers to any complaints brought against Officer Hunter, his claims are barred because Taylor has not made allegations that rise to a Constitutional violation, and therefore cannot overcome qualified immunity.

Finally, Taylor has brought a claim of the tort intentional infliction of emotional distress. This is not a constitutional claim. In order to overcome qualified immunity, Taylor needs to allege a constitutional violation. Offender Taylor's claim of intentional infliction of emotional distress does not overcome the first step of qualified immunity, because this is not a constitutional

---

[126] D.E. #1 at 15.

violation. Therefore, Taylor's claim of intentional infliction of emotional distress should be dismissed entirely.

### vii.   Larry Davidson

Offender Taylor has brought claims against Officer Davidson pertaining to conditions of confinement, medical deliberate indifference, conspiracy, and the tort of intentional infliction of emotional distress.[127] Taylor has not met the requisite threshold for any of his claims against Officer Davidson to overcome qualified immunity.

Taylor alleges that Officer Davidson knew that the cell that Offender Taylor was to be placed into was not sanitary and that it was malicious and deliberate indifference to place Taylor in that cell.

Taylor's claims against Officer Davidson regarding the conditions of his confinement do not rise to the level of an Eighth Amendment violation. Taylor did not have a sufficiently serious violation that resulted in him being denied the minimal civilized measure of life's necessities. The only problems Taylor alleges with his cell is that he did not think that his cell was sufficiently clean. This does not rise to a Constitutional violation because the Eighth Amendment does not afford protection against discomfort or inconvenience.[128]

Furthermore, Taylor does not allege facts to show that Officer Davidson actually drew an inference that such potential for harm existed. Offender Taylor does not allege any type of physical harm as a result of the conditions of his cell, nor does he allege that Officer Davidson *actually* drew an inference that there was potential harm to Offender Taylor. This also means that Taylor cannot make a claim against Officer Davidson for medical deliberate indifference. Offender Taylor

---

[127] D.E. #1
[128] *Encalade* at 214, *citing*: *Wilson*, 878 F.2d at 849.

is required to make a showing that Officer Davidson actually drew an inference, and Taylor has not alleged any facts to do so.

Since Taylor did not suffer any physical harm due to the conditions of his cell, he cannot bring a claim for physical, mental, or emotional injuries. All his claims for Officer Davidson regarding the condition of his confinement or medical deliberate indifference should be dismissed.

Offender Taylor has also brought claims of conspiracy against Officer Davidson. Taylor's claims against Officer Davidson do not overcome qualified immunity because his claim does not rise to the level of a Constitutional violation. Offender Taylor has failed to allege facts that show that Officer Davidson intended to retaliate against Taylor for exercising a constitutional right, that Taylor suffered an adverse act for exercising that right, or that, but for Officer Davidson's actions, Offender Taylor would not have suffered. Offender Taylor is making a mere conclusory allegation, and does not produce any direct evidence of motivation on the behalf of Officer Davidson establish a chronology of events from which retaliation on the part of Officer Davidson can be inferred. All claims regarding conspiracy should be dismissed entirely.

Taylor has also brought a claim against Officer Davidson for depriving him of his Constitutional rights (Claim 20)[129] however, he does not state which rights, or how Officer Davidson has any personal involvement in those rights. To the extent that this alleged deprivation refers to any complaints brought against Officer Davidson, his claims are barred because Taylor has not made allegations that rise to a Constitutional violation, and therefore cannot overcome qualified immunity.

Finally, Taylor has brought a claim of the tort intentional infliction of emotional distress. This is not a constitutional claim. In order to overcome qualified immunity, Taylor needs to allege

---

[129] D.E. #1 at 15.

a constitutional violation. Offender Taylor's claim of intentional infliction of emotional distress does not overcome the first step of qualified immunity, because this is not a constitutional violation. Therefore, Taylor's claim of intentional infliction of emotional distress should be dismissed entirely.

### viii.    Jennifer Mares

Offender Taylor has brought claims against Officer Mares pertaining to conditions of confinement, medical deliberate indifference, and the tort of intentional infliction of emotional distress.[130] Taylor has not met the requisite threshold for any of his claims against Officer Mares to overcome qualified immunity.

Taylor alleges that he told Officer Mars about the condition of his cell, and she did not respond and left. Taylor alleges that this was deliberate indifference to his health and safety and the conditions of his confinement.

Taylor's claims against Officer Mares regarding the conditions of his confinement do not rise to the level of an Eighth Amendment violation. Taylor did not have a sufficiently serious violation that resulted in him being denied the minimal civilized measure of life's necessities. The only problems Taylor alleges with his cell is that he did not think that his cell was sufficiently clean. This does not rise to a Constitutional violation because the Eighth Amendment does not afford protection against discomfort or inconvenience.[131]

Furthermore, Taylor does not allege facts to show that Officer Mares actually drew an inference that such potential for harm existed. Offender Taylor does not allege any type of physical harm as a result of the conditions of his cell, nor does he allege that Officer Mares *actually* drew an inference that there was potential harm to Offender Taylor. This also means that Taylor cannot

---

[130] D.E. #1
[131] *Encalade* at 214, *citing*: *Wilson*, 878 F.2d at 849.

make a claim against Officer Mares for medical deliberate indifference. Offender Taylor is required to make a showing that Officer Mares actually drew an inference, and Taylor has not alleged any facts to do so.

Since Taylor did not suffer any physical harm due to the conditions of his cell, he cannot bring a claim for physical, mental, or emotional injuries. All his claims for Officer Mares regarding the condition of his confinement or medical deliberate indifference should be dismissed.

Taylor has also brought a claim against Officer Mares for depriving him of his Constitutional rights (Claim 20)[132] however, he does not state which rights, or how Officer Mares has any personal involvement in those rights. To the extent that this alleged deprivation refers to any complaints brought against Officer Mares, his claims are barred because Taylor has not made allegations that rise to a Constitutional violation, and therefore cannot overcome qualified immunity.

Finally, Taylor has brought a claim of the tort intentional infliction of emotional distress. This is not a constitutional claim. In order to overcome qualified immunity, Taylor needs to allege a constitutional violation. Offender Taylor's claim of intentional infliction of emotional distress does not overcome the first step of qualified immunity, because this is not a constitutional violation. Therefore, Taylor's claim of intentional infliction of emotional distress should be dismissed entirely.

### ix.   Mary Reyna

Offender Taylor has brought claims pertaining to conditions of confinement, medical deliberate indifference, and the tort of intentional infliction of emotional distress against Officer

---

[132] D.E. #1 at 15.

Reyna.[133] Taylor has not met the requisite threshold for any of his claims against Officer Reyna to overcome qualified immunity.

Taylor alleges that he asked Officer Reyna to call the Captain and move him to a different cell, and that Officer Reyna replied and left. Taylor alleges that this was deliberate indifference to his health and safety.

Taylor's claims against Officer Reyna regarding the conditions of his confinement do not rise to the level of an Eighth Amendment violation. Taylor did not have a sufficiently serious violation that resulted in him being denied the minimal civilized measure of life's necessities. The only problems Taylor alleges with his cell is that he did not think that his cell was sufficiently clean. This does not rise to a Constitutional violation because the Eighth Amendment does not afford protection against discomfort or inconvenience.[134]

Furthermore, Taylor does not allege facts to show that Officer Reyna actually drew an inference that such potential for harm existed. Offender Taylor does not allege any type of physical harm as a result of the conditions of his cell, nor does he allege that Officer Reyna *actually* drew an inference that there was potential harm to Offender Taylor. This also means that Taylor cannot make a claim against Officer Reyna for medical deliberate indifference. Offender Taylor is required to make a showing that Officer Reyna actually drew an inference, and Taylor has not alleged any facts to do so.

Since Taylor did not suffer any physical harm due to the conditions of his cell, he cannot bring a claim for physical, mental, or emotional injuries. All his claims for Officer Reyna regarding the condition of his confinement or medical deliberate indifference should be dismissed.

---

[133] D.E. #1
[134] *Encalade* at 214, *citing*: *Wilson,* 878 F.2d at 849.

Taylor has also brought a claim against Officer Reyna for depriving him of his Constitutional rights (Claim 20)[135] however, he does not state which rights, or how Officer Reyna has any personal involvement in those rights. To the extent that this alleged deprivation refers to any complaints brought against Officer Reyna, his claims are barred because Taylor has not made allegations that rise to a Constitutional violation, and therefore cannot overcome qualified immunity.

Finally, Taylor has brought a claim of the tort intentional infliction of emotional distress. This is not a constitutional claim. In order to overcome qualified immunity, Taylor needs to allege a constitutional violation. Offender Taylor's claim of intentional infliction of emotional distress does not overcome the first step of qualified immunity, because this is not a constitutional violation. Therefore, Taylor's claim of intentional infliction of emotional distress should be dismissed entirely.

### x.   Shane Swaney

`      Offender Taylor has brought claims against Sargent Swaney pertaining to conditions of confinement and medical deliberate indifference.[136] Taylor has not met the requisite threshold for any of his claims against Sargent Swaney to overcome qualified immunity.

Taylor alleges that he told Sargent Swaney about his problems with his cell, and that Sargent Swaney called his supervisor to address the situation. Taylor further alleges that Sargent Swaney placed him in a second cell that was very cold. Taylor alleges that this was deliberate indifference to his health and safety.

Taylor's claims against Sargent Swaney regarding the conditions of his confinement do not rise to the level of an Eighth Amendment violation. Taylor did not have a sufficiently serious

---

[135] D.E. #1 at 15.
[136] D.E. #1

violation that resulted in him being denied the minimal civilized measure of life's necessities. The only problems Taylor alleges with his cell is that he did not think that his cell was sufficiently clean. This does not rise to a Constitutional violation because the Eighth Amendment does not afford protection against discomfort or inconvenience.[137]

Furthermore, Taylor does not allege facts to show that Sargent Swaney actually drew an inference that such potential for harm existed. Offender Taylor does not allege any type of physical harm as a result of the conditions of his cell, nor does he allege that Sargent Swaney *actually* drew an inference that there was potential harm to Offender Taylor.

This also means that Taylor cannot make a claim against Sargent Swaney for medical deliberate indifference. Offender Taylor is required to make a showing that Sargent Swaney actually drew an inference, and Taylor has not alleged any facts to do so. Offender Taylor's claim of medical deliberate indifference is further barred because, according to Taylor's complaint Sargent Swaney was the opposite of deliberately indifferent. Offender Taylor alleges Sargent Swaney immediately addressed his concern by calling his supervisor. Even if Offender Taylor's alleged harm rose to the level of deliberate indifference, Taylor has no claim against Sargent Swaney because Sargent Swaney acted appropriately and contacted his supervisor.

Since Taylor did not suffer any physical harm due to the conditions of his cell, he cannot bring a claim for physical, mental, or emotional injuries. All his claims for Sargent Swaney regarding the condition of his confinement or medical deliberate indifference should be dismissed.

Taylor has also brought a claim against Sargent Swaney for depriving him of his Constitutional rights (Claim 20)[138] however, he does not state which rights, or how Sargent Swaney has any personal involvement in those rights. To the extent that this alleged deprivation

---

[137] *Encalade* at 214, *citing*: *Wilson,* 878 F.2d at 849.
[138] D.E. #1 at 15.

refers to any complaints brought against Sargent Swaney, his claims are barred because Taylor has not made allegations that rise to a Constitutional violation, and therefore cannot overcome qualified immunity.

### xi.   Ermma Parra

Offender Taylor has brought claims against Officer Parra pertaining to conditions of confinement and medical deliberate indifference.[139] Taylor has not met the requisite threshold for any of his claims against Officer Parra to overcome qualified immunity.

Taylor alleges that he told Officer Parra about his problems with his cell, and Officer Parra said she was doing her job. Taylor alleges that this was deliberate indifference to his health and safety.

Taylor's claims against Officer Parra regarding the conditions of his confinement do not rise to the level of an Eighth Amendment violation. Taylor did not have a sufficiently serious violation that resulted in him being denied the minimal civilized measure of life's necessities. The only problems Taylor alleges with his cell is that he did not think that his cell was sufficiently clean. This does not rise to a Constitutional violation because the Eighth Amendment does not afford protection against discomfort or inconvenience.[140]

Furthermore, Taylor does not allege facts to show that Officer Parra actually drew an inference that such potential for harm existed. Offender Taylor does not allege any type of physical harm as a result of the conditions of his cell, nor does he allege that Officer Parra *actually* drew an inference that there was potential harm to Offender Taylor. This also means that Taylor cannot make a claim against Officer Parra for medical deliberate indifference.

---

[139] D.E. #1
[140] *Encalade* at 214, *citing*: *Wilson,* 878 F.2d at 849.

Since Taylor did not suffer any physical harm due to the conditions of his cell, he cannot bring a claim for physical, mental, or emotional injuries. All his claims for Officer Parra regarding the condition of his confinement or medical deliberate indifference should be dismissed.

Taylor has also brought a claim against Officer Parra for depriving him of his Constitutional rights (Claim 20)[141] however, he does not state which rights, or how Officer Parra has any personal involvement in those rights. To the extent that this alleged deprivation refers to any complaints brought against Officer Parra, his claims are barred because Taylor has not made allegations that rise to a Constitutional violation, and therefore cannot overcome qualified immunity.

### xii.    Chevi Parker

Offender Taylor has brought claims against Officer Parker pertaining to conditions of confinement, medical deliberate indifference, due process, conspiracy, retaliation, and the torts of intentional infliction of emotional distress, and negligence.[142] Taylor has not met the requisite threshold for any of his claims against Officer Parker to overcome qualified immunity.

Taylor alleges that he asked Officer Parker for a restroom break, and that she went to go tell someone, but no one returned. Offender Taylor also alleges that Officer Parker was present after Taylor has urinated on himself. Taylor alleges that this was deliberate indifference to his health and safety.

Taylor's claims against Officer Parker regarding the conditions of his confinement do not rise to the level of an Eighth Amendment violation. Taylor did not have a sufficiently serious violation that resulted in him being denied the minimal civilized measure of life's necessities. The only problems Taylor alleges with his cell is that he did not think that his cell was sufficiently

---

[141] D.E. #1 at 15.
[142] D.E. #1

clean. This does not rise to a Constitutional violation because the Eighth Amendment does not afford protection against discomfort or inconvenience.[143]

Furthermore, Taylor does not allege facts to show that Officer Parker actually drew an inference that such potential for harm existed. Offender Taylor does not allege any type of physical harm as a result of the conditions of his cell, nor does he allege that Officer Parker *actually* drew an inference that there was potential harm to Offender Taylor. This also means that Taylor cannot make a claim against Officer Parker for medical deliberate indifference.

Taylor claims that Officer Parker left to get someone to take him to the restroom. Taylor does not allege facts that show that Officer Parker deliberately or indifferently refused to let his go to the restroom, or that she actually inferred that there was potential harm to Offender Taylor. Offender Taylor is required to make a showing that Officer Parker actually drew an inference, and Taylor has not alleged any facts to do so.

Since Taylor did not suffer any physical harm due to the conditions of his cell, he cannot bring a claim for physical, mental, or emotional injuries. All his claims for Officer Parker regarding the condition of his confinement or medical deliberate indifference should be dismissed.

Offender Taylor has also brought claims of conspiracy and retaliation against Officer Parker. Taylor's claims against Officer Parker do not overcome qualified immunity because his claim does not rise to the level of a Constitutional violation. Offender Taylor has failed to allege facts that show that Officer Parker intended to retaliate against Taylor for exercising a constitutional right, that Taylor suffered an adverse act for exercising that right, or that, but for Officer Parker's actions, Offender Taylor would not have suffered. Offender Taylor is making a mere conclusory allegation, and does not produce any direct evidence of motivation on the behalf

---

[143] *Encalade* at 214, *citing*: *Wilson,* 878 F.2d at 849.

of Officer Parker establish a chronology of events from which retaliation on the part of Officer Parker can be inferred.

Due to Taylor's inability to established a §1983 retaliation claim, he can also not establish a conspiracy claim. Offender Taylor has provided no specific facts supporting his claim of conspiracy, and only makes mere conclusory allegations. Taylor has not allege facts to establish either a retaliation or a conspiracy claim. All claims regarding retaliation or conspiracy should be dismissed entirely.

Taylor has also brought a claim against Officer Parker for depriving him of his Constitutional rights (Claim 20)[144] however, he does not state which rights, or how Officer Parker has any personal involvement in those rights. To the extent that this alleged deprivation refers to any complaints brought against Officer Parker, his claims are barred because Taylor has not made allegations that rise to a Constitutional violation, and therefore cannot overcome qualified immunity.

Finally, Taylor has brought two tort claims, intentional infliction of emotional distress and negligence. These are not constitutional claims. In order to overcome qualified immunity, Taylor needs to allege a constitutional violation. Offender Taylor's claims intentional infliction of emotional distress and negligence do not overcome the first step of qualified immunity, because these are not constitutional violations. Therefore, Taylor's claims of intentional infliction of emotional distress and negligence should be dismissed entirely.

xiii.    **Raymundo Montez**

Offender Taylor has brought claims against Officer Montez pertaining to conditions of confinement, medical deliberate indifference, conspiracy, and the tort of intentional infliction of

---

[144] D.E. #1 at 15.

emotional distress.[145] Taylor has not met the requisite threshold for any of his claims against Officer Montez to overcome qualified immunity.

Taylor alleges that Officer Montez told Taylor to go to his knees when Officer Montez entered the cell. Offender Taylor alleges that, because he was forced to kneel in sewage this was medically deliberately indifferent, and Officer Montez asked Taylor to kneel solely for his own malicious and sadistic whims.

Taylor's claims against Officer Montez regarding the conditions of his confinement do not rise to the level of an Eighth Amendment violation. Taylor did not have a sufficiently serious violation that resulted in him being denied the minimal civilized measure of life's necessities. The only problems Taylor alleges with his cell is that he did not think that his cell was sufficiently clean. This does not rise to a Constitutional violation because the Eighth Amendment does not afford protection against discomfort or inconvenience.[146]

Furthermore, Taylor does not allege facts to show that Officer Montez actually drew an inference that such potential for harm existed. Offender Taylor does not allege any type of physical harm as a result of the conditions of his cell, nor does he allege that Officer Montez *actually* drew an inference that there was potential harm to Offender Taylor. This also means that Taylor cannot make a claim against Officer Montez for medical deliberate indifference.

Taylor claims that Officer Montez made him kneel in his cell which had sewage and this was deliberately indifferent to his medical needs. Taylor does not allege facts that show that Officer Montez caused any harm to Offender Taylor, or in any way acted maliciously or sadistically towards Taylor. Offender Taylor is required to make a showing that Officer Montez actually drew an inference that kneeling would cause substantial harm, and, not only has Taylor not suffered a

---

[145] D.E. #1
[146] *Encalade* at 214, *citing*: *Wilson*, 878 F.2d at 849.

substantial harm, but Taylor has not alleged any facts to show that Officer Montez actually inferred such a risk.

Since Taylor did not suffer any physical harm due to the conditions of his cell, he cannot bring a claim for physical, mental, or emotional injuries. All his claims for Officer Montez regarding the condition of his confinement or medical deliberate indifference should be dismissed.

Taylor has also brought a claim against Officer Montez for depriving him of his Constitutional rights (Claim 20)[147] however, he does not state which rights, or how Officer Montez has any personal involvement in those rights. To the extent that this alleged deprivation refers to any complaints brought against Officer Montez, his claims are barred because Taylor has not made allegations that rise to a Constitutional violation, and therefore cannot overcome qualified immunity.

Finally, Taylor has brought a claim of the tort intentional infliction of emotional distress. This is not a constitutional claim. In order to overcome qualified immunity, Taylor needs to allege a constitutional violation. Offender Taylor's claim if intentional infliction of emotional distress does not overcome the first step of qualified immunity, because this is not a constitutional violation. Therefore, Taylor's claim of intentional infliction of emotional distress should be dismissed entirely.

### xiv.    Tyrone Jones

Offender Taylor has brought claims against Sargent Jones pertaining to conditions of confinement and medical deliberate indifference.[148] Taylor has not met the requisite threshold for any of his claims against Sargent Jones to overcome qualified immunity.

---

[147] D.E. #1 at 15.
[148] D.E. #1

Taylor alleges that Sargent Jones refused to personally or order someone else to clean the ceiling of his cell. Taylor claims that this was deliberately indifferent to his medical needs.

Taylor's claims against Sargent Jones regarding the conditions of his confinement do not rise to the level of an Eighth Amendment violation. Taylor did not have a sufficiently serious violation that resulted in him being denied the minimal civilized measure of life's necessities. The only problems Taylor alleges with his cell is that he did not think that his cell was sufficiently clean. This does not rise to a Constitutional violation because the Eighth Amendment does not afford protection against discomfort or inconvenience.[149]

Furthermore, Taylor does not allege facts to show that Sargent Jones actually drew an inference that such potential for harm existed. Offender Taylor does not allege any type of physical harm as a result of the conditions of his cell, nor does he allege that Sargent Jones *actually* drew an inference that there was potential harm to Offender Taylor. This also means that Taylor cannot make a claim against Sargent Jones for medical deliberate indifference.

Taylor claims that Sargent Jones would not clean the ceiling of his cell. Taylor does not allege facts that show that Sargent Jones caused any harm to Offender Taylor, or in any way acted maliciously or sadistically towards Taylor. Offender Taylor is required to make a showing that Sargent Jones actually drew an inference that not having Offender Taylor's ceiling cleaned would result in substantial harm. Not only has Taylor not suffered a substantial harm, but Taylor has not alleged any facts to show that Sargent Jones actually inferred such a risk.

Since Taylor did not suffer any physical harm due to the conditions of his cell, he cannot bring a claim for physical, mental, or emotional injuries. All his claims for Sargent Jones regarding the condition of his confinement or medical deliberate indifference should be dismissed.

---

[149] *Encalade* at 214, *citing*: *Wilson,* 878 F.2d at 849.

Taylor has also brought a claim against Sargent Jones for depriving him of his Constitutional rights (Claim 20)[150] however, he does not state which rights, or how Sargent Jones has any personal involvement in those rights. To the extent that this alleged deprivation refers to any complaints brought against Sargent Jones, his claims are barred because Taylor has not made allegations that rise to a Constitutional violation, and therefore cannot overcome qualified immunity.

### xv.    Darla Hubble

Offender Taylor has brought a claim against Officer Hubble pertaining to medical deliberate indifference.[151] Taylor has not met the requisite threshold for his claims against Officer Hubble to overcome qualified immunity.

Taylor alleges that Officer Hubble, who was escorting him at the time, saw his genitals when Taylor received a catheter.  Taylor alleges that Officer Hubble was deliberately indifferent to his medical needs.

Taylor's claims of deliberate indifference against Officer Hubble do not even begin the brush the threshold of a Constitutional violation. Taylor does not allege any facts that would that there was an excessive risk to his health and safety. Offender Taylor does not allege any facts that show that the Defendant was aware that there was could have been an excessive risk to Taylor's health and safety. Taylor does not allege facts that show that, at any point, Officer Hubble actually inferred that there was an excessive risk to Taylor's health and safety. At no point does Offender Taylor establish that there was any excessive risk to his health and safety by having Officer Hubble see his gentiles. All claims of deliberate indifference regarding Officer Hubble are frivolous and do not come close to the standard necessary to be a violation of the Eighth Amendment.

---

[150] D.E. #1 at 15.
[151] D.E. #1

Taylor has also brought a claim against Officer Hubble for depriving him of his Constitutional rights (Claim 20)[152] however, he does not state which rights, or how Officer Hubble has any personal involvement in those rights. To the extent that this alleged deprivation refers to any complaints brought against Officer Hubble, his claims are barred because Taylor has not made allegations that rise to a Constitutional violation, and therefore cannot overcome qualified immunity.

### xvi.    Tricinia Gipson

Offender Taylor has brought claims against Officer Gipson pertaining to medical deliberate indifference, conditions of confinement, and conspiracy.[153] Taylor has not met the requisite threshold for his claims against Officer Gipson to overcome qualified immunity.

Taylor alleges that Officer Gipson, gave him a food loaf, and later, when Taylor says he told Officer Gipson that he had allegedly been assaulted, that she told him to wait by the door and that the Sargent would be around soon.  Taylor alleges that Officer Gipson was deliberately indifferent to his medical needs.

Taylor's claims against Officer Gipson regarding the conditions of his confinement do not rise to the level of an Eighth Amendment violation. Taylor did not have a sufficiently serious violation that resulted in him being denied the minimal civilized measure of life's necessities. The only problems Taylor alleges with his cell is that he did not think that his cell was sufficiently clean and that he was unhappy with receiving food loaf. At no point does Offender Taylor show how receiving food loaf was medically deliberately indifferent, or was a wanton or unnecessary

---

[152] D.E. #1 at 15.
[153] D.E. #1

infliction of pain. This does not rise to a Constitutional violation because the Eighth Amendment does not afford protection against discomfort or inconvenience.[154]

Furthermore, Taylor does not allege facts to show that Officer Gipson actually drew an inference that such potential for harm existed. Taylor's claims of deliberate indifference against Officer Gipson do not reach a Constitutional violation. Taylor does not allege any facts that would that there was an excessive risk to his health and safety. Offender Taylor does not allege any type of physical harm as a result of the conditions of his cell, nor does he allege that Officer Gipson *actually* drew an inference that there was potential harm to Offender Taylor. This also means that Taylor cannot make a claim against Officer Gipson for medical deliberate indifference. Offender Taylor is required to make a showing that Officer Gipson actually drew an inference, and Taylor has not alleged any facts to do so.

Taylor also did not suffer any physical harm due to the conditions of his cell, particularly regarding Officer Gipson, and he cannot bring a claim for physical, mental, or emotional injuries. All his claims for Officer Gipson regarding the condition of his confinement or medical deliberate indifference should be dismissed.

Offender Taylor has also brought claims of conspiracy against Officer Hunter. Taylor's claims against Officer Gipson do not overcome qualified immunity because his claim does not rise to the level of a Constitutional violation. Offender Taylor has failed to allege facts that show that Officer Gipson intended to retaliate against Taylor for exercising a constitutional right, that Taylor suffered an adverse act for exercising that right, or that, but for Officer Davidson's actions, Offender Taylor would not have suffered. Offender Taylor is making a mere conclusory allegation, and does not produce any direct evidence of motivation on the behalf of Officer Davidson establish

---

[154] *Encalade* at 214, *citing: Wilson,* 878 F.2d at 849.

a chronology of events from which retaliation on the part of Officer Davidson can be inferred. All claims regarding conspiracy should be dismissed entirely.

Taylor has also brought a claim against Officer Gipson for depriving him of his Constitutional rights (Claim 20)[155] however, he does not state which rights, or how Officer Gipson has any personal involvement in those rights. To the extent that this alleged deprivation refers to any complaints brought against Officer Gipson, his claims are barred because Taylor has not made allegations that rise to a Constitutional violation, and therefore cannot overcome qualified immunity.

### xvii.    Randy Hancock

Offender Taylor has brought claims against Sargent Hancock pertaining to medical deliberate indifference and conspiracy.[156] Taylor has not met the requisite threshold for his claims against Sargent Hancock to overcome qualified immunity.

Taylor alleges that Sargent Hancock took him to the dayroom after there was an alleged use of force against him. Offender Taylor claims that Sargent Hancock would not take photos of his alleged injury. Taylor alleges that Sargent Hancock was deliberately indifferent to his medical needs and conspired against him.

Offender Taylor's allegations against Sargent Hancock do not come near the threshold of medical deliberate indifference. Taylor does not plead any facts that show that Taylor was aware of the facts from which he could infer an excessive risk to the Taylor's health and safety, nor was that he actually inferred there an excessive risk to the Taylor's safety.[157] There are not any facts given that show that Sargent Hancock knew of and disregarded an excessive risk to Offender

---

[155] D.E. #1 at 15.
[156] D.E. #1
[157] *Easter* at 837.

Taylor. The facts plead by Offender Taylor actually show the opposite. Taylor states that when he told Sargent Hancock about his problem that he immediately took him to the dayroom to be checked over. Based on Offender Taylor's allegations, Sargent Hancock immediately attended to his needs. Taylor's claims of deliberate indifference against Sargent Hancock do not meet the required threshold of an Eighth Amendment violation.

A conspiracy claim is not actionable without a §1983 violation, and Taylor must put forth specific facts beyond mere conclusory allegations supporting his claim.[158] Offender Taylor's allegations of conspiracy against Sargent Hancock are nothing but mere conclusory allegations. Taylor does not state any facts that show that Sargent Hancock conspired against Offender Taylor. Furthermore, even if Taylor did state facts that could lead to a conspiracy allegation, Taylor's §1983 claim of deliberate indifference against Sargent Hancock does not meet the threshold hold of a constitutional violation. All of Offender Taylor's claims of conspiracy against Sargent Hancock should be dismissed entirely.

Taylor has also brought a claim against Sargent Hancock for depriving him of his Constitutional rights (Claim 20)[159] however, he does not state which rights, or how Sargent Hancock has any personal involvement in those rights. To the extent that this alleged deprivation refers to any complaints brought against Sargent Hancock, his claims are barred because Taylor has not made allegations that rise to a Constitutional violation, and therefore cannot overcome qualified immunity.

---

[158] *Arseneaux* at 1024; *Morrison* at 246; *Dayse* at 173; *Hale* at 690.
[159] D.E. #1 at 15.

xviii.    **Randy Crain**

Offender Taylor has brought claims against Officer Crain pertaining to conditions of confinement, medical deliberate indifference, retaliation, and conspiracy.[160] Taylor has not met the requisite threshold for his claims against Officer Crain to overcome qualified immunity.

Taylor alleges that Officer Crain would not give him chemicals to clean his cell, and then told Taylor that he was ordered not to give Taylor anything. Taylor alleges that Officer Crain was deliberately indifferent to his medical needs, the conditions of his cell and conspired to retaliate against him.

Taylor's claims against Officer Crain regarding the conditions of his confinement do not rise to the level of an Eighth Amendment violation. Taylor did not have a sufficiently serious violation that resulted in him being denied the minimal civilized measure of life's necessities. The only problems Taylor alleges with his cell is that he did not think that his cell was sufficiently clean. This does not rise to a Constitutional violation because the Eighth Amendment does not afford protection against discomfort or inconvenience.[161]

Furthermore, Taylor does not allege facts to show that Officer Crain actually drew an inference that such potential for harm existed. Offender Taylor does not allege any type of physical harm as a result of the conditions of his cell, nor does he allege that Officer Crain *actually* drew an inference that there was potential harm to Offender Taylor. This also means that Taylor cannot make a claim against Officer Crain for medical deliberate indifference.

Taylor claims that Officer Crain would not give him chemicals to clean the cell. At no point does Taylor allege facts that show that Officer Crain actually inferred that Taylor could have been substantially harmed by being in the cell without cleaning it. Under Offender Taylor's facts Officer

---

[160] D.E. #1
[161] *Encalade* at 214, *citing*: *Wilson,* 878 F.2d at 849.

Crain actually believed that, had he given Offender Taylor cleaning chemicals, he would have been *more* likely to hurt himself. Offender Taylor has not shown that Officer Crain drew an inference that Taylor was subject to substantial harm, and Taylor did not suffer any physical harm due to the conditions of his cell. Taylor cannot bring a claim for physical, mental, or emotional injuries. All his claims for Officer Parker regarding the condition of his confinement or medical deliberate indifference should be dismissed.

Offender Taylor has also brought claims of conspiracy and retaliation against Officer Crain. Taylor's claims against Officer Crain do not overcome qualified immunity because his claim does not rise to the level of a Constitutional violation. Offender Taylor has failed to allege facts that show that Officer Crain intended to retaliate against Taylor for exercising a constitutional right, that Taylor suffered an adverse act for exercising that right, or that, but for Officer Crain's actions, Offender Taylor would not have suffered.

Taylor claims that Officer Crain's statements show that he was retaliated against for using the grievance procedure. However, Officer Crain's statements only say that he was told not to give Taylor something. He does not say why, nor if these orders were given in order to retaliate against Taylor for using the grievance procedure. Offender Taylor is making a mere conclusory allegation, and does not produce any direct evidence of motivation on the behalf of Officer Crain or establish a chronology of events from which retaliation on the part of Officer Parker can be inferred.

Due to Taylor's inability to established a §1983 retaliation claim, he can also not establish a conspiracy claim. Offender Taylor has provided no specific facts supporting his claim of conspiracy, and only makes mere conclusory allegations. Taylor has not allege facts to establish either a retaliation or a conspiracy claim. All claims regarding retaliation or conspiracy should be dismissed entirely.

Taylor has also brought a claim against Officer Crain for depriving him of his Constitutional rights (Claim 20)[162] however, he does not state which rights, or how Officer Crain has any personal involvement in those rights. To the extent that this alleged deprivation refers to any complaints brought against Officer Crain, his claims are barred because Taylor has not made allegations that rise to a Constitutional violation, and therefore cannot overcome qualified immunity.

### xix.    Shawn Vallance

Offender Taylor has brought claims against Sargent Vallance pertaining to conditions of confinement, medical deliberate indifference, conspiracy, due process, respondent superior, and the tort of intentional infliction of emotional distress.[163] Taylor has not met the requisite threshold for his claims against Sargent Vallance to overcome qualified immunity.

Taylor has alleged that Sargent Vallance knew of the conditions of his cell, and still made him go into the cell. Taylor alleges that Sargent Vallance was deliberately indifferent to his medical needs, violated his due process rights, violated his Constitutional rights due to the conditions of his confinement, owed a duty to him under respondent superior, and inflicted intentional infliction of emotional distress against him.

Taylor's claims against Sargent Vallance regarding the conditions of his confinement do not rise to the level of an Eighth Amendment violation. Taylor did not have a sufficiently serious violation that resulted in him being denied the minimal civilized measure of life's necessities. The only problems Taylor alleges with his cell is that he did not think that his cell was sufficiently

---

[162] D.E. #1 at 15.
[163] D.E. #1

clean. This does not rise to a Constitutional violation because the Eighth Amendment does not afford protection against discomfort or inconvenience.[164]

Furthermore, Taylor does not allege facts to show that Sargent Vallance actually drew an inference that such potential for harm existed. Offender Taylor does not allege any type of physical harm as a result of the conditions of his cell, nor does he allege that Sargent Vallance *actually* drew an inference that there was potential harm to Offender Taylor. This also means that Taylor cannot make a claim against Sargent Vallance for medical deliberate indifference. Offender Taylor is required to make a showing that Sargent Vallance actually drew an inference, and Taylor has not alleged any facts to do so.

Since Taylor did not suffer any physical harm due to the conditions of his cell, he cannot bring a claim for physical, mental, or emotional injuries. All his claims for Sargent Vallance regarding the condition of his confinement or medical deliberate indifference should be dismissed.

A conspiracy claim is not actionable without a §1983 violation, and Taylor must put forth specific facts beyond mere conclusory allegations supporting his claim.[165] Offender Taylor's allegations of conspiracy against Sargent Vallance are nothing but mere conclusory allegations. Taylor does not state any facts that show that Sargent Vallance conspired against Offender Taylor. Furthermore, even if Taylor did state facts that could lead to a conspiracy allegation, Taylor's §1983 claim of deliberate indifference against Sargent Vallance does not meet the threshold hold of a constitutional violation. All of Offender Taylor's claims of conspiracy against Sargent Vallance should be dismissed entirely.

Offender Taylor alleges that he was denied due process by Sargent Vallance by being subjected to solitary confinement. Taylor does not provide any facts alleging how Sargent Vallance

---

[164] *Encalade* at 214, *citing*: *Wilson*, 878 F.2d at 849.
[165] *Arseneaux* at 1024; *Morrison* at 246; *Dayse* at 173; *Hale* at 690.

denied him due process. Furthermore, Taylor's confinement does not reach a due process violation as it does not rise to the level of either an atypical or significant hardship. [166] Offender Taylor's claims of due process against Sargent Vallance should be dismissed.

Any claims made against Sargent Vallance under the theory of respondent superior should be entirely dismissed. Sargent Vallance cannot be held vicariously liable solely on the basis of their employer-employee relationship with an alleged wrongdoer.[167] Any claims made against Sargent Vallance can only be to the extent that he was personally involved. All claims under the theory of respondent superior should be dismissed. Offender Taylor makes allegations that Sargent Vallance has control over policy and procedure, however, Taylor has asserted no facts showing that Sargent Vallance has any control over the unit's policies. Furthermore, Taylor does not even assert how these policies violate his First, Fifth, Eighth, or Fourteenth Amendment rights. Under *Sandin v. Conner,* Taylor has no "created liberty interest of the regulations of Texas Department of Criminal Justice–Institutional Division."[168] Offender Taylor does not have a Constitutional right to regulate policies.

Taylor has also brought a claim against Sargent Vallance for depriving him of his Constitutional rights (Claim 20)[169] however, he does not state which rights, or how Sargent Vallance has any personal involvement in those rights. To the extent that this alleged deprivation refers to any complaints brought against Sargent Vallance, his claims are barred because Taylor has not made allegations that rise to a Constitutional violation, and therefore cannot overcome qualified immunity.

---

[166] *Samford* at 1004; *Clark* at 126.
[167] *Lozano* at 768; *Bowen* at 988; *Watson* at 123.
[168] 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).
[169] D.E. #1 at 15.

Finally, Taylor has brought a claim of the tort intentional infliction of emotional distress. This is not a constitutional claim. In order to overcome qualified immunity, Taylor needs to allege a constitutional violation. Offender Taylor's claim of intentional infliction of emotional distress does not overcome the first step of qualified immunity, because this is not a constitutional violation. Therefore, Taylor's claim of intentional infliction of emotional distress should be dismissed entirely.

   **xx.    Melissa Olmstead**

Offender Taylor has brought claims against Officer Olmstead pertaining to use of force, medical deliberate indifference, and the tort of assault and battery.[170] Taylor has not met the requisite threshold for his claims against Officer Olmstead to overcome qualified immunity.

Taylor alleges that Officer Olmstead hit him with a bean bar and was deliberately indifferent to his medical needs. Taylor alleges that Officer Olmstead committed a use of force and was deliberately indifferent to his medical needs.

Taylor has also brought a claim against Officer Olmstead for depriving him of his Constitutional rights (Claim 20)[171] however, he does not state which rights, or how Officer Olmstead has any personal involvement in those rights. To the extent that this alleged deprivation refers to any complaints brought against Officer Olmstead, his claims are barred because Taylor has not made allegations that rise to a Constitutional violation, and therefore cannot overcome qualified immunity.

Taylor has also brought a tort claim, assault and battery. This is not a constitutional claims. In order to overcome qualified immunity, Taylor needs to allege a constitutional violation. Offender Taylor's claim assault and battery do not overcome the first step of qualified immunity,

---

[170] D.E. #1
[171] D.E. #1 at 15.

because it is not a constitutional violation. Therefore, Taylor's claim of assault and battery should be dismissed entirely.

### xxi.    Lanette Linthicum

Offender Taylor has brought claims against Director Linthicum pertaining to medical deliberate indifference and respondent superior.[172] Taylor has not met the requisite threshold for his claims against Director Linthicum to overcome qualified immunity.

Taylor has not made allegations in his complaint against Director Linthicum. Taylor alleges that Director Linthicum was deliberately indifferent to his medical needs, violated his due process rights, and owed a duty to him under respondent superior.

All of Taylor's claims against Director Linthicum for failure to supervise or properly train clearly fall under respondent superior. As stated above, the doctrine of *respondent superior* cannot support liability in §1983 actions.[173] Thus supervisory officials cannot be held vicariously liable solely on the basis of their employer-employee relationship with an alleged wrongdoer.[174] To establish a deliberate indifference claim, the Taylor must show that the Director Linthicum was (1) Aware of the of the facts from which she could infer an excessive risk to the prisoner's health and safety, and (2) that she actually inferred there was an excessive risk to the prisoner's safety.[175]

Taylor has failed to allege any personal involvement of Director Linthicum in his complaint, or presented any facts that indicate that Director Linthicum had any personal knowledge of what Taylor alleges was an excessive risk to his health and safety. Offender Taylor makes allegations that Director Linthicum has control over policy and procedure,

---

[172] D.E. #1
[173] *Monell* at 693.
[174] *Lozano* at 768; *Bowen* at 988; *Watson* at 123.
[175] *Easter* at 837.

however, Taylor has asserted no facts showing that Director Linthicum has any control over the unit's policies. Furthermore, Taylor does not even assert how these policies violate his First, Fifth, Eighth, or Fourteenth Amendment rights. Under *Sandin v. Conner,* Taylor has no "created liberty interest of the regulations of Texas Department of Criminal Justice–Institutional Division."[176] Offender Taylor does not have a Constitutional right to regulate policies.

Taylor has also brought a claim against Director Linthicum for depriving him of his Constitutional rights (Claim 20)[177] however, he does not state which rights, or how Director Linthicum has any personal involvement. To the extent that this alleged deprivation refers to any complaints brought against Director Linthicum, his claims are barred because Taylor has not alleged any personal involvement, and therefore cannot overcome qualified immunity.

All claims against Director Linthicum should be dismissed entirely.

## IV.
## Conclusion

Offender Taylor does not make any allegations against any Defendants that rise to the level of a Constitutional violation. Defendants pray that Plaintiff Tyson's claims be dismissed for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) and for failure to state a claim upon which relief may be granted FED. R. CIV. P. 12(b)(6). Defendants pray for all other relief to which they may be justly entitled.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**CHARLES E. ROY**
First Assistant Attorney General

---

[176] 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).
[177] D.E. #1 at 15.

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief Law Enforcement Defense Division

*/s/ Ariel N. Wiley*
**ARIEL N. WILEY**
Assistant Attorney General
Attorney-in-Charge
State Bar No. 24093366
Ariel.Wiley@texasattorneygeneral.gov

P. O. Box 12548, Capitol Station
Austin, Texas 78711
Office (512) 463-2080
Fax (512) 495-9139

**ATTORNEYS FOR THE DEFENDANTS**

<u>**NOTICE OF ELECTRONIC FILING**</u>

I, **ARIEL N. WILEY**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing a true copy of the above **DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND FED. R. CIV. P. 12(b)(6)** in accordance with the Electronic Case Files System of The United States District Court for the Northern District of Texas, Lubbock Division on July 22, 2015.

*/s/ Ariel N. Wiley*
**ARIEL N. WILEY**
Assistant Attorney General

<u>**CERTIFICATE OF SERVICE**</u>

I, **ARIEL N. WILEY**, Assistant Attorney General of Texas, certify that a true copy of the

above **DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)**

**AND FED. R. CIV. P. 12(b)(6)** has been served by placing it in United States Mail, postage

prepaid, on July 22, 2015, addressed to:

**Trent Taylor**, TDCJ #01691384
Connally Unit
899 FM 632
Kenedy, TX 77348
***Plaintiff Pro Se***

*/s/ Ariel N. Wiley*
**ARIEL N. WILEY**
Assistant Attorney General
