IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| TAYLOR, TRENT | § | |
| TDCJ NO. 01691384, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION No. 5:14-cv-00149 |
| | § | |
| MARION WILLIAMS, et al., | § | |
| *Defendants.* | § | |

---

**DEFENDANTS REBECCA RAMIREZ, CREASTOR HENDERSON, STEPHANIE ORR, SUSAN NASH, DEBRA FIELDER, SHAUNA CARPENTER, MICHAEL MCDONALD, OPAL MANKINS, ALLAN HANRETTA, JANIS WOODALL, KIM DAVIS, SEAN O'DONNEL, MARILYN NOBLE, PRIYA KHANDHERIA, AND DENISE DESHIELDS'**

**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND FED. R. CIV. P. 12(b)(6)**

---

Defendants, by and through the Attorney General for the State of Texas, submit this **Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1) and FED. R. CIV. P. 12(b)(6)** in response to Plaintiff Trent Taylor's Complaint and More Definite Statement.[1] In support, Defendants respectfully offer the following:

**I.**
**Statement of the Case**

Plaintiff Trent Taylor is an inmate, incarcerated in the Texas Department of Criminal Justice (TDCJ). Offender Taylor was sent to the Montford psychiatric unit after he was declared suicidal when he swallowed an overdose of pills.[2] Taylor was at the Montford Unit for two months, from September 6, 2013 to November 5, 2013. He alleges that he was subjected to a number of

---

[1] D.E. #1.
[2] D.E. #1.

Constitutional and tort violations during his stay centering the conditions of his confinement, deliberate indifference to his medical needs, due process claims, retaliation claims, use of force, and conspiracy. Offender Taylor is seeking injunctive relief and over $18,804,700 in damages.

## II.
## Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1)

To the extent that Plaintiff Taylor is suing Defendants for money damages in their official capacities, his claims are barred by the Eleventh Amendment to the Constitution. Neither a state nor a state official sued in his or her official capacity for damages is a "person" for purposes of liability under §1983.[3] Moreover, a suit for damages against a state official in his official capacity is not a suit against that individual but a suit against the state.[4]

The Eleventh Amendment to the United States Constitution bars such suits against a state unless the state has waived its immunity or Congress has abrogated immunity pursuant to its power under §5 of the Fourteenth Amendment. In passing §1983, Congress "had no intention to disturb the States' Eleventh Amendment immunity."[5] Neither Congress nor the State of Texas has waived Eleventh Amendment immunity with regard to 42 U.S.C. §1983.

42 U.S.C. §1983 provides a federal forum to remedy the violation of constitutional rights, but "it does not provide a federal forum for litigants who seek a remedy against a state for alleged deprivations of civil liberties."[6] Therefore, Offender Taylor's claims against Defendants in their official capacities must be dismissed for lack of jurisdiction.

---

[3] *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989).
[4] *Id.*
[5] *Id.*
[6] *Id.*

# III.
## Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6)

### A.  Standard of Dismissal

A party is entitled to dismissal under FED. R. CIV. P. 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted.  Under FED. R. CIV. P. 12(b)(6), all well-pleaded facts are viewed in the light most favorable to the plaintiff, but the plaintiff must allege facts that support the elements of the cause of action in order to make out a valid claim.[7]

When presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis.

First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.[8] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."[9] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]' – "that the pleader is entitled to relief.'"[10] This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[11]

---

[7] *Hale v. King*, No. 07-60997, 2011 WL 2045346 at *3 (5th Cir. May 26, 2011) (q*uoting City of Clinton v. Pilgrim's Pride Corp*., 632 F.3d 148, 152-53 (5th Cir. 2010).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (May 18, 2009).
[9] *Id* at 679.
[10] *Id*.
[11] *Id.*; *See also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3rd Cir. 2009).

After *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[12] To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible.[14]

## B.  Respondent Superior Claim

As a threshold matter, in order to hold someone liable under 42 U.S.C. § 1983, an inmate must show that the Defendant was personally involved in the alleged constitutional violation. Personal involvement in an alleged constitutional depravation is an essential element to a civil rights cause of action.[15] The doctrine of *respondent superior* cannot support liability in §1983 actions.[16] Thus supervisory officials cannot be held vicariously liable solely on the basis of their employer-employee relationship with an alleged wrongdoer.[17] In order to successfully plead a cause of action in a civil rights case, a plaintiff must enunciate a set of facts that illustrate each defendant's participation in the alleged wrongdoing. To the extent that a Defendant is being sued in his or her supervisory capacity, supervisory officials may not be held liable for their subordinates' actions under any theory of vicarious liability under 42 U.S.C. §1983.[18]

---

[12] *Iqbal*, 556 U.S. at 663.
[13] *Id.* at 1948
[14] *Id.* at 678-9; *see also Twombly*, 550 U.S. at 555, & n.3.
[15] *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).
[16] *Monell v. New York Dep't of Social Services*, 436 U.S. 658, 693 (1978).
[17] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983); *Bowen v. Watkins*, 669 F.2d 979, 988 (5th Cir. 1982); *Watson v. Interstate Fire and Casualty Co.*, 611 F.2d 120, 123 (5th Cir. 1980).
[18] *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir. 1985) (per curiam).

An official may be held liable when he is personally involved in the acts causing the deprivation of a person's constitutional violation sought to be redressed.[19] Thus, to hold the supervisory official accountable for the acts of his subordinates, §1983 "requires more than a simple ratification of an impermissible act when the ratification is based on independent legitimate reasons."[20] To prevail against a supervisor, a plaintiff must show that such a failure "caused" or was the "moving force" in causing plaintiff's harm.[21]

### C. Conditions of Confinement Claim

Although the constitution "does not mandate comfortable prisons," conditions of confinement "must not involve the wanton and unnecessary infliction of pain."[22] The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide "humane conditions of confinement," ensuring that "inmates receive adequate food, clothing, shelter, and medical care...."[23]

The Supreme Court has held that an inmate must satisfy two requirements to demonstrate that a prison official has violated the Eighth Amendment.[24] "First, the deprivation alleged must be, objectively, 'sufficiently serious'; a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'"[25] Second, "a prison official must have a 'sufficiently culpable state of mind'"[26] In prison conditions cases, that state of mind is one of deliberate indifference to inmate health or safety.[27] "To establish deliberate indifference ..., the

---

[19] *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *Lozano*, 718 F.2d at 768; *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981)(per curiam).
[20] *Bowen*, 669 F.2d at 988.
[21] *See Monell*, 436 U.S. at 692, 694 (1978); *Vela v. White*, 703 F.2d 147, 153 (5th Cir. 1983).
[22] *Palmer v. Johnson*, 193 F.3d 346, 351-52 (5th Cir. 1999), *citing*: *Rhodes v. Chapman,* 452 U.S. 337-349, 101 S.Ct. 2392-2400, 69 L.Ed.2d 59 (1981).
[23] *Palmer* at 352, *citing*: *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994).
[24] *Palmer* at 346, 352.
[25] *Palmer* at 346, 352, *citing: Farmer* at 834, 114 S.Ct. at 1977 (citations omitted).
[26] *Id.*
[27] *Id.*

prisoner must show that the defendants (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed."[28]

The Fifth Circuit has held that indicia of confinement constituting cruel and unusual punishment include wanton and unnecessary infliction of pain, conditions grossly disproportionate to the severity of the crime warranting imprisonment, and the deprivation of the minimal civilized measures of life's necessities.[29] The Supreme Court has held, however, that to the extent that prison conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.[30] In compliance with the Supreme Court's opinion, the Fifth Circuit has stated that the Eighth Amendment does not afford protection against mere discomfort or inconvenience.[31] "Only those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation."[32] In order to recover damages for any type of mental or emotional injury suffered, an inmate must first allege a physical injury.[33]

Like other Eighth Amendment claims, a conditions-of-confinement claim must satisfy tests for both objective and subjective components.[34] For the objective component, "extreme deprivations are required to make out a conditions-of-confinement claim."[35] "The Supreme Court has noted that 'the

---

[28] *Palmer* at 346, 352, *citing: Bradley v. Puckett,* 157 F.3d 1022, 1025 (5th Cir.1998).

[29] *Encalade v. Stacks,* 9:04 CV 214, 2006 WL 1582468 (E.D. Tex. May 30, 2006), *citing*: *Wilson v. Lynaugh,* 878 F.2d 846, 848 (5th Cir.), *cert. denied* 493 U.S. 969, 110 S.Ct. 417, 107 L.Ed.2d 382 (1989).

[30] *Encalade* at 214, *citing*: *Rhodes v. Chapman,* 452 U.S. 337, 346-7, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981).

[31] *Encalade* at 214, *citing*: *Wilson,* 878 F.2d at 849.

[32] *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S. Ct. 2321, 2324, 115 L. Ed. 2d 271 (1991), *citing*:  *Rhodes v. Chapman, 4*52 U.S. 337, 69 L. Ed 59, 101 S. Ct. 2392, 2399 (1981).

[33] 42 U.S.C. § 1997e(e); *Taylor v. Milton*, 124 Fed. Appx. 248, 249 (5th Cir. 2005).

[34] *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998) (citing *Hudson v. McMillian,* 503 U.S. 1, 8, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)).

[35] *Davis* at 1006 (citing *Hudson at 9, 112 S. Ct. 995*).

length of confinement cannot be ignored…. A filthy, overcrowded cell … might be tolerable for a few days and intolerably cruel for weeks or months.'"[36] A cell that "has blood on the walls and excretion on the floors…" does not necessarily rise to the level on an Eighth Amendment Constitutional violation.[37] Courts have found that there was no Eighth Amendment violation when a prisoner was exposed for four days to raw sewage from an overflowed toilet.[38] Courts have also found no Eighth Amendment injury when a prisoner was denied a shower after having human excrement thrown on him because he was given water and cleaning supplies.[39]

Finally, in order to bring any kind of claim, under the Prison Litigation Reform Act, the Plaintiff must allege a physical injury to recover from any kind of mental or emotional injury.[40] "No federal civil action may be brought by a prisoner … for mental or emotional injury suffered while in custody without a prior showing of physical injury." [41]

### D.  Medical Deliberate Indifference Claim

Being deliberately indifferent to a prisoner's serious medical needs constitutes "unnecessary and wanton infliction of pain" and is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment.[42] However, courts have determined that deliberate indifference is an extremely high standard to meet.[43]

To establish a deliberate indifference claim, the plaintiff must show that the defendant was (1) Aware of the of the facts from which he could infer an excessive risk to the prisoner's health

---

[36] *Davis* at 1005 (citing *Hutto v. Finney, 437 U.S. 678, 686-87, 98 S. Ct. 2565, 2571, 57 L. Ed. 2d 522 (1978)*).
[37] *Davis* at 1006
[38] *Davis* at 1005 (citing *Smith v. Copeland,* 87 F.3d 265, 269 (8th Cir.1996)).
[39] *Davis* at 1005 (citing *Shakka v. Smith,* 71 F.3d 162, 167-68 (4th Cir.1995)).
[40] 42 U.S.C. § 1997e(e).
[41] *Id.*
[42] *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir.2006) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)).
[43] *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

and safety, and (2) that he actually inferred there was an excessive risk to the prisoner's safety.[44]
In order for a prison official to be held liable for deliberate indifference, the official must "*know
of* and *disregard* an excessive risk to inmate health and safety."[45] Deliberate indifference under the
Eighth Amendment requires a showing of "subjective recklessness" as used in criminal law.[46]

In *Domino v. Texas Dep't of Criminal Justice*, the Fifth Circuit discussed the high standard
involved in showing deliberate indifference:

> Deliberate indifference is an extremely high standard to meet.  It is
> indisputable that an incorrect diagnosis by medical personnel does
> not suffice to state a claim for deliberate indifference.[47]   Rather, the
> plaintiff must show the officials "refused to treat him, ignored his
> complaints, intentionally treated him incorrectly, or engaged in any
> similar conduct that would clearly evince a wanton disregard for any
> serious medical needs."[48] Furthermore the decision whether to
> provide additional treatment "is a classic example of a matter for
> medical judgment."[49] And, the "failure to alleviate a significant risk
> that [the official] should have perceived, but did not" is insufficient
> to show deliberate indifference.[50]

239. F.3d 752, 756 (5th Cir. 2001).   Furthermore, an inmate's disagreement with a
physician about his medical treatment is insufficient to state a claim of deliberate indifference.[51]
Mere negligence, neglect, or medical malpractice does not constitute deliberate indifference.[52]
Gross negligence does not rise to the level of deliberate indifference.[53] When the medical records
reflect assessment and treatment of an inmate's medical complaints, there is no deliberate
indifference.[54]

---

[44] *Easter* at 837.
[45] *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102-03, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976)) (emphasis added).
[46] *Farmer v. Brennan*, 511 U.S. 825 (1994).
[47] *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).
[48] *Id.*
[49] *Estelle*, 429 U.S. at 107.
[50] *Farmer*, 511 U.S. at 838.
[51] *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).
[52] *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1993) (citing *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979)).
[53] *Hare v. City of Corinth*, 74 F.3d 633, 645 (5th Cir. 1996).
[54] *McCord v. Maggio*, 910 F.2d 1248, 1251 (5th Cir. 1990).

When the basis for a deliberate indifference claim is a delay in medical care, the alleged deprivation must be "sufficiently serious."[55] The delay in medical care must result in *substantial* harm in order to violate the Eighth Amendment.[56] A plaintiff needs to indicate that his physical condition during the time of the delay warranted prompter medical treatment or that his condition wholly debilitated him.[57]

### E.  Denial of Due Process Claim

Generally speaking, due process protections attach only to those punishments that impose an atypical and significant hardship in relation to ordinary incident of prison life, or to those that extend the length or duration of confinement.[58] The Fifth Circuit has held that "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest."[59] Furthermore, the protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner.[60] Only when a prisoner demonstrates "extraordinary circumstances" may he maintain a due process challenge to a change in his custodial classification.[61]

Cases where segregated confinement is sufficiently atypical to implicate a due process liberty interest involve circumstances that are much harsher than those presented here. For example, in *Wilkerson v. Stalder*, 329 F.3d 431 (5th Cir. 2003), the Fifth Circuit

---

[55] *Wilson v. Seiter*, 501 U.S. 294, 298, 115 L. Ed. 2d 271, 111 S. Ct. 2321 (1991)
[56] *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993).
[57] *Breakiron v. Neal*, 166 F. Supp. 2d 1110, 1114 (N.D. Tex. 2001)
[58] *Sandin v. Conner*, 515 U.S. 472, 484-86 (1995).
[59] *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir.1996) (quoting *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995)).
[60] *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir.1997).
[61] *Sandin*, 515 U.S. at 484.

held that due process **might** have been violated where the plaintiff had been kept on lockdown status for thirty years.[62] In another case, the Supreme Court held that transfer to the Ohio "Supermax" facility implicated a liberty interest, in part because the conditions there were "more restrictive than any other form of incarceration in Ohio."[63] The *Wilkinson* Court noted that at the Supermax facility, "almost all human contact is prohibited."[64] Moreover, confinement at the Supermax facility is indefinite, and otherwise eligible inmates are disqualified for parole consideration.[65]

The Supreme Court makes it clear that no particular process is required for punishment that affects only the *quality* of the confinement rather than the *quantity* of confinement.[66]  Atypical and significant hardships are those deprivations which "clearly impinge on the duration of confinement."[67] Courts have found that temporary solitary confinement, disciplinary sanctions of curtailed recreation and commissary privileges, assignment of extra duty, and a reduction in classification status did not represent atypical or significant hardships and did not infringe upon a constitutionally protected liberty interest.[68]

---

[62] *Id.*, 329 F.3d at 436 (remanding for determination whether such confinement was "atypical" under *Sandin*).
[63] *Wilkinson v. Austin,* 545 U.S. 209, 214 (2005).
[64] *Id.* at 223.
[65] *Id.* at 224.
[66] *Sandin v. Conner*, 515 U.S. 472, 483-84, 115 S.Ct. 2293, 2300 (1995).
[67] *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995) (quoting *Sandin* at 483-84).
[68] *Samford v. Staples*, 249 Fed. Appx. 1001, 1004 (5th Cir. 2007); *Clark v. Stalder,* 103 F.3d 126 (5th Cir. 1996) (unpublished) (citing *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995) ("prison classification and eligibility for rehabilitation programs are not directly subject to 'due process' protections").

**F.  Retaliation Claim**

To prevail on a claim of retaliation, an inmate must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the inmate for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation.[69]  The Fifth Circuit has cautioned that prison officials must be given wide ranging deference in the management of inmates.[70]

> The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every...act that occurs in state penal institutions.[71]

Consequently, to state a claim for retaliation, an inmate must allege a violation of a specific Constitutional right, and "be prepared to establish *that but* for the retaliatory motive, the complained of incident...would not have occurred."[72]  Furthermore, "[m]ere conclusory allegations of retaliation will not withstand a summary judgment challenge. The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'"[73]  Evidence that the action of the prison official would be legitimate outside the context of possible retaliation is potent proof of the Constitutionality of the official's actions. *Id*.

**G.  Conspiracy Claim**

A 42 U.S.C. § 1983 conspiracy claim is not actionable without an actual violation of §1983.[74]  Such a conspiracy claim is wholly contingent on a finding that the Defendant retaliated

---

[69] *McDonald v. Stewart,* 132 F.3d 225, 231 (5th Cir. 1998); *see also Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995).
[70] *Woods*, 60 F.3d at 1166.
[71] *Id.*
[72] *Id.* (emphasis added).
[73] *Id.* (quoting *Jackson v. Cain*, 864 F.2d 1235, 1143 n. 6 (5th Cir. 1989).
[74] *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir.1990).

against the Plaintiff.[75]   Plaintiff must put forth specific facts supporting his claim; "mere conclusory allegations of conspiracy cannot, absent reference to material facts, survive a motion to dismiss."[76]   In pleading specific facts, Plaintiff must allege facts indicating the existence of a conspiracy.[77]

## H.  Qualified Immunity

Qualified immunity is immunity from suit and not just a mere defense to liability.[78] Thus, qualified immunity shields a defendant from the costs of trial and the burdens of broad-reaching discovery.[79] The United States Supreme Court has repeatedly stressed that qualified immunity must be decided at the earliest possible stage in litigation.[80] This Court has long held that qualified immunity is to be resolved on the face of the pleadings and with limited resort to pre-trial discovery.[81]   In fact, district courts have an obligation to carefully scrutinize a plaintiff's claims before subjecting public officials to broad-reaching discovery.[82]   This rule is designed to protect public officials from the burdens and costs of litigation and to prevent disruption of government responsibilities.[83]

Government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly-established statutory or constitutional rights of which a reasonable person would have known.[84]   The Fifth Circuit has

---

[75] *Id.*

[76] *Arseneaux v. Roberts,* 726 F.2d 1022, 1024 (5th Cir. 1990) (affirming dismissal of conclusory claim of conspiracy); *Morrison v. City of Baton Rouge,* 761 F.2d 242, 246 (5th Cir. 1985) (plaintiff's general allegations of conspiracy are not enough to state a civil rights claim when no underlying facts are alleged); *Dayse v. Schuldt,* 894 F.2d 170, 173 (5th Cir.1990); *Hale v. Harney,* 786 F.2d 688, 690 (5th Cir.1986).

[77] *Lynch v. Cannatella,* 810 F.2d 1363, 1369-70 (5th Cir. 1987).

[78] *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985).

[79] *Gaines v. Davis,* 928 F.2d 705, 706 (5th Cir. 1991), *reh'g denied*; *see also Harlow v. Fitzgerald,* 457 U.S. 800, 817-18 (1982).

[80] *Hunter v. Bryant,* 502 U.S. 224, 227 (1991).

[81] *Babb v. Dorman,* 33 F.3d 472, 477 (5th Cir.1994) (citing *James v. Sadler,* 909 F.2d 834, 838 (5th Cir.1990)).

[82] *Jacquez v. Procunier,* 801 F.2d 789, 791 (5th Cir.1986).

[83] *Harlow,* 457 U.S. at 817.

[84] *Harlow,* 457 U.S. at 818.

emphasized the extent of this shield, finding that a government official is entitled to qualified immunity unless all reasonable officials would have realized that the challenged conduct was proscribed by law at the time the official acted and under the circumstances the official acted.[85]

Once a government official has asserted qualified immunity, the burden shifts to the plaintiff to show that qualified immunity does not bar recovery.[86]

In determining whether the plaintiff has successfully overcome the qualified immunity defense, the court engages in a two-step inquiry.  First, the court must consider "whether the plaintiff asserted a violation of a constitutional right at all -- prior to addressing the potentially unnecessary question of whether plaintiff asserted a violation of a clearly established right."[87]  In making this assessment, the court uses "currently applicable constitutional standards."[88]

If a plaintiff has not cleared this first hurdle, the court need not further address the question of qualified immunity.  However, if the court finds that the plaintiff has alleged the violation of a constitutional right–a clearly established constitutional right--the court must go on to determine if the defendant official's actions could reasonably have been thought consistent with that right.[89]

In making this second determination, the court looks to whether the defendant's actions were objectively reasonable as measured by reference to the law as it existed at the time the conduct occurred and in light of the information that the defendant possessed.[90]  Regardless of a

---

[85] *Dudley v. Angel*, 209 F.3d 460, 462 (5th Cir. 2000).

[86] *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *see also McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) ("When a Defendant invokes qualified immunity, the burden is on the Plaintiff to demonstrate the inapplicability of the defense.").

[87] *Siegert v. Gilley*, 500 U.S. 226, 230 (1991) (internal quotation marks omitted); *Samaad v. City of Dallas*, 940 F.2d 925, 940 (5th Cir. 1991) (holding that *Siegert* requires a plaintiff first to allege a constitutional violation before a court will decide whether the right is "clearly established").

[88] *Rankin v. Klevenhagen*, 5 F.3d 103, 106 (5th Cir. 1993).

[89] *Siegert*, 500 U.S. at 230.

[90] *Mouille v. City of Live Oak*, 977 F.2d 924, 928 (5th Cir. 1992) (citing *Spann v. Rainey*, 987 F.2d 1110, 1114 (5th Cir. (1993)); *Valencia v. Wiggins*, 981 F.2d 1440, 1448 (5th Cir.) *cert. denied*, 113 S.Ct. 2998 (1993); *Anderson v. Creighton*, 483 U.S. 635, 639 (1987); *Streetman v. Jordan*, 918 F.2d 555, 556 (5th Cir. 1990).

defendant official's mistaken assumptions, if his conduct is determined to have been objectively reasonable, he is entitled to qualified immunity.  Thus, officials are immune if their "actions could reasonably have been thought consistent with the rights they are alleged to have violated."[91]

### i.    Rebecca Ramirez

Offender Taylor has brought claims against Dr. Ramirez pertaining to respondent superior, medical deliberate indifference, and due process.[92] Taylor has not met the requisite threshold for any of his claims against Dr. Ramirez to overcome qualified immunity.

All of Taylor's claims against Dr. Ramirez for failure to supervise or properly train clearly fall under respondent superior. As stated above, the doctrine of *respondent superior* cannot support liability in §1983 actions.[93] Thus supervisory officials cannot be held vicariously liable solely on the basis of their employer-employee relationship with an alleged wrongdoer.[94] To establish a deliberate indifference claim, Taylor must show that the Dr. Ramirez was (1) Aware of the of the facts from which she could infer an excessive risk to the prisoner's health and safety, and (2) that she actually inferred there was an excessive risk to the prisoner's safety.[95]

Taylor has failed to allege any personal involvement of Dr. Ramirez in his complaint, or presented any facts that indicate that Dr. Ramirez had any personal knowledge of what Taylor alleges was an excessive risk to his health and safety. Offender Taylor makes allegations that Dr. Ramirez has control over policy and procedure, however, Taylor has asserted no facts showing that Dr. Ramirez has any control over the unit's policies. Furthermore, Taylor does not even assert how these policies violate his First, Fifth, Eighth, or Fourteenth Amendment rights.

---

[91] *Anderson*, 483 U.S. at 638.
[92] D.E. #1
[93] *Monell* at 693.
[94] *Lozano* at 768; *Bowen* at 988; *Watson* at 123.
[95] *Easter* at 837.

Under *Sandin v. Conner*, Taylor has no "created liberty interest of the regulations of Texas Department of Criminal Justice–Institutional Division."[96] Offender Taylor does not have a Constitutional right to regulate policies.

Taylor has also brought a claim against Dr. Ramirez for depriving him of his Constitutional rights (Claim 20)[97] however, he does not state which rights, or how Dr. Ramirez has any personal involvement. To the extent that this alleged deprivation refers to any complaints brought against Dr. Ramirez, his claims are barred because Taylor has not alleged any personal involvement, and therefore cannot overcome qualified immunity.

All claims against Dr. Ramirez should be dismissed entirely.

### ii.    Creastor Henderson

Offender Taylor has brought claims pertaining to conditions of confinement, medical deliberate indifference, and the tort of negligence against LVN Henderson.[98] Taylor has not met the requisite threshold for any of his claims against LVN Henderson to overcome qualified immunity.

Taylor alleges that he asked LVN Henderson for a restroom break, and that she went to go tell the officers, but no one returned. Offender Taylor also alleges that LVN Henderson was present after Taylor has urinated on himself and did not get him help to go to the bathroom. Taylor alleges that this was deliberate indifference to his health and safety.

Taylor's claims against LVN Henderson regarding the conditions of his confinement do not rise to the level of an Eighth Amendment violation. Taylor did not have a sufficiently serious violation that resulted in him being denied the minimal civilized measure of life's necessities. The

---

[96] 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).
[97] D.E. #1 at 15.
[98] D.E. #1

only problems Taylor alleges with his cell is that he did not think that his cell was sufficiently clean. This does not rise to a Constitutional violation because the Eighth Amendment does not afford protection against discomfort or inconvenience.[99]

Furthermore, Taylor does not allege facts to show that LVN Henderson actually drew an inference that such potential for harm existed. Offender Taylor does not allege any type of physical harm as a result of the conditions of his cell, nor does he allege that LVN Henderson *actually* drew an inference that there was potential harm to Offender Taylor. This also means that Taylor cannot make a claim against LVN Henderson for medical deliberate indifference.

Taylor claims that LVN Henderson left to get someone to take him to the restroom. Taylor does not allege facts that show that LVN Henderson deliberately or indifferently refused to let his go to the restroom, or that she actually inferred that there was potential harm to Offender Taylor. Offender Taylor is required to make a showing that LVN Henderson actually drew an inference, and Taylor has not alleged any facts to do so.

Since Taylor did not suffer any physical harm due to the conditions of his cell, he cannot bring a claim for physical, mental, or emotional injuries. All his claims for LVN Henderson regarding the condition of his confinement or medical deliberate indifference should be dismissed.

Taylor has also brought a claim against LVN Henderson for depriving him of his Constitutional rights (Claim 20)[100] however, he does not state which rights, or how LVN Henderson has any personal involvement in those rights. To the extent that this alleged deprivation refers to any complaints brought against LVN Henderson, his claims are barred because Taylor has not made allegations that rise to a Constitutional violation, and therefore cannot overcome qualified immunity.

---

[99] *Encalade* at 214, *citing*: *Wilson,* 878 F.2d at 849.
[100] D.E. #1 at 15.

Finally, Taylor has brought a tort claim of negligence. This is not a constitutional claim. In order to overcome qualified immunity, Taylor needs to allege a constitutional violation. Offender Taylor's claim of negligence does not overcome the first step of qualified immunity, because this is not a constitutional violation. Therefore, Taylor's claim of negligence should be dismissed entirely.

### iii.   Stephanie Orr

Offender Taylor has brought claims pertaining to medical deliberate indifference and the tort of Negligence against LVN Orr.[101] Taylor has not met the requisite threshold for any of his claims against LVN Orr to overcome qualified immunity.

Taylor alleges that LVN Orr told him to order a sick call when he told her that he was having bladder problems. Offender Taylor claims that this was deliberately indifferent to his medical needs.

Taylor does not allege facts to show that LVN Orr *actually* drew an inference that potential harm existed. Under Taylor's facts, he claims that LVN Orr told him to file a sick call request, the appropriate procedure required. Offender Taylor did not do as LVN Orr instructed him to do. Taylor further alleges that when he spoke with LVN Orr again about his problem, LVN Orr asked why he did not make his complaints known sooner if it was as serious as he said. Offender Taylor does not have a claim for deliberate indifference against LVN Orr because not only did she give Taylor the appropriate procedures, but according to Taylor's own complaint LVN Orr did not *actually* infer that there was a risk to Taylor until after she spoke with Taylor again.

All Offender Taylor's claims for LVN Orr regarding medical deliberate indifference should be dismissed entirely.

---

[101] D.E. #1

Taylor has also brought a claim against LVN Orr for depriving him of his Constitutional rights (Claim 20)[102] however, he does not state which rights, or how LVN Orr has any personal involvement in those rights. To the extent that this alleged deprivation refers to any complaints brought against LVN Orr, his claims are barred because Taylor has not made allegations that rise to a Constitutional violation, and therefore cannot overcome qualified immunity.

Finally, Taylor has brought a claim of negligence. This is not a constitutional claim. In order to overcome qualified immunity, Taylor needs to allege a constitutional violation. Offender Taylor's claim if negligence does not overcome the first step of qualified immunity, because this is not a constitutional violation. Therefore, Taylor's claim of negligence should be dismissed entirely.

### iv.   Susan Nash

Offender Taylor has brought claims pertaining to medical deliberate indifference against LVN Nash.[103] Taylor has not met the requisite threshold for his claim against LVN Nash to overcome qualified immunity.

Taylor has not made allegations against LVN Nash, however, Offender Taylor claims that LVN Nash was deliberately indifferent to his medical needs.

Taylor has failed to allege any personal involvement of LVN Nash in his complaint, or presented any facts that indicate that LVN Nash had any personal knowledge of what Taylor alleges was an excessive risk to his health and safety. Taylor has also brought a claim against LVN Nash for depriving him of his Constitutional rights (Claim 20)[104] however, he does not state which rights, or how LVN Nash has any personal involvement. To the extent that this

---

[102] D.E. #1 at 15.
[103] D.E. #1
[104] D.E. #1 at 15.

alleged deprivation refers to any complaints brought against LVN Nash, his claims are barred because Taylor has not alleged any personal involvement, and therefore cannot overcome qualified immunity.

All claims against LVN Nash should be dismissed entirely.

### v.   Debra Fielder

Offender Taylor has brought claims pertaining to medical deliberate indifference against RN Fielder.[105] Taylor has not met the requisite threshold for his claim against RN Fielder to overcome qualified immunity.

Taylor alleges has not made allegations against RN Fielder, however, Offender Taylor claims that RN Fielder was deliberately indifferent to his medical needs.

Taylor has failed to allege any personal involvement of RN Fielder in his complaint, or presented any facts that indicate that RN Fielder had any personal knowledge of what Taylor alleges was an excessive risk to his health and safety. Taylor has also brought a claim against RN Fielder for depriving him of his Constitutional rights (Claim 20)[106] however, he does not state which rights, or how RN Fielder has any personal involvement. To the extent that this alleged deprivation refers to any complaints brought against RN Fielder, his claims are barred because Taylor has not alleged any personal involvement, and therefore cannot overcome qualified immunity.

All claims against RN Fielder should be dismissed entirely.

---

[105] D.E. #1
[106] D.E. #1 at 15.

### vi.   Shauna Carpenter

Offender Taylor has brought claims against RN Carpenter pertaining to medical deliberate indifference and conspiracy.[107] Taylor has not met the requisite threshold for his claims against RN Carpenter to overcome qualified immunity.

Taylor alleges that RN Carpenter prescribed him an ice pack and ibuprofen after an alleged use of force. She then allegedly left Offender Taylor with two other officers. Taylor alleges that together RN Carpenter conspired against him to make sure a report on the alleged use of force was not filed. Offender Taylor also claims that RN Carpenter was deliberately indifferent to his medical needs.

Offender Taylor's allegations against RN Carpenter fail to rise to the level of a Constitutional violation of medical deliberate indifference. Taylor alleges that RN Carpenter saw him after the alleged use of force and that she prescribed ice pack and medication. Offender Taylor is describing an individual who assisted him after what Taylor is alleging was a use of force, and he makes no further allegations that could lead to an otherwise conclusion. Furthermore, Offender Taylor does not allege facts to show that RN Carpenter *actually* drew an inference that potential harm existed. Taylor does not meet any prong of medical deliberate indifference for RN Carpenter and this claim should be dismissed entirely.

Offender Taylor has also brought claims of conspiracy against RN Carpenter. To establish a conspiracy claim, Taylor would need to first show that RN Carpenter's actions were retaliatory in such a way that they raise to a Constitutional violation and overcome qualified immunity. Taylor's claims against RN Carpenter do not overcome qualified immunity because his claim does not rise to the level of a Constitutional violation. Offender Taylor has failed to allege facts that

---

[107] D.E. #1

show that RN Carpenter intended to retaliate against Taylor for exercising a constitutional right, that Taylor suffered an adverse act for exercising that right, or that, but for RN Carpenter's actions, Offender Taylor would not have suffered. Offender Taylor alleges that RN Carpenter was not present until after the alleged use of force, and even then, her actions were prescribing medication. Offender Taylor is making a mere conclusory allegation, and does not produce any direct evidence of motivation on the behalf of RN Carpenter  or establish a chronology of events from which retaliation on the part of RN Carpenter can be inferred.

Due to Taylor's inability to established a §1983 retaliation claim, he can also not establish a conspiracy claim. Offender Taylor has provided no specific facts supporting his claim of conspiracy, and only makes mere conclusory allegations. Taylor has not allege facts to establish either a conspiracy claim. All claims regarding conspiracy should be dismissed entirely.

Taylor has also brought a claim against RN Carpenter for depriving him of his Constitutional rights (Claim 20)[108] however, he does not state which rights, or how RN Carpenter has any personal involvement in those rights. To the extent that this alleged deprivation refers to any complaints brought against RN Carpenter, his claims are barred because Taylor has not made allegations that rise to a Constitutional violation, and therefore cannot overcome qualified immunity.

### vii.    Michael McDonald

Offender Taylor has brought claims against PA McDonald pertaining to medical deliberate indifference, due process, and respondent superior.[109] Taylor has not met the requisite threshold for his claims against PA McDonald to overcome qualified immunity.

---

[108] D.E. #1 at 15.
[109] D.E. #1

Taylor has not made allegations in his complaint against PA McDonald. Taylor alleges that PA McDonald was deliberately indifferent to his medical needs, violated his due process, and owed a duty to him under respondent superior.

All of Taylor's claims against PA McDonald for failure to supervise or properly train clearly fall under respondent superior. As stated above, the doctrine of *respondent superior* cannot support liability in §1983 actions.[110] Thus supervisory officials cannot be held vicariously liable solely on the basis of their employer-employee relationship with an alleged wrongdoer.[111] To establish a deliberate indifference claim, the Taylor must show that the PA McDonald was (1) Aware of the of the facts from which she could infer an excessive risk to the prisoner's health and safety, and (2) that she actually inferred there was an excessive risk to the prisoner's safety.[112]

Taylor has failed to allege any personal involvement of PA McDonald in his complaint, or presented any facts that indicate that PA McDonald had any personal knowledge of what Taylor alleges was an excessive risk to his health and safety. Offender Taylor makes allegations that PA McDonald has control over policy and procedure, however, Taylor has asserted no facts showing that PA McDonald has any control over the unit's policies. Furthermore, Taylor does not even assert how these policies violate his First, Fifth, Eighth, or Fourteenth Amendment rights. Under *Sandin v. Conner,* Taylor has no "created liberty interest of the regulations of Texas Department of Criminal Justice–Institutional Division."[113] Offender Taylor does not have a Constitutional right to regulate policies.

---

[110] *Monell* at 693.
[111] *Lozano* at 768; *Bowen* at 988; *Watson* at 123.
[112] *Easter* at 837.
[113] 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Taylor has also brought a claim against PA McDonald for depriving him of his Constitutional rights (Claim 20)[114] however, he does not state which rights, or how PA McDonald has any personal involvement. To the extent that this alleged deprivation refers to any complaints brought against PA McDonald, his claims are barred because Taylor has not alleged any personal involvement, and therefore cannot overcome qualified immunity.

All claims against PA McDonald should be dismissed entirely.

### viii.    Opal Mankins

Offender Taylor has brought claims against RN Mankins pertaining to medical deliberate indifference, due process, and respondent superior.[115] Taylor has not met the requisite threshold for his claims against RN Mankins to overcome qualified immunity.

Taylor has not made allegations in his complaint against RN Mankins. Taylor alleges that RN Mankins was deliberately indifferent to his medical needs, violated his due process rights, and owed a duty to him under respondent superior.

All of Taylor's claims against RN Mankins for failure to supervise or properly train clearly fall under respondent superior. As stated above, the doctrine of *respondent superior* cannot support liability in §1983 actions.[116] Thus supervisory officials cannot be held vicariously liable solely on the basis of their employer-employee relationship with an alleged wrongdoer.[117] To establish a deliberate indifference claim, the Taylor must show that the RN Mankins was (1) Aware of the of the facts from which she could infer an excessive risk to the prisoner's health and safety, and (2) that she actually inferred there was an excessive risk to the prisoner's safety.[118]

---

[114] D.E. #1 at 15.
[115] D.E. #1
[116] *Monell* at 693.
[117] *Lozano* at 768; *Bowen* at 988; *Watson* at 123.
[118] *Easter* at 837.

Taylor has failed to allege any personal involvement of RN Mankins in his complaint, or presented any facts that indicate that RN Mankins had any personal knowledge of what Taylor alleges was an excessive risk to his health and safety. Offender Taylor makes allegations that RN Mankins has control over policy and procedure, however, Taylor has asserted no facts showing that RN Mankins has any control over the unit's policies. Furthermore, Taylor does not even assert how these policies violate his First, Fifth, Eighth, or Fourteenth Amendment rights.

Taylor has also brought a claim against RN Mankins for depriving him of his Constitutional rights (Claim 20)[119] however, he does not state which rights, or how RN Mankins has any personal involvement. To the extent that this alleged deprivation refers to any complaints brought against RN Mankins, his claims are barred because Taylor has not alleged any personal involvement, and therefore cannot overcome qualified immunity.

All claims against RN Mankins should be dismissed entirely.

### ix.   Allan Hanretta

Offender Taylor has brought claims against MD Hanretta pertaining to medical deliberate indifference, due process, and respondent superior.[120] Taylor has not met the requisite threshold for his claims against MD Hanretta to overcome qualified immunity.

Taylor has not made allegations in his complaint against MD Hanretta. Taylor alleges that MD Hanretta was deliberately indifferent to his medical needs, violated his due process rights, and owed a duty to him under respondent superior.

All of Taylor's claims against MD Hanretta for failure to supervise or properly train clearly fall under respondent superior. As stated above, the doctrine of *respondent superior* cannot

---

[119] D.E. #1 at 15.
[120] D.E. #1

support liability in §1983 actions.[121] Thus supervisory officials cannot be held vicariously liable solely on the basis of their employer-employee relationship with an alleged wrongdoer.[122] To establish a deliberate indifference claim, the Taylor must show that the MD Hanretta was (1) Aware of the of the facts from which she could infer an excessive risk to the prisoner's health and safety, and (2) that she actually inferred there was an excessive risk to the prisoner's safety.[123]

Taylor has failed to allege any personal involvement of MD Hanretta in his complaint, or presented any facts that indicate that MD Hanretta had any personal knowledge of what Taylor alleges was an excessive risk to his health and safety. Offender Taylor makes allegations that MD Hanretta has control over policy and procedure, however, Taylor has asserted no facts showing that MD Hanretta has any control over the unit's policies. Furthermore, Taylor does not even assert how these policies violate his First, Fifth, Eighth, or Fourteenth Amendment rights. Under *Sandin v. Conner,* Taylor has no "created liberty interest of the regulations of Texas Department of Criminal Justice–Institutional Division."[124] Offender Taylor does not have a Constitutional right to regulate policies.

Taylor has also brought a claim against MD Hanretta for depriving him of his Constitutional rights (Claim 20)[125] however, he does not state which rights, or how MD Hanretta has any personal involvement. To the extent that this alleged deprivation refers to any complaints brought against MD Hanretta, his claims are barred because Taylor has not alleged any personal involvement, and therefore cannot overcome qualified immunity.

All claims against MD Hanretta should be dismissed entirely.

---

[121] *Monell* at 693.
[122] *Lozano* at 768; *Bowen* at 988; *Watson* at 123.
[123] *Easter* at 837.
[124] 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).
[125] D.E. #1 at 15.

### x.    Janis Woodall

Offender Taylor has brought claims against LCSW Woodall pertaining to medical deliberate indifference, due process, and respondent superior.[126] Taylor has not met the requisite threshold for his claims against LCSW Woodall to overcome qualified immunity.

Taylor's only complaint against LCSW Woodall is that LCSW Woodall would not help him write a grievance. Taylor alleges that LCSW Woodall was deliberately indifferent to his medical needs, violated his due process rights, and owed a duty to him under respondent superior.

All of Taylor's claims against LCSW Woodall for failure to supervise or properly train clearly fall under respondent superior. As stated above, the doctrine of *respondent superior* cannot support liability in §1983 actions.[127] Thus supervisory officials cannot be held vicariously liable solely on the basis of their employer-employee relationship with an alleged wrongdoer.[128] To establish a deliberate indifference claim, the Taylor must show that the LCSW Woodall was (1) Aware of the of the facts from which she could infer an excessive risk to the prisoner's health and safety, and (2) that she actually inferred there was an excessive risk to the prisoner's safety.[129]

LCSW Woodall does not owe a duty to Offender Taylor to help him file a grievance, and Taylor has failed to allege any personal involvement of LCSW Woodall in his complaint, or presented any facts that indicate that LCSW Woodall had any personal knowledge of what Taylor alleges was an excessive risk to his health and safety. Offender Taylor makes allegations that LCSW Woodall has control over policy and procedure, however, Taylor has asserted no facts showing that LCSW Woodall has any control over the unit's policies. Furthermore, Taylor

---

[126] D.E. #1
[127] *Monell* at 693.
[128] *Lozano* at 768; *Bowen* at 988; *Watson* at 123.
[129] *Easter* at 837.

does not even assert how these policies violate his First, Fifth, Eighth, or Fourteenth Amendment rights. Under *Sandin v. Conner,* Taylor has no "created liberty interest of the regulations of Texas Department of Criminal Justice–Institutional Division."[130] Offender Taylor does not have a Constitutional right to regulate policies.

Taylor has also brought a claim against LCSW Woodall for depriving him of his Constitutional rights (Claim 20)[131] however, he does not state which rights, or how LCSW Woodall has any personal involvement. To the extent that this alleged deprivation refers to any complaints brought against LCSW Woodall, his claims are barred because Taylor has not alleged any personal involvement, and therefore cannot overcome qualified immunity.

All claims against LCSW Woodall should be dismissed entirely.

### xi.    Kim Davis

Offender Taylor has brought claims against LVN Davis pertaining to medical deliberate indifference, due process, and respondent superior.[132] Taylor has not met the requisite threshold for his claims against LVN Davis to overcome qualified immunity.

Taylor has not made allegations in his complaint against LVN Davis. Taylor alleges that LVN Davis was deliberately indifferent to his medical needs, violated his due process rights, and owed a duty to him under respondent superior.

All of Taylor's claims against LVN Davis for failure to supervise or properly train clearly fall under respondent superior. As stated above, the doctrine of *respondent superior* cannot support liability in §1983 actions.[133] Thus supervisory officials cannot be held vicariously liable

---

[130] 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).
[131] D.E. #1 at 15.
[132] D.E. #1
[133] *Monell* at 693.

solely on the basis of their employer-employee relationship with an alleged wrongdoer.[134] To establish a deliberate indifference claim, the Taylor must show that the LVN Davis was (1) Aware of the of the facts from which she could infer an excessive risk to the prisoner's health and safety, and (2) that she actually inferred there was an excessive risk to the prisoner's safety.[135]

Taylor has failed to allege any personal involvement of LVN Davis in his complaint, or presented any facts that indicate that LVN Davis had any personal knowledge of what Taylor alleges was an excessive risk to his health and safety. Offender Taylor makes allegations that LVN Davis has control over policy and procedure, however, Taylor has asserted no facts showing that LVN Davis has any control over the unit's policies. Furthermore, Taylor does not even assert how these policies violate his First, Fifth, Eighth, or Fourteenth Amendment rights. Under *Sandin v. Conner*, Taylor has no "created liberty interest of the regulations of Texas Department of Criminal Justice–Institutional Division."[136] Offender Taylor does not have a Constitutional right to regulate policies.

Taylor has also brought a claim against LVN Davis for depriving him of his Constitutional rights (Claim 20)[137] however, he does not state which rights, or how LVN Davis has any personal involvement. To the extent that this alleged deprivation refers to any complaints brought against LVN Davis, his claims are barred because Taylor has not alleged any personal involvement, and therefore cannot overcome qualified immunity.

All claims against LVN Davis should be dismissed entirely.

**xii.    Sean O'Donnell**

---

[134] *Lozano* at 768; *Bowen* at 988; *Watson* at 123.
[135] *Easter* at 837.
[136] 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).
[137] D.E. #1 at 15.

Offender Taylor has brought claims against Dr. O'Donnell pertaining to medical deliberate indifference, due process, and respondent superior.[138] Taylor has not met the requisite threshold for his claims against Dr. O'Donnell to overcome qualified immunity.

Taylor has not made allegations in his complaint against Dr. O'Donnell. Taylor alleges that Dr. O'Donnell was deliberately indifferent to his medical needs, violated his due process rights, and owed a duty to him under respondent superior.

All of Taylor's claims against Dr. O'Donnell for failure to supervise or properly train clearly fall under respondent superior. As stated above, the doctrine of *respondent superior* cannot support liability in §1983 actions.[139] Thus supervisory officials cannot be held vicariously liable solely on the basis of their employer-employee relationship with an alleged wrongdoer.[140] To establish a deliberate indifference claim, the Taylor must show that the Dr. O'Donnell was (1) Aware of the of the facts from which she could infer an excessive risk to the prisoner's health and safety, and (2) that she actually inferred there was an excessive risk to the prisoner's safety.[141]

Taylor has failed to allege any personal involvement of Dr. O'Donnell in his complaint, or presented any facts that indicate that Dr. O'Donnell had any personal knowledge of what Taylor alleges was an excessive risk to his health and safety. Offender Taylor makes allegations that Dr. O'Donnell has control over policy and procedure, however, Taylor has asserted no facts showing that Dr. O'Donnell has any control over the unit's policies. Furthermore, Taylor does not even assert how these policies violate his First, Fifth, Eighth, or Fourteenth Amendment rights. Under *Sandin v. Conner,* Taylor has no "created liberty interest of the regulations of Texas

---

[138] D.E. #1
[139] *Monell* at 693.
[140] *Lozano* at 768; *Bowen* at 988; *Watson* at 123.
[141] *Easter* at 837.

Department of Criminal Justice–Institutional Division."[142] Offender Taylor does not have a Constitutional right to regulate policies.

Taylor has also brought a claim against Dr. O'Donnell for depriving him of his Constitutional rights (Claim 20)[143] however, he does not state which rights, or how Dr. O'Donnell has any personal involvement. To the extent that this alleged deprivation refers to any complaints brought against Dr. O'Donnell, his claims are barred because Taylor has not alleged any personal involvement, and therefore cannot overcome qualified immunity.

All claims against Dr. O'Donnell should be dismissed entirely.

### xiii.   Marilyn Noble

Offender Taylor has brought claims against PA Noble pertaining to medical deliberate indifference, due process, and respondent superior.[144] Taylor has not met the requisite threshold for his claims against PA Noble to overcome qualified immunity.

Taylor has not made allegations in his complaint against PA Noble. Taylor alleges that PA Noble was deliberately indifferent to his medical needs, violated his due process rights, and owed a duty to him under respondent superior.

All of Taylor's claims against PA Noble for failure to supervise or properly train clearly fall under respondent superior. As stated above, the doctrine of *respondent superior* cannot support liability in §1983 actions.[145] Thus supervisory officials cannot be held vicariously liable solely on the basis of their employer-employee relationship with an alleged wrongdoer.[146] To establish a deliberate indifference claim, the Taylor must show that the PA Noble was (1) Aware

---

[142] 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).
[143] D.E. #1 at 15.
[144] D.E. #1
[145] *Monell* at 693.
[146] *Lozano* at 768; *Bowen* at 988; *Watson* at 123.

of the of the facts from which she could infer an excessive risk to the prisoner's health and safety, and (2) that she actually inferred there was an excessive risk to the prisoner's safety.[147]

Taylor has failed to allege any personal involvement of PA Noble in his complaint, or presented any facts that indicate that PA Noble had any personal knowledge of what Taylor alleges was an excessive risk to his health and safety. Offender Taylor makes allegations that PA Noble has control over policy and procedure, however, Taylor has asserted no facts showing that PA Noble has any control over the unit's policies. Furthermore, Taylor does not even assert how these policies violate his First, Fifth, Eighth, or Fourteenth Amendment rights. Under *Sandin v. Conner,* Taylor has no "created liberty interest of the regulations of Texas Department of Criminal Justice–Institutional Division."[148] Offender Taylor does not have a Constitutional right to regulate policies.

Taylor has also brought a claim against PA Noble for depriving him of his Constitutional rights (Claim 20)[149] however, he does not state which rights, or how PA Noble has any personal involvement. To the extent that this alleged deprivation refers to any complaints brought against PA Noble, his claims are barred because Taylor has not alleged any personal involvement, and therefore cannot overcome qualified immunity.

All claims against PA Noble should be dismissed entirely.

**xiv.   Priya Kandheria**

Offender Taylor has brought claims against Dr. Kandheria pertaining to medical deliberate indifference, due process, and respondent superior.[150] Taylor has not met the requisite threshold for his claims against Dr. Kandheria to overcome qualified immunity.

---

[147] *Easter* at 837.
[148] 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).
[149] D.E. #1 at 15.
[150] D.E. #1

Taylor has not made allegations in his complaint against Dr. Kandheria. Taylor alleges that Dr. Kandheria was deliberately indifferent to his medical needs, violated his due process rights, and owed a duty to him under respondent superior.

All of Taylor's claims against Dr. Kandheria for failure to supervise or properly train clearly fall under respondent superior. As stated above, the doctrine of *respondent superior* cannot support liability in §1983 actions.[151] Thus supervisory officials cannot be held vicariously liable solely on the basis of their employer-employee relationship with an alleged wrongdoer.[152] To establish a deliberate indifference claim, the Taylor must show that the Dr. Kandheria was (1) Aware of the of the facts from which she could infer an excessive risk to the prisoner's health and safety, and (2) that she actually inferred there was an excessive risk to the prisoner's safety.[153]

Taylor has failed to allege any personal involvement of Dr. Kandheria in his complaint, or presented any facts that indicate that Dr. Kandheria had any personal knowledge of what Taylor alleges was an excessive risk to his health and safety. Offender Taylor makes allegations that Dr. Kandheria has control over policy and procedure, however, Taylor has asserted no facts showing that Dr. Kandheria has any control over the unit's policies. Furthermore, Taylor does not even assert how these policies violate his First, Fifth, Eighth, or Fourteenth Amendment rights. Under *Sandin v. Conner,* Taylor has no "created liberty interest of the regulations of Texas Department of Criminal Justice–Institutional Division."[154] Offender Taylor does not have a Constitutional right to regulate policies.

---

[151] *Monell* at 693.
[152] *Lozano* at 768; *Bowen* at 988; *Watson* at 123.
[153] *Easter* at 837.
[154] 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Taylor has also brought a claim against Dr. Kandheria for depriving him of his Constitutional rights (Claim 20)[155] however, he does not state which rights, or how Dr. Kandheria has any personal involvement. To the extent that this alleged deprivation refers to any complaints brought against Dr. Kandheria, his claims are barred because Taylor has not alleged any personal involvement, and therefore cannot overcome qualified immunity.

All claims against Dr. Kandheria should be dismissed entirely.

### xv.   Denise DeShields

Offender Taylor has brought claims against Director DeShields pertaining to medical deliberate indifference and respondent superior.[156] Taylor has not met the requisite threshold for his claims against Director DeShields to overcome qualified immunity.

Taylor has not made allegations in his complaint against Director DeShields. Taylor alleges that Director DeShields was deliberately indifferent to his medical needs, violated his due process rights, and owed a duty to him under respondent superior.

All of Taylor's claims against Director DeShields for failure to supervise or properly train clearly fall under respondent superior. As stated above, the doctrine of *respondent superior* cannot support liability in §1983 actions.[157] Thus supervisory officials cannot be held vicariously liable solely on the basis of their employer-employee relationship with an alleged wrongdoer.[158] To establish a deliberate indifference claim, the Taylor must show that the Director DeShields was (1) Aware of the of the facts from which she could infer an excessive risk to the prisoner's health and safety, and (2) that she actually inferred there was an excessive risk to the prisoner's safety.[159]

---

[155] D.E. #1 at 15.
[156] D.E. #1
[157] *Monell* at 693.
[158] *Lozano* at 768; *Bowen* at 988; *Watson* at 123.
[159] *Easter* at 837.

Taylor has failed to allege any personal involvement of Director DeShields in his complaint, or presented any facts that indicate that Director DeShields had any personal knowledge of what Taylor alleges was an excessive risk to his health and safety. Offender Taylor makes allegations that Director DeShields has control over policy and procedure, however, Taylor has asserted no facts showing that Director DeShields has any control over the unit's policies. Furthermore, Taylor does not even assert how these policies violate his First, Fifth, Eighth, or Fourteenth Amendment rights. Under *Sandin v. Conner,* Taylor has no "created liberty interest of the regulations of Texas Department of Criminal Justice–Institutional Division."[160] Offender Taylor does not have a Constitutional right to regulate policies.

Taylor has also brought a claim against Director DeShields for depriving him of his Constitutional rights (Claim 20)[161] however, he does not state which rights, or how Director DeShields has any personal involvement. To the extent that this alleged deprivation refers to any complaints brought against Director DeShields, his claims are barred because Taylor has not alleged any personal involvement, and therefore cannot overcome qualified immunity.

All claims against Director DeShields should be dismissed entirely.

## IV.
## Conclusion

Offender Taylor does not make any allegations against any Defendants that rise to the level of a Constitutional violation. Defendants pray that Plaintiff Tyson's claims be dismissed for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) and for failure to state a claim upon which relief may be granted FED. R. CIV. P. 12(b)(6). Defendants pray for all other relief to which they may be justly entitled.

---

[160] 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).
[161] D.E. #1 at 15.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**CHARLES E. ROY**
First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil
Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief Law Enforcement Defense Division

*/s/ Kim Coogan*
**KIM COOGAN**
Assistant Attorney General
Attorney-in-Charge
State Bar No. 00783867

P. O. Box 12548, Capitol Station
Austin, Texas 78711
Office (512) 463-2080
Fax (512) 495-9139

**ATTORNEYS FOR THE DEFENDANTS**

**NOTICE OF ELECTRONIC FILING**

I, **KIM COOGAN**, Assistant Attorney General of Texas, do hereby certify that I have

electronically submitted for filing a true copy of the above **DEFENDANTS' MOTION TO**

**DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND FED. R. CIV. P. 12(b)(6)** in

accordance with the Electronic Case Files System of The United States District Court for the

Northern District of Texas, Lubbock Division on July 22, 2015.

*/s/ Kim Coogan*
**KIM COOGAN**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **KIM COOGAN**, Assistant Attorney General of Texas, certify that a true copy of the

above **DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)**

**AND FED. R. CIV. P. 12(b)(6)** has been served by placing it in United States Mail, postage

prepaid, on July 22, 2015, addressed to:

**Trent Taylor**, TDCJ #01691384
Connally Unit
899 FM 632
Kenedy, TX 77348
*Plaintiff Pro Se*

*/s/ Kim Coogan*
**KIM COOGAN**
Assistant Attorney General