IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| TRENT TAYLOR, Institutional ID No. 1691384, SID NO. 6167597, Previous TDCJ No. 1366391, | § § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | 5:14-CV-149-C |
| MARION WILLIAMS, Medical Director, Individually and in his official capacity, *et al.*, | § § § § | |
| Defendants. | § | ECF |

## ORDER

Plaintiff, acting *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against forty-seven Defendants, alleging violations of his constitutional rights during his confinement at the John T. Montford Unit (Montford Unit) of the Texas Department of Criminal Justice – Institutional Division (TDCJ-ID). Plaintiff stated that he is suing the named Defendants in both their official and individual capacities for violations of his constitutional rights, as well as for his Texas state tort claims. Plaintiff requested a jury trial and seeks relief in the form of declaratory and injunctive relief, as well as compensatory, nominal, and punitive damages against each of the Defendants.

The complaint was transferred to the docket of the United States Magistrate Judge, who held a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), on November 20, 2014. Plaintiff consented to proceed before the United States Magistrate Judge during the *Spears* hearing. Following the *Spears* hearing, the Magistrate Judge found that Plaintiff had stated claims of constitutional violation sufficient to require an answer and ordered Defendants to file answers or other responsive pleadings. On July 22, 2015, the Attorney General filed three motions to dismiss; (1) Defendants Marion Williams, Raye Mitchell, Robert Stevens, Robert Riojas,

Ricardo Cortez, Stephen Hunter, Larry Davidson, Jennifer Mares, Maria Reyna, Shane Swaney, Emma Parra, Chevis Parker, Raymundo Montez, Tyronne Jones, Darla Hubble, Tricinia Gipson, Randy Hancock, Randy Crain, Shawn Vallance, Melissa Olmstead, and Lanette Linthicum move for dismissal in the first motion (Doc. 32); (2) Defendants Rebecca Ramirez, Creastor Henderson, Stephanie Orr, Susan Nash, Debra Fielder, Shauna Carpenter, Michael Mcdonald, Opal Mankins, Allan Hanretta, Janis Woodall, Kim Davis, Sean O'Donnel, Marilyn Noble, Priya Kandheria, and Denise DeShields move for dismissal in the second motion (Doc 33); (3) Defendants Marion Williams and Raye Mitchell (who also join in the first motion) move for dismissal in the third motion (Doc. 34).[1] On August 28, 2015, the Attorney General filed a fourth motion to dismiss on behalf of Joe Martinez (Doc. 43).

In addition to those Defendants who have filed motions to dismiss, Plaintiff listed ten Defendants who were unnamed and/or identified as "Doe": Correctional Officer John Doe, Camera Operator for 9-6-13; Correctional Officer Jane Doe, for b-2 on 9-8-13; Correctional Officer Unidentifiable Young, for b-2 on 9-9-13; Escorting Correctional Officer John Doe #1, for 9-11-13 0600 Shift; Escorting Correctional Officer John Doe #2, for 9-11-13 0600 Shift; Correctional Officer Unidentifiable Martinez, for d-2 on 9-12-13; Correctional Officer John Doe #3, on 9-12-13 video; Correctional Officer John Doe #6, for e-3 on 10-14-13; Mail Room Administration Officer/Supervisor for 10-14-13; and Unknown Signee John Doe. On July 22, 2015 the Attorney General notified the Court that he would be unable to answer or provide the last known addresses for the unidentified Defendants because he lacked sufficient information to identify and locate them

---

[1] As noted in the Report and Recommendation, there is some discrepancy in the spelling of certain Defendant's names. For example, the Attorney General identifies Robert Riojas as "Robert Rojas," Tyronne Jones as "Tyrone Jones," and Chevis Parker as "Chevi Parker." For the sake of clarity in the docketing process, the court will henceforth refer to all Defendants in this action in the manner in which Taylor identifies them and as they are listed on the court's official docket.

2

from the complaint. On August 10, 2015, the Magistrate Judge entered an Order requiring the Attorney General to provide the Court with the identities of certain of the "Doe" Defendants[2] and file answers on their behalf and requiring the Plaintiff to file a more definite statement with identifying information regarding the remaining "Doe" Defendants.[3] On August 21, 2015, Plaintiff filed a response providing additional information, and on August 28, 2015 the Attorney General filed a response detailing the steps used to further identify the Doe Defendants, and noting that although it was able to identify Unidentifiable Martinez as Joe Martinez (who filed his motion to dismiss on August 28, 2014), and Unidentifiable Young as Loretta Young (who has not been served or otherwise made an appearance in this case), they could not identify the other Doe Defendants based upon the information provided by Plaintiff. To date, it appears that no further action has been taken to identify the remaining Doe Defendants.

The Defendants failed to consent to the jurisdiction of the Magistrate Judge, and pursuant to this Court's Order entered on September 29, 2014, the Magistrate Judge entered a Report and Recommendation concerning the four motions to dismiss and making additional recommendations regarding the disposition of Plaintiff's complaints and transferred the case back to this Court on January 22, 2016. Plaintiff filed his objections to the Report and Recommendation on February 1, 2016.

---

[2]Specifically, the Attorney General was ordered to provide the identities of Correctional Officer, John Doe, camera operator for September 6, 2013, 1800 Shift; Correctional Officer Unidentifiable Young, for b-2 on September 9, 2013; Escorting Correctional Officer Jon Doe #1, for September 11, 2013, 0600 Shift; Escorting Correctional Officer John Doe #2, for September 11, 2013, 0600 Shift; Correctional Officer Unidentifiable Martinez for d-2 on September 12, 2013; and Correctional Officer John Doe #3, video camera recorder, on September 12, 2013.

[3]Specifically, Plaintiff was ordered to provide a more definite statement including identifying information for Correctional Officer Jane Doe, for b-2 on September 8, 2013; Correctional Officer John Doe #6 for a-3 on October 14, 2013; Mail Room Administration Officer/Supervisor for October 14, 2013; and Unknown Signee John Doe.

In the Report and Recommendation, the Magistrate Judge recommended that the Court find as follows:

(1) Plaintiff's claims for money damages against ALL Defendants for actions performed in their official capacities should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) as barred by the Eleventh Amendment.

(2) The motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be GRANTED, in part, and Plaintiff's complaint and all claims alleged therein should be DISMISSED for failure to state a claim as to the following Defendants: Marion Williams; Rebecca Ramirez; Raye Mitchell; Jennifer Mares; Maria Reyna; Ermma Parra; Chevis Parker; Raymundo Montez; Tyronne Jones; Susan Nash; Debra Fielder; Shauna Carpenter; Darla Hubble; Triciania Gipson; Randy Hancock; Randy Crain; Michael McDonald; Shawn Vallance; Opal Mankins; Allan Hanretta; Janis Woodall; Kim Davis; Sean O'Donnel; Marilyn Noble; Priya Kandheria; Lanette Linthicum; and Denise DeShields.

(3) The motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be DENIED, in part, and the following individual capacity claims and Defendants should proceed through the course of litigation:

   (a) Plaintiff's claims concerning cell conditions and deliberate indifference to serious medical needs against Defendants Robert Stevens, Robert Riojas, Ricardo Cortez, Stephen Hunter, Larry Davidson, Shane Swaney, Franco Ortiz, Joe Martinez, Creastor Henderson, and Stephanie Orr; and

   (b) Plaintiff's claim concerning excessive use of force against Melissa Olmstead.

(4) Plaintiff's complaint and all claims alleged therein against Defendants Correctional Officer John Doe; Jane Doe; Loretta Young; John Doe #1; John Doe #2; John Doe #3; John Doe #6; Mailroom Administration Officer/Supervisor; and Unknown Signee John Doe should be dismissed for failure to state a claim upon which relief may be granted.

(5) Plaintiff's claims for injunctive relief should be DISMISSED as moot, and all other claims should be dismissed with prejudice for failure to state a claim.

(6) The Attorney General's *Amicus Curiae* Advisory and Motion to Seal filed on August 28, 2015, should be GRANTED.

(7) Plaintiff's Motion for an Immediate Preliminary Injunction Pursuant to Fed. R. Civ. Proc. Rule 65 should be DENIED.

This Court has made an independent examination of the record in this case, including the Plaintiff's complaint, the testimony given by Plaintiff at the *Spears* hearing, and properly authenticated inmate records pertaining to Plaintiff that were provided by the TDCJ-ID pursuant to court orders. The Court has also examined the Report and Recommendation of the United States Magistrate Judge, as well as the objections filed by the Plaintiff. The Court finds that Plaintiff's objections should be overruled and the Report and Recommendation of the United States Magistrate Judge should be adopted.

It is therefore ORDERED that:

(1) Plaintiff's claims for money damages against ALL Defendants for actions performed in their official capacities are dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) as barred by the Eleventh Amendment.

(2) The motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) are GRANTED, in part, and Plaintiff's complaint and all claims alleged therein are DISMISSED for failure to state a claim as to the following Defendants: Marion Williams; Rebecca Ramirez; Raye Mitchell; Jennifer Mares; Maria Reyna; Ermma Parra; Chevis Parker; Raymundo Montez; Tyronne Jones; Susan Nash; Debra Fielder; Shauna Carpenter; Darla Hubble; Triciania Gipson; Randy Hancock; Randy Crain; Michael McDonald; Shawn Vallance; Opal Mankins; Allan Hanretta; Janis Woodall; Kim Davis; Sean O'Donnel; Marilyn Noble; Priya Kandheria; Lanette Linthicum; and Denise DeShields.

(3) The motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) are DENIED, in part, and the following individual capacity claims and Defendants shall proceed through the course of litigation:

(a) Plaintiff's claims concerning cell conditions and deliberate indifference to serious medical needs against Defendants Robert Stevens, Robert Riojas, Ricardo Cortez, Stephen Hunter, Larry Davidson, Shane Swaney, Franco Ortiz, Joe Martinez, Creastor Henderson, and Stephanie Orr; and

(b) Plaintiff's claim concerning excessive use of force against Defendant Melissa Olmstead.

The Court notes that Defendant Franco Ortiz has been served but has not filed an answer as of the date of this Order. A separate Show Cause Order will be entered ordering Ortiz to file his answer.

(4)     Plaintiff's complaint and all claims alleged therein against Defendants Correctional Officer John Doe; Jane Doe; Loretta Young; John Doe #1; John Doe #2; John Doe #3; John Doe #6; Mailroom Administration Officer/Supervisor; and Unknown Signee John Doe are dismissed for failure to state a claim upon which relief may be granted.

(5)     Plaintiff's claims for injunctive relief are DISMISSED as moot, and all other claims are dismissed with prejudice for failure to state a claim.

(6)     The Attorney General's *Amicus Curiae* Advisory and Motion to Seal filed on August 28, 2015, is GRANTED.

(7)     Plaintiff's Motion for an Immediate Preliminary Injunction Pursuant to Fed. R. Civ. Proc. Rule 65, is DENIED.

(8)     The caption of this case shall be changed to *Trent Taylor v. Robert Stevens, et al.*, in order to reflect that Defendants Robert Stevens, Robert Riojas, Ricardo Cortez, Stephen Hunter, Larry Davidson, Shane Swaney, Franco Ortiz, Joe Martinez, Creastor Henderson, Stephanie Orr, and Melissa Olmstead are the only defendants remaining in this case.

JUDGMENT SHALL BE ENTERED ACCORDINGLY.

Dated March 29, 2016.

SAM R. CUMMINGS
Senior United States District Judge