IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| TAYLOR, TRENT<br>TDCJ NO. 01691384,<br>    *Plaintiff,*<br><br>v.<br><br>MARION WILLIAMS, et al.,<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION No. 5:14-cv-00149 |

### DEFENDANTS ROBERT STEVENS, ROBERT ROJAS, RICARDO CORTEZ, STEPHEN HUNTER, LARRY DAVIDSON, AND MELISSA OLMSTEAD'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Robert Stevens, Robert Rojas, Ricardo Cortez, Stephen Hunter, Larry Davidson, and Melissa Olmstead file this Answer to Offender Trent Taylor's Complaint.

**General Denial**

1. Pursuant to Rule 8(b), and for the express purpose of requiring Plaintiff to meet his burden of proof herein, Defendants deny each and every allegation contained in Plaintiff's Complaint, except those admitted to below.

**Specific Denials**

2. Defendants admit that plaintiff was an inmate confined in the custody of TDCJ at the time relevant to his Complaint.

3. Defendants admit that they were employed by TDCJ during the time relevant to Plaintiff's Complaint.

4. Defendants admit that TDCJ is an agency of the State of Texas.

5. Defendants deny that Plaintiff was divested of any right, privilege, or protection granted by statutes or the Constitution of the United States.

6. Defendants deny that they were deliberately indifferent to Plaintiff's safety or serious medical needs.

7. Defendants deny that they refused medical care to Plaintiff.

8. Defendants deny that Plaintiff's conditions of confinement violated his Constitutional rights.

9. Defendants assert that any claim premised upon the doctrine of *respondeat superior* will not support a claim of constitutional dimension under 42 U.S.C. §1983.

10. Defendants deny that Plaintiff has stated a claim upon which relief can be granted under 42 U.S.C. § 1983 or under any other statute, constitutional theory, or legal authority.

11. Defendants deny that Plaintiff has stated a claim that amounts to cruel and unusual punishment in violation of the Eighth Amendment.

12. Defendants deny that any defendant acted maliciously and sadistically for the very purpose of causing harm to Plaintiff.

13. Defendants deny that Plaintiff is entitled to any relief demanded, and further deny that Plaintiff is entitled to damages, attorney's fees, or costs in any amount whatsoever.

**Affirmative Defenses and Immunities**

14. Defendants deny that Plaintiff may bring suit without first exhausting administrative remedies. Defendants will file a motion to dismiss for failure to exhaust should it become evident that Plaintiff has failed his burden to properly exhaust all administrative remedies.

15. Defendants assert that, at all times relevant to this cause of action, they acted in their individual and official capacities as employees of TDCJ and with the good faith belief that their actions were proper under the Constitution and laws of the United States and the State of Texas.

16. Defendants assert their entitlement to qualified immunity against the 42 U.S.C. § 1983 cause of action and any other federal claim asserted against them in their individual capacities.

17. Defendants assert their entitlement to Eleventh Amendment immunity, which bars any claims for damages that may have been brought against them in their official capacities.

18. Defendants assert that they are government officials acting in their official capacities are not "persons" within the meaning of 42 U.S.C. § 1983, and generally are not proper parties to a cause of action under said statute.

19. Defendants assert that they would show that the damages or injuries which may be proven by the Plaintiff, if any, are a result of Plaintiff's own misconduct, negligence, and/or intentional acts or omissions.

20. Defendants assert that if any force was used against Plaintiff, such use of force was a privileged use of force.

21. Defendants assert that this suit is frivolous and without merit, and as such, they are entitled to recover from Plaintiff the amount of attorney's fees and costs incurred in defending this suit, pursuant to 42 U.S.C. § 1988. Defendants seek such attorney's fees and costs from Plaintiff.

**Prayer**

22. Defendants pray that Plaintiff take nothing and that he be awarded his costs, and have such other and further relief, general and specific, at law and in equity, to which he may be justly entitled.

**Jury Demand**

Defendants demand a jury, should trial become necessary.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFERY C. MATEER**
First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief Law Enforcement Defense Division

*/s/ Ariel N. Wiley*
**ARIEL N. WILEY**
Assistant Attorney General
Attorney-in-Charge
State Bar No. 24093366
Ariel.Wiley@texasattorneygeneral.gov

P. O. Box 12548, Capitol Station
Austin, Texas 78711
Office (512) 463-2080
Fax (512) 495-9139

**FOR DEFENDANTS STEVENS, ROJAS, CORTEZ, HUNTER, DAVIDSON, AND OLMSTEAD**

**NOTICE OF ELECTRONIC FILING**

I, **ARIEL N. WILEY**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing a true copy of the above **ANSWER** in accordance with the Electronic Case Files System of The United States District Court for the Northern District of Texas, Lubbock Division on April 12, 2016.

*/s/ Ariel N. Wiley*
**ARIEL N. WILEY**
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **ARIEL N. WILEY**, Assistant Attorney General of Texas, certify that a true copy of the above **ANSWER** has been served by placing it in United States Mail, postage prepaid, on April 12, 2016, addressed to:

**Trent Taylor**, TDCJ #01691384
Connally Unit
899 FM 632
Kenedy, TX 78119
**Plaintiff Pro Se**

*/s/ Ariel N. Wiley*
**ARIEL N. WILEY**
Assistant Attorney General