## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### LUBBOCK DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2016 NOV -2  AM 11: 55

DEPUTY CLERK_____

| | | |
|---|---|---|
| TRENT TAYLOR,TDCJ No:01691384 | § | CAUSE No:5:14-CV-149-C |
| plaintiff, | | |
| | § | |
| v. | | |
| | § | PLAINTIFF'F |
| ROBERT STEVENS, et al.; | | BRIEF IN OPPOSITION TO DEFEN- |
| defendants | § | DANTS MOTION FOR SUMMARRY JU- |
| | | DGMENT |

COVER SHEET

TABLE OF CONTENTS

STATEMENT OF THE CASE                                           PG1

JURISDICTION                                                    PG1

STATEMENT OF UNDISPUTED FACTS                                   PG2

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS MOTION            PG2-18

STATEMENT OF CONTESTED FACTS                                    PG3

LEGAL ISSUES                                                    PG4

SUMMARRY JUDGMENT STANDARD                                      PG4-5

ARGUMENT AND AUTHORITIES                                        PG5-18

WHETHER SUMMARY JUDGMENT SHOULD BE GRANTED ON PLAINTIFFS
INJUNCTIVE RELIEF FOR LACK OF STANDING                          PG5-6

WHETHER PLAINTIFF EXHAUSED ADMINISTRATIVE REMEDIES             PG6-8

WHETHER DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY
AS TO CLAIMS AGAINST THEM IN THEIR INDIVIDUAL CAPACITYS         PG8-9

WHETHER PLAINTIFFS DELIBERATE INDIFFERENCE CLAIMS OVER-
COMES DEFENDANTS QUALIFIED IMMUNITY                             PG9-14
CONDITIONS OF CONFINEMENT                                       PG9-12
MEDICAL NEEDS                                                   PG12-14

WHETHER DEFENDANT OLMSTEAD USED EXCESSIVE FORCE AGAINST
PLAINTIFF                                                       PG15-17

WHETHER DEFENDANTS STEVENS FAILED TO PROPERLY TRAIN OR
SUPERVISE WHICH LEAD TO DELIBERATE INDIFFERENCE TO
PLAINTIFF'S CONSTITUTIONAL RIGHTS                               PG 18

CONCLUSION AND PRAYER                                           PG 18

TABLE OF AUTHORITIES                                            Ii,iii

TABLE OF AUTHORITIES

ANDERSON V. CREIGHTON,483 u.s.635,107 S.CT.3034 (1978) — PG 8

ANDERSON V. LIBERTY LOBBY INC.,477 U.S.242,106 S.CT.2505 (1986) — PG4,5

ALLEN V.WRIGHT,486 U.S.737,104 s.ct.3375 (1984) — PG 6

ATTEBURY V. NOCONA GEN HOSPITAL,430 F.3D 245 (5TH CIR2005) — PG 9

BREAKIRON V.NEAL,166 F.SUPP2D 1110 (N.D.TEX 2001) — PG 14

CELOTEX CORP V. CATRETT,477 U.S.317,106 S.CT.2548 (1986) — PG 2

COUNTY OF LOS ANGELAS V.DAVIS,440 U.S. 625,99 S.CT. 1379 (1979) — PG 5

DAIGRE V. MAGGIO, 719 F.2D 1310 (5TH CIR1983) — PG 11

DAVIS V. SCOTT,157 F.3D 1003 (5TH CIR 1995) — PG 10

DESHANEY V.WINNABEGO COUNTY DEPT SOCIAL SERVICES,489 U.S.189,189 S.CT. 998 (1989) — PG 10

DESPAIN V. UPHOFF, 264 F.3D 965 (10TH CIR2001) — PG 10

DOMIO V. TDCJ,239 F.3D 752 (5TH CIR 2001) — PG 13

ESTELLE V. GAMBLE 429 U.S.97,97 S.CT. 25 (1978) — PG9,11

FARMER V. BRENNAN,511 U.S.825,114 S.CT.1970(1999) — PG 9

GATES V. COOK,376 F.3D 323 (5TH CIR 2004) — PG 10,12

GALLARDO V.DICARLO,203 F.SUPP 2D 1160 (C.D.CAL 2002) — PG 17

GATES V. TEXAS DEPT OF PROTECTIVE & REGULATORY SERV., 537 F.3D 404 (5TH CIR 2008) — PG 8

GRANDSTAFF V. CITY OF BORGER, 767 F.2D AT 170 — PG 14

GREEN V. BRANSON,108 F.3D 1296 (10TH CIR 1997) — PG16

HARLOW V. FITZGERALD, 457 U.S.800,102 S.CT.2727 (1982) — PG8,12

HARPER V. SHOWERS,174 F.3D 716 (5TH CIR 1999) — PG 12

HELLING V. MCKINNEY, 509 U.S. 25,113 S.CT. 2475 (1993) — PG 9,10,11

HUDSON V. MCMILLIAN, 503 u.S.1,112 S.CT.995(1992) — PG 15

JOHNSON V. MOORE,958 F.2D 92 (5TH CIR 1992) — PG 18

MENDOZA V. LYNAUGH,989 F.2D 191 (5TH CIR 1993) — PG14

MICHALIK V. HERMANN, 422 F.3D252 (5TH CIR 2005) — PG 8

MATSUSHITA ELECTRIC INDUSTRIAL CO.LTD., V. ZENITH RADIO CORP., 475 U.S. 574,106 S.CT. 1348 (1986) — PG 5

MILLLER V. BERKEBILE,2008 WL 63552 *7-9(N.D.TEX MAR 10,2008) — PG 7

McCORD V. MAGGIO 927 F.2D 844 (5TH CIR 1991) — PG 12

PLAISANCE V. PHELPS,845 F.2D 107(5TH CIR 1998) — PG 4,5

PARENTS INVOLVED IN COMMUNITY SCHOOLS V. SEATTLE SCH DIST NO.1, 551 U.S. 701,127 S.CT 2738 (2007) — PG 5

RHODES V. CHAPMAN,452 U.S. 337,101 S.CT. 2392 (1981) — PG 9

SANDERS V. SPIELMAN 38 F.SUPP2D 438 (D.Md.1999) — PG 16

SALAZAR V. COLLINS,255 S.W.3D 191 (TEX2008) — PG 11

SPRINT COMMUNICATIONS CO.LP V.APCC SEVICES INC., U.S. 128 S.CT.531 (2008) — PG 6

THOMPSON V. UPSHUR COUNTY TEXAS,235 F.3D 447 (5TH CIR 2001)          PG 18

WHITLEY V. ALBERTS,475 U.S. 312,106 S.CT. 1078  (1986)              PG 15

WILKINS V. GADDY,__U.S.__130 S.CT.1175 (2010)                       PG 15

WILSON V. SEITER 501 U.S.299, 111 S.CT. 2321 (1991)                 PG 9

WOODFORD V. NGO 548 U.S.81 (2006)                                   PG 7

## STATUTES AND RULES

FEDERAL RULES CIVIL PROCEDURES 56(C)                                PG 2

FEDERAL RULES CIVIL PROCEDURES  56(C)(2)                            PG 4

42 U.S.C §1997(e)(a)                                                PG 8

WHARTONS CRIMINAL LAW §27 PG141 (14TH ED 1978)                      PG 12

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

TRENT TAYLOR TDCJ No: 01691384 )   CAUSE No:5:14-CV-149-C
plaintiff,

v.

ROBERT STEVENS, et al.,

defendants,          )   PLAINTIFF'S BRIEF IN OPPOSITION

) TO DEFENDANTS MOTION FOR SUMMARY

JUDGEMENT
)

Now comes TRENT TAYLOR TDCJ No:01691384 who is the plaintiff in the above styled cause number,who is acting pro-se and moves that the honorable judge excepts this opposition to defendants motion for summarry judgement., In support;

JURISDICTION

This court has jurisdiction and venue owing to the parties and law underlying the issues.

II
STATEMENT OF THE CASE

Plaintiff Taylor is an inmate in the Texas Department of Criminal Justice institutional Division (TDCJ).He was sent to the John Montford Psychiatric Unit (J.M.) after an accidental overdose see Document Entry #1 (DE#1).While at the JM unit Taylor was under the assumption that his psychiatric treatment was voluntary and his consent could be withdrawn at any time,during this time Taylor was forced to sleep four days naked in a fecal covered cell he was prevented from eating and drinking during this time,Taylor was also forced to sleep naked in raw sewage and forego using the restroom untill urination became an involuntary function,which le to Taylor having to be catheterized.Taylor moved to discharge him-

pg1

self by filing five seperate requests for discharge,Yet, Taylor
was denied a hearing to compell treatment against state regulation
In which Taylor was unconstitutionally forced to recieve psychiat-
ric treatment.During this time Taylor was assaulted by an officer
and denied medical treatment multiple times.Taylor is seeking mon-
etary relief and injunctive relief.

### III
### STATEMENT OF UNDISPUTED FACTS

1.  Plaintiff at the time of the alleged complaint was an inmate
In TDCJ.

2.  During the time of the alleged complaint all defendants were
employed by TDCJ.

3.  Plaintiff was transfered to the John Montford Psychiatric unit
on September 6,2013 after an overdose.

### IV
### PLAINTIFFS BRIEF IN OPPOSITION TO DEFENDANTS
### MOTION FOR SUMMARRY JUDGMENT

Although summary judgment is proper in a case where ther is
no genuine issue of material fact,this is not a case in which the
court should grant summarry judgment.see Fed.R.Civ.P.56(c);Celotex
Corp. v. Catrett,477 U.S.317,322,106 S.Ct.2548,2552(1986) In supp-
ort of his brief plaintiff relies on the following:

EXHIBIT A: PLAINTIFFS DECLERATION IN OPPOSITION TO DEFENDANTS MOT-
           ION FOR SUMMARRY JUDGEMENT WITH SUPPORTING EXHIBITS.

EXHIBIT B: TRENT TAYLOR'S TEXAS DEPARTMENT OF CRIMINAL JUSTICE GR-
           IEVANCE RECORDS,TDCJ#01691384 WITH SUPPORTING BUSINESS
           RECORDS AFFIDAVIT (BATES STAMPED EX.B(TAYLOR###)).

EXHIBIT C: TRENT TAYLOR'S TEXAS DEPARTMENT OF CRIMINAL JUSTICE ME-
           DICAL RECORDS,TDCJ#:01691384 WITH SUPPORTING BUSINESS
           RECORDS AFFIDAVIT (BATES STAMPED EX.C (TAYLOR###)

V

## STATEMENT OF CONTESTED FACTS

1.  Whether the plaintiff was forced to sleep fo four days in a
feces covered cell.(see defendants motion for summary judgment
(DMSJ) pg 15)

2.  whether plaintiff suffered any type of deliberate indifference
to his medical needs or the condittions of his cell(see DMSJ PG
14-15)

3.  Whether Taylor recieved prompt adequete medical care for his
in ability to urinate. (see DMSJ at pg 14 refernced to EX.Bat2-4
and at 10)

4. Whether Taylor was ignored by officers and medical personell in
recieving medical attention.(see DMSJ pg14 with REFERENCE to Ex.B)

5.  Whether Plaintiff made complaints about the cell or needing
medical aid.(see DMSJ AT pg 14 withreference to EX.B)

6.  Whether Plaintiff was assaulted by defendant Olmstead.(see DM-
SJ at pg16 with reference to exhibit A.)

7.  Whether Taylor suffered an injury from being assaulted by def-
endant Olmstead.( see DMSJ at pg 16 with reference to Ex.B at134
and 144,(which are medical records from a month befor the assau-
lt)).

8.  Whether plaintiff Exhausted all required state remedies.(see
DMSJ at pg 7 with refence to Ex.C at 157 (which is a classifi-
cation review)).

9.  Whether defendant Stevens implimented policies that failed to
properly train and or supervise officers which led to constitution
al violations.

## VI
## LEGAL ISSUES

A. Whether plaintiff's claim for injunctive relief have standing.

B. Whether Plaintiff fully exhausted his administrative remedies against defendants.

C. Whether defendants are entitled to qualified immunity as to the claims made against them in their individual capacities.

D. Whether Plaintiff's deliberate indifference claim overcomes defendants qualified immunity.

E. Whetehr Defendants were deliberately indifferent to plaintiff's conditions of confinement and medical needs.

F. Whether Defendant Olmstead used excessive force against Plaintiff

G. Whether Defendant Stevens failed to properly train and or supervise officers which led to deliberate indifference to plaintff's constitutional rights.

## VII
## SUMMARY JUDGMENT STANDARD

Summary judgment is to be granted if the record befor the court shows "that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as matter of law". Fed.R. Civ.P. Rule 56(c)(2) If there is no genuine factual issue,summary judgment does not violate the right to a jury trial,since the purpose of trial;s is only to decide factual issues. see Plaisance v. Phelps,845 F.2d 107,108 (5th cir 1988) If the court finds that there is a genuine issue of material fact,then there will be a trial to determine the facts. A "material" fact is one that "might affect the outcome of the suit under the governing law"...Factual disputes that are irrelevant or unnecessary will not be counted. Anderson v. Liberty Lobby,INC., 477 U.S. 242,248 106 S.Ct.2505(1986)

A "Genuine" issue exists "if evidence is such that a reasonable jury could return a verdict for the non moving part" ID at248

In determining whether there is a genuine issue of material fact,the court must view all facts and make all reasonable inferrences in favor of the non moving party, Matushita Electric Industrial Co.Ltd v. Zenith Radio Corp.,475 U.S. 574,587 106 S.Ct.1348(1986); The non moving party cannot discharge it's burden by alleging mere legal conclusions or unsubstatiated assertions;Instead it must present affirmative evidence in order to demonstrate the existence of a genuine issue of material fact and defeat a motion for sumarry judgment supported by compoetent evidence Anderson,477 at 249-250; Matsushita,at 587.

## VIII
## ARGUMENT AND AUTHORITIES

WHETHER SUMMARY JUDGMENT SHOULD BE GRANTED ON PLAINTFF"S INJUNCTI-VE RELIEF FOR LACK OF STANDING

The defendants maintain that a favorable decision for Offender Taylor still would not allow the defendants to redress Plaintiff's complained of injury since their authority is limited to their unit of assignment only.SEE DEFENDANTS MOTION FOR SUMMARY JUDGMENT (DMSJ) at page 4 They also state that plaintiff is no longer at the Jm unit thereby making his claim for injunctive relief moot ID at 5. Mootness is established only if "(1) it can be said with assurance that 'there is no reasonable expectation...' that the alleged violation will reoccur ... and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." County of Los Angelas v. Davis,440 U.S. 625,631, 99 S.Ct. 1379.(1979)(citations ommited);accord,Parents Involved in Community Schools v.Seattle Sch.Dist No.1,551 U.S. 701,719,127S.Ct. 2738 (2007)

Plaintiff taylor is still on the psychiatric case load as mentally ill.In fact at this exact time of filing Taylor is approved and waiting to be transferd to a program for the aggresivly menatlly ill offender (PAMIO) which is in Amarillo Texas,which is in the JM unit district In fact this same unit (BILL CLEMENTS UNIT) has a hold over for the J M unit.So in saying if Taylor has a Psychiatric episode he will be transfered directly back to the Jm unit,which is not a unit of assignment but a pshychiatric hospital for TDCJ,in which inmates are shipped to for any psychotic episode as longf as they are in that region. A plaintiff has standing to sue only if the the defendants' conduct has caused her some actual injury or threatens to do so,and if a favorable court decision is likely to redress the injury Sprint Communications Co.,L.P. v. APCC Services, Inc.,_U.S._,128 S.Ct.2531,2535(2008);Allen v. Wright,468 U.S.737, 751, 104 S.Ct.3315 (1984). The Defendants cannot say absent this injunction the alleged violation will not reoccur,ecspecially when thewre is a "virtual certainty" that the plaintiff will be returned to the JM unit. There for summary judgment should be denied for la- ck of standing for ijnunctive relief.

WHETHER PLAINTIFF FULLY EXHAUSTED HIS ADMINISTRATIVE REMEDIES TOWA-
RDS DEFENDANTS

The defendants claim that plaintiff has failed to exaust all ad- ministrative remidies against defendants in this summary judgment should be denied because plaintiff has in fact properly exhausted all required remedies (see PLAINTIFF'S DECLERATION IN OPPOSITION PARAGRAPHS 20 WHICH SHOWS A GRIEVANCE WAS WROTE FOR ME, ¶55 WHICH EXPLAINS EX.C AT TAYLOR 225 AN EMAIL SEEKING ASSISTANCE FOR ME TO WRITE A GRIEVANCE DUE TO PAPER RESTRICTIONS.¶.56 SHOWS i WAS REFUS- HELP IN WRITTING GRIEVANCES WHICH PREVENTED ME FROM WRITTING THEM FROM THE DATES OF 9-6-13/10-1-13 EXCEPT FOR TWO OCCASIONS IN WHICH

WAS ASSISTED IN WRITTING A GRIEVANCE ON THE B2-45 CELL COVERED IN
FECES AND THE 9-12-13 D2-51 SECLUSION INCIDENT WHERE I NAMED NUME-
ROUS OFFICIALS INVOVED IN THE INCIDENT.SEE ALSO ¶.69 WHICH LISTS
EXHIBITS B AT TAYLOR 022-23, 131-134,157-160, AND 192-195, WHICH
ARE COPIES OF ALL OF TAYLORS GRIEVANCES SHOWING EXHAUSTION REQUIRE-
MENTS WERE FULLY MET. The Supreme court has held that the exhausti-
on of administrative remedies requires "proper exhaustion," meaning
that a prisoner must complete the administrative review process in
accordance with the applicable rules,including deadlines,as a pre-
condition in federal court.WOODFORD v. Ngo,548 U.S. 81,89(2006).

In defendants MSJ pg 6 defendants state Taylors claims of defen-
dants being deliberately indifferent to his medical needs,and con-
ditions of confinement claims,and his excessive use of force claims
were not properly exhausted except in the case of defendants Olmst-
ead,and Defendant Riojas, This is grossly incorrect.SEE EX B AT TA-
YLOR 157-160 WHICH IS STEP 1 AND STEP2 OF GRIEVANCE #2014027417 WH-
ICH LISTS DEFENDANTS,CORTEZ,HUNTER,DAVIDSON,AND WARDEN STEVENS AS
VIOLATING MY EIGHTH AMENDMENT RIGHTS REGARDING CONDITIONS OF CONF-
INEMENT. SEE ALSO eXHIBIT B AT TAYLOR 022-23 WHICH IS A GRIEVANCE
WROTE BY THE AUGI WHICH WAS WRITTEN FOR ME ON9-12-13 BECAUSE I WAS
NOT ALLOWED TO HAVE WRITTING UTENSILS (THIS GRIEVANCE WAS NOT TURN-
ED IN OR HANDLED PROPERLY AND I WAS NOT INFORMED TILL AFTER THE DE-
ADLINE YET THIS GRIEVANCE LISTED"SEVERAL OFFICERS"(NAMES UNKOWN)
AND SGT SWANEY AS VIOLATING MY RIGHTS TO THE LEGAL SYSTEM AND COND-
ITIONS OF CONFINEMENT/AND SHOWING DELIBERATE INDIFFERENCE TO MY HE-
ALTH AND SAFETY. Miller v. Berkebile,2008 wl 63552,*7-9(N.D.Tex.,
Mar.10,2008)(unjustified refusal to process initial grievances made
remedy unavailable).SEE ALSO EX B AT TAYLOR192-195  WHICH IS A STEP

1 AND STEP 2 OF GRIEVANCE #2014013418 WHICH PERTAINS TO CELL D2-51

IN WHICH OFFICIAL LISTED AS VIOLATING PLAINTIFF'S RIGHTS FOR DELIB-

ERATE INDIFFERENCE TO MEDICAL NEEDS/CONDITIONS OF CONFINEMENT AND

CAUSING A PHYSICAL INJURY TO TAYLOR,WERE cHEVIS PARKER,RAYMUNDO

MONTEZ,FRANCO ORTIZ ,JOE MARTINEZ,ROBERT RIOJAS,CREASTOR HENDERSON,

AND ROBERT STEVENS. IN FURTHERENCE  SEE ALSO EX.C AT TAYLOR332 WHI-

IS AN EMAIL SHOWING I WAS  SEEKING ASSISTANCE IN COMPLYING BY TRYIN

TO GET A GRIEVANCE WROTE BECAUSEW MY TIME WAS ABOUT TO EXPIRE CONC-

ERNING THE CATHETER INCIDENT. TAYLOR HAS FULLY COMPLIED WITH ALL

EXHAUSTION REQUIREMENTS REQUIRED BY 42 U.S.C §1997(e)(a) THEREFOR

SUMMARRY JUDGMENT ON THIS ISSUE SHOULD BE DENIED.

WHETHER DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY AS TO CLAIMS
AGAINST THEM IN THEIR INDIVIDUAL CAPACITIES

The defendants state they are entitled to qualified immunity,

which the plaintiff fails to overcome.see DMSJ pg 7 this incorecct:

Qualiefied immunity protects officials from damage liability in fe-

deral civil rights cases unless theyviolate "clearly established

statutory or constitutional rights of which a reasonable person wo-

uld have known. Harlow v. Fitzgerald,457 U.S.800,817-18, 102 S.Ct.

2727(1982) The question has also been stated as "whether a reasona-

ble officer could have believed [his actions] to be lawful, inlight

of clearly established law and the information the [defendant]

possessed. Anderson v. Creighton,483 U.S.635,641, 107 S.Ct. 3034(1987)

When an official pleads the defense of qualified immunity,the

summary judgment burden of proof is altered. Gates v. Texas Dep't

of protective and Regulatory Servs.,537 F.3d 404,419(5th cir.2008).

Once the official pleads his or her good faith,the burden shifts to

the plaintiff to establish that the official's alleged wrongfull

conduct violated clearly established law. Michalik v. Hermann,422

F.3d 252,262 (5th cir.2005). The plaintiff must now demonstrate ge-

nuine issues of material fact regarding the reasonalbleness of the official's conduct. Id. In inorder to over come defendants entitlement to qualified immunity,the plaintiff must show that the defendants committed a constitutional violation under current law,and defendants  actions were objectively unreasonable in light of clearly established law. Atteburty v. Nocona Gen.Hosp.,430 F.3d 245, 253 (5th cir.2005).

The plaintiff has made consttutional allegations against defendants and their actions were objectively unreasonable in light of the law that was clearly established at the time, as will be demonstrated in the arguments below. Which show defendants are not entitled to qualified immunity.

WHETHER PLAINTIFFS DELIBERATE INDIFFERENCE CLAIM OVERCOMES DEFENDANTS' QUALIFIED IMMUNITY

Plaintff's claim of deliberate indifference should defeat defendnts' entitlement to qualified immunity

CONDITIONS OF CONFINEMENT

The Eighth Amendment,which forbids "CRUEL AND UNUSUAL PUNISHMENT", U.S. Const.,Amend.VIII governs the treatm,ent of convicted prisoner In an Eighth Amendment case,you must must establish both an "objective component", and a "subjective component". Farmer v. Brennan, 511 U.S.825,834, 114 S.Ct. 1970 (1994);Wilson v. Seiter,501 U.S. 294, 298, 111 S.Ct. 2321 (1991). Prison conditions that are "restrictive and even harsh are part of the penalties that criminal offenders pay for their crimes against society. Rhodes V. Chapman, 452 U.S. 337,347, 101 S.Ct. 2392 (1981). Conditions do not violate the EIGHth Amendment unless they amount to "the unnecessary and wanton infliction of pain".Rhodes,452 U.S. at 347;Wilson 501 U.S. at297. The Supreme Court has listed as basic human needs "food,clothing,shelter, medical care and reasonable safety.Helling v. Mckinney,509 U.S.

25,32, 113 S.Ct.2475 (1993) (citing Deshaney v. Winnebago County

Dep't of Social Services,489 U.S. 189,199-200,109S.Ct.998(1989)).

The defendants Cortez,Hunter,and Davidson forced plaintiff to go in

to a cell that was covered in masive amounts of fecal matter. The

cell was so unhygenic Taylor was forced to stay on top of his bunk,

he was not able to eat for fear of contamination,there was a giant

swastika drawn on the wall in fecal matter,the water faucet was pa-

cked full of it and it was all over the ceiling. Taylor was forced

to stay in this cell for 3½ - 4days. Frequent exposure to the waste

of others can certainly present health hazards that constitute a

serious risk of substantial harm. Gates V. Cook,376 F.3d 323,341

(5th cir 2004);see also,e.g., Despain V. Uphoff, 264 F.3d 965,975

(10th cir2001)(exposure to human waste "evokes both the health co-

ncerns emphasized in Farmer and the More general standards of dign-

ity embodied in theEighth Amendment").

  These defendants  knew of the conditions of the cell,yet even af-

commenting on the condition and making jokes about the time Taylor

would spend in the cell they still left me in there(SEE DE#1).The

court has held that unsafe conditions that"pose an unreasonable

risk of serious damage to La prisoners| future health" may violate

the Eighth Amendment... Helling, 509 U.S. at 33 The defendants ci-

te  the ruling in Davis v. Scott,157 F.3d 1003,1006 (5th cir 1998)

PG 13 DMSJ,The courts found no Eighth Amendment violation because

in Davis he was given cleaning supplies that is not the case in th-

is incident. Taylor has pointed to several exhibits that show Tayl-

or continueously made complaints about the cell being covered in

fecal matter SEE PLAINTIFF'S DECLERATION IN OPPOSITION ¶40,AND ¶48

  WHICH LIST INCIDENTS AND EXHIBITS SHOWING i COMPLAINED SEE EX.C

AT TAYLOR342 AND EX.C AT TAYLOR384.

qUALIFIED IMMUNITY FOR THESE DEFENDANTS should be denied as to whether these conditions violated clearly"established law" it has long been established that the Eighth Amendment "forbids confinement under conditions that lead to painful and tortious diseases with no penological purpose". see Daigre v. Maggio,719 F.2d, 1310,1312 (5th cir.1983)(citing Estelle v. Gamble,429 U.S. 97,102, 97 S.Ct. 285, 290,(1978).

As to Defendants Riojas ,Henderson,steven,Martinez these defendants knew that Taylor was housed in a seclusion cell against policy they knew that Taylor had no toilet or working plumbing and solely relied on them as correctional officers to provide him with the things that he could not do without help such as use the restroom and to provide him with sanitary living conditions. Taylor had not only been confined against his will but was now confined under condition that posed a serious risk to his health. SEE PLAINTIFFS OPPOSITION BRIEF DECLERATION ¶¶21-35 SEE ALSO EXHIBITS C AT TAYLOR 391,389 SEE ALSO ORIGINAL EXHIBIT (B) SUBMITTED WIT DE#1."Special Relationship"exist between prison inmates and the Texas Department of Criminal Justice and it's employees,giving rise to duty on the part of TDCJ to exercise reasonable care to protect inmates from harm when that harm is reasonably forseeable.Salazar v. Collins,255 S.W.3d 191,rehearing overruled(Tex2008).

The question under the Eighjth Amendment is whether prison officials,acting with deliberate indifference,exposed a prisoner to a sufficiently substantial "risk of serious damage to his future health." Helling,509 U.S. at 35,113S.Ct.2475.These officials actred in regards to a code of silence towards recklessness and constitutional violations which is prevelant among JM unit officials. Claimant need not show that a prison official acted or failed to act Beli-

ving that harm actually would befal an inmate,it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.CF1C,Toccia,Whartons Criminal Law,§27,pg 141(14th ed 1978).

Taylor was housed in wastes of others and forced to sleep nakedin raw sewage/human waste. SEE PLAINTIFFS DECL. IN OPPOSITION WIHTH EXHIBITS ¶¶ 26-32.This court has held time and time again that filthy cell conditions may constitute an Eighth Amendment violation. see Harper v. Showers.174 F.3d 716,720 (5th cir 1999);Gates v. Cook, 376 F.3d 323,338 (5th cir 2004); McCord v. Maggio,927 F.2d 844,847 (5th cir 1991)(cell flooded with sewage and foul water was a"clear violation of the Eighth Amendment"). as to qualified immunity for these defendants it should be denied .The law in effect at the time of the offense was well established,see Harlow,457 U.S. at 818,102 S.Ct. at 2738.

## MEDICAL NEEDS

The defendants state that they should be granted qualified immunity in regards to Taylors claims pertaining to deliberate indifference to his serious medical needs. Taylors claim of deliberate indifference to his medical needs does infact entitle him the right to overcome the defendants entitlement to qualified immunity.

Deliberate indifference to a prisoners medical needs that are serious constitute unnecessary and wanton infliction of pain proscribed by the Eighth Amendment,whether the indifference is manifested by prison doctors in response to prison needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interferring with treatment once prescribed;regardless of how evidenced deliberate indifference to prisoner's serious illness or injuries states a cause of action under civil rights statute

Estelle v. Gamble,97 S.Ct. 285, 429 U.S. 97,104 (1976).

Taylor was experiencing severe chest pains in which he told the defendants Riojas,Martinez,Octiz who failed to get medical attention SEE DECLERATION IN OPPOSITION ¶¶22-25  SEE ALSO EX.C AT TAYLOR 391  DEFENDANT HENDERSON DAILY CARE NOTES. Defendant Henderson even said she'd heard me banging for over an hour complaining, SEE ALSO EX.C AT TAYLOR535 . I was housed in a seclusion cell in which officers/defendants where by policy to check on me every 15 minutes SEE ORIGIANL EXHIBIT (B) SUBMITTED WITH DE#1 AT PROCEDURE IV.

A prisoner can demonstrate an Eighth Amendment violation by showing that a prison official refused to treat him,ignored his complaints,intentionally treated him incorrectly,or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs. Domino v. TDCJ,239 F.3d 752,756 (5th cir 2001). These defendants intentionally ignored my complaints for over two hours, in furtherence defendant Henderson was advised by an R.N. who was the charge nurse to bring me to the E.R. due to my chest pains but this advisory was denied due to security being unable to escort. SEE EX.C AT TAYLOR 535 WHICH IS A VERBAL ORDER NOTE FROM AN R.N. ADVISING L.V.N HENDERSON.  Taylors allegations have entitled him to overcome defendants qualified immunity pertaining to this incident.

FIN defendants MSJ on pg 14 defendants argue that Taylor was seen multiple times for his inability to go urinate,this infact is incorrect,the defendants also state that Taylor provides no evid that the treatment  he recieved was insufficient or deliberatly incorrect.Id. Taylor has never stated that the catheterization was inadequately done.However Taylor did state that the display of him

being exposed naked and handcuffed while undergoing the treatment
that allowed non medical personell and opposite gender to wathch
the treatment take place was grossly inadequate.   SEE DECL IN OPP
AT ¶45. Also  Taylor claims that the delay in medical treatment
is what caused Taylor to have to be catheterized. SEE DECL IN OPP
AT ¶ 42. Taylor had informed Defendant Orr at around 1030 that mo-
rning that he needed to see a doctor but Defendant Orr knowing that
in seclusion paper and pens are not allowed still told Taylor to
fill out a sick call request on the following Monday. "the mere
delay of medical care for a prisoner can constitute an Eighth Ame-
ndment violation,but only if there has been deliberaqte indiffere-
nce that resultes in substatial harm. Mendoza v. Lynaugh,989 F.2d
191,195 (5th cir 1993) . A plaintff needs to indicate that his
phsical condition during the time of delay warranted prompter med-
ical attention or that his condition wholly debillitated him. Bre-
akiron v. Neal,166 F.supp 2d 1110,1114 (N.D. Tex 2001).

Taylor was forced to suffer all day untill the point of having
to be cathetyerized which was the worst feeling Taylor had ever
felt. SEE DECL IN OPP ¶.46  AND EX.C AT TAYLOR 365 AND AT 206-207.
Taylor was denied and or delayed medical=treatment that did result
in substantial harm, defendant Orr's statement of "I was giving you
our normal response to someone in seclusion" shows that there is a
policy of denying inmates adequate and prompt medical attention.
If there is a reckless disregard for human lkife and safety preval
ent  among citys... which threatens the life and security of those
whom they encounter,and if that recklessness is attributable to
the instruction or exampole or acceptance of the policy maker the
policy its self is repudation of constitutional rights.,Grandstaff
v. city of Borger,767 F.2d at 170. This defendant is not entitaled
to qaultified immunity.
                              pg14

WHETHER DEFENDANT OLMSTEAD USED EXCESSIVE FORCE AGINST PLAINTIFF TAYLOR.

The defendants maintain that Taylor has not established a claim of excessive force that overcomes her entitlement to qualified immunity,this is incorrect and will be proven below.

Convicted prisoners are protected from the misuse of force by the Cruel and Unusual Punishments Clause of the Eighth Amendment. The Supreme court has held that "whenever prison officials stand accused of using excessive physical force in violation of the cruel and unusual punishment clause,the core judicial inquiry is...whether force was applied in a good faith-effort tomaintain or restore discipline,or maliciously or sadistically used to cause harm." Hudson v.McMillian, 503 U.S.1,6-7,112 S.Ct.995 (1992); accord,Wilkins v.Gaddy,__U.S.__,130 S.Ct.1175,1178(2010).

In deciding whether force was used "maliciously or sadistically," the extent of the injury inflicted is"one factor", and "[t]he absence of serious injury is there fore relevant to the Eighth Amendment inquiry,but does not end it".Hudson, 503 U.S. at 7; accord, Wilkins,130 S.Ct. at 1178-79. Other factors the court may said may be relevant are "the need for application of force, the relationship between the need and the amount of force used,the threat 'reasonably percieved by the resposible officials,' and 'any efforts made to temper the severity of a forcefull response." Hudson,503 U.S. at 7 (quoting Whitley v. Alberts,475 U.S. 312,320-21, 106S.C.t.1078 (1986)).

The "malicious and sadistic" standard applies to the actions of staff who are directly using force.Hudson,503 U.S.at 7.  Taylor alleges that he had been arguing with defendant Olmstead when she intentionally ran a bean slot bar through the food port slot hit-

ting him in the testicle with the sole intention of causing harm.
SEE EXHIBIT A DECL.IN OPPO AT ¶61,SEE ALSO  EX.B AT TAYLOR 532-33

The defendents state in their MSJ at pg16 that medical found
no injuries they cite to MSJ Ex.B at 134,and 144 to substantiate
their allegations. Exhibit B at 134 is a seclusion note from 9-18-
13, this exhibit has nothing to do with the assault that occured
on 10-14-13 also Ex. B at 144 is a seclusion note from 9-16-13
the defendants also cite to EX.B at 133 to say the Office of the
INSPECTOR General found no evidence of Tylors allegations being t
rue. This Exhibit they cite is actually a discharge request from
Taylor dating 9-19-13. Contrary to what the defendants say Taylor
did suffer a serious injury to his testicles,Yet,the nurse did in
her report say she visualized no apparent injury SEE EXHIBIT B.AT
TAYLOR 153 WHICH IS AN INJURY REPORT IN WHICH WAS CHECKED MINOR
INJURY BUT SHOWS THAT AT A LATER TIME IT WAS CROSSED OUT TO SHOW
NO APPARENT INJURY. This nurse did note an injury in which she
prescribed ice pack for swelling and ibu profin for 72 hours for
pain SEE EX.C AT 532-33. ONCE THE NURSE LEARNED IT WAS A STAFF
assault she left with defendant riojas and came back in and said
we were done SEE EX.A DECL.IN OPP AT ¶ 67. Sanders-el v. Spielman
38 F.Supp 2d 438,439 n.1 (D.Md.1999)("it would seem that the law
must entertain the possibility that health care providers in a
prison setting mught bring certain biasis to their occupation");
see also Green v. Branson,108 F.3d 1296,1304 (10th cir 1997)(not-
ing claim of falsification of medical records after a use of force)

The defendants claim that this use of force never happened and
they cite in their MSJ pg 16 that there is no record of a use of
force report ever being made for Taylor with reference to MSJ EX.A

the defendants are right in the sole aspect of there not being a use of force report being made, but they use this single exhibit to lead the courts astray from the fact that(1) Ause of force was done,(2) the use of force was purposely swept under the rug,and (3) the plaintff did everything neccessary to bring to the light the use of force occured and was purposly being covered up.SEE EX.A DECL.IN OPP AT ¶¶63-69  After leaving medical Taylor personally asked defendant riojas to take pictures of his injuries due to the fact his right testicle was grossly disfigured in which he refused SEE EX.A DECL.IN OPP AT ¶68 SEE ALSO ORIGINAL EXHIBIT (E) WHICH IS SUBMITTED WITH DE#1 IT IS TDCJ POLICY AD.03.47  WHICH STATES PIC-TURES WILL BE TAKEN AFTER ANY USE OF FORCE OR INJURY INCURRED BY A OFFENDER OR EMPLOYEE. SEE ALSO EX.B AT TAYLOR 138 WHICH IS A GRIE-VANCE WORK SHEET CHECKED OFF ON AS A USE OF FORCE,BUT IF WE REFER TO EX.B AT TAYLOR156 WHICH IS A GRIEVANCE WORK SHEET SIGNED OFF ON BY OIG SAYING INSUFFICIENT EVIDENCE TO OPEN AN INVESTIGATION,BUT THIS PAPER WORK WAS IMPROPERLY FILED OUT WITHOUT EVER BEING CHECK-ED AS  AN UNREPORTED USE OF FORCE. Plaintiff provides multiple ex-hibits to show the cover up he also had a witness statment of an offender who witnessed the assault.SEE EX.B AT 145. Gallardo v. DiCarlo,203 F.Supp 2d 1160,1166(C.D.Cal 2002)(...refusal to inve-stigate complaints,encouragement of excessive force by inaction and cover-up,etc, stated a claim against her).

   Taylor suffered a substantial injury due to this assault,the defendants tried to cover it up Plaintiff has provided pertinent exhibits to show these facts therefore defenant Olmstead's entitle-ment to qualified immunity should be denied.

WHETHER DEFENDANT STEVENS FAILED TO PROPERLY TRAIN OR SUPERVISE WHICH LED TO DELIBERATE INDIFFERENCE TO PLAINTIFFS CONSTITUTIONAL RIGHTS.

a.   aLTHOUGH A SUPERVISOR may not be held liable for the actrions of his subordinates,supervisor liability may exists if the super-visor implemented a policy or allowed a wide spread practice that was so common that it constituted a policy,or if he failed to pro-perly train or supervise subordinates and there is a casual link between such failure and the violation amounts to deliberate ind-ifference, Johnson v. Moore,958 F.2d 92,94(5th cir 1992). Warden stevens allowed there to be a wide spread policy of denying inmate prompt medical attention to serious medical needs in or out of se-clusion,SEE EX.A DECL.IN OPP AT ¶43 STATING"i GAVE YOU OUR NORMAL RESPONSE" Defendant stevens also allowed prisoners to be confined under inhumane conditions of confinement and failed to adequatley investigate use of forces,resulting in harm. Thompson v. Upshur Co. Texas,245 F.3d 447,459 (5th cir 2001)("A sheriff not personally in-volved in the acts that deprived the palintiff of his constitution-al rights  is liable under§1983 if;1)the sheriff failed to train or supervise the officers involved;2)there is a casual connection bet-ween the failure to supervise or train and the alleged violation of the the plaintiff's rights;and3) the failure to train or supervise consttuted deliberate indifference to the palintiffs constitutional rihghts...") qualified immunity should be denied for this defendant.

IX
## CONCLUSION AND PRAYER

Plaintiff Taylor prays the court denies summarry judgment in all aspects to the defendants and excepts this brief in opposition.

OCTOBER 19,2016

RESPECTFULLY SUBMITTED

PRO-SE   TRENT TAYLOR TDCJ No;01691384
899  FM 632 KENEDY TX,78119

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

TRENT TAYLOR                          §
TDCJ NO. 0169134,                     §
       PLAINTIFF,                     §
                                      §
V.                                    §        CAUSE NO:5:14-CV-149-C
                                      §
                                      §
ROBERT STEVENS, et al.,               §
       DEFENDANTS,.                   §

---

## EXHIBIT A

PLAINTIFF'S DECLERATION IN OPPOSITION TO DEFENDANTS MSJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

TRENT TAYLOR TDCJ No: 01691384

          plaintiff,   )

v.

ROBERT STEVENS, et al .,

          defendants,.  )

CAUSE No. 5:14-CV-149-C

PLAINTIFFS DECLARATION IN
OPPOSITION TO DEFENDANTS
MOTION FOR SUMMARRY JUDGEMENT
WITH SUPPORTING EXHIBITS

## DECLARATION

1. I am the plaintiff in the above-entitled case.I make this dec-
leration in opposition to defendants motion for summarry judgeme-
nt on all my claims concerning,excessive use of force,deliberate
indifference to plaintiff's health and safety concerning the den-
ial/delay of medical treatment and conditions of confinement,whe-
ther plaintiff's claims for injunctuive relief have standinmg,wh-
ther the defendants are entitleed to qualified immunity in their
individual capacities,and whether taylr fully exhausted all state
remedies.

2. The defendants motion for summarry judgement states on page
~~xxxxxx~~ seven that the plaintiff failed to timely exaust all state
remedies,in which they rely on Exhibit C

3. The defendants Motion for Summarry Judgement (MSJ) claim they
are entitled to qualified immunity as to plaintiffs medical claims
pg 14,they claim that there was no evidence plaintiff suffered fr-
om any type of deliberate indifference to his medical needs they
reference to  Exhibit B at 71-122,127-184 and 207-212 claiming pl-
aintiff recieved around the clock care,and in those visits plaint-
iff never made a complaint  about the cell or needing medical aid.

4. The defendants MSJ Pg 16 claims there is no evidence that defe-
ndant olmstead used any force against offender Taylor. they refer
to Exhibit A saying there is no record of use of force report ev-
er being made for offender .Taylor the defendants also cite Exhibit
B at 134 and 144 (Exhibit B at 134 is a seclusion note from 9-18-13

Ex. A

Exhibit B at 144 is a seclusion note form 9-16-13 THE USE OF FORCE INCIDENT TOOK PLACE ON 10/14/13) saying medical found no injury to Taqylor.They also refer to Exhibit B at 133(which is a discharge requets from plaintiff taylor) to say the Inspector General never found evidence of plaintiff's allegation being true,Also in Exhibit C there is no evidence that Taylor ever suffered an injury to his testicles.

5. The defendants claim in summarry that that they rely on EXHIBIT A-F which are copies of plaintiff's TDCJ records to say they are entitled to summarry judgement.These same Exhibits used by the defendants provide evidence that show there are multiple exhibits that show there are genuine issues of material facts to be resolved, that show the defendants are not entitled to summarry judgement. These issues are identified in the accompanying statement of disputed factual issue. The facts are set out in this decleration.

6. On Sep 6,2013 I was placed in cell B2-45 by defendants cortez, hunter,and Davidson,along with unknown cameera operator.The cell was covered in fecal matter,on the walls ceiling back windows,and the drinking faucet was packed with fecal matter.[see EXHIBIT C AT TAYLOR 528-531,THESE EXHIBITS SHOW TAYLOR WAS IN CELL B2-45 FROM 9-6-13 / 9-9-13.]

7. On Sep 7,2013 around 10am I informed officer Jennifer mares of the cell condition,she refused to get help.[SEE EXHIBIT C AT TAYLOR 530 WHICH SHOWS J.MARES WORKED B2-4ROW THAT DAY].

8. On Sep 8,2013 I informed correctional officer Jane Doe#1 of the cell condition,she refused to help.[SEE EXHIBIT C AT TAYLOR 529 WHICH PROVIDES A LIST OF ALL OFFICERS THAT WORKED B2-4ROW THAT MORNING OF 9-8-13.]

9. On Sep 9,2013  I informed officer Loretta Young of the cell conditions and asked for inmate to inmate.

Ex A

condition and asked for some water to drink since my faucet was
packed with fecal matter. she responded"you should have went to
the shower to drink water".[SEE EXHIBIT C AT TAYLOR 528 WHICH SHOW
OFFICER YOUNG WORKED B2 4ROW THAT MORNING]

10. On Sep 9,2013 at around 1530 i was escorted to the dayroom to
doctor McDonald in which i informed him of my conditionand  me wan-
ting to write a grievance. [SEE DOCUMENT ENTRY #1 (DE #1)]

11. On Sep 9,13 in the P.m. I informed  officer Maria reyna of the
cell condition in which she denied to help.[SEE EXHIBIT C AT TAYL-
OR 528 WHICH SHOWS MARIA REYNA WORKED ON B2-4ROW THAT EVENING].

12. On Sep 10,2013 I was moved to b2-35 cell. [SEE DE#1]

13. ON Sep 11,2013 I was moved back to B2-45 once at the cell i
showed the fecal matter to the officers and refused to go in,I was
taken back to B2-35 cell.[SEE DE#1].

14. On Sep 11,2013 Defendant Shane Swaney came to my cell to speak
with me about refusing cell B2-45 he stated "there is shit in all
these cells from years of psych patients"he then went to contact
treatment team supervisor Shawn Vallance concerning the fecal mat-
ter.He then came back and stated "he had to put me in that celland
if I didn't want to go into that cell I knew what I had to say(he
was refereing to me saying I was suicidal to go to seclusion).I
stated I would do what is necessary to not go into that cell so for
the record I am suicidal.[SEE EXHIBIT C AT TAYLOR 408 WHICH IS A
SECLUSION NOTE FROM L.V.N JONES STATING ONLY UPON LEARNING I WAS
TO MOVE BACK TO CELL B2-45 I WAS SUICIDAL].

15. On 9-11-13 I was escorte dform b2-35 to D2-51 at 1422 at which
time I told nurse Henderson i was not suicidal.Defendant Swaney
put me in the cell and said"Ihope you f***ing freeze"[ SEE EX C AT
TAYLOR 407 SECLUSION NOTE BY NURSE HENDERSON SHOWING I STATED I WA
WAS NOT SUICIDAL]

Ex.A

16. 9-11-13 AT 1445 nurse Wellendorf came  to my cell to talk to me about being in seclusion,I stated"I was not suicidal but it was a housing issue as to why I was in seclusion.[SEE EX C AT TAYLOR 406 SECLUSION RESTRAIN NOTICE SHOWING I STATED I WAS HAVING HOUSI-NG ISSUES].

17.  On 9-11-13 The seclusion cell I was in was filthy with a str-ong ammonia type smell emmitting from the drain.I voiced this com-plaint with officer Ermma Parra who stated" I am just doing my job. [SEE DE#1].

18. On 9-11-13 R.N Marion Harmes came to D2-51 to ask about me be-ing suicidal,I stated to her"I was not suicidal all i did was ref-use housing[SEE EX C AT TAYLOR399 A SECLUSION NOTATION FROM  RN hARMES SHOWING I COMPLAINED ABOUT REFUSING HOUSING THAT WAS WHY I WAS IN SECLUSION].

19. On 9-12-13 at about 12:47 M.D. Priya Khandheria came cell side and took me off of seclusion suicide watch[SEE EX C AT TAYLOR 392 WHICH IS A PSYCHIATRIC FOLLOWUP ORDER TAKING TAYLOR OFF OF SECLUS-ION AND ORDERING HIM TO A REGULAR CELL.][SEE ALSO ORIGINAL EXHIBIT (B)(OE())SUBMITTED WITH DE#1 WHICH IS CORRECTIONAL MANAGED HEALTH CARE POLICY I-66.3 PSYCHIATRIC INPATIENT SECLUSION STATES SECLUSI-ON IS NOT EMPLOYED AS A PUNISHMENT OR AS A CONVIENINCE FOR STAFF, ALSO PROCEDURE 3 STATES SECLUSION MUST END AS SOON AS THE DISCHAR-GE CRITERIA IS MET].

20. On 9-12-13 about 1400 correctional officer sinclair came cell side to write a grievance for me pertaining to cell b2-45 (while in seclusion I was not allowed paper or pens)[SEE EX B AT 22-23 GRIEVANCE #2014014582 WHICH WAS WROTE BY OFFICER SINCLAIR THIS GR-IEVANCE STATED ABOUT ALL THE INHUMANE CONDITIONS OF CELL B2-45 AND OFFICERSWANEY FORCING ME TO SAY I WANT TO HURT MYSELF.THIS GRIEVA-

Ex.A

NCE WAS WROTE ON 9-12-13 BUT WAS NOT ACCEPTED UNTIL 9-24-13 AT WH-
ICH TIME IT WAS DENIED FOR MORE OF 1 IN EVERY 7 DAYS.THIS GRIEVA-
NCE WAS THEN LOST,IT WAS NOT RETURNED TO ME BECAUSE I WAS IN THE
SUICIDE PREVENTION PROGRASM ON PPER AND PEN RESTRICTIONS,IN WHICH
I ALSO WAS NOT INFORMED OF THIS DENIAL UNTIL AFTER MY GRIEVABLE
TIME HAD EXPIRED].

21. On 9-12-13 about 1800 correctional officer Chevis Parker came
cell side to do her rounds,i asked her for a bathroom break,she
said she would tell the male officers.[SEE EX C AT TAYLOR 526 SHOW
THAT OFFICER PARKER SIGNED OFF ON TAYLORS 15 MINUTE CHECK LOG FROM
1800-2345][SEE ALSO DE#1]

22. ON 9-12-13 ABOUT 1900 nURSE CREASTOR HENDERSON came cell side
in which I asked her for a restroom break she stated she would tell
the officers.and left, at this time i was extremely cold and tried
to warm up by curling in a ball on the floor,I also began having
chest pains and trouble breathing so i began knocking on the door.
[SEE DE#1]

23. On 9-12-13 about 1930 defndant Joe Martinez came cell side and
told me to pee in the drain[SEE OE(A) SUBMITED WITH DE#1 WHICH IS
A REPLICA FLOOR DRAIN OF SECLUSION (DRAWING)].I stated i would not
because I had to sleep in there and the stopped up drain is not a
toilet,I also informed him I was having chest pains in which he re
sponded "he didn't care and for me to deal with it"[SEE DE#1].

24. On 9-12-13 defendant Franco Ortiz came to my cell,I asked him
for a restroom break and if i could see a nurse he stated "we aint
pulling you out use the drain like everyone else.[SEE DE#1].

25. On 9-12-13  after 1900 defendant Robert Riojas came cell side
and asked why am I banging on his door,I stated" i'm having chest
pains and I need to use the restroom really bad.defendant Riojas

Ex.A

stated for me to just piss in the drain and I could see the nurse later. I told him I would not do that and that the floor drain was stopped up. He began to mock me and stated "if I behave in a few hours he will see what he can do. [SEE DE #1 ALSO OE(B) SUBMITTED WITH DE #1 PROCEDURE V OF THE CMHC POLICY I-66.3 PATIENT IN SECLUSION MUST HAVE ACCESS TO DAILY BATHING AND NECESSARY BATHROOM PRIVELAGES].

26. On 9-12-13 after 2000 the volume of urine made my bladder so intentionally painfull urination became an involuntary function, the pain became so intense and excrutiating I doubled over and began peeing on myself, i tried to get it in the drain but, due to being stopped up it mixed with the sewage in the drain and ran out all over my feet. I knew I would not be able to stand all night so I got on my hands and knees and tried to scoop the pee under the door away from the area of the floor which i slept naked. Yet, this tactic did not work [SEE DE#1].

27. ON 9-12-13 i HAD BEEN BANGING ON THE DOOR FOR OVER TWO hours trying to get help, Nurse Henderson came cell side and asked about my problem and why was there a puddle infront of my door? I told her I had peed on myself and my chest and arm where hurting. She then stated that she had heard me banging for the last hour. I then aked her "if she heard me banging for an hour why didn't she come check on me?" She did not respond. [SEE OE(B) SUBMITTED WITH DE#1  CMHC POLICY I-66.3 PROCEDURE IV WHICH REQUIRES 15 MINUTE CHECKS WHILE IN SECLUSION][SEE ALSO EX C AT TAYLOR 391 DAILY CARE NOTES ENTERED AT 21:21 BY DEFENDANT HENDERSON WHICH SHOWS TAYLOR WAS IN SECLUSION FOR HOUSING ONLY(A VIOLATION OF POLICY I-66.3) SHE STATED OP WAS CALM AND ALERT AND RESPONSIVE AND THAT OP HAD BEEN BANGING ON THE DOOR FOR APPROXIMATELY AN HOUR ASKING FOR BRP

Ex. A

(BATHROOM PRIVELAGES) AND COMPLAINED OF CHEST PAIN.THIS EXHIBIT

ALSO SHOWS AT 1300 ON THE SAME DAY THAT SECURITY WAS NOTIFIED OF

THE DOCTORS ORDER TO DISCONTINUE SECLUSION AND SUICIDE PRECAUTION

AND RETURN TO A REGULAR CELL.][SEE ALSO EX C AT TAYLOR 400 WHICH

IS SECURITY NOTES SIGNED BY OFFICER PARKER SAYING AT 1800 I REFUSED

ALL AND AT 1900 WAS GIVEN A RESTOOM BREAK  AND REFUSED ALL AT 2100

AND 2355 tHIS EXHIBIT IS CONTRADICTED BY EX C AT TAYLOR 391 WHERE

DEFENDANT HENDERSON STATED I HAD BEEN COMPLAINING AND ASKING FOR

RESTOOM FOR OVER AN HOUR,IT ALSO CONTRADICTS EX.C AT TAYLOR 526

WHERE OFFICER PARKER STATES AT 1900 I WAS SITTING OR LYING.][SEE

ALSO EX.C AT TAYLOR 535 WHICH IS A VERBAL ORDER NOTE FROM R.N. LU-

JAN THAT HE HAD BEEN NOTIFIED AT 2106 I HAD BEEN BANGING FOR OVER

AN HOUR ASKING FOR THE NURSE AND THAT HE STATED TO NURSE HENDERSON

TO BRING ME TO THE ER WHICH WAS REFUSED.].

28. AT 2100 I was taken out of my cell by correctional officer Mo-

ntez,John Doe#3,Defendant Riojas, and officer Parker who operated

the camera.Officer parker stated for the officer to watch out for

the puddle infront of my cell. Iwas handcuffed and taken backwards

out of the cell in which a medical assesment was done wher I reci-

eved a type of pain medication for my injuries.[SEE EX.C AT TAYLOR

391 NURSE HENDERSONS NOTES SAYING I RECIEVED MEDICATION.]

29. On 9-12-13 while out of my cell Defendant Riojas asked someone

to get him a dry towel,he then  spot dried the front of my cell,no

chemicals were usedand lots of urine/sewage still remained on my

floor.[SEE EX.BAT TAYLOR 199 DEFENDANT RIOJAS'S STATEMENT REGARDI-

NG GRIEVANCE #2014013418 PERTAINING TO THE D2-51 SECLUSION INCIDE-

NT,RIOJAS STATED I WAS BANGING ON THE DOOR AND WAS AGITATED SO I

WAS TOLD THAT DUE TO BEING AGITATED I COULD NOT USE THE RESTROOM

IF I CALM DOWN I COULD USE THE TOILET,IF I USE THE DRAIN IT WILL

Ex.A

BE CLEANED UP AND AFTER I WAS CALM I WAS PULLED OUT AND MY CELL
WAS CLEANED AND THE DRAIN WAS DRY NO SIGN OF IT OVERFLOWING, CON-
TRARY TO WHAT DEFENDANT RIOJAS STATEMENT SAYS, I WAS PULLED OUT
FOR MEDICAL ASSESMENT ONLY I WAS NEVER ALLOWED TO USE THE RESTROOM
THERE WAS NEVER ANY REASON FOR DEFENDANT RIOJAS TO TELL ME IF I
USED THE DRAIN IT WILL BE CLEANED,EXCEPT FOR THE SOLE REASON OF ME
INITIALLY BEING TOLD TO PISS IN THE DRAIN. THIS EXHIBIT SHOWSTHAT
INFACT THE DRAIN HAD TO BE STOPPED UP BECAUSE IF NOT HE WOULD NOT
HAVE HAD TO COME CLEAN UP THE CELL BECAUSE THE URINE WOULD HAVE
WENT DOWN THE DRAIN, DEFENDANT RIOJAS FURTHER STATED THE DRAIN WAS
DRY AND NOT STOPPED UP,YET THIS EXHIBIT SHOWS HE IS CONTRADICTORY
BECAUSE THERE IS NO RESON TO CLEAN A DRY DRAIN IN THE MIDDLE OF
A SECLUSION CELL,UNLESS IT OVERFLOWED.][SEE ALSO EX.C AT TAYLOR526
FROM 1800-2354 OFFICER PARKER SIGNED OFF ON ALL 15 MINUTES CHECKS
WITH #11 WHICH STATES LYING OR SITTING,IT NEVER SAYS I WAS GIVEN A
RESTROOM BREAK OR EVEN BEATING ON THE DOOR.][SEE ALSO EX.C AT TAY-
LOR=391 FROM NURSE HENDERSON WHICH SAY I WAS CALM BUT HAD ONLY BEEN
BANGING FOR A RESTROOM BREAK,AND CHEST PAINS].

30. On  9-12-13 after my medical assesment I was forced on my kne-
es in the rermaining seewageon video camera.[SEE DE#1].

31. On 9-13-13 after 0200 Defendant Ortiz came cell side in which
I explained that I was extremely cold due to the fact my blanket
was wet fromm the sewage and i was naked with the airconditioner
blowing full blast. this Defendant  still forced me to sleep with
a wet blanket covered in sewage on the floor. [SEE DE#1]

32. On 9-13-13 at 0600 the officers shift changed officer Monica
McCraw placed me in the shower then back in the cell the drain be-
gan to overflow of its own accord  McCraw then contacted maintena-
nce and the supervisor. [SEE DE#1]

Ex.A

33. At about 10:20 on 9-13-13 chow was brought I refused for fear of contamination while in sewage|.SEE EX.C AT TAYLOR 389 SHOWS I REFUSED CHOW|.

34. At about 10:30 sgt Randy Whitten arrived he began commenting on th atrocious ammonia smell he began coughing and stated I know you have sewage on you but i need you to wrap your blanket around you untill i get you in the shower.I was then left in the shower for four hours..|SEE EX.CAT TAYLOR 389 WHICH SHOWS I HAD TO BE PL-ACED BACK IN THE SHOWER |.

35. 9-13-13 at about 1300 maintenance came and shut down cell d2-51due to contamination and flooding this was done by red tagging the cell. [SEE DE#1]

36. ON 9-13-13 at about 1400 i was told i was moving to B2 once on B2 i was told I was being moved back to cell B2-45,I showed offic-er Trevino the fecal matter I was then taken back to B2 dayroom. |SEE DE#1 AND EX.C AT TAYLOR 388 DAILY CARE NOTES FROM NURSE HEN-DERSON SHOWING UPON LEAVING CELL D2-51 I WS CALM AND RESPOONSIVE.| |SEE  EX.C AT TAYLOR525 WHICH SHOWS TAYLOR HAD BEEN LEFT IN SECLU-SION FOR OVER 24 HOURS AFTER A DOCTOR ORDERED ME TO BE REMOVED.|

37. On 9-13-13 while in B2 dayroom Sgt Tyronne Jones came to talk to me he stated"he had just come from inspecting cell B2-45 and that he would personally clean everything except the ceiling,and in order to clean the ceiling a ladder would have to be brought in and that would require special permission which was to much of a hassle". I stated "you would not want to live in someone else's shit " he then responded"you are right and i am not mad at you for refusing  but I have to put you in there by force or coice|SEE DE #1|.

38. On 9-13-13 between 1400 and 1500 Sgt.jones contacted Sgt.Vallance

Ex.A

cell". I stated "if I had to go in the cell B2-45 I would hurt my self. Iwas then taken to A3-51 seclusion cell.[SEE EX.C AT TAYLOR 386 A SECLUSION NOTE FROM L.V.N JONES STATING ONCE ON B2 I REFUSED HOUSING AND STATED I WAS SUICIDAL. ALSO THAT I SPOKE WITH SGT JONE ABOUT THE SITUATION.]

39. On 9-13-13 while in seclusion I told nurse Lisa Sherwood I wantedto fill out a discharge and did not want to be a patient anymore.[SEE EX.C AT TAYLOR383  SECLUSION NOTATION SHOWING I WANTED TO DISCHARGE THERE BY RELINQUISHING MY CONSENT TO BEING VOLUNTARILY COMMITTED].

40. On 9-13-13 R.n Wellendorf asked me about being suicidal "I told her I wasn't suicidal I just didn't want to go into a dirty cell [SEE EX.C AT TAYLOR 384 SECLUSION RESRAINT NOTATION FROM NURSE WELLENDORF SHOWING I WAS COMPLAINING ABOUT CELL B2-45].

41. On 9-13-13 about 1830 in seclusion I was taken out of the cell to use the restroom at this time I was made to urinate standing naked handcuffed behind my back infront of two officers,while urinating I was having excrutiating pain every time I tried to force urine out.I reported this to officer Tony Thomas. [SEE DE#1].

42. On 9-14-13 about 1030 in seclusion I reported to nusre Stephanie Orr that "I needed to see a doctor" in which she replied put in a sick call on monday(seclusion is not allowed paper or writting materials)due to her denial I lay on the floor all day in excrutiating pain.[SEE DE#1].

43. about 1600 the pain in my bladder had become so severe I contacted nurse Orr on her rounds in which I asked her to see a male Doctor,she then asked "why?" and informed me that what ever I could tell a male doctor I could tell her because she had raised two boy I then explained my problem in which she asked"why hadn't I said any thing************

Ex.A

said anything sooner?" I stated I told you thismorning you told me to fill out a sick call on monday" she then responded "I gave you our typical response to someone in seclusion". Due to this typical response I suffered all day until the point of having to be catheterized.

44. On 9-14-14 about 1600 I was pulled out of my cell in whioch defendant orr did an assesment in which she determined my bladder was sore to palpatoin and that i was distended.[SEE EX.C AT TAYLOR 367DAILY CARE NOTES SHOWING i HAD BLADDER PROBLEMS AND WAS DISTEN-DED].

45. on 9-14-13 at about 1800 I was escorted to the E.r whre it was determined that I needed an in and out catheterization.At this time I was naked with my hands cuffed behind my back in which I was forced to lay on my hands on a gurney that was set up infront of a window during shift change in a high traffic area. I was observed by men and women repeatedly while i was catheterized.[SEE EX.C AT TAYLOOR 206-207 CLINICAL NOTES SHOWING I HAD TO RECIEVE A CATHETER DUE TO PAINFUL URINATION]. [SEE ALSO EX.C AT TAYLOR 366 MY INABIL-ITY TO VOID PREPARED BY DEFENDANT ORR].

46. On 9-14-13 about 1900 I returned to a3-51 cell where nurse Orr appologized to me for not acting sooner,I stated to her "that was the most uncomfortable feeling I've ever experinced.[SEE EX C AT TAYLOR 365 SECLUSION NOTES WHICH SHOW I TOLD DEFENDANT ORR THAT WAS THE MOST UNCOMFORTABLE EXPERIENCE I'VE EVER HAD].

47. On 9-15-13 I continued to have bladder pains but instead of going throught  the humiliating process again I waited to use the restroom when i went to the shower. [SEE DE#1].

48. On 9-16-13 P.A Cline came to speak  with me I told her I was  refusing housing in 45 cell because there was shit on the walls and

Ex.A

ceiling and they keep trying to put me back in there and I had wrote a grievance on it also that I only say I am suicidal so I dont have to go back in that cell.⌊SEE EX.C AT TAYLOR 342 WHICH IS A PSYCHIATRIC FOLLOW UP FROM p.a. CLINE STATING I TOLD HER B2-45 HAD SHIT ON THE WALLS AND CEILING AND I HAD WROTE A GRIEVANCE.THIS EXHIBIT SHOWS THAT I HAD BEEN COMPLAINING FOR OVER A WEEK AND A HALF ABOUT THE FECAL COVERED CELL⌋.

49. On 9-16-13 I was taken out of seclusion and placed back in cell B2-45 which i refused and was taken back to seclusion.⌊SEE DE#1⌋.

50. On 9-16-13 I was escorted back to b2 4row where I was put in cell b2-39 which is directly accross from45 cell,there was a sign on the door that said red tagged due to poop everywhere signed by John McCraw ,the escort officer Jane Doe#2 stated"boy we had a hard time trying to get someone ladder trained just to find out the lader was to small,so sgt shut the cell down."⌊SEE DE #1⌋⌊SEE ALSO EX.B AT TAYLOR 201 SHOWING I WAS TO MOVE TO B2-45 ON 9-16-13 THEN WAS REASSIGNED TO B2-39,BECAUSE THE CELL WAS SHUT DOWN.⌋

51. On 9-16-13 I spoke with nurse Holly who filed a discharge for me stating I no longer wanted to be treated and it was documented I was in a culpable state of mind and had no diagnoses on axis 1 ⌊SEE SUPPLEMENTAL EXHIBIT (H) THIRD MEDICAL REFUSAL OF TREATMENT⌋.

52. On 9-16-13 after 1700 an inmate was brought oin a full chemical suit to clean cell b2-45,yet, I had been required to sleep in there naked for 3-4 days. It took 10 days for them to clean the cell after my first initial report. ⌊SEE DE#1⌋

53.on 9-17-13 I was scheduled for an MD/MLP follow up visit concerning my bladder yet, i was never taken and an HSM-82 was forged saying I denied treatment in which my signa ture was placed as RTS (refused to sign) yet, it is known on B2 I can not posses writting

Ex.A

materials,also Unknown Signee John Doe signed as a witness,but the
authorizing Dr. signature required for a refusal was never given.
This denial resulted in a continuation of physical pain that could
have been alleviated.⌊SEE SUPPLEMENATL EXHIBIT(I) MEDICAL REFUSAL
SIGNED BY UNKNOWN SIGNEE JOHN DOE⌋⌊SEE ALSO EX.C AT TAYLOR 205 A
VERBAL ORDER NOTE SCHEDULING TAYLOR FOR A DOCTORS APPOINTMENT FOL-
LOW UP ON 9-17-13,WHICH I WAS DENIED⌋.

54. On 9-1913 I was moved to a1 3row suicide prevention program
this was after I had requested to be discharged 3 seperate times.
⌊SEE EX.C AT TAYLOR 336 EX.C AT TAYLOR 383 AND SUPPLEMENTAL EXHIBIT
(H) ALL EXHIBITS SHOWING I REQUESTED DISCHARGE,WHICH WERE DISREGA-
RDED⌋.

55. On or about 9-27-13 I asked nurse thomas  to contact provider
woodall to assist in writting a grievance before the time limit was
up.⌊SEE EXHIBIT C AT TAYLOR 225 AN EMAIL FROM NURSE THOMAS TO PROV-
IDER WOODALL  REQUESTING HELP TO WRITE A GRIEVANCE.⌋⌊ALSOEX.C AT
TAYLOR 332 WHICH WAS A SOCIAL WORKEWR CONTACT SHOWING ON 9- 20-13
I WAS HELPED WRITE A GRIEVANCE⌋⌊SEE EX.B AT TAYLOR 192-95 WHICH IS
A DOCUMENT OF GRIEVANCE # 2014013418 STEP 1 AND STEP2 COMPLAIONING
ABOUT ALL THE CONSTITUTIONAL VIOLATIONS THAT HAPPENED TO ME ON 9-
12-13 IN SECLUSION CELL D2-51THER BY EXHAUSTING ALL REQUIREMENTS
PERTAINING TO EXHAUSTION IN WHICH I LISTED CHEVIS PARKER,RAYMUNDO
MONTEZ,ROB ERT RIOJAS,FRANCO ORTIZ,JOE MARTINEZ,WARDEN ROBERT STE-
VENS,AND NURSE CREASTOR HENDERSON.

56. On 10-2-13 I was taken off of s.p.p. While on SPP i requested
numerous times help in writting grievances,but was denied.

57. On 10-11-13 i was placed on food loaf  and written a case by
Melissa Olmstead.⌊SEE DE#1⌋.⌊SEE ALSO EX.B AT TAYLOR 128 FOOD LOAF
RESTRICTION⌋.⌊SEE ALSO EXHIBIT B.AT TAYLOR177-78 AN OFFENSE REPORT

WRITTEN BY DEFENDANT OLMSTED |.

58. On 10-13-13 I was taken off of food loaf due to recieving exp-ired food loafs.|SEE EX.B AT TAYLOR 130 WHICH IS A GRIEVANCE WORK SHEET SHOWING I HAD BEEN TAKEN OFF OF FOOD LOAF|.

59. oN 10-14-13 at around 8am defendant Olmstead came to my door and stated" I see you went and cried like a little bitch and got taken off of foood loaf"she had had me placed on|SEE DE#1|

60. On 10-14-13 at 10:35 I was served a major disciplinary case by counsel substtitute Dianna Ceja at which time defendant olmstead stated" I told you so" refering to an earlier comment about getting me a major case. |SEE DE#1|

61.On 10-14-13 about 1400 officer Olmstead came to pick up treys in which she opened my bean chute. I asked her"why she keeps on tr-ipping with me"? we began arguing back and forth at which time she took her bean slot bar and rammed it through the bean chute hitting |me in the right testicle. |SEE EX.B AT 155 WHICH IS A MONTFORD TURN OUT ROSTER FOR 10-14-13 1ST SHIFT WHICH SHOWS AT NO TIME WAS DEFEND-ANT OLMSTEAD EVER ASSIGNED TO E3 3ROW||SEE ALSO DEFENDANTS MOTION FOR SUMMARRY JUDGEMENT EXHIBIT B AT 293 (MSJ) IT IS A MENTAL HEALTH OBSERVATION CHECKLISTWHICH SHOWS NO OTHER OFFICER MADE ROUNDS OTHER THEN DEFENDANT OLMSTEAD AFTER 1400||SEE ALSO EX. B ATTAYLOR 147 IT IS A STATEMENT FROM DONALD COLEMAN (OFFICER) SAYING AT NO TIME DURI-NG HIS 15 MINUTE CHECKS DID i EVER TELL HIMM ABOUT THE ASSAULT.IN CONTRARY TO THIS STATEMENT DEFENDANTS MSJ EX B AT293 SHOWS  THAT NOT ONE TIME ON 10-14-13 DID THIS OFFICER EVER COME DOWN 3 ROW TO DO 15 MINUTE CHECKS.

62. On 10-14-13 about 1600 defendant olmstead refused to feed me chow |SEE DE#1|.

Ex.A

63. On 10-14-13 at 1800 I stated to officer Washburn I had been assaulted who responded"I was being to demanding"so he refused to help.[SEE DE#1]

64. oN 10-14-13 ABOUT 1900 i STATEd to the nurse Parish when she made her rounds that I had been asssaulted and needed help,she the went for help.[SEE EX.C AT TAYLOR 291 WHICH IS A LATE ENTRY NOTE ENTERED ON 10-14-13 AT 1920 WHERE SHE REPORTED ME TELLING HER I HAD BEEN ASSAULTED BY AN OFFICER.]

65. On 10-14-13 after 1900 sargent Randy Hancock came to do his rounds, I stated to him " i had been assaulted"he took me to the dayroom. [SEE DE#1].

66. Defendant riojas came in to the day room he asked me why I waited so long to say something in which I relied" I told the first available officer other than the assaulting officer." I then wrote a statement.[SEE EX.B AT TAYLOR 151 WHICH IS MY WRITTEN STATEMENT REGARDING THE AASSAULT]. [SEE ALSO EX.B AT TAYLOR 150 WHICH IS A STATEMENT CONCERNING MY ALLEGED ASSAULT AND THE TREATMENT I RECIEVED], [SEE ALSO EX.B AT TAYLOR 145 WHICH IS A REPORT ABOUT GRIEVANCE #2014 027977 WROTE BY INMATE  RUEBEN MCKENZIE SAYING HE WITNESSED THE ASSAULT.

67. On 10-14-13 at 2100 I was taken to the E.R. where an evaluation was done in which I was prescribed an ice pack for 24 hours,and ibu profin for 72 hours,once the nurse found out this was a staff assault she left the room with defendant riolas ,she then came back in and stated we are done. [SEE EX.C AT TAYLOR 532-33 CLINICAL NOTES PRESCRIBING MEDICATION AND SHOWING GRIMACES WITH PALPATION].[SEE ALSO EX. B AT TAYLOR 153 WHICH IS AN INJURY REPORT WHICH WAS CHECKED AS A MINOR INJURY BUT WAS LATER ALTERED TO SHOW NO APPARENT INJURY].[SEE

Ex. A

ALSO EX.B AT TAYLOR 154 WHICH WAS A STAEMENT WROTE BY NURSE CARPENTER
SAYING SHE PERSCRIBED ICE PACK AND iB PROFIN.

68.  On 10-14-13 after leaving the infirmary I asked defendant riojas
if he was going to take pictures of my injury of my swollen testicle
he stated, there's nothing wrong with you so i'm not taking pictures
and it would be best if I let this go. [ORIGINAL EXHIBIT (E) WHICH
IS ADMINISTRATIVE DIRECTIVE POLICY A.D 03.47 WHICH STATES PICTURES
WILL BE TAKEN  AFTER ANY USE OF FORCES OR INJURY INCURRED BY  OFFEN-
DER OR EMPLOYEE].[SEEALSO EX.B AT TAYLOR138WHICH IS A GRIEVANCE IN-
VESTIGATION WORK SHEET PERTAINING TO tAYLORS ASSAULT BY DEFENDANT
OLMSTEAD IT SHOWS IT WAS CHECKED OFF ON AS A USE OF FORCE(UOF) INVE-
STIGATION].[SEE ALSO EX B AT TAYLOR 137 WHICH IS AN OIG FACT SHEET
INVESTIGATION WHICH SHOWS IN SECTION IV THE PROPER SIGNATURES WERE
NOT PROVIDED DURING THE INVESTIGATION DATED NOV 4,2013].[SEE ASLO EX
B AT TAYLOR 152 WHICH IS A SUPERVISORS INVESTIGATION OF EMPLOYEE/OF-
FENDER INJURY WHICH USE OF FORCE WAS NOT CHECKED.ALSO CAUSE OF INJURY
WAS CHECKED AS STRUCK BY,AND TYPE OF INJURY WAS CHECKED AS BRUISE OR
DISCOLORATION].[SEE ALSO EX.B AT TAYLOR156 WHICH IS A GRIEVANCE WORK
SHEET THAT WAS SIGNED OFF ON BY AN OIG SAYING INSUFFICIENT EVIDENCE
TO OPEN AN OIG INVESTIGATION BUT WAS IMPROPERLY FILED OUT FAILING
TO SHOW USE OF FORCE UNREPORTED(UR) ALL OF THESE LISTED MISTAKE SHOW
THAT TAYLOR INVESTIGATION OF HIS USE OF FORCE WAS GROSSLEY MISHANDL-
ED.

69. ALSO ATTACHED TO THIS DECLARATION IS EXHIBITS B AT TAYLOR 022-23
131-34,157-160,AND 192-95 WHICH ARE COPIES OF TAYLORS GRIEVANCES
SHOWING EXHAUSTION REQUIREMENTS WERE FULLY MET

70. The foregoing factual allegations create a genuine issue of mat-
erial factand will,if proved at trial,support a judgement in my favor
as explained in the brief submitted with this decleration.

Ex.A

PURSUANT TO 28 U.S.C §1746

I TRENT TAYLOR TDCJ# 01691384 PRESENTLY INCARCERATED ON THE CONNALLY

UNIT IN KARNES COUNTY TEXAS DECLARE UNDER PENALTY OF PERJURY THE FORE

GOING IS TRUE AND CORRECT.

SIGNED THIS   17TH DAY OF OCTOBER 2016

PRO-SE

TRENT TAYLOR#01691384
PRO-SE
899 FM 632
KENEDY TX 78119

Ex. A

UNITED STATES DISTRICT COURT
NORHTERN DISTRICT OF TEXAS
LUBBOCK DIVISION

TRENT TAYLOR                          §        CAUSE NO.5:14-CV-149-C
TDCJ NO.01691384,                     §
      PLAINTIFF,                      §
                                      §
                                      §
V.                                    §
                                      §
                                      §
ROBERT STEVENS,et al.,                §
      DEFENDANTS,.                    §

EXHIBIT B

PLAINTIFF'S GRIEVANCE RECORDS

## BUSINESS RECORDS AFFIDAVIT

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF WALKER** | § |

BEFORE ME, the undersigned authority, personally appeared, Misti Sorenson, who, being duly sworn by me, deposed as follows:

"My name is Misti Sorenson  I am over 18 years of age, of sound mind, capable of making this affidavit, and have personal knowledge of the facts herein stated:

I am employed as the Program Supervisor V of Offender Grievance for the Texas Department of Criminal Justice (TDCJ).  I am the custodian of the Offender Grievance Records for the TDCJ, and these records were kept in the regular course of business, and it is the regular course of business for an employee or representative of the TDCJ, with knowledge of the act, event, condition, or opinion, recorded to make the record or to transmit information thereof to be included in such record.  The record was made at or near the time or reasonably soon thereafter.  I have reviewed the grievance records for Offender Taylor, Trent  TDCJ #1691384, Cause Number 5:14CV149, for the time period of April 2013 to January 2015."

"The records attached hereto are the original or exact duplicates of the originals."

Misti Sorenson
Program Supervisor V, Offender Grievance
Texas Department of Criminal Justice

SWORN TO AND SUBSCRIBED before me on this the 13th day of July, 2015.

Deborah K Hoke
Notary Public
State of Texas
My Comm. Exp. 08/06/16

NOTARY PUBLIC in and for
The State of Texas

**Texas Department of Criminal Justice**

# STEP 1   OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY |
|---|
| Grievance #: _____ |
| Date Received: _____ |
| Date Due: ~~Screened~~ SEP 2 4 2013 |
| Grievance Code: _____ |
| Investigator ID #: _____ |
| Extension Date: _____ |
| Date Retd to Offender: _____ |

Offender Name: **Taylor, Trent**  TDCJ # **1691384**

Unit: **JM**  Housing Assignment: **D2-51**

Unit where incident occurred: **JM**

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? **Sgt. Swaney**  When? **9.11.13 ± 2pm**

What was their response? **Showed a blatant disregard to civil rights as a human being**

What action was taken? **he forced me to say I wanted to go to Seclusion against my will**

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

This grievance is being wrote on the Montford Psychiatric Unit due to the inhumane living conditions that they have provided for me as an inmate. They have violated my federal & State civil rights. My rights as an inmate are to be provided with a safe, clean environment, food, water, etc. Sept 6, 13, I was placed in a cell on 4 row on B-2, left in the cell over the weekend & the cell had poop everywhere, (the toilet, the drinking faucet) I told several officers but nothing was done about it. On Sept 9, I was moved to 3 row on B2 pod. On Sep 11, they tried to move me back to 4 row in the same cell that had all the fecal matter. I talked to the Sgt. about it & he told me that I would be physically placed ~~in~~ of the cell or willingly go in there. I told him that this was a disease contaminated cell & that it was detrimental to my health & "under color of State law" the Sgt. still would do nothing to help me. He stated, "All cells have shit in them due to the previous inmates that had been housed there before." I told him that it was not my problem & that it was his job to provide me with a safe & clean environment. He told me that if I didn't want to go into this cell that I knew what I had to do to go into seclusion. Therefore, I believe I was forced to say "I will hurt myself in order to go into a contaminated cell." Also being on B2 pod, I believe I have been denied my rights to the legal system, The inmate correspondence system. Also, I believe my calorie intake provided by TDCJ is less than 2500 calories per day due to the Johnnies

SEP 2 4 2013

I-127 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

Appendix F

ExB. Taylor - 022

…I am being fed. These are on-going issues that are taking place at the Montford Unit in which violate inmate civil rights. This is a Step 1 process to insure proper procedures are being taken on my behalf in order for me to file a 1983 federal lawsuit against BCJ for violation of civil rights. SEP 24 2013

I am having an Act alternate write this grievance due to my housing, & I would like a copy of this grievance sent to me for my personal files.

SEP 24 2013

**...ion Requested to resolve your Complaint.**

…would like this documented in a timely manner & to be insured that …o negative action will be taken against me for the filing of this grievance.

**…ender Signature:** ___ Sinclair CID 2-UGI   Lut Layn  9-12-13 (691374   **Date:** 9.12.13   SEP 24 2013

**…ievance Response:**




**…nature Authority:** _____   **Date:** _____

…ou are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. …e the reason for appeal on the Step 2 Form.

**…urned because:     *Resubmit this form when the corrections are made.**

1. Grievable time period has expired.
2. Submission in excess of 1 every 7 days. *
3. Originals not submitted. *
4. Inappropriate/Excessive attachments. *
5. No documented attempt at informal resolution. *
6. No requested relief is stated. *
7. Malicious use of vulgar, indecent, or physically threatening language. *
8. The issue presented is not grievable.
9. Redundant, Refer to grievance # _____
10. Illegible/Incomprehensible. *
11. Inappropriate. *

**…I Printed Name/Signature:** D. Stafford / D. Stafford UGI

…plication of the screening criteria for this grievance is not expected to adversely …ect the offender's health.

**…dical Signature Authority:** _____

27 Back (Revised 11-2010)

| OFFICE USE ONLY | |
| --- | --- |
| Initial Submission | UGI Initials: |
| Grievance #: | 2014014582 |
| Screening Criteria Used: | SEP 24 2013 |
| Date Recd from Offender: | SEP 24 2013 |
| Date Returned to Offender: | SEP 24 2013 |
| 2nd Submission | UGI Initials: _____ |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |
| 3rd Submission | UGI Initials: _____ |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |

Appendix F

Ex. B Taylor - 023

E3-29.1

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**

*Placement on Restriction*

*Ad Seg Level Review*            (Ad Seg Offenders ONLY)

**I. OFFENDER INFORMATION**

Offender Name: Taylor Trent ; TDCJ number: 1621384 ; Custody: MH ; Unit: JM

**II. PLACEMENT ON RESTRICTION (Initial Placement ONLY)**

*Instructions: The highest-ranking supervisor on duty has the authority to initially place an offender on restriction. The shift supervisor (may be the same individual) shall document the placement in Sections I. and II. of this form; and then notify the Unit Classification Committee (UCC) or the Administrative Segregation Committee (ASC) — by providing them this form intact.*

a.  As of (date) 10/11/13 , at (time) 11:00 am , the above-named offender has been placed on restriction, in accordance with SM-01.29, Offender Management Restrictions.  [NOTE: Place a √ in front of each restriction imposed]:

___ Paper gown;   ___ Paper mask;   √ Food loaf

___ Personal property (i.e., container; hard plastic; lock; metal; hotpot; etc.)
   • List specific property restricted: _____

___ State issued property (i.e., mattress; blanket; sheet; etc.)
   • List specific property restricted: _____

b.  Reason for Placement: Did Tamper with Good Tray slot _____

c.  Documented by: Kasting, B Sgt _____ SIGN 10/11/13
   (Print Name & Rank/Title)                         (Signature/Date)

➔ *The restriction(s) may only continue up to 24 hours without review by the UCC/ASC (or until their earliest following workday).*

**III. UCC / ASC REVIEW**

*Instructions: This section shall be utilized for both UCC and ASC reviews.  If the form is being utilized for a "subsequent review, the Committee must ensure Section I(Offender Information) is completed and have the previous I-203 available for review.*

a.  **REVIEW:** (√ one) ☒ Initial; ☐ *Subsequent;  Review held on 10/11/13 at 1330 by the (√ one) ☒ UCC; ☐ ASC.
                                                        (Date)        (Time)

b.  **Type of Review:** ☐ Restriction;  ☒ 7-day;  ☐ 30-day;

c.  **RESTRICTIONS:**  The UCC/ASC has reviewed the offender's record and has decided to either impose, continue, or discontinue restrictions, as noted below:

- Paper gown?            ☐ YES; ☒ NO      Review/Expiration Date: _____

- Food loaf?             ☒ YES; ☐ NO      Review/Expiration Date: 10-18-13(?) 11:C

- Personal property?     ☐ YES; ☒ NO      Review/Expiration Date: _____
   • List specific property restricted: _____

- State-Issued property?  ☐ YES; ☒ NO     Review/Expiration Date: _____
   • List specific property restricted: _____

d.  **LEVELS:** (To be completed for Ad Seg offenders ONLY):

Pursuant to the Administration Segregation Plan, the offender is assigned to Level (√ one): ☐ I   ☐ II or   ☐ III

e.  Justification for Decision(s): _____

f.  Committee Members (Print Name & Rank/Title/Sign Initials): William McGee R
   Reed Cpt IR _____ ; and CIC T. Thomas III

**IV. OFFENDER NOTIFICATION**

*Instructions: Staff shall: notify the offender that the UCC/ASC decision will expire on the date indicated or be reviewed for continuation; request/order to sign (if offender refuses, document the refusal; and provide the offender a copy of the completed document.*

Notify: J Dawzces _____ Refused to Sign
   (Employee – Print Name & Sign Initials)        (Offender Signature & Date)

I-203 (Rev. 02-2005)        WHITE: Offender's Unit File        CANARY: Offender

Ex.B  Taylor - 128

*GRIEVANCE INVESTIGATION WORKSHEET*
*Restricted & Confidential*

| STEP 1 |
| STEP 2 X |

| GRIEVANCE OFFICE USE ONLY |
| --- |

Unit: __JM__   Invest #: __I0794__   Date Initiated: __12/09/13__   Date Completed: __01/27/14__   Date due: __01/13/14__

Offender
Name: **Taylor, Trent**          TDCJ #: __1691384__          Grievance No:          __2014033744__

| ISSUE CODE | EMERGENCY | ADA ( ) | PROPERTY ( ) | Impermissible Offender Conduct ( ) |
|---|---|---|---|---|
| **500** | YES ( ) | DISCIPLINARY ( ) | RELIGION ( ) | USE of FORCE (UOF) ( ) |
|  | NO ( ) | MEDICAL ( ) | OPI Investigation ( ) | Harassment or Retaliation* ( ) |
|  |  | * Harassment/Retaliation for Use of the Grievance Procedure, Access to Courts, or other Legal Activity | | |

Note: Offenders are not allowed to review the grievance investigation worksheet at any time. For claims of sexual assault, sexual abuse, criminal acts by staff. Excessive or Unreported UOF, the investigation must be conducted by the Office of the Inspector General (OIG) Fact Sheet completed.

Summary of Issue: *(Including date, time and, location)*
**Offender alleges on 10/12/13, he was served food loaf that was 17 day old and food loaf if only to be served with an expiration date of no later than 14 days old. The Lieutenant that was on duty told the officer to feel him a regular food tray and he was told by the officer that the matter would be looked into. The next day 10/13/13, he had diarrhea and severe stomach cramps.**

Requested Remedy:
He would like this matter investigated and he wants the violations noted.

*The following is to be completed and signed by the Investigating Official, a separate form is required for multiple issue medical grievances. Attach Statements/Support documentation, if applicable.*

Summary of Fact Finding Activity:          **Step I investigation reviewed at Regional Office: Step 2 ext 01/13/14 jt**
Statement Officer t. Gipson 10/27/13 – Food loaf had expired and Food Service and Shift supervisor were notified of such incident. Supervisor statement I. Macias 10/27/13 The offender was removed from food loaf and had been given a regular food tray.
Statement officer Samuel Morado – 10/27/13 informed Food Service Manager McGee of the 2 week policy and he said he would tell Captain Benson. No food loaves with a later date were available, offender was given a regular food tray. Supervisor statement Sergeant Swint – 10/28/13 All old food loaves were disposed of and fresh ones were made the next day. Issue was corrected. *2.02 PM – expired food loaves were disposed and fresh made*

Suggested Response to Offender:
Your claims have been reviewed. Records revealed that you were served a regular food tray instead of the food loaf. Records also indicate that new food loaves were made fresh on October 13, 2013. No further action is warranted at this time

OUTCOME CODE: _____ D _____   (Grievance Office Use Only)

Investigating Official completes the section below.

Printed Name: __M. Tone__          Signature: __M. Tone__

Title: __AA IV – Reg. V. Step 2 Grv.__          Date: __01/27/14__

**WARDEN/DESIGNEE:** This grievance involves an offender protection request or allegations of Harassment or Retaliation from staff.
☐ No Action Warranted          ☐ Refer to the OIG *(For Use Only with Harassment/Retaliation)*          ☐ Cell Change/Transfer
☐ Protective Custody          ☐ Administrative Action          _____
Signature: _____   Title: _____   Date: _____

This grievance is being processed in an effort to resolve a problem through the established procedures identified in BP-03.77 and AD-03.82. It is expressly prohibited to subject the grieving offender, other offenders, or staff to any form of reprisal for the use of these procedures.

OG-01 (front) Rev. 11/2010                                                                      Appendix H

Case 5:14-cv-00149-C   Document 115   Filed 11/02/16   Page 47 of 109   PageID 1387



**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE FORM**

Offender Name: _Trent Taylor_   TDCJ # _01691384_

Unit: _Robertson_   Housing Assignment: _I-71 B_

Unit where incident occurred: _Montford Unit_

OFFICE USE ONLY

Grievance #: _2014028089_

UGI Recd Date: _11-27-13_

HQ Recd Date: _DEC 0 5 2013_

Date Due: _01-01-14_

Grievance Code: _800_

Investigator ID#: _0704_

Extension Date: _____

_You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed._

**Give reason for appeal (Be Specific).** _I am dissatisfied with the response at Step 1 because..._

I am dissatisfied because It is said no Evidence was found or Presented to substantiat my allegations, My Evidence presented was as follows. My testimony : the testimony of Rueben mckenzie 01677985 also me recieving an Ice pack and -72 hours of Ib Profin the nurse stated to me she seen the swelling yet after a talk she had with Sgt Fiakos she changed her written report saying she seen no swelling yet she prescribed Ice for swelling. If there was nothing wrong why was I provided these medications. Sgt Fiakos coerced the said nurse into "falsifying the document. This is not just simply an allegation I state this because I had severe Swelling and bruising yet she "denied Photographic evidence AD 3.47 rev 5- mar 9, 2010 Subject: Taking Photographs following an injury or use of force Incident Authority: Texas government code §§ 493008(b) and 494002(a) Reference: ACA standard 4-4284 Applicability: Tdcj. Policy: Photographs shall be taken of each offender who is involved in a use of force incident or whenever an offender or employee incurs an injury "The purpose of the photograph is to provide for additional evidence in administrative proceedings or criminal prosecution. Photographs taken should attempt to show any injury or lack thereof, with as much detail as possible." Procedure Offender Photographs (A) Following a use of force incident whether injury exist or not, security staff shall be responsible for taking, at a minimum, a full front photography (B) whenever an offender has incurred an injury : I. a photography shall be Taken of the injured area   III. required elements of photograph offender C. nude photographs shall not be included unless an offender injury is to the anus, genitals or female breast.   VI: Photograph Identification and maintenance   (J) Photographs taken due to injuries incurred other than from a use of force shall accompany the applicable report Signed By Brad livingston. Photographs were denied to me in order to discredit My Claim. If Taken it would have clearly shown my Injuries. This specific

I-128 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix G

lide should not be taken lightly. Sergeant Robert Rooks denied me Photographs to substantiate my claim. Yet there is still 2 witness statements yet only the single officer denying this. Mary Holligan is also being held responsible to-date due to her lack of thorough investigation. The pictures being taking is something you all should have caught and inquired about it proves. There was a cover up of the incident

**Offender Signature:** _R. F. Taylor_ 0169084     **Date:** 11-26-13

**Grievance Response:**

This issue has been reviewed by The Office of the Inspector General and that office has determined that there is insufficient evidence to warrant opening a case. No further action will be taken.

**Signature Authority:**   **B. PARKER**     **Date:** 12/17/13

**Returned because:**   *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

**Initial Submission**    **CGO Initials:** _____
Date UGI Recd: _____
Date CGO Recd: _____
  (check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

**2nd Submission**    **CGO Initials:** _____
Date UGI Recd: _____
Date CGO Recd: _____
  (check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

**3rd Submission**    **CGO Initials:** _____
Date UGI Recd: _____
Date CGO Recd: _____
  (check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

I-128 Back (Revised 11-2010)       Appendix G

Ex.B    Taylor - 132

## Texas Department of Criminal Justice

### STEP 1 OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 2014028089

Date Received: OCT 17 2013

Date Due: -800  11-26-13

Grievance Code: 800

Investigator ID #: I-1910

Extension Date:

Date Retd to Offender: NOV 2 2 2013

NOV 2 2 2013

Offender Name: Trent Taylor     TDCJ # 01691384

Unit: Montford     Housing Assignment: E-3-29

Unit where incident occurred: Montford unit

**EMERGENCY (OTG)**

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.
Who did you talk to (name, title)? Sargeant Charles Hancock     When? 10-14-13

What was their response? He was going to check into it and come right back

What action was taken? I was taken to medical where an assessment was made

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On 10-14 officer Melissa Olmstead Co II was on 3 row picking up trays after liam when she stopped at my cell door. I asked her why you keep tripping with me. I've never talked bad to you or nothing. She said I was always crying. I said your just mad I got taken off of food loaf. She said I still got you a major case. I began cussing at her. Then she was like I still go home every night you stay here. So I said some bad things about her kids probably masturbating on her and calling her B**** and their ethinicity. At this time she jabbed the baton thru the open slot and hit me in my Testicles. The said officer Maliciously attacked me with a weapon which caused me sever harm. leaving a lump on my right Testicle. This whole incident was seen by Keaton mckenzie E-3-27 bunk Tdc # 01677985. The said officer had been antagonizing me all week due to an earlier incident. She got upset when I was taken off of food loaf after only 24 hours. Also she made a malicious comment in front of ms cela Counsel substitute. "She said I told you so and began laughing at me" This was stated after ms.cela said oh ms.olmstead wrote the case. As soon as the officer on the next shift arrived on F-3 B Row I stated my emergency and was denied help because I was told I was demanding. I also told ms. Gibson who told me to wait at the door for the sergeant. I then told nurse Perish. Then finally hours after me telling the initial guard sgt Hancock came to do rounds. I explained to him. He took immediate control of the situation. I was asked why I never said anything sooner I gave him two reasons 1 being the guy accross the hall said she would try to lie on me and get me locked up. (2) being who was I suppose To Tell... Her? She was the person

I-127 Front (Revised 11-2010)     **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**     (OVER)

Appendix F

who had control of the run. He wasn't even incharge of this run when
She officially committed the act of assault with a weapon causing bodily Injury. So she
left her post to assault me. This was supposed to be coleman, Donald Post. By her hitting
me. She as an official known of and purposely disregarded a substantial risk of serious
harm to my health. I as a prisoner have the right to recieve medical care, food, clothing
water and shelter. and to be reasonably safe while in prison. officer olmstead failed her
duty to keep me safe by using a tdci tool in an unofficial manner to maliciously and Intentionaly
Inflict severe pain and bodily Injury. In which Nurse S. Carpenter RN /Dr. Aristimuno
determened the injury to be severe enough to issur a 24 hour Ice Pack for swelling
and 72 hours of Ib Profen for the pain documented I was inj   OCT 17 2013

**Action Requested to resolve your Complaint.**
I would like this matter thoroughly Investigated I would like to speak with an OIG and also
an outside representative such as a Regional office Personnel to discuss the terms of mine for resolution

Offender Signature: ~~signature~~ #0169/384          Date: 10-15-13  OCT 17 2013

**Grievance Response:**

YOUR ALLEGATION WAS FORWARDED TO THE REGIONAL OFFICE OF THE INSPECTOR
GENERAL FOR INVESTIGATION. NO EVIDENCE WAS FOUND OR PRESENTED TO
SUBSTANTIATE YOUR ALLEGATIONS. NO FURTHER ACTION IS WARRANTED IN THIS
MATTER. (MH)

Signature Authority: ~~M. Holligan~~          Date: 11-7-13

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response.
State the reason for appeal on the Step 2 Form.

**Returned because:**          *Resubmit this form when the corr      made.

☐ 1. Grievable time period has expired. *
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely
Affect the offender's health.

Medical Signature Authority: _____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #:_____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | UGI Initials:_____ |
| Grievance #:_____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials:_____ |
| Grievance #:_____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

Appendix F

Ex. B  Taylor - 134

**FACT SHEET FOR OIG INVESTIGATION**

**Section I.   Grievance Information**

*Instructions:* Upon receipt of a grievance alleging sexual assault, sexual abuse, excessive or unreported use of force, or harassment/retaliation for exercising access to courts, the Grievance Investigator (UGI) shall complete Section I, and forward a copy of the grievance along with the Fact Sheet to the Regional Grievance Supervisor (RGS) for Step 1 grievances and a Central Grievance Office Supervisor (CGOS) for Step 2 grievances.

Offender Name: ___TAYLOR, TRENT___   TDCJ #: _1691384_   Grievance #: _2014028089_

Alleged incident: Date: _10-14-13_   Time: _____ ; Unit: _JM_   Location: _E3-29_

Why were the employee's alleged actions?
_Co OLMSTEAD JABBED THE BEAN BAR THROUGH THE FOOD SLOT_
_HITTING HIM IN THE TESTICLES, CAUSING LUMP ON (R) SIDE_

Other staff/offenders alleged to be involved:

| Participant | Witness | Name: | Shift/Title | Social Security/Offender ID # |
|---|---|---|---|---|
| ☒ | ☐ | 1. OLMSTEAD, MELISSA | 1/1 - COIV | ▓▓▓▓▓▓ |
| ☐ | ☒ | 2. MCKENZIE, REUBEN | OFFENDER | ▓▓▓▓▓▓ |
| ☐ | ☐ | 3. | | |
| ☐ | ☐ | 4. | | |
| ☐ | ☐ | 5. | | |
| ☐ | ☐ | 6. | | |

Medical:

UOF: _NONE_

Disciplinary: _NONE_

Grievance: _NONE_

UGI Printed Name: _D. Stafford   UGI_   Signature/Date: _D. Stafford   10-17-13_

**Section II.   Review by Regional or Central Grievance Office Supervisor**

*Instructions:* The RGS or CGOS shall review the grievance and Fact Sheet, sign, date, and forward to the designated OIG Regional Supervisor (Regional Office for Step 1 or Huntsville Office for Step 2).

RGS Printed Name: _C. HARRELL_   Signature/Date: _C. Harrell by jf   OCT 2 5 2013_

**Section III.   Review by OIG Supervisor**

*Instructions:* Upon review of the grievance, support documentation, and Fact Sheet, the OIG Supervisor shall make a determination and check the appropriate box (a, b, or c). Sign and return a copy of the grievance and Fact Sheet to the RGS or CGOS, as appropriate.

a. ☐   OIG case # _____ assigned;

b. ☒   Insufficient evidence to open an OIG investigation; or

c. ☐   Recommend further review by warden for possible PD-22 violations.

OIG Supervisor: Printed Name: _Captain David Mayo, # 129_   Signature/Date: _D. Mayo #129   10/29/2013_

**Section IV.   Processing (Step 1)**

RGS Received Printed Name: _____   Signature/Date: _NOV 0 4 2013_

*Instructions:* The RGS shall review the OIG decision, check the appropriate guidance below, and forward the grievance and Fact Sheet to the UGI for final processing.

a. ☒   Formulate a response for Warden's signature and complete the Step 1 grievance process (when the OIG supervisor checks the 'a or b' box above).

b. ☐   Review the grievance and Fact Sheet with Warden for any action deemed appropriate. Once the review is completed, formulate a response for the Warden's signature and complete the Step 1 grievance process (when the OIG supervisor checks the 'c' box above).

UGI Received Printed Name: _D. Stafford_   Signature/Date: _D. Stafford   11-6-13_

Warden Printed Name: _MARY HOLLIGAN_   Signature/Date: _Mary Holligan   11-8-13_

**Section V.   Processing (Step 2)**

CGO Received Printed Name: _____   Signature/Date: _____

*Instructions:* The CGO shall review the OIG decision and check the appropriate guidance below:

a. ☐   Formulate a response for signature and complete the grievance process (when the OIG supervisor checks the 'a or b' box above).

b. ☐   Forward a copy of the grievance and Fact Sheet to the UGI for review with Warden for appropriate response. Coordinate with the UGI to formulate a response for the Step 2 grievance and complete the grievance process (when the OIG supervisor checks the 'c' box above).

Grievance Investigator Received Printed Name: _____   Signature/Date: _____

OIG-200 (11/2010)

Appendix J

Appendix J

# GRIEVANCE INVESTIGATION WORKSHEET
## *Restricted & Confidential*

| GRIEVANCE OFFICE USE ONLY | | STEP 1 |
|---|---|---|
| | | STEP 2 |

Unit: JM   Investigator ID: I 410   Date Initiated: 10-17-13   Date Completed: 11-8-13   Date Due: 11-26-13

Offender Name: TAYLOR, TRENT   TDCJ #: 1691384   Grievance #: 2014028089

Issue Code: 800

EMERGENCY  YES ( )  NO ( )

ADA ( )  Disciplinary ( )  Medical ( )

Property ( )  Religion ( )  OPI Investigation ( )

Impermissible Offender Conduct ( )  Use Of Force (UOF) ( )  Harassment/Retaliation * ( )

NOTE: Offenders are not allowed to review the grievance investigation worksheet at any time. For claims of sexual assault, sexual abuse, criminal acts by staff, Excessive or Unreported UOF, the investigation must be conducted by the Office of the Inspector General (OIG) and the OIG Fact Sheet completed.

**Summary of Issue:** (Include date, time, location) ALLEGES THAT ON 10-14-13 CO OLMSTEAD WAS PICKING UP FOOD TRAYS WHEN HE & HER GOT INTO A VERBAL ALTERCATION. HE CLAIMS THAT HE SAID SOME "BAD THINGS" ABOUT HER CHILDREN & SHE JABBED THE BEAN BAR THROUGH THE OPEN FOOD SLOT, HITTING HIM IN THE TESTICLES, LEAVING HIM WITH A LUMP ON HIS RIGHT TESTICLE.

**Requested Remedy:** THOROUGHLY INVESTIGATED, SPEAK TO OIG & SOMEONE FROM PEG 5 OFFICE

The following to be completed and signed by the Investigating Official, a separate form is required for multiple issue medical grievances. Attach Statements/Support Documentation, if applicable.

**Summary of Fact Finding Activity:** UCR: 02, 06, 07, 11
Captain Villalpando notified @ 11:20 Am
Major Williams notified @ 11:21 Am

**Suggested Response to Offender:** YOUR ALLEGATION WAS FORWARDED TO THE REGIONAL OFFICE OF THE INSPECTOR GENERAL FOR INVESTIGATION. NO EVIDENCE WAS FOUND OR PRESENTED TO SUBSTANTIATE YOUR ALLEGATIONS. NO FURTHER ACTION IS WARRANTED IN THIS MATTER.

OUTCOME CODE: D   (Grievance Office Use Only)

Investigating Official completes the section below.

Printed Name: D Stafford

Title: UGI

Signature: D Stafford

Date: 11-6-13

**WARDEN OR DESIGNEE OR MEDICAL SIGNATURE AUTHORITY:** This grievance involves an offender protection request or allegations of Harassment or Retaliation from staff.

☐ No Action Warranted   ☐ Refer to the OIG (For Use Only with Harassment/Retaliation)   ☐ Cell Change or Transfer

☐ Protective Custody   ☐ Administrative Action

Signature:_____  Title:_____  Date:_____

This grievance is being processed in an effort to resolve a problem through the established procedures identified in BP-03.77 and AD-03.82. It is expressly prohibited to subject the grievant, other offenders, or staff to any form of reprisal for the use of these procedures.

OG-01 Rev. 11/2010

Appendix H

```
***********************************************************************
*** REQUESTOR: RVI4678 - VILLALPANDO, ROBERTO  MONTFORD UNIT        ***
***********************************************************************
***            S Y S M   I N B A S K E T   P R I N T               ***
```

MESSAGE ID: 393380        DATE: 10/17/13  TIME: 12:04pm  PRIORITY: 000

TO:         RVI4678 - VILLALPANDO, ROBERTO
            CAPTAIN
            MONTFORD UNIT
            8602 PEACH STREET
            LUBBOCK, TX 79404


FROM:       DST5682 - STAFFORD, DENISE
            GRIEVANCE
            MONTFORD UNIT
            8602 PEACH ST
            LUBBOCK, TEXAS 79404


SUBJECT:    2014027977/MCKENZIE,REUBEN

GRIEVANCE: 2014027977
OFFENDER:  MCKENZIE ███████          ████████ E3-27

OFFICIAL NOTIFIED:  MAJOR WILLIAMS 10-17-13 @ 11:21 AM

THIS OFFENDER SUBMITTED A GRIEVANCE OF ALLEGATIONS THAT ANOTHER
OFFENDER WAS ASSAULTED BY STAFF.

THE ALLEGATION IS: ALLEGES THAT ON 10-14-13 CO OLMSTEAD HIT OFFENDER
TAYLOR, TRENT #1691384 WITH THE "BEAN BAR." HE CLAIMS HE DID NOT SEE
WHERE SHE HIT HIM, THEN NOTICED OFFENDER TAYLOR BEND OVER AND HOLD
"WHERE HIS BALLS ARE AT." HE CLAIMS HE IS A WITNESS TO THE WHOLE
INCIDENT.

MAJOR WILLIAMS WAS NOTIFIED AND DIRECTED CAPT. VILLALPANDO TO CONDUCT
THE INVESTIGATION. ALL STAFF WILL BE NOTIFIED VIA EMAIL.


D. STAFFORD, UGI

Sent to:    RVI4678           VILLALPANDO, ROBERTO       (to)
            RST0284           STEVENS, ROBERT K.         (to)
            MHO7819           HOLLIGAN, MARY             (to)
            BWI5752           WILLIAMS, BRYAN            (to)
            TT00004           THOMAS, TRACIE             (to)

Texas Department of Criminal Justice

## Inter-Office Communications

To _Capt Villaponda_   Date _10-21-2013_

From _D Coleman 505_   Subject _As Stated_

I was Assigned To E3 on This date but I have No Knowledge of This Event ever Taking place While doing 15 min Checks NOT 1 Time did This offender Say Anything To me. The offender is Taylor, Trent 1691384

☆SO-4

Ex.B   Taylor - 147

Texas Department of Criminal Justice
## CORRECTIONAL INSTITUTIONS DIVISION

## Inter-Office Communications

**To**  Capt. Villalpando                          **Date**  10-14-13

**From**  Sgt, Riojas                          **Subject**  As Stated

On 10-14-13 at about 2030 hrs while doing security rounds in E-3 pod, I was notified that offender Taylor, Trent 1691384 needed to talk to a supervisor. Offender Taylor alleged that Officer Olmstead, M jabbed the food slot bar threw the open slot hitting him in his groin; She was picking up trays at the time. Offender Taylor was escorted to the infirmary and was screened by Nurse Carpenter, S. at 2100 hrs. He had no apparent injuries, was given an ice pack for 24 hrs and ibuprofen for 3 days. Offender Taylor was then escorted back to his cell in E-3 29 bunk.

Sgt R Riojas

SO-4

Ex.B   Taylor - 150

On 10-14-13 At my cell officer Olmstead came to my door to Pick up treys she had my slot open and I asked her why she keeps Tripping with me she was like your always Crying and Shit. I Told her your Just mad Cause they Took Me off food loaf then She was like well I got you a major case so I Told her fuck you. she said well That's why I go home and your still Here effery night Thats when I told her don't be mad at me cause you got a bunch of little nigglets running around at home calling you bitch and Jackin on you. That's when She Jabbed the bean bar through the slot and hit me in the balls with it then She Slammed my Slot Shut. "we've been having an ongoing Problem all week she's been Tripping with me" she after Shutting the slot was like. yean I got your Jacked Slot and your nigglets right there"

0169138Y

# SUPERVISOR'S INVESTIGATION OF EMPLOYEE/OFFENDER INJURY

| Last Name of Injured | First Name | MI | SSN/TDCJ# | Date of Injury |
|---|---|---|---|---|
| Taylor | Trent | | 1691384 | 10-14-13 |

| Time of Injury | Unit of Assignment | Use of Force ☐ No ☐ Yes | EAC# | Date of Report |
|---|---|---|---|---|
| | JM | UOF# M | | 10-14-13 |

## Department of Assignment (Table 2) (Check ONLY One)

☐ 01 Administration*
☐ 02 Ag Administration*
☐ 03 Chaplaincy*
☐ 04 Classification*
☐ 05 Clerical*
☐ 06 Construction-Facilities
☐ 07 Counsel Substitute*

☐ 08 Counselor*
☐ 09 Education-Windham*
☐ 10 Food Service
☐ 11 Grievance*
☐ 12 Health Services*
☐ 13 Industry
☐ 14 Internal Affairs*

☐ 15 Laundry/Necessities
☐ 16 Operations & Maintenance
☐ 17 Parole*
☐ 18 Security*
☐ 19 Supply
☐ 20 Training*
☐ 21 Transportation*

☐ 22 Yard/Utility
☐ 23 Dog Kennel/Horse Barn
☐ 24 Community Work Projects
☐ 25 Field Force
☒ 26 Non-Occupational
☐ 27 Recreational
☐ 28 Support Services Inmate

* Not Applicable for offenders — Department of Assignment for offenders is Non-occupational or Recreational unless injury occurs on-the-job.

## Location of Injury (Table 3) (Check ONLY One)

☐ 01 Admin. Area/Office
☐ 02 Backgate
☐ 03 Barber Shop
☐ 04 Boiler Room
☒ 05 Ad Seg Cell
☐ 06 Gen Pop Cell
☐ 07 Hi-Sec Cell
☐ 08 Cellblock Run
☐ 09 Closet/Utility Room
☐ 10 Clubhouse
☐ 11 Commissary
☐ 12 Community Work Projects
☐ 13 Craft Shop
☐ 14 Day Room/Lounge

☐ 15 Dining Hall/Kitchen
☐ 16 Dormitory/BOQ
☐ 17 Education Area/Classroom
☐ 18 Farm Shop
☐ 19 Field
☐ 20 Firing Range
☐ 21 Garage/Tractor Shed
☐ 22 Grounds/Yard-Inside Fence
☐ 23 Grounds/Yard-Outside Fence
☐ 24 Hallway/Walkway/Corridor/Foyer
☐ 25 Highway/Road/Street
☐ 26 Hospital/Clinic/Infirmary/Lab
☐ 27 Industrial Area
☐ 28 Intake Area

☐ 29 Laundry
☐ 30 Library
☐ 31 Loading Dock/Porch
☐ 32 Mailroom
☐ 33 Maintenance Shop/Work Area
☐ 34 Nursery/Greenhouse
☐ 35 Parking Lot
☐ 36 Picket Tower/Central Control
☐ 37 Ramp/Elevator
☐ 38 Recreation Yard/Gym
☐ 39 Roof
☐ 40 Sallyport/Vestibule
☐ 41 Salvage Area/Storage Yard
☐ 42 Shower

☐ 43 Sidewalk
☐ 44 Stable/Barn/Kennel
☐ 45 Steps/Stairway/Ladder
☐ 46 Supply/Necessities
☐ 47 Swimming Pool Area
☐ 48 Toilet/Restroom
☐ 49 Transportation Vehicle (Bus/Van, etc.)
☐ 50 Turnout Area
☐ 51 Visitation
☐ 52 Vocational Trades/Workshop
☐ 53 Warehouse/Storage Area

## Cause of Injury (Table 5) (Check ONLY One)

☐ 01 Offender Assault
☐ 02 Intentionally Self-Inflicted
☐ 03 Employee on Employee Assault
☐ 06 Animal Bite
☐ 07 Bodily Reaction
☐ 08 Caught In, On or Between

☐ 09 Contact with Chemicals
☐ 10 Contact with Electrical Current
☐ 11 Contact w/ Temperature Extreme
☐ 12 Fall on Different Level
☐ 13 Fall on Same Level
☐ 14 Horse Related

☐ 15 Insect Bite
☐ 16 Medical Condition
☐ 17 Over-Exertion
☐ 18 Environmental Hazards
☐ 19 Slip/Trip, Not a Fall
☐ 20 Struck Against

☒ 21 Struck By
☐ 22 Vehicular
☐ 23 Weather Related

## Type of Injury (Table 6) (Check ONLY One)

☐ 01 Abrasion
☐ 02 Amputation
☐ 03 Bite
☒ 04 Bruise/Discoloration
☐ 05 Burn
☐ 06 Contusion
☐ 07 Cut
☐ 08 Dermatitis/Rash

☐ 09 Dislocation
☐ 10 Dizziness, Faintness
☐ 11 Foreign Object in Eye
☐ 12 Fracture
☐ 13 Frostbite
☐ 14 Hearing Loss
☐ 15 Heart Attack/Chest Pains
☐ 16 Heat Exhaustion/Cramps/Stroke

☐ 17 Hernia
☐ 18 Infection
☐ 19 Inflammation
☐ 20 Internal Injuries
☐ 21 Nausea
☐ 22 Puncture
☐ 23 Rupture
☐ 24 Scratch

☐ 25 Shock
☐ 26 Sprain
☐ 27 Sting
☐ 28 Strain
☐ 30 Exposure to Communicable Disease
☐ 31 Closed Head Injury
☐ 32 Open Head Injury
☐ 29 Other (Specify)

RM-03 Rev (2/04)   **Complete Front & Back and Deliver to Unit Risk Manager no later than end of Shift.**

## Injury Report

**TO:** **Unit Risk Manager**

**FROM: Unit Medical Department**

Employee Name_____ SS# (last 4)_____

Offender Name: _Taylor, Trent_____ TDCJ# _691384_

Work Assignment:_____ Housing Assignment: _E-3-89_

Date and Time of Accident:_____ _10·14·13   ≈ 1200_

Date and Time Reported to Medical: _10·14·13    2045_

**Type of Injury:**
(___) Work Related
(_✓_) Non-Work Related
(___) Recreational
(___) Altercation
(___) Self-Mutilation

**Severity of Injury** _No apparent injury_
(_✓_) Minor (one time treatment or follow-up
visits the purpose of treatment/observations
of minor scratches, cuts or 1st degree burns.)
(___) Serious (requires treatment eg. Sutures,
fractures, splints, charcoal, gastric lavage)

How injury occurred: _Offender was hit in groin with man bar_
_by an officer. C/o pain to Ⓛ testicle_

Extent of Injury: _no apparent injuries_

Treatment of Offender Injury: _ice packs Ibuprofen x 3days._

Y (___)   N (_✓_)  Was Dermabond or steri-strips used in place of sutures?

Y (___)   N (_✓_)  Medical Transport? If yes, when and where?

Health Care Provider's Signature: _J Carpenter RN_

RM004 Rev (09/10)

September 2010

Texas Department of Criminal Justice

## Inter-Office Communications

To _Captain Villalpando_          Date _10-21-13_

From _S. Carpenter, RN_          Subject _Offender Llea 1384_

Offender was seen 10-14-13 @ 2045 in infirmary
after claiming he was hit in the groin with peppar. spray.
after assessment, there were no visible injuries but due to
the offender complaining of pain, an ice pack was provided
to prevent swelling and help with pain and ibuprofen was
also provided to assist with pain.

_S. Carpenter, RN_

SO-4

**Montford Unit - 1st Shift Building Turnout Roster**

Date: 6/14/15   Day of Week: Monday   Supervisor Name: Gonzales   Signature: _Gonzales_

| Priority 1 Positions | Officer's Name (1st Half) | Officer's Name (2nd Half) | Priority 1 Positions | Officer's Name (1st Half) | Officer's Name (2nd Half) |
|---|---|---|---|---|---|
| 1 Central Control | Finnim Trina | Perez Samuel | 47 RMF Wing 1   A | Revilla Anabell | Duffy Phillip |
| 2 Central Control | Perez Samuel | Finnim Trina | 48 RMF Wing 2 | Wylie Dennis | Revilla A |
| 3 Mobile Patrol | Nash Shirlie | Barrera Martin | 49 RMF Wing 3 | Duffy Phillip | Wylie Dennis |
| 4 Front Gate | Barrera Martin | Nash Shirley | 50 RMF Rover (Housing)   A/d | Kelly Marvin | Zinn Ricky |
| 5 E2 Picket (Housing) OT | Sanchez Jesse | Flores Edward | 51 Hospital Control (Housing)   Dialysis | Johnson Mary | Harrelson Charlotte |
| A2 Picket (Housing) OT | Sessions Michael | Braswell Todd | 52 Hospital Rover (Housing) | Sinclair Tresa | English John |
| A3 Picket (Housing) | Young Stephanie | Rodriguez Richard | 53 Hospital Rover (Housing) | English John | Sinclair Tresa |
| B1 Picket (Housing) | | | 54 Backgate | Garcia Larry | Campos Albert |
| B2 Picket (Housing) | | | 55 Kitchen | Anderson Paul | Thrash Michael |
| 10 D1 Picket (Housing) TC | Reyna Soula | Cooper Pamela | 56 Kitchen | Hernandez Eddie | Anderson Paul |
| 11 D2 Picket (Housing) OT | Enriquez Mario | Enriquez Grace | 57 Kitchen | Thrash Michael | Hernandez Eddie |
| 12 D3 Picket (Housing) MP | Wristen Gary | Young Loretta | 58 RMF CCTV Control | Harrelson Charlotte | Johnson Mary |
| 13 E1 Picket (Housing) | | | 59 RMF Rover (Housing)   Held | Zinn Ricky | Kelly Marvin |
| 14 E2 Picket (Housing) | | | 60 Infirmary   P4/5 | Campos Albert | Garcia Larry |
| 15 E3 Picket (Housing) INF | Villegas Christopher | Coleman Donald | 61 Control Center (RRR) | Gomez David | Gonzales Frederick |
| 16 A1 Rover (Housing) 1 | Martinez Gilbert | Skinner Jesse | 62 Searcher's Desk | Gonzales Frederick | Gomez David |
| 17 A1 Rover (Housing) 2 | Ayala Jonathan | Martinez Gilbert | 63 Utility   INF. | Kelly Christopher | Garcia Sonia |
| 18 A1 Rover (Housing) 4 | Gutierrez Bobby | Ayala Jonathan | 64 Utility   WF | Garcia Sonia | Kelly Christopher |
| 19 A2 Rover (Housing) 4 | Flores Edward | Gutierrez Bobby | | | |
| 20 A2 Rover (Housing) 1&2 | Reinlander Deldra | Session Annette | Priority 2 Positions | Officer's Name | Officer's Name |
| 21 A3 Rover (Housing) 3&4 | Braswell Todd | Reinlander Deldra | 65 Hospital Escort | | |
| 22 A3 Rover (Housing) 1&2 | Serna Angel | Young Stephanie | 66 Hospital Escort   umc | Martinez Nathan | Hill |
| 23 A3 Rover (Housing) 3&4 | Rodriguez Richard | Serna Angel | 67 Hospital Escort   umc | Trevino Martiano | Martinez Nathan |
| 24 B1 Rover (Housing) B | McCarty Nichole | Fedelin Alfredo | 68 Hospital Escort   umc | Camp Thomas | Trevino Martiano |
| 25 B1 Rover (Housing) 2 | Sessions Annette | McCarty Nichole | 69 Hospital Escort   umc | Drehr Jack | |
| 26 B1 Rover (Housing) 4 | Fedelin Alfredo | Deanda Ariana | 70 Hospital Escort   umc | Armenta Daniel | |
| 27 B1 Rover (Housing) 2 | Deanda Ariana | Session Annette | 71 Hospital Escort   umc | Hill Judy | Armenta Daniel |
| 28 B2 Rover (Housing) 4 | Rodriguez Deanna | Cervios Sylvia | 72 Hospital Escort | | |
| 29 B2 Rover (Housing) B | Kirby Norma | Rodriguez Deana | 73 Hospital Escort | | |
| 30 B2 Rover (Housing) | Rangel Angel | Kirby Norma | 74 Kitchen | | |
| 31 B2 Rover (Housing) | Cervios Sylvia | Rangel Angel | 75 Central Control | | |
| 32 D1 Rover (Housing) 2 | Thomas Clarence | Reyna Soula | 76 Backgate | | |
| 33 D1 Rover (Housing) | Cooper Pamela | Thomas Clarence | 77 Infirmary | | |
| 34 D2 Rover (Housing) 1&2 | Briones Jesse | Sanchez Jesse | 78 Shakedown Escort | | |
| 35 D2 Rover (Housing) 3&4 | Enriquez Grace | Briones Jesse | 80 Shakedown Escort | | |
| 36 D2 Rover (Housing) B | Perez Juan | Wristen Gary | 81 Shakedown Escort | | |
| 37 D3 Rover (Housing) 2 | Lewis William | Perez Juan | 82 Shakedown Escort | | |
| 38 D3 Rover (Housing) 3 | Hatchett Sheila | Lewis William | 83 Shakedown Escort | | |
| 39 D3 Rover (Housing) 4 | Young Loretta | Hatchett Sheila | 84 Rotation | | |
| 40 E1 Rover (Housing) 1&2 | Hatchett Ashley | Randolph Matthew | 85 Rotation | | |
| 41 E1 Rover (Housing) 3&4 | Randolph Matthew | Hatchett Ashley | 86 Rotation | | |
| 42 E2 Rover (Housing) B | Young Blendia | Guitron Rafael | 87 Rotation | | |
| 43 E2 Rover (Housing) 3&4 | Guitron Rafael | Young Blendia | 88 Rotation | | |
| 44 E3 Rover (Housing) A | Olmstead Melissa | Villegas Christopher | 89 Rotation | | |
| 45 E3 Rover (Housing) 2 | Perez Norma | Olmstead Melissa | 90 Rotation | | |
| 46 E3 Rover (Housing) 3 | Coleman Donald | Perez Norma | 91 Rotation | | |
| | | | 92 Rotation | | |
| | | | 93 Rotation | | |

* These positions to be staffed on selected days as determined by the Warden. On days not staffed, document the positions as "idled".

| Positions | Officer's Name (1st Half) | Officer's Name (2nd Half) |
|---|---|---|
| Unit Entrance Shakedown | | |
| Unit Entrance Shakedown | | |

* Changes to the shift rosters may only be made pursuant to SS-08.05.

Ex. B   Taylor - 155

# GRIEVANCE WORKSHEET
## Restricted & Confidential

| GRIEVANCE OFFICE USE ONLY |
|---|

Unit: OIG    Investigator: _Z /9LL_    Date Initiated: _12/10/13_    Date Completed: _12-17-13_

Offender Name: _TAYLOR, TRENT #1691384_    Housing: _____

Grievance # _2014028089_    Code: _____800_____    Date Due: _1/1/14_

| EMERGENCY | USE OF FORCE | DISCIPLINARY ISSUE | PROPERTY ( )    ADA ( ) |
|---|---|---|---|
| ( ) YES ( ) NO | ( ) MAJOR ( ) MINOR ( ) UR<br>#_____ (See Back) | ( ) MA    ( ) MI<br># _____ | RELIGION ( )    SSI ( )<br>MEDICAL ( ) |

Summary of Issue: (include date, time, location.) NOTE: For claims of Excessive/Unreported UOF, or Harassment/Retaliation for use of the Grievance Procedure or Access to Courts rights, other legal activities, the investigation must be conducted by Internal Affairs. Fill out the reverse of this form.

## SEE ATTACHED GRIEVANCE

Requested Remedy: _____
_____
_____
_____

The following is to be completed by the investigating official. The investigating official must sign the bottom of the form. (Attach Statements/Supporting Documentation if applicable.)

Summary of Fact Finding Activity _____
_____
_____
_____
_____
_____
_____

Suggested Response: _____
_____
_____
_____

☐    OIG Case #_____ assigned.

☑    Insufficient evidence to open an OIG investigation.

Completed By:    Signature _Z Lewell_
    Printed Name _L Lewell_    Title _RI_

(Note: This grievance is being processed in an effort to resolve a problem through the established procedures identified in BP-03.77 and AD-03.82. It is expressly prohibited to subject the grieving offender, other offenders, or staff to any form of reprisal for the use of these procedures. All such claims will be investigated by the Internal Affairs Division.)

OG-01 (Front) Rev. 9/99



**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE FORM**

OFFICE USE ONLY

Grievance #: 2014027417

UGI Recd Date: 12-09-13

DEC 16 2013

HQ Recd Date: _____

Date Due: 01-13-14

Grievance Code: 8151506

Investigator ID#: I0794

Extension Date: 02/17/14

Offender Name: Trent Taylor   TDCJ # 0169384
Unit: Robertson   Housing Assignment: I 71 B
Unit where incident occurred: Montford.

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

I am not Satisfied with grievance # 2014027417 because the response of warden stevens was "my concerns were reviewed and noted. Staff Denies the Allegations that ~~that~~ I was placed in a contaminated cell. No evidence was found or presented to substantiate my allegations. 1st off In my step 1 I presented a a lot of evidence to support my claim. I will not reiterate what was already presented. the main thing I will state is on sep 16 10 days after "the initial incident" the cell was finally shut down due to the contamination by Sgt. maccaw John Jr. It is clearly evident warden stevens lets his officers & all other officiating staff run amuck with no rules or guidlines, also he is not Investigating grievances appropriately. My 8th amendment right was violated I am Simply following the rules of the PLRA of exhausting all required administrative remidies. I would like the seclusion cells shut down permanantly. I was Subjected to inadequate conditions of confinement.

0169384

I-128 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix G

EXB   Taylor - 157

**Offender Signature:** _(signature)_    01601384   **Date:** 12-9-13

**Grievance Response:**

Your claims have been reviewed.  All offender cells are shaken down and checked for cleanliness before placing an offender in the cell.  No new evidence was found to support your claims that you were placed in a contaminated cell with bodily fluids in it as this is a safety risk.  No further action is warranted at this time.

**Signature Authority** _(signature)_    **WREN HOWARD**    **Date:**    JAN 2 8 2014

**Returned because:**    *Resubmit this form when corrections are made.*

- ☐ 1. Grievable time period has expired.
- ☐ 2. Illegible/Incomprehensible.*
- ☐ 3. Originals not submitted. *
- ☐ 4. Inappropriate/Excessive attachments.*
- ☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
- ☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

I-128-Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | **CGO Initials:** _____ |
| Date UGI Rcvd: _____ | |
| Date CGO Rcvd: _____ | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |
| **2nd Submission** | **CGO Initials:** _____ |
| Date UGI Rcvd: _____ | |
| Date CGO Rcvd: _____ | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |
| **3rd Submission** | **CGO Initials:** _____ |
| Date UGI Rcvd: _____ | |
| Date CGO Rcvd: _____ | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |
| | **Appendix G** |



**Texas Department of Criminal Justice**

7F-71B DEC 0 5 2013

# STEP 1   OFFENDER GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: _2014027417_

Date Received: __OCT 16 2013__

Date Due: ___11-25-13___

Grievance Code: __815, 506__

Investigator ID #: __I-1910__

Extension Date: _____

Date Retd to Offender: __DEC 0 5 2013__

Offender Name: _TREN T. TAYLOR_   TDCJ # _1691384_

Unit: _MONTFORD_   Housing Assignment: _E-3-24_ ✓

Unit where incident occurred: _MONTFORD Unit_

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? _Sergeant Jones_   When? _Sep-13-2013_

What was their response? _He understands my situation because of the fecal matter; He cant do anything about 9-6-13_

What action was taken? _I was Taken To seclusion_

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

ON Sep 6th 2013 at 6pm to 6am shift. The following officers violated my 8th amendment right to not be subjected to cruel and unusual punishment. Sergeant Ricardo Cortez Officer Hunter. (The camera operator for Sep-6-2013 Also B2-4 Row officer Before midnight on Sep 6 2013 [names are unknown to me but are listed by TDCJ records.] These statements are supported by the following evidence; The said officers took me to B2-45 Cell and stripped me Naked and locked the door. upon their departure I heard Sergeant Cortez ask Isn't that the cell with "shit" all over it. Somebody responded Yes. They all began laughing. By these statements made it showed all officers knowingly and willingly exposed me to a condition that posed a risk of serious damage to my Health. The said officers knew of and disregarded a substantial risk of serious harm to my health. This Violates the 8th amendment because it amounts to unnecessary and wanton Infliction of Pain contrary to contemporary Standards of decency. I stayed in that human waste contaminated Cell for 3 days. there was fecal matter on the ceiling water faucet window and toilet. on Sep 9th I was removed ON Sep 10th They tried to place me back in B2-45 Cell on duty Sgt called Sgt wallace who refused to find me another Cell. I refused and went to Seclusion. On Sep 13th I was taken back to B2-45 where I personally pointed out poop to officer Trevino and the other escorting officer. SGT Jones then came and talked to me. he told me. he would personally clean the cell. except the ceiling due to recieving permission to bringing in a ladder was a hassle. I Told him you wouldn't live in Somebody elses poop. He said. you're right and I'm not mad at you for refusing but I got to Put you In there He contacted Valaric who said write me up. I went Back to seclusion. On Sep 16 I was told I was moving back to B2-45 I refused. Later I was taken to a cell across the hall where I could see

OCT 14 2013  OCT 16 2013

I-127 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix F

---

a Sign on the door where Sgt mccraven Red Tagged and Shut down the cell due
To Contamination. Later a Trustee was Brought In a full chemical Suit In order
To clean up the cell. The officials considered this Inmates health to be more Important
Than mine, because I was made to sleep but Naked in the cell while he
was allowed a full chemical suit to clean it I stayed in that cell
close to 72 hours. Naked yet 10 days later a Sgt who found out about
the situation realized that cell was hazardous and shut it down.

~~~ _____ 0169138 OCT 14 2013
_____ OCT 16 2013

**Action Requested to resolve your Complaint.**
I would like to speak with a representive out of the regional office to discuss my resolving Terms
Also I would like rded. To Provide me with the names Of the officers on B24 Row. and camera operator   Ar 4-6-13

**Offender Signature:** _____ #0169138 4 _____ **Date:** 10-14-13 OCT 14 2013
                                                                        OCT 16 2013

**Grievance Response:**

          YOU CONCERNS WERE REVIEWED AND NOTED. STAFF DENIES THE ALLEGATIONS THAT
          YOU WERE PLACED IN A CONTAMINATED CELL. NO EVIDENCE WAS FOUND OR
          PRESENTED TO SUBSTANTIATE YOUR ALLEGATIONS. NO ACTION WARRANTED.

**Signature Authority:** _____   **Robert Stevens, Warden**   **Date:** 11-20-13
If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response.
State the reason for appeal on the Step 2 Form.

**Returned because:**      *Resubmit this form when the corrections are made.*

- [X] 1. Grievable time period has expired.
- [ ] 2. Submission in excess of 1 every 7 days. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. No documented attempt at informal resolution. *
- [ ] 6. No requested relief is stated. *
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 8. The issue presented is not grievable.
- [ ] 9. Redundant, Refer to grievance # _____
- [ ] 10. Illegible/Incomprehensible. *
- [ ] 11. Inappropriate. *

**UGI Printed Name/Signature:** D.Stafford / D.Stfford   UGT

**Application of the screening criteria for this grievance is not expected to adversely
Affect the offender's health.**

**Medical Signature Authority:** _____

**I-127 Back (Revised 11-2010)**

| OFFICE USE ONLY | |
| --- | --- |
| Initial Submission | UGI Initials: QS |
| Grievance #: | 2014025681 |
| Screening Criteria Used: | 599   #1 |
| Date Recd from Offender: | OCT 14 2013 |
| Date Returned to Offender: | OCT 14 2013 |
| 2nd Submission | UGI Initials: _____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Recd from Offender: | _____ |
| Date Returned to Offender: | _____ |
| 3rd Submission | UGI Initials: _____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Recd from Offender: | _____ |
| Date Returned to Offender: | _____ |

                                                                        Appendix F

11/22/2013  18:47   325-548-9031          TDCJ ROBERTSON UNIT              PAGE  03

E3-29  HN

| Informal Resolution App? | | Case No. 2314045224 |
|---|---|---|
| Accusing Officer | Y (N) | Interpreter Required? Y (N) |
| Supervisor | Y (N) | MHMR Rest? (Y) N |
| | | PHD Y (N) |

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE

## OFFENSE REPORT

(1) TDCJ-No: **1691384**   (2) Offender: **Taylor, Trent**   (3) Unit: **JM**
  (Last Name, First)

(4) Housing Assign: **E3-29**          (5) Job Assignment: **Unassign Mental Health**

(6) Offense Level, Code Title: **Lvl 2 Code 18.2 Tampering with Locking Mechanism or Food Tray Slot; Lvl 2 Code 24.0 Refusing to Obey Orders**

OFFENSE DESCRIPTION:   On **10-11-13**   at **11:00** (AM)/PM, and at **E3-Cell 16**
                         (7) date    (8) time              (9) Enter Specific Location

Offender **Taylor, Trent**                          TDCJ No. **1691384**

**Did tamper with food tray slot by placing his arm through the slot. Further-more, was ordered by Officer Olmstead, co IV to remove his arm from slot and said offender failed to obey the order.**

(10) Additional Information: **On date and time above, while myself and officer Olmstead co IV Coleman, co IV, were retrieving food trays after lunch offender Taylor put his arm through the food tray slot. I ordered offender Taylor to remove his arm multiple times to continued refusal. Offender Taylor stated he was upset over the length of time it was taking for him to get his property after coming off of A1-3 pod. Offender was identified by the pod roster and bed locators. A security behavioral note was written.**

(11) Witnesses: **Officer Coleman, co IV**

(12) Accusing Officer/Employee:  Printed Name/Rank **M. Olmstead, co IV**

(13) Signature: ~~[signature]~~          (14) Shift/Card **1/1**   (15) Date **10-11-13**   (16) Time **1135 AM**

(17) Approving Supervisor's Printed Name: **J. Gonzales Lt.**                    (18) Date **10/11/13**

(19) Grading Official (Print) **B Williams**   (20) Rank **Major**   (21) Date **10-24-13**

(22) Grade: (Circle One) IR  UP  MI  (MA)  (23) Justification to override Informal Resolution:

I-210 (Rev. 04/12)

11/22/2013  10:47    325-548-9031    TDCJ ROBERTSON UNIT    PAGE  04

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## PRELIMINARY INVESTIGATION REPORT

This report is to be completed on each Offense Report (for review by the grading official. The purpose of this report is to obtain any other pertinent information about the incident prior to grading the Offense Report. The Preliminary Investigation should not be completed by the charging officer or a person involved in the incident.

Offender: _Taylor, Treas_____    TDCJ No. _1181384____

Date & Time Investigation started: _10/11/13_____    _12:25Pm_____

1.    **ELEMENTS OF CHARGE.** Does the offense description support the elements of each charge (the things that had to be done in order to commit an offense). If "no," have charging officer add needed information.

Offense Code _B.2_ :   Yes [✓] No [ ]        Offense Code _N/a_ :   Yes [ ]   No [✓]
Offense Code _24.0_ :   Yes [✓] No [ ]        Offense Code _N/a_ :   Yes [ ]   No [✓]

2.    **ADDITIONAL INFORMATION.** Has the charging officer included supporting information or evidence to supplement the standardized pleading such as items listed below? (Write "Yes", "No", or "NA" [not applicable] by each item).

_yes_    a.    listing other witnesses to the incident.
_yes_    b.    documentary evidence, e.g., photographs of contraband, etc.
_yes_    c.    additional information about the offense.

3.    **ACCUSED OFFENDER STATES THAT:** (Printed and signed interpreter's name if applicable):

_Offender stated "I want my legal mail."_

4.    **ACCUSING OFFICER** states that _Due to problem with the food tray slot and Taylor's arm being_ _out of the slot further moves was ordered by officer Olmstead to remove his arm from_ _the slot and said offender fusled to obey the order._

5.    **WITNESS STATEMENTS** (List employee or offender name and attach statements to report)

_Officer Coleman  See attached IOC_

6.    **DOCUMENTATION.** Documents reviewed (lay-ins, appointments, medical records, etc)
[ ] lay-ins, [ ] Roster, [ ] Medical Records, [ ] Picture, [ ] Other (List & attach to report)

_Keeling, B_____    _Sgt_____    _10/11/13_____    _12:25Pm_____
Name of Investigating Officer (Print)    Rank    Date & Time Investigation Completed

7.    **INFORMAL RESOLUTION** was not appropriate or not possible because:

_Offender's will not tamper with the food tray slot_

_I. Gonzales_____    _Lt_____    _10/13/11_____
Approving Supervisor's Printed Name    Rank    Date

Back side of I-210 (Rev. 4/12)

Ex.B  Taylor - 178



**Texas Department of Criminal Justice**

# STEP 2     OFFENDER
GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: 2014013418

UGI Recd Date: OCT 17 2013

HQ Recd Date: OCT 21 2013

Date Due: 11-21

Grievance Code: 815, 500

Investigator ID#: E637

Extension Date: 12-26-13

Offender Name: Trent Taylor          TDCJ # 01691384

Unit: Montford     Housing Assignment: E-3-2a

Unit where incident occurred: Montford unit.

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** I am dissatisfied with the response at Step 1 because... My resolution was never brought up. On 10-15-13 I recieved griev # 2014013418. Warden Stevens Says my concerns were reviewed and noted [I was not allowed to write my step 1 due to lockdown status A1-2Row. So here I am making any and all corrections]. I am not holding TDCJ responsible as a whole. I am holding Brad Livingston responsible in Part though. Also I am holding "officials" Chevis Parker III, Raymundo Mantez V, "Sergeant Robert Rivas (Officer John Doe), Officer Franco Sato 2 V, (officer Martinez CO2) Responsible. Warden Stevens Said in his resolution (STAFF INDICATED) He noted STAFFS Response Twice (Nurse Creaster Henderson's? I believe) 200pm-1000pm D2 - 9-13-13 can testify I told her at 700pm I had to flee and was Not hostile. She said tell the officers. I specifically stated to sgt Rivas the drain was stopped up I am not aidey. he responded I know. They got treated better. (why was my evidence never Indicated by the warden) I'm not worried about my concerns only the actual violations. He went off the same staffs reports and Indications that violated my 8th amendment rights. By Exposing me to environmental health hazards or Toxic materials. why did he not go off of the doc-umented evidence provided. Such as the video Tape that shows 100% Sergeant Rivas accepted knowledge I had human waste in my floor. by using a dry towel to spot dry with no chemicals and he admitted on video he dried it up for me. Also on Tape officer Montez and (John doe) can he cross forcing me in handcuffs in sewage/human waste, video shows I was not hostile or agitated. why was maintenance red Tagging? Shutting down the cell 5/0 2 never mentioned. The said officers said pee in the drain I had no choice it mixed with raw sewage and Floosed. by telling me to, they willingly exposed me to a condition that posed an unreasonable risk of serious damage to my health. I had to "clean" a sleeping area with my hand. These officials knew of and disregarded substantial risk of harm to my health. They showed deliberate indifference because human waste Amounts to an unnecessary and wanton Infliction of Pain Contrary to contemporary standards

I-128 Front (Revised 11-2010)       **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**     (OVER)

Appendix G

Ex.B   Taylor - 192

of decency. Camera shows I was left in sewage. Prison officials cannot expose Prisoners to sewage or human waste for significant periods of time. That violates the 8th amendment right. SGT Rundy Whitten can Provide Testimony. He had to come take me out cause I had sewage everywhere. maintenance can provide Proof. Cell 31-d2 had to be shutdown 9-13-13 am. The document on my door shows I never got a break. The nurse can give Testimony also the video from 9-12-13 of my vitals getting checked. I was made to sleep naked in sewage. I also request the name of (John Doe) "who is on video" be provided to me and be documented.

**Offender Signature:** Dot Doyle #09169 1384    **Date:** 10-16-13

**Grievance Response:**

Your complaint has been reviewed and noted. An appropriate investigation was conducted and addressed at the Unit Level. There has been no evidence found or presented to support your allegations against Sergeant Rojas. Review of your Step II grievance indicates no new evidence or information that would warrant further investigation into your allegations. No further action is warranted.

DEC 03 2013

**Signature Authority:** _____  **WREN HOWARD**  **Date:** 12-3-13

**Returned because:**    *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.*
☐ 6. Inappropriate.*

CGO Staff Signature: _____

**OFFICE USE ONLY**

| Initial Submission | CGO Initials: _____ |
| --- | --- |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____ Screened | ____ Improperly Submitted |
| Comments: | |
| Date Returned to Offender: | |
| 2nd Submission | CGO Initials: _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____ Screened | ____ Improperly Submitted |
| Comments: | |
| Date Returned to Offender: | |
| 3rd Submission | CGO Initials: _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____ Screened | ____ Improperly Submitted |
| Comments: | |
| Date Returned to Offender: | |

I-128 Back (Revised 11-2010)    Appendix G

Ex.B   Taylor - 193

**Texas Department of Criminal Justice**

# STEP 1

**OFFENDER GRIEVANCE FORM**

OFFICE USE ONLY

Grievance #: 2014013418

Date Received: SEP 23 2013

Date Due: 11-02-13

Grievance Code: 815, 506

Investigator ID #: J 1910

Extension Date:

Date Retd to Offender: OCT 11 2013

Offender Name: Taylor, Trent    TDCJ # 1691384

Unit: Montford    Housing Assignment: A1-33 (0?)

Unit where incident occurred: Montford Unit

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Sgt. Rojas    When? 09/12/13

What was their response? He showed d'ilebterant indifferance to my situation

What action was taken? I was left in the cell, refused water and restroom.

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I am writing this grievance on TDCJ as a whole. Because all of their officers act "under color of state law" which holds TDCJ solely responsible for their officer's actions. On Sept. 12th at 6pm I asked Off. Parker on D2 to allow me to please go use the restroom. I was told to Pee in the Drain which is a violation of my rights as an inmate and a citizen. Sgt Rojas later came and I asked him the same thing. He refused and said use the drain. TDCJ policy says I will be given a restroom and water break every 2 hours while in seclusion. The log shows I had not been given a restroom break in over 24 hours. I held it as long as I could. I then felt a sharp pain in my bladder and was forced to urinate on myself. The drain was already over flowing. I was forced to use my hands to push raw sewage away from where I was lieing down. Later while being recorded on camera for medical issues it shows Sgt Rojas using a dry towel to spot dry raw sewage in my cell. No chemicals were applied. Then on camera I was forced to seal down in the remainder of the sewage. The next morning the officers that came on saw

SEP 23 2013

I-127 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

Appendix F

Ex.B   Taylor - 194

the hazardous waist, and moved me immediately. Maintanance had tagged the cell upon arrival due to the contamination). I was forced the previous night to sleep in the contamination. On Sept 14th I was forced to go to the infirmary due to bladder problems and a catheter was inserted in me due to not being able to go to the restroom. This was never a problem before the incident. This was a blatent disregard to my human rights). I believe I was physically tortured and this was cruel and unusual punishment in its purest form. A drain is not a urinal. SEP 23 2013

**Action Requested to resolve your Complaint.**
I would like to speak with someone from the Regional Office to discuss the terms of my resolution. SEP 23 2013

**Offender Signature** Cut Kiyh #1691384 I write Tuyl J Woodell **Date:** 09/20/13

**Grievance Response:**

YOUR CONCERNS WERE REVIEWED AND NOTED. STAFF INDICATED THAT DUE TO YOUR AGITATED AND AGGRESSIVE BEHAVIOR YOU WERE NOT ALLOWED OUT OF YOUR CELL FOR SAFETY AND SECURITY REASONS. ONCE YOU CALMED DOWN AND STOPPED THE AGGRESSIVE BEHAVIOR YOU WERE ALLOWED TO BE ESCORTED TO THE RESTROOM. STAFF DID OBSERVE THE DRAIN AREA AND INDICATE THAT IT WAS DRY, AND YOUR CELL WAS CLEAN. NO ACTION WARRANTED.

**Signature Authority:** **Robert Stevens, Warden** **Date:** 10/11/7

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:** *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days.
☐ 3. Originals not submitted.
☐ 4. Inappropriate/Excessive attachments.
☐ 5. No documented attempt at informal resolution.
☐ 6. No requested relief is stated.
☐ 7. Malicious use of vulgar, indecent, or physically threatening language.
☐ 8. The issue presented is not grievable.
☐ 9. Redundant. Refer to grievance #
☐ 10. Illegible/Incomprehensible.
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:**

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:**

I-127 Back (Revised 11-2010)

OFFICE USE ONLY

Initial Submission ____ UGI Initials:____
Grievance #:____
Screening Criteria Used:____
Date Recd from Offender:____
Date Returned to Offender:____

2nd Submission ____ UGI Initials:____
Grievance #:____
Screening Criteria Used:____
Date Recd from Offender:____
Date Returned to Offender:____

3rd Submission ____ UGI Initials:____
Grievance #:____
Screening Criteria Used:____
Date Recd from Offender:____
Date Returned to Offender:____

**Appendix F**

Ex.B Taylor - 195

4 of

Unit: __JM__    Staff Name: __Sgt. Riojas | 1-Nigut__    Grievance #: __2014013418__ Date: __9-23-13__

Offender Name: __TAYLOR, TRENT__    TDCJ #: __1691384__    Housing Location: __A1-33__

## Official Statement

In accordance with BP 03.77, you are required to participate in this investigation as noted. Address each allegation thoroughly. Do not respond with indefinite answers such as "I don't know" or "I have no knowledge of". If you have no knowledge, explain the reason why. (e.g., I was on vacation; I was not assign there, etc.) Your answers are to be factual, professional, and complete. Do not include opinions or unrelated comments. Remember, the Executive Director, Office of the Inspector General (OIG), Attorney General's Office and State and Federal Court Officials may review your response. All grievances are confidential and may not be discussed between you and the offender or with any other individuals. You are expected to return this investigation within ten 10 working days of receipt. Additional time may be requested by contacting the grievance investigator. Sign and date the form in the designated locations when completed and return it to the Unit Grievance Office. If you were provided a narrative copy of the grievance, if must also be returned to the Unit Grievance Office. The grievance may not be duplicated or shared with the accused staff member.

### Please Provide the Following Documents

☐    Participant(s) Statement

☐    Witness(es) Statement (signed)

☐    Activity Logs (Recreation, Shower, Feeding)      ☐   Other

☐    Shift Roster                                        ☐   Staff or Offender Protection Investigation

☐    Ingress/Egress Log                          ☐   Property Inventory Forms

☐    Property Confiscation Form              ☐   Property Logs

ALLEGATIONS: __See 'Summary of 'Issue' on reverse side__

OFFENDER INTERVIEW: Offender interviews and written statements should be completed on a separate document (Inter-Office Communication (IOC), legal pad) and attached to the OG-01 that includes the offender's statement, name, TDCJ #, and date.

EMPLOYEE STATEMENT: __ON THE NIGHT OF 9-12-13, WHEN I WENT TO A-2 TO SIGN MY PAPERWORK.__
__OFFENDER TAYLOR, TRENT 1691384 WAS BEATING ON THE DOOR AND WAS AGITATED. WHEN I TALKED TO HIM__
__I TOLD HIM ABOUT HIS ACTIONS OF BEATING ON THE DOOR AND BEING AGITATED HE COULD NOT CALM DOWN. I__
__TOLD HIM TO STOP BEATING ON THE DOOR AND HE WOULD BE ALLOWED TO USE THE TOILET IN POD. NOT CALM__
__DOWN. IF YOU USE THE DRAIN IT WOULD BE CLEANED UP. AFTER THE OFFENDER CALMED DOWN THE OFFENDER__
__WAS PULLED OUT, AND HIS CELL WAS CLEANED. HIS DRAIN WAS LOOKED AT AND IT WAS DRY,__
__NO SIGN OF OVERFLOWING.__

__Robert Riojas__
PRINTED NAME                                        __9-26-13__
                                               DATE

__Robert Riojas__
SIGNATURE                  __Sgt__                   __1 nights__
                             RANK/TITLE            SHIFT/DEPARTMENT

SUPERVISORS COMMENTS: __After Reviewing this incident I can find__
__no wrong doing on the part of Sgt. Riojas__

__Lt J. Matthews__
PRINTED NAME                                        __9-26-13__
                                               DATE

SIGNATURE                  __LT__                   __1 Nights__
                             RANK/TITLE            SHIFT/DEPARTMENT

OG-01 Rev. 11/2010                                                    Appendix H

```
2CS1UCR15/CSUC15      TDC UNIT CLASSIFICATION REVIEW      CURRENT DATE: 09/23/13
  INMTCICS/DST5682       HOUSING/JOB ASSIGNMENT HISTORY        AND TIME: 12:03:01
  JM44/UC15  INMATE NAME: TAYLOR,TRENT MICHAEL       TDCNO: 01691384

HOUSING            |--HOUSING--| INM/HSG   JOB ASGN |----------JOB----------|
  DATE     UNIT   |--ASGNMNT--| CUST AUTH | DATE  |------ASSIGNMENT-------| AUTH
  |----------HOUSING COMMENT----------|         |------JOB COMMENT------|

09/19/13  JM  A-1     33    MH  MH RA   09/19/13 UNASGN MENTAL HEALTH      RA
SGT ARISMENDEZ TTEAM   TW              09/16/13 UNASGN MENTAL HEALTH      TT
09/16/13  JM  B-2     39    MH  MH TT   09/16/13 UNASGN MENTAL HEALTH      RA
SEC MOVE/LT CUETO      TW              09/13/13 UNASGN MENTAL HEALTH      TT
09/16/13  JM  B-2     45    MH  MH RA   09/13/13 UNASGN MENTAL HEALTH      SV
SGT ARISMENDEZ TTEAM   TW              09/11/13 UNASGN MENTAL HEALTH      RA
09/13/13  JM  A-3     51    MH  MH TT   09/09/13 UNASGN MENTAL HEALTH      TT
SEC MOVE/LT STRAUGHAN  TW              09/06/13 UNASGN MENTAL HEALTH      TT
09/13/13  JM  D-2     51    MH  MH TT   09/06/13 UNASGN PATIENT           MED
REFUSED TO MOVE   TW                    C D
09/13/13  JM  B-2     45    MH  MH SV   09/04/13 PRE-HEARING DETENTION    TS
SGT VALLANCE TTEAM  TW

     MORE HOUSING/JOBS AVAILABLE
  ENTER THE NEXT TRANS CODE 02 AND/OR TDCNO _____
  PF1-HELP PF3-PREV PF4-CURR   AND/OR SIDNO _____
2CS1UCR15/CSUC15      TDC UNIT CLASSIFICATION REVIEW      CURRENT DATE: 09/23/13
  INMTCICS/DST5682       HOUSING/JOB ASSIGNMENT HISTORY        AND TIME: 12:03:13
  JM44/UC15  INMATE NAME: TAYLOR,TRENT MICHAEL       TDCNO: 01691384

HOUSING            |--HOUSING--| INM/HSG   JOB ASGN |----------JOB----------|
  DATE     UNIT   |--ASGNMNT--| CUST AUTH | DATE  |------ASSIGNMENT-------| AUTH
  |----------HOUSING COMMENT----------|         |------JOB COMMENT------|

09/13/13  JM  D-2     51    MH  MH TT   09/04/13 PRE-HEARING DETENTION    TS
REFUSED TO MOVE   TW                    05/23/13 COUNTER ATTENDANT 2ND    GC
09/13/13  JM  B-2     45    MH  MH SV   AL
SGT VALLANCE TTEAM  TW                  05/17/13 COUNTER ATTENDANT 1ST    GC
09/11/13  JM  D-2     51    MH  MH RA   DW
SEC MOVE/SGT SWANNEY/LT MARTINEZ SP TW 05/07/13 COOK 3RD                 AA
09/11/13  JM  B-2     45    MH  MH RA   10/19/12 COOK 3RD                 LP
SGT ARISMENDEZ TTEAM   TW              AL
09/09/13  JM  B-2     35    MH  MH TT   10/16/12 KITCHEN (TEMP) 72 HR     EW
SGT VALLANCE TTEAM   TW                 RT CLEARED FOR KITCHEN
09/06/13  JM  B-2     45    MH  MH TT   09/21/12 UNASGN PENDING ASSIGNMEN UCC
CRISIS MANAGEMENT   JS                  RT PEND KITCHEN

     MORE HOUSING/JOBS AVAILABLE
  ENTER THE NEXT TRANS CODE 02 AND/OR TDCNO _____
  PF1-HELP PF3-PREV PF4-CURR   AND/OR SIDNO _____
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

TRENT TAYLOR                        §
TDCJ NO.01691384                    §
                                    §
          PLAINTIFF,                §
                                    §
                                    §        CAUSE NO.5:14-CV-149-C
                                    §
V.                                  §
                                    §
                                    §
ROBERT STEVENS, et al .,            §
                                    §
          DEFENDANTS,.              §

---

# EXHIBIT   C

## PLAINTIFF'S MEDICAL RECORDS

**AFFIDAVIT**

**THE STATE OF TEXAS** §
§
§
**COUNTY OF WALKER** §

     BEFORE ME, the undersigned authority, personally appeared **Lisa Lopez**, who, being by me duly sworn, deposed as follows:

     "My name is **Lisa Lopez**, and I am over the age of eighteen (18), of sound mind, competent and capable of making this affidavit, and personally acquainted with the facts herein stated:

     I am the Custodian of Records at The University of Texas Medical Branch - Correctional Managed Care, Health Services Archives and my office is located in Huntsville, Texas. In this capacity, I am the individual who can authenticate and certify as official, copies of medical records at the **TDCJ Health Services Archives**. Attached hereto are **386** pages of records, time period **April 1, 2013** to **January 31, 2015** from the medical records of **Trent Taylor, TDCJ # 1691384.** These said records are kept in the regular course of business by an employee or representative of UTMB-Correctional Managed with knowledge of the act, event, condition, opinion or diagnosis, recorded or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original medical records maintained by **TDCJ Health Services Archives**".

                                            Lisa Lopez

State of Texas,
County of Walker
Before Me___Melissa Nixon___on this day personally appeared _Lisa Lopez_, known to me through her Texas Driver's License to be the person whose name is subscribed to the foregoing instrument and acknowledge to me that she executed the same for the purpose and consideration therein expressed.

     Given under my hand and seal of office this _**23**_ day of _July_ , A.D., _2015_ .



MELISSA LYNN NIXON
Notary Public, State of Texas
My Commission Expires
July 30, 2018

EX. C   Taylor - 204

## CORRECTIONAL MANAGED CARE
## NURSING CHART REVIEW / VERBAL ORDER NOTE

**Patient Name:** TAYLOR, TRENT M   **TDCJ#:** 1691384   **Date:** 09/14/2013 18:49   **Facility:** MONTFORD (JM)
**Age:** 26 year   **Race:** W   **Sex:** male
**Most recent vitals from 9/14/2013:** BP: 125 / 81 (Standing) ; Wt: ; Height: 69 In.; Pulse: 64 (Standing) ; Resp: 16 / min;
Temp: 98 (Left Ear)  BMI:
**Allergies:**   LIDOCAINE HCL

| Patient Language:   ENGLISH   Name of interpreter, if required: |
|---|

**Current Medications:**


Late note:   1800

Have offender collect UA, C&S Monday morning
Follow up in PCC for painful urination

Procedures Ordered:

| Date Time | Description | Diagnosis | Comments | Special Instructions |
|---|---|---|---|---|
| 9/16/2013 08:00 | *URINALYSIS, W/DIPSTICK MICROSCOPIC EXAM ON POSITIVES [UA] HVCNDBBPBFPSYLESLDCKD | pain, urinary tract | | |


New Reminders Added:
    MD/MLP-FOLLOW-UP VISIT Due on 09/17/2013 08:00(MD/MLP FOLLOW UP; S/P
WEEKEND VISIT PAINFUL URINATION AND ANURIA.   CATH WITH 400CC RESIDUAL
URINE).

VORB S. Wilson, FNP/D. Fielder,RN


        Electronically Signed by FIELDER, DEBRA D. R.N. on 09/14/2013.
        Electronically Signed by WILSON, SUNDAY L. FNP on 09/16/2013.
        ##And No Others##

## CORRECTIONAL MANAGED CARE
## CLINIC NOTES

**Patient Name:** TAYLOR, TRENT M   **TDCJ#:** 1691384   **Date:** 09/14/2013 18:05   **Facility:** MONTFORD (JM)
**Age:** 26 year   **Race:** W   **Sex:** male
**Most recent vitals from 9/14/2013:** BP: 125 / 81 (Standing) ; Wt: ; Height: 69 In.; Pulse: 64 (Standing) ; Resp: 16 / min;
Temp: 98 (Left Ear)  BMI:

*CURRENT* PEAK FLOWS: PF 1: ;  PF 2:  ;  PF 3:
*PRIOR* PEAK FLOWS:  PF1 : ; PF 2: ; PF 3:
**Allergies:** LIDOCAINE HCL

| Patient Language:   ENGLISH   Name of interpreter, if required: |
| --- |

Current Medications:

**Today's Problem:**     pt to infirmary with c/o painful to urinate
09/14/2013 18:05
**S:**      pt states he has not urinated since 9/13/13 @ appx 1800 & had bad sharp pain @ that time, also
States he's drinking water & has had x2 cups of water today or appx 12 oz's"

**O:**

**A:**     v/s 145/95, 62, 97.1, O2 100% RA,  moderate bladder distention noted

**Plan is as follows:**     provider notified, & new orders noted:
In & Out Cath done & appx 400cc clear light amber urine noted, pt returned to cell & no c/o @ this time

**srnProcedures Ordered:**

| Date Time | Description | Diagnosis | Comments | Special Instructions |
| --- | --- | --- | --- | --- |
| 9/14/2013 06:23 | NURSING LEVEL 2 COMPLETE VISIT (F) | misc diagnosis | | |

Electronically Signed by NASH, SUSAN R. L.V.N. on 09/14/2013.
Electronically Signed by FIELDER, DEBRA D. R.N. on 09/14/2013.
##And No Others##

1 of 1

Ex.C   Taylor - 206

**CORRECTIONAL MANAGED CARE**
**ADDENDUM NOTE**

**NAME:  TAYLOR, TRENT M      TDCJ #:  1691384    DATE/TIME:    09/14/2013 18:57**
**FACILITY:  MONTFORD (JM)**

This was an ER visit.   Correct Nursing Encounter Code is Level 4

Procedures Ordered:

| Date Time | Description | Diagnosis | Comments | Special Instructions |
|---|---|---|---|---|
| 9/14/2013 06:00 | NURSING LEVEL 4 EMERGENCY VISIT (F) | pain, urinary tract | | |

Electronically Signed by FIELDER, DEBRA D. R.N. on 09/14/2013.
##And No Others##

**Date:   09/26/2013 19:53**
**From:   MICHAELA THOMAS L.V.N.**
**Facility: MONTFORD PSYCHIATRIC (JM)**

**To:   JM PSYCH - SOCIAL WORKER GROUP;**
**Subject:   This O/P (# 1691384), housed on A-1, 3-row, is requesting assistance with his**
**3rd/final grievance. He states he's submitted two and it's been 7 days since the last one.**
**Thanks, M. Thomas, LVN**
**Re:   TRENT TAYLOR**

Patient Name: TAYLOR,TRENT M      Patient DOB ███████      Patient ID: 2145002 Service Date: 10/14/2013 08:16:06

MONTFORD PSYCHIATRIC (JM)

Patient Name: TAYLOR, TRENT M
MRN: 1691384

================================================================================
JM MH - CLOSE OBSERVATION
Entered On: 10/14/2013 23:21:04
Entered By: JACOPETTI, TONYA A. L.V.N.

S: No c/o voiced. O/A: Quiet in cell without noted distress. Respirations unlabored. P: Monitor on CO status.

--------------------------------------------------------------------------------


JM MH - 24 HOUR CHART CHECK
Entered On: 10/14/2013 22:18:02
Entered By: JACOPETTI, TONYA A. L.V.N.

completed

--------------------------------------------------------------------------------


JM MH - DAILY CARE / NOTES
Entered On: 10/14/2013 21:01:27
Entered By: PARRISH, CASSANDRA J. L.V.N.

Late entry:  1920  This offender stated to this writer " Ms. Nurse I need to be seen because that dayshift
officer his me in the groin with that bean bar because she started cursing me out and I cursed her back,
she got mad and hit me".  At 2100  This offender told security rank.  This writer called the ER nurse
reported this offender's complaint, and was ordered to bring offender to ER for evaluation, security on
pod escorted this offender to ER without incident.  Will await report and orders from the ER nurse.


--------------------------------------------------------------------------------


JM MH - CLOSE OBSERVATION
Entered On: 10/14/2013 20:08:43
Entered By: PARRISH, CASSANDRA J. L.V.N.

OP seen cell side n/c voiced and no problems noted, OP did contract for safety, will continue to monitor
on CO status.

--------------------------------------------------------------------------------


JM MH - CLOSE OBSERVATION
Entered On: 10/14/2013 08:15:42
Entered By: DERLER, ANDREW C. L.V.N.

O/P AWAKEAND DENIES DISTRESS OR INTENTS OF SELF HARM AND AGREED TO CONTRACT FOR SAFETY.

Page 1 of 1

EY.C Taylor - 291

**Correctional Managed Care**
**SOCIAL WORK CONTACTS / REFERRALS**

**Patient Name:** TAYLOR, TRENT M  **TDCJ#:** 1691384   **Date:** 09/20/2013 17:19
**Facility:**  MONTFORD PSYCHIATRIC (JM)              **Room:**  A13333
**Age:** 26 year **Race:** W **Sex:**  male
**Most recent vitals from 9/14/2013:** BP: 125 / 81 (Standing) ; Wt: ; Height: 69 In.; Pulse: 64 (Standing) ; Resp: 16 / min;
Temp: 98 (Left Ear)  BMI:
**Allergies:**  LIDOCAINE HCL

| Patient Language:   ENGLISH   Name of interpreter, if required: |
|---|

**Current Medications:**

---

Orientation to SPP/A1 3 Row

SO) The patient was oriented to The Suicide Prevention Program goals and guidelines. He stated he is not a
psych patient. He reports he ate pills so that he did not get more time for having free world drugs. He reported
that the pills were Loritab and when he began feeling sick he told staff what he had done and that he needed to
go to the hospital. He was also assisted in writing a grievance. The patient had questions about both the program
and the unit. He was told that JTM is not a unit of assignment and our goal is to return patient's to their least
restrictive environment.
AP) Taylor was verbal and cooperative. Mood and Affect were euthymic. Thought Process was goal directed.
Ideation of Suicide and Homicide were denied. Continue treatment.


Electronically Signed by WOODALL, JANIS S. LCSW on 09/20/2013.
##And No Others##

1 of 1

Ex.C  Taylor - 332

**Correctional Managed Care**
**MENTAL HEALTH INPATIENT**
**NURSING NOTE**

**Name:** TAYLOR, TRENT M    **TDCJ#:** 1691384    **Date:** 09/19/2013 10:43
**Facility:** MONTFORD PSYCHIATRIC (JM)    **Room/Bed:** B22539
**Age:** 26 year   **Race:** W    **Sex:** male **Most recent vitals from 9/14/2013:** BP: 125 / 81 (Standing) ; Wt: ; Height: 69 In.; Pulse: 64 (Standing) ; Resp: 16 / min; Temp: 98 (Left Ear)  BMI:
**Allergies:** LIDOCAINE HCL
**Current Medications:**

| Patient Language:   ENGLISH   Name of interpreter, if required: |
|---|

O/P is requesting discharge. O/P has signed HSM 82.


Electronically Signed by MANKINS, OPAL M. R.N. on 09/19/2013.
Electronically Signed by MCDONALD, MICHAEL A. PA on 09/23/2013.
##And No Others##

**Correctional Managed Care**
**MENTAL HEALTH INPATIENT**
**PSYCHIATRIC FOLLOW-UP**

**Name:**    TAYLOR, TRENT M          **TDCJ#:** 1691384          **Date:** 09/16/2013 10:31
**Facility:**  MONTFORD PSYCHIATRIC (JM)      **Room:** A3S151

**Age:**  26 year **Sex:**   male  **Race:**  W
**Most recent vitals from 9/14/2013:** BP: 125 / 81 (Standing) ; Wt: ; Height: 69 In.; Pulse: 64 (Standing) ; Resp: 16 / min;
Temp: 98 (Left Ear)  BMI:

**Allergies:** LIDOCAINE HCL
**Current Medications:**

| Patient Language: ENGLISH   Name of interpreter, if required: |
|---|

O/P seen at seclusion cellside for review of SP status.   Pt reports he is not suicidal or homicidal and contracts for safety.
He states "I was refusing housing in cell 45 because it had shit on the walls and ceiling".   "They keep trying to put me
back in that cell and I wrote a grievance".   He states he has not been suicidal since he came in about 1 ½ to 2 weeks
ago.   He reports he just says he is suicidal because he does not want to go in that cell.

O:  Alert and cooperative.   He denies SI or HI.  His reason to live "I like living sometimes it is tough but I enjoy life".   He
contracts for safety.  O/P has not been truly suicidal and has been manipulating for housing.

P:  DC SP and seclusion.
    Property per level.
    Regular tray.
    If he goes back to B2 property and diet per B2

Typist:  CLINE, JONI J. PA

    Electronically Signed by CLINE, JONI J. PA on 09/16/2013.
    Electronically Signed by HANRETTA, ALLAN T. M.D. on 09/16/2013.
    ##And No Others##

1 OF 1

Correctional Managed Care
SECLUSION / RESTRAINT NOTATION

Patient Name: **TAYLOR, TRENT M**  TDCJ#: **1691384**  Date: **09/14/2013 19:03**
Facility:  **MONTFORD PSYCHIATRIC (JM)**       Room/Bed:  **A3S151**
Age: 26 year Race: W Sex: male
Most recent vitals from 9/14/2013: BP: 125 / 81 (Standing) ; Wt: ; Height: 69 In.; Pulse: 64 (Standing) ; Resp: 16 / min;
Temp: 98 (Left Ear) BMI:
Allergies: **LIDOCAINE HCL**

| Patient Language:   ENGLISH   Name of interpreter, if required: |
|---|

Current Medications:

Observed standing at cell side door, naked. Covered up upon request, calm, gives appropriate eye contact, no evidence of self injury observed. Denies discomfort r/t urinary retention, however, states, "That was probably the most uncomfortable experience I have ever had." Verbally contracts for safety, denies SID/HID and possession of any object(s) w/ which to inflict harm to self/others. Drank 180mL of water, denies need for bathroom break at this time. Continue seclusion w/ SP per order.

Electronically Signed by ORR, STEPHANIE G. L.V.N. on 09/14/2013.
##And No Others##

**1 of 1**

Ex.C   Taylor - 365

Correctional Managed Care
SECLUSION / RESTRAINT NOTATION

Patient Name: **TAYLOR, TRENT M**   TDCJ#: **1691384**   Date: **09/14/2013 17:05**
Facility:  **MONTFORD PSYCHIATRIC (JM)**       Room/Bed:  **A3S151**
Age:  26 year  Race: W  Sex:  male
Most recent vitals from 9/14/2013: BP: 125 / 81 (Standing) ; Wt: ; Height: 69 In.; Pulse: 64 (Standing) ; Resp: 16 / min;
Temp: 98 (Left Ear)  BMI:
Allergies: **LIDOCAINE HCL**

| Patient Language:   ENGLISH   Name of interpreter, if required: |
|---|

Current Medications:

**Late entry for 17:00**

Observed standing at cell side door, wrapped at waist w/ intact suicide blanket. Calm, gives appropriate eye contact, no
evidence of self harm observed. Received evening meal, refused fluids per security. C/o inability to void, assessed, call
placed to ER, awaiting response, CN notified. Verbally contracts for safety, denies SID/HID and possession of any
object(s) w/ which to inflict harm to self/others. Continue seclusion w/ SP per order.


Electronically Signed by ORR, STEPHANIE G. L.V.N. on 09/14/2013.
##And No Others##

**1 of 1**

Patient Name: TAYLOR,TRENT M      Patient DOB: ███████      Patient ID: 2145002  Service Date: 09/14/2013 16:49:05

MONTFORD PSYCHIATRIC (JM)

Patient Name: TAYLOR, TRENT M
MRN: 1691384

====================================================================
JM MH - DAILY CARE / NOTES
Entered On: 09/14/2013 18:27:01
Entered By: ORR, STEPHANIE G. L.V.N.


Offender escorted to infirmary at 17:50 w/ security and nursing. In and out catheterization w/ 400mL of
light amber urine returned. Returned to pod, approximately 18:20, placed in seclusion cell # 51 w/o incident.
Continue current plan of care.


-------------------------------------------------------------------------


JM MH - DAILY CARE / NOTES
Entered On: 09/14/2013 16:45:48
Entered By: ORR, STEPHANIE G. L.V.N.


O/P reports he has not voided since 18:00 on 09/13/13. C/o pain when he tries to void, denies hematuria.
Vital signs obtained: BP: 125/81 ,
P: 64; RR: 16; T: 98.0 via automated cuff and tympanic thermometer. Urinary bladder tender to palpation,
distended. Report called to ER nurse, who states she will call back. Continue current plan of care.

Ex. C Taylor - 367

Correctional Managed Care
SECLUSION / RESTRAINT NOTATION

Patient Name: **TAYLOR, TRENT M**   TDCJ#: **1691384**   Date: **09/13/2013 18:35**
Facility:  **MONTFORD PSYCHIATRIC (JM)**        Room/Bed:   **A3S151**
Age:  25 year  Race:  W  Sex:  male
Most recent vitals from 9/6/2013: BP: 142 / 80 (Sitting) ; Wt: 145 Lbs.; Height: 69 In.; Pulse: 58 (Sitting) ; Resp: 20 / min;
Temp: 97 (Oral)  BMI: 21
Allergies:  **LIDOCAINE HCL**

| Patient Language:   ENGLISH   Name of interpreter, if required: |
|---|

Current Medications:


**Late entry for 1700**
**Offender is awake, alert, no s/s of acute distress observed. Offender is stating " I want to fill out a discharge"**
**Contracts for safety at this time. Will continue to monitor current plan of care.**


Electronically Signed by SHERWOOD, LISA A. L.V.N. on 09/13/2013.
##And No Others##

**1 of 1**

Correctional Managed Care
SECLUSION / RESTRAINT NOTATION

Patient Name: **TAYLOR, TRENT M**  TDCJ#: **1691384**  Date: **09/13/2013 15:17**
Facility:  **MONTFORD PSYCHIATRIC (JM)**       Room/Bed:  **A3S151**
Age:  25 year  Race:  W  Sex:  male
Most recent vitals from 9/6/2013: BP: 142 / 80 (Sitting) ; Wt: 145 Lbs.; Height: 69 In.; Pulse: 58 (Sitting) ; Resp: 20 / min;
Temp: 97 (Oral)  BMI: 21
Allergies:  **LIDOCAINE HCL**

| Patient Language:   ENGLISH   Name of interpreter, if required: |
|---|

Current Medications:

**Late entry for 1430: Offender seen cell side in seclusion. Intact suicide blanket wrapped around waist.
Parameters given to O/P about seclusion order. O/P stated he did understand. When asked about feeling suicidal,
O/P laughed and stated that he didn't want to move to a cell that was dirty and that "I never said that I was
suicidal." Denied HID. Contracted for safety. No acute distress noted at this time. Denied need for
bathroom/water. Will continue with plan of care.**
    Electronically Signed by WELLENDORF, VANESSA M. R.N. on 09/13/2013.
    ##And No Others##

**1 of 1**

Ex.C Taylor - 384

Correctional Managed Care
SECLUSION / RESTRAINT NOTATION

Patient Name: **TAYLOR, TRENT M**  TDCJ#: **1691384**  Date: **09/13/2013 14:20**
Facility:  **MONTFORD PSYCHIATRIC (JM)**          Room/Bed:   **B22845**
Age:  25 year  Race:  W  Sex:  male
Most recent vitals from 9/6/2013: BP: 142 / 80 (Sitting) ; Wt: 145 Lbs.; Height: 69 In.; Pulse: 58 (Sitting) ; Resp: 20 / min;
Temp: 97 (Oral)  BMI: 21
Allergies: **LIDOCAINE HCL**

| Patient Language:   ENGLISH   Name of interpreter, if required: |
|---|

Current Medications:

**09-13-13 1400 Offender was received to B2 from D2-51. Upon arriving to B2 he refused housing and then stated that he was suicidal. Mr McDonald PA was on B2 and issued verbal orders for seclusion/sp. The offender will be moved to A3-51 due to no available seclusion cells on B2. The offender stated he would not walk to A3, but changed his mind after sgt Jones spoke with him. Report was called to the A3 nurse, Ms Sherwood. The pod RN was on the pod and aware of the seclusion order.**

Electronically Signed by JONES, DENNIS R. L.V.N. on 09/13/2013.
##And No Others##

**1 of 1**

Patient Name: TAYLOR,TRENT M      Patient DOB: ███████      Patient ID: 2145002 Service Date: 09/13/2013 01:52:58

MONTFORD PSYCHIATRIC (JM)

Patient Name: TAYLOR, TRENT M
MRN: 1691384

==================================================================================
JM MH - 24 HOUR CHART CHECK
Entered On: 09/13/2013 22:38:05
Entered By: MCCLESKEY, LAURA B. L.V.N.

COMPLETED

-----------------------------------------------------------------------------

JM MH - DAILY CARE / NOTES
Entered On: 09/13/2013 13:59:13
Entered By: HENDERSON, CREASTER J. L.V.N.

Offender moved from D 2 # 51 to B 2 # 45, ambulated with handcuffs intact and Security escort.  OP is alert,
calm and responsive with good eye contact.  No acute distress or complaints voiced.  OP will continue
current plan of care.

-----------------------------------------------------------------------------

JM MH - DAILY CARE / NOTES
Entered On: 09/13/2013 07:35:25
Entered By: PEIKERT, DAUN E. L.V.N.

Offender pt. seen lying on floor wrapped up in intact suicide blanket, denies need for water or need for
use of the toilet at this time, N/C voiced, NAD noted at this time. Cont. to monitor in seclusion until
moved to appropriate cell.

-----------------------------------------------------------------------------

JM MH - DAILY CARE / NOTES
Entered On: 09/13/2013 01:51:45
Entered By: RAMIREZ, IRMA L.V.N.

OFFENDER REMAINS HOUSING IN SECLUSION PER SECURITY, DENIES ANY PROBLEMS AT THIS TIME. CONTINUE TO MONITOR

Page 1 of 1

Ex. C Taylor - 388

Scanned by LONGORIA, PETRA H. in facility MONTFORD PSYCHIATRIC (JM) on 09/16/2013 10:42

Z
Correctional Managed Care
SECURITY NOTES

Name: **TAYLOR, TRENT M**     TDCJ#: **1691384**
Facility **MONTFORD PSYCHIATRIC (JM)**     Room   **D2S151**

**Security Notes**

| Date | Time | Note | Signature |
|------|------|------|-----------|
| 9-8-13 | 0111 | | |
| | 0116 | | |
| | | | |
| | 0600 | Shower | McCraw |
| 9-13-13 | 0800 | Refused All | McCraw |
| 9-13-13 | 1020 | Refused Chow | McCraw |
| 9-13-13 | 1040 | Shower | McCraw |
| 9-13-13 | 1240 | Shower | McCraw |
| | | | |
| | | | |
| | | | |

1 of 1

X  |||||||||||||||||||||||||||||||||||||||||||||||||||||  #

Patient Name: TAYLOR,TRENT M     Patient DOB ▮▮▮▮▮     Patient ID: 2145002 Service Date: 09/12/2013 13:02:41

MONTFORD PSYCHIATRIC (JM)

Patient Name: TAYLOR, TRENT M
MRN: 1691384

=====================================================================
JM MH - 24 HOUR CHART CHECK
Entered On: 09/12/2013 22:20:17
Entered By: RAMIREZ, IRMA L.V.N.


completed

-----------------------------------------------------------------------


JM MH - DAILY CARE / NOTES
Entered On: 09/12/2013 21:21:20
Entered By: HENDERSON, CREASTER J. L.V.N.


Offender seen in Seclusion cell # 51 for housing only.  OP was alert, calm and responsive with good eye
contact.  OP being assessed due to banging on the door for extended period of time, approximately an hour,
asking for BRP.  OP complained of chest pain at mid-sternal and slightly left and level of pain at 5/10.
No reaction or flex response to palpation of site.  OP skin is warm, dry and pink.  No cyanosis or
discoloration noted.  No diaphoresis noted.  OP is ambulatioing with a steady gait in Seclusion space.
No facial expression without indication of visible distress at the time.  OP states that he had a recent
hospital stay at Hendricks for 3 days due to OD of Lortab, while at the Robertson Unit.  OP Heart rate
RRR at 92 and BS audible X 4 quadrants.  Lungs auscultated and clear bilaterally.  Vital signs:  T 97.8
P96 R 20 BP 144/97 02 sats 98% RA.  E.R. Nurse notified and gave OP ASA 81 mg.  and  Alamag 2 p.o.
Instructed to recheck OP, and if any further complaints voiced then to go to the E.R for an EKG.  OP felt
better when rechecked.  OP sats were 98 % RA., and OP denied any further chest pain.  OP will continue
current plan of care in Seclusion cell, will go for an EKG PRN.


-----------------------------------------------------------------------


REVIEW PROVIDER ORDERS
Entered On: 09/12/2013 13:00:22
Entered By: PEIKERT, DAUN E. L.V.N.


Order noted, security notified that seclusion and SP have been DC'd, return to a cell, may have clothes,
bedding and regular tray when moves to a regular cell. Cont. to monitor in seclusion until moved to
appropriate cell.

Page 1 of 1

**Correctional Managed Care**
**MENTAL HEALTH INPATIENT**
**PSYCHIATRIC FOLLOW-UP**

**Name:**     TAYLOR, TRENT M          **TDCJ#:** 1691384          **Date:** 09/12/2013 12:47
**Facility:**  MONTFORD PSYCHIATRIC (JM)     **Room:** D2S151

**Age:**  25 year **Sex:**   male   **Race:**   W
**Most recent vitals from 9/6/2013:** BP: 142 / 80 (Sitting) ; Wt: 145 Lbs.; Height: 69 In.; Pulse: 58 (Sitting) ; Resp: 20 / min;
Temp: 97 (Oral)  BMI: 21

**Allergies:** LIDOCAINE HCL
**Current Medications:**

| Patient Language:  ENGLISH    Name of interpreter, if required: |
|---|

Pt. was seen today at seclusion cell side to review for his sp status. Pt. denies any si and is able to contract for safety.
A-Not suicidal now.
A-D/C sp and seclusion.
    Return to a cell.
    Clothes, bedding and regular tray.



Typist:  KHANDHERIA, PRIYA M.D.


        Electronically Signed by KHANDHERIA, PRIYA M.D. on 09/12/2013.
        ##And No Others##

Ex.C  Taylor - 392

Correctional Managed Care
SECLUSION / RESTRAINT NOTATION

Patient Name: **TAYLOR, TRENT M**   TDCJ#: **1691384**   Date: **09/12/2013 00:17**
Facility:  **MONTFORD PSYCHIATRIC (JM)**      Room/Bed:  **D2S151**
Age:  25 year  Race:  W  Sex:  male
Most recent vitals from 9/6/2013: BP: 142 / 80 (Sitting) ; Wt: 145 Lbs.; Height: 69 In.; Pulse: 58 (Sitting) ; Resp: 20 / min;
Temp: 97 (Oral)  BMI: 21
Allergies:  **LIDOCAINE HCL**

| Patient Language:   ENGLISH   Name of interpreter, if required: |

Current Medications:

**Entry for – 09/11/2013 – 23:00 –**
**O/P was seen in Seclusion cell – 51. He was wrapped in his suicide blanket lying on his right side in fetal position**
**on cell floor along wall at left of cell door. O/P responded to his name by looking out of his blanket; eye contact**
**good affect reactive with clear speech. I asked O/P if he was alright and would he contract for safety. O/P stared**
**at me with a puzzled look on his face. I reviewed what contracting for safety meant and repeated my question.**
**O/P smiled and said "I never said I was suicidal, I am not suicidal, and all I did was refuse housing." Plan:**
**Monitor O/P on Suicide Precautions.**

Electronically Signed by HARMES, MARION A. R.N. on 09/12/2013.
##And No Others##

**1 of 1**

Scanned by LONGORIA, PETRA H. in facility MONTFORD PSYCHIATRIC (JM) on 09/13/2013 09:26

**Z**

## Correctional Managed Care
### SECURITY NOTES

Name   **TAYLOR, TRENT M**         TDCJ#   **1691384**
Facility   **MONTFORD PSYCHIATRIC (JM)**         Room   **D2S151**

Security Notes

| Date | Time | Note | Signature |
|---|---|---|---|
| 9-12-13 | 0400 | Refused Water | |
| 9-12-13 | 0800 | " Refused " | |
| 9-12-13 | 0500 | chow | |
| 9·12·13 | 0600 | refused all | |
| 9·12·13 | 0645 | Nurse Rounds | |
| 9·12·13 | 0900 | p/o refused water and restraints | |
| 9·12·13 | 1101 | o/p refused water w/ restraints lid | |
| 9·12·13 | 1200 | refused all | |
| 09·12·13 | 1400 | Ref. H₂O & toilet | |
| 9·12·13 | 1600 | requested H₂O | |
| 9·12·13 | 1615 | refused (J) | |
| 9-12-13 | 1800 | refused all | Parker |
| 9-12-13 | 1900 | bathroom | Parker |
| 9-12-13 | 2100 | refused all | Parker |
| 9-12-13 | 2355 | refused all | Parker |

Ex.C  Taylor - 400

Correctional Managed Care
SECLUSION / RESTRAINT NOTATION

Patient Name: **TAYLOR, TRENT M**  TDCJ#: **1691384**  Date: **09/11/2013 15:53**
Facility:  **MONTFORD PSYCHIATRIC (JM)**       Room/Bed:  **D2S151**
Age: 25 year  Race: W  Sex: male
Most recent vitals from 9/6/2013: BP: 142 / 80 (Sitting) ; Wt: 145 Lbs.; Height: 69 In.; Pulse: 58 (Sitting) ; Resp: 20 / min;
Temp: 97 (Oral)  BMI: 21
Allergies:  **LIDOCAINE HCL**

| Patient Language:   ENGLISH   Name of interpreter, if required: |
| --- |

Current Medications:

**Late entry for 1445: Offender seen cell side in seclusion. Parameters given to O/P. Denied SID/HID and did contract for safety. O/P stated "it was a housing issue" as to why he is in seclusion. Intact suicide blanket wrapped around waist.Denied need for bathroom or water. Will continue with plan of care.**
Electronically Signed by WELLENDORF, VANESSA M. R.N. on 09/11/2013.
##And No Others##

**1 of 1**

Ex.C  Taylor - 406

Correctional Managed Care
SECLUSION / RESTRAINT NOTATION

Patient Name: **TAYLOR, TRENT M**  TDCJ#: **1691384**  Date: **09/11/2013 14:22**
Facility:  **MONTFORD PSYCHIATRIC (JM)**       Room/Bed:  **D2S151**
Age:  25 year  Race: W  Sex:  male
Most recent vitals from 9/6/2013: BP: 142 / 80 (Sitting) ; Wt: 145 Lbs.; Height: 69 In.; Pulse: 58 (Sitting) ; Resp: 20 / min;
Temp: 97 (Oral)  BMI: 21
Allergies:  **LIDOCAINE HCL**

| Patient Language:  ENGLISH   Name of interpreter, if required: |
|---|

Current Medications:

**Offender Moved from B 2 # 35 to D 2 # 51 Seclusion cell on Sp status, ambulated with intact handcuffs and Suicide Blanket.  OP was alert, calm and responsive with good eye contact.  No acute distress at the time.  Oral check done, nothing found and denies having any weapon.  OP denies having Suicide Ideations, any intention to self harm and is able to contract for safety.  OP will continue Seclusion cell on SP status and current plan of care.**

Electronically Signed by HENDERSON, CREASTER J. L.V.N. on 09/11/2013.
##And No Others##

1 of 1

Ex.C  Taylor - 407

Correctional Managed Care
SECLUSION / RESTRAINT NOTATION

Patient Name: **TAYLOR, TRENT M**   TDCJ#: **1691384**   Date: **09/11/2013 13:59**
Facility:  **MONTFORD PSYCHIATRIC (JM)**        Room/Bed:   **D2S151**
Age:  25 year  Race:  W  Sex:  male
Most recent vitals from 9/6/2013: BP: 142 / 80 (Sitting) ; Wt: 145 Lbs.; Height: 69 In.; Pulse: 58 (Sitting) ; Resp: 20 / min;
Temp: 97 (Oral)  BMI: 21
Allergies: **LIDOCAINE HCL**

Patient Language:   ENGLISH   Name of interpreter, if required:

Current Medications:

**09-11-13 1350 This offender was to me from B2-35 to B2-45. Upon learning this, he stated he was suicidal if he
had to move. Verbal intervention failed. Mr McDonald PA was contacted. See Orders. The offender will be moved
to D2-51 due to no available seclusion cell on B2.**

Electronically Signed by JONES, DENNIS R. L.V.N. on 09/11/2013.
##And No Others##

1 of 1

Ex. C Taylor - 408

Scanned by LONGORIA, PETRA H. in facility MONTFORD PSYCHIATRIC (JM) on 09/16/2013 10:41

1  At the time the patient is placed in crisis management, mental health observation, seclusion or restraint, an entry must be made in the health record that includes the following information
   A  Reason and authority
   B  Duration of order
      1  Inpatient Crisis Management-not to exceed 3 working days
      2  Outpatient mental health observation-not to exceed 72 hours
      3  Seclusion-not to exceed 12 hours
      4  Restraint-not to exceed 12 hours
   C  Information given to the patient regarding reason for placement duration of order and behavior required for release
   D  Items allowed in room
2  The top half of the form must be completed by a psychiatrist/psychiatric mid-level practitioner nurse or mental health professional and includes
   A  Patient name
   B  TDCJ number
   C  Name of facility
   D  Current date
   E  Type of observation (crisis management  mental health observation, seclusion, restraint)
   F  Date and time begun
   G  Items allowed–Personal legal materials are permitted upon request except with appropriate documented clinical justification. Suicide blankets may not be withheld without clearly documented clinical justification
3  Visual checks must be recorded on the checklist every 15 minutes (30 minutes for outpatient mental health observation)  Each staff member must write his/her name and initials at the bottom of the form. Visual checks are documented by entering both the code number(s) which best describes the patient's behavior and the observer's initials in the blank beside the appropriate time
4  Completed forms are forwarded to the Medical Records Department to be filed in the health record

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE - MENTAL HEALTH OBSERVATION CHECKLIST**

NAME: **TAYLOR, TRENT M**   TDCJ# **1691384**   UNIT. **MONTFORD PSYCHIATRIC (JM)**   DATE:**9/13/2013**
**12:00AM**
CHECK THE APPROPRIATE TYPE

____ CRISIS MANAGEMENT   ____ MENTAL HEALTH OBSERVATION   X  SECLUSION   ____ RESTRAINT

ITEMS ALLOWED  (Check appropriate box(es))

X CLOTHING   ____ UNDERGARMENTS ONLY   X SUICIDE BLANKET   ____ MATTRESS   ____ REGULAR TRAY   ____ PAPER TRAY
X SACK LUNCH

| CODE EXPLANATION | | | TIME OF VISUAL CHECK | | |
|---|---|---|---|---|---|
| 1 | Beating on door/wall | | CODE/INITIALS | CODE/INITIALS | CODE/INITIALS |
| 2 | Yelling, screaming | | 0000 | 0800 | 1600 |
| 3 | Crying | | 0015 | 0815 | 1615 |
| 4 | Laughing | | 0030 | 0830 | 1630 |
| 5 | Singing | | 0045 | 0845 | 1645 |
| 6 | Mumbling | | 0100 | 0900 | 1700 |
| 7 | Talking to self | | 0115 | 0915 | 1715 |
| 8 | Talking to others | | 0130 | 0930 | 1730 |
| 9 | Standing still | | 0145 | 0945 | 1745 |
| 10 | Walking | | 0200 | 1000 | 1800 |
| 11 | Sitting or lying | | 0215 | 1015 | 1815 |
| 12 | Quiet | | 0230 | 1030 | 1830 |
| 13 | Sleeping | | 0245 | 1045 | 1845 |
| 14 | Meals/fluids | | 0300 | 1100 | 1900 |
| 15 | Bath/shower | | 0315 | 1115 | 1915 |
| 16 | Toilet | | 0330 | 1130 | 1930 |
| 17 | Restraints loosened | | 0345 | 1145 | 1945 |
| 18 | Range of motion | | 0400 | 1200 | 2000 |
| 19 | Out-of-cell | | 0415 | 1215 | 2015 |
| 20 | Nursing Rounds | | 0430 | 1230 | 2030 |
| 21 | | | 0445 | 1245 | 2045 |
| | | | 0500 | 1300 | 2100 |
| Printed Name | | Initials | 0515 | 1315 | 2115 |
| McCrar | | MM | 0530 | 1330 | 2130 |
| M. Morton | | MM | 0545 | 1345 | 2145 |
| | | | 0600 | 1400 | 2200 |
| | | | 0615 | 1415 | 2215 |
| | | | 0630 | 1430 | 2230 |
| | | | 0645 | 1445 | 2245 |
| | | | 0700 | 1500 | 2300 |
| | | | 0715 | 1515 | 2315 |
| | | | 0730 | 1530 | 2330 |
| | | | 0745 | 1545 | 2345 |

HSP-5 (Rev 4/02)

Ex. C   Taylor - 525

Scanned by LONGORIA, PETRA H. in facility MONTFORD PSYCHIATRIC (JM) on 09/13/2013 09:27.

INSTRUCTIONS FOR COMPLETING MENTAL HEALTH OBSERVATION CHECKLIST

1 Whenever a patient is placed in crisis management, mental health observation, seclusion or restraint, an entry must be made in the health record that includes the following information
  A Reason and authority
  B Duration of order
    1 Inpatient Crisis Management-not to exceed 3 working days
    2 Outpatient mental health observation-not to exceed 72 hours
    3 Seclusion-not to exceed 12 hours
    4 Restraint-not to exceed 12 hours
  C Information given to the patient regarding reason for placement, duration of order and behavior required for release
  D Items allowed in room
2 The top half of the form must be completed by a psychiatrist/psychiatric mid-level practitioner, nurse or mental health professional and includes
  A Patient name
  B TDCJ number
  C Name of facility
  D Current date
  E Type of observation (crisis management, mental health observation, seclusion, restraint)
  F Date and time begun
  G Items allowed-Personal legal materials are permitted upon request except with appropriate documented clinical justification. Suicide blankets may not be withheld without clearly documented clinical justification
3 Visual checks must be recorded on the checklist every 15 minutes (30 minutes for outpatient mental health observation) Each staff member must write his/her name and initials at the bottom of the form. Visual checks are documented by entering both the code number(s) which best describes the patient's behavior and the observer's initials in the blank beside the appropriate time
4 Completed forms are forwarded to the Medical Records Department to be filed in the health record

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE - MENTAL HEALTH OBSERVATION CHECKLIST**

D2/51

**NAME:** TAYLOR, TRENT M   **TDCJ#** 1691384   **UNIT:** MONTFORD PSYCHIATRIC (JM)   **DATE:** 9/12/2013 12:00AM
CHECK THE APPROPRIATE TYPE

____ CRISIS MANAGEMENT   ____ MENTAL HEALTH OBSERVATION   X SECLUSION   ____ RESTRAINT

ITEMS ALLOWED (Check appropriate box(es))

____ CLOTHING   ____ UNDERGARMENTS ONLY   X SUICIDE BLANKET   ____ MATTRESS   ____ REGULAR TRAY   ____ PAPER TRAY
X SACK LUNCH

| CODE EXPLANATION | | | TIME OF VISUAL CHECK | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | CODE/INITIALS | | CODE/INITIALS | | CODE/INITIALS | |
| 1 | Beating on door/wall | | 0000 | | 0800 | | 1600 | |
| 2 | Yelling, screaming | | 0015 | | 0815 | | 1615 | Refused |
| 3 | Crying | | 0030 | | 0830 | | 1630 | |
| 4 | Laughing | | 0045 | | 0845 | | 1645 | |
| 5 | Singing | | 0100 | | 0900 | | 1700 | |
| 6 | Mumbling | | 0115 | | 0915 | | 1715 | |
| 7 | Talking to self | | 0130 | | 0930 | | 1730 | |
| 8 | Talking to others | | 0145 | | 0945 | | 1745 | |
| 9 | Standing still | | 0200 | | 1000 | | 1800 | |
| 10 | Walking | | 0215 | | 1015 | | 1815 | |
| 11 | Sitting or lying | | 0230 | | 1030 | | 1830 | |
| 12 | Quiet | | 0245 | | 1045 | | 1845 | |
| 13 | Sleeping | | 0300 | | 1100 | | 1900 | |
| 14 | Meals/fluids | | 0315 | | 1115 | | 1915 | |
| 15 | Bath/shower | | 0330 | | 1130 | | 1930 | |
| 16 | Toilet | | 0345 | | 1145 | | 1945 | |
| 17 | Restraints loosened | | 0400 | | 1200 | | 2000 | |
| 18 | Range of motion | | 0415 | | 1215 | | 2015 | |
| 19 | Out-of-cell | | 0430 | | 1230 | | 2030 | |
| 20 | Nursing Rounds | | 0445 | | 1245 | | 2045 | |
| 21 | | | 0500 | | 1300 | | 2100 | |
| | | | 0515 | | 1315 | | 2115 | |
| Printed Name | Initials | | 0530 | | 1330 | | 2130 | |
| | | | 0545 | | 1345 | | 2145 | |
| | | | 0600 | | 1400 | | 2200 | |
| | | | 0615 | | 1415 | | 2215 | |
| M. Martinez | mm | | 0630 | | 1430 | | 2230 | |
| | | | 0645 | | 1445 | | 2245 | |
| | | | 0700 | | 1500 | | 2300 | |
| | | | 0715 | | 1515 | | 2315 | |
| | | | 0730 | | 1530 | | 2330 | |
| | | | 0745 | | 1545 | | 2345 | |

HSP-6 (Rev 4/02)

1 of 1

X |||||||||||||||||||||||||||||||||||||||||||||   #

Exc Taylor - 526

Scanned by SANDVICK, KIM N. in facility MONTFORD PSYCHIATRIC (JM) on 09/10/2013 10:46

INSTRUCTIONS FOR COMPLETING MENTAL HEALTH OBSERVATION CHECKLIST

1 Each time a patient is placed in crisis management, mental health observation, seclusion or restraint, an entry must be made in the health record that includes the following information
   A   Reason and authority
   B   Duration of order
      1   Inpatient Crisis Management-not to exceed 3 working days
      2   Outpatient mental health observation-not to exceed 72 hours
      3   Seclusion not to exceed 12 hours
      4   Restraint not to exceed 12 hours
   C   Information given to the patient regarding reason for placement, duration of order and behavior required for release
   D   Items allowed in room
2  The top half of the form must be completed by a psychiatrist/psychiatric md level practitioner, nurse or mental health professional and includes
   A   Patient name
   B   TDCJ number
   C   Name of facility
   D   Current date
   E   Type of observation (crisis management, mental health observation, seclusion, restraint)
   F   Date and time begun
   G   Items allowed. Personal legal materials are permitted upon request except with appropriate documented clinical justification. Suicide blankets may not be withheld without clearly documented clinical justification
3  Visual checks must be recorded on the checklist every 15 minutes (30 minutes for outpatient mental health observation). Each staff member must write his/her name and initials at the bottom of the form. Visual checks are documented by entering both the code number(s) which best describes the patient's behavior and the observer's initials in the blank beside the appropriate time
4  Completed forms are forwarded to the Medical Records Department to be filed in the health record

TEXAS DEPARTMENT OF CRIMINAL JUSTICE - MENTAL HEALTH OBSERVATION CHECKLIST

62|45

NAME **TAYLOR, TRENT M**   TDCJ# **1691384**   UNIT **MONTFORD PSYCHIATRIC (JM)**   DATE **9/9/2013**
**12 00AM**
CHECK THE APPROPRIATE TYPE

_____ CRISIS MANAGEMENT   **X** MENTAL HEALTH OBSERVATION   _____ SECLUSION   _____ RESTRAINT

ITEMS ALLOWED  (Check appropriate box(es))

**X** CLOTHING  _____ UNDERGARMENTS ONLY **X** SUICIDE BLANKET _____ MATTRESS _____ REGULAR TRAY _____ PAPER TRAY
**X** SACK LUNCH

| CODE EXPLANATION | | | TIME OF VISUAL CHECK | | |
|---|---|---|---|---|---|
| | | | CODE/INITIALS | CODE/INITIALS | CODE/INITIALS |
| 1 | Beating on door/wall | | 0000 | 0800 | 1600 |
| 2 | Yelling, screaming | | 0015 | 0815 | 1615 |
| 3 | Crying | | 0030 | 0830 | 1630 |
| 4 | Laughing | | 0045 | 0845 | 1645 |
| 5 | Singing | | 0100 | 0900 | 1700 |
| 6 | Mumbling | | 0115 | 0915 | 1715 |
| 7 | Talking to self | | 0130 | 0930 | 1730 |
| 8 | Talking to others | | 0145 | 0945 | 1745 |
| 9 | Standing still | | 0200 | 1000 | 1800 |
| 10 | Walking | | 0215 | 1015 | 1815 |
| 11 | Sitting or lying | | 0230 | 1030 | 1830 |
| 12 | Quiet | | 0245 | 1045 | 1845 |
| 13 | Sleeping | | 0300 | 1100 | 1900 |
| 14 | Meals/fluids | | 0315 | 1115 | 1915 |
| 15 | Bath/shower | | 0330 | 1130 | 1930 |
| 16 | Toilet | | 0345 | 1145 | 1945 |
| 17 | Restraints loosened | | 0400 | 1200 | 2000 |
| 18 | Range of motion | | 0415 | 1215 | 2015 |
| 19 | Out-of-cell | | 0430 | 1230 | 2030 |
| 20 | Nursing Rounds | | 0445 | 1245 | 2045 |
| 21 | | | 0500 | 1300 | 2100 |
| | | | 0515 | 1315 | 2115 |
| Printed Name | Initials | | 0530 | 1330 | 2130 |
| Weitman | | | 0545 | 1345 | 2145 |
| | | | 0600 | 1400 | 2200 |
| Young | | | 0615 | 1415 | 2215 |
| | | | 0630 | 1430 | 2230 |
| Reyna | | | 0645 | 1445 | 2245 |
| | | | 0700 | 1500 | 2300 |
| | | | 0715 | 1515 | 2315 |
| | | | 0730 | 1530 | 2330 |
| | | | 0745 | 1545 | 2345 |

HSP-5 (Rev 4/02)

1 of 1

X ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ #

Ex.C  Taylor - 528

Scanned by SANDVICK, KIM N. in facility MONTFORD PSYCHIATRIC (JM) on 09/10/2013 10:58

At the time the patient is placed in Crisis management, mental health observation, seclusion or restraint, an entry must be made in the health record that includes the following information
  A  Reason and authority
  B  Duration of order
     1  Inpatient Crisis Management-not to exceed 3 working days
     2  Outpatient mental health observation-not to exceed 72 hours
     3  Seclusion-not to exceed 12 hours
     4  Restraint-not to exceed 12 hours
  C  Information given to the patient regarding reason for placement, duration of order and behavior required for release
  D  Items allowed in room
2  The top half of the form must be completed by a psychiatrist/psychiatric mid level practitioner, nurse or mental health professional and includes
  A  Patient name
  B  TDCJ number
  C  Name of facility
  D  Current date
  E  Type of observation (crisis management, mental health observation, seclusion, restraint)
  F  Date and time begun
  G  Items allowed Personal legal materials are permitted upon request except with appropriate documented clinical justification. Suicide blankets may not be withheld without clearly documented clinical justification.
3  Visual checks must be recorded on the checklist every 15 minutes (30 minutes for outpatient mental health observation). Each staff member must write his/her name and initials at the bottom of the form. Visual checks are documented by entering both the code number(s) which best describes the patient's behavior and the observer's initials in the blank beside the appropriate time.
4  Completed forms are forwarded to the Medical Records Department to be filed in the health record.

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE - MENTAL HEALTH OBSERVATION CHECKLIST**    B2/45

NAME **TAYLOR, TRENT M**   TDCJ# **1691384**   UNIT **MONTFORD PSYCHIATRIC (JM)**   DATE **9/8/2013**

**12 00AM**

CHECK THE APPROPRIATE TYPE

\_\_\_\_ CRISIS MANAGEMENT  **X** *omL* MENTAL HEALTH OBSERVATION  \_\_\_\_ SECLUSION  \_\_\_\_ RESTRAINT

ITEMS ALLOWED  (Check appropriate box(es))

**X** CLOTHING  \_\_\_\_ UNDERGARMENTS ONLY **X** SUICIDE BLANKET  \_\_\_\_ MATTRESS  \_\_\_\_ REGULAR TRAY  \_\_\_\_ PAPER TRAY
**X** SACK LUNCH

| CODE EXPLANATION | | | TIME OF VISUAL CHECK | | |
|---|---|---|---|---|---|
| | | | CODE/INITIALS | CODE/INITIALS | CODE/INITIALS |
| 1 | Beating on door/wall | | 0000 | 0800 | 1600 |
| 2 | Yelling, screaming | | 0015 | 0815 | 1615 |
| 3 | Crying | | 0030 | 0830 | 1630 |
| 4 | Laughing | | 0045 | 0845 | 1645 |
| 5 | Singing | | 0100 | 0900 | 1700 |
| 6 | Mumbling | | 0115 | 0915 | 1715 |
| 7 | Talking to self | | 0130 | 0930 | 1730 |
| 8 | Talking to others | | 0145 | 0945 | 1745 |
| 9 | Standing still | | 0200 | 1000 | 1800 |
| 10 | Walking | | 0215 | 1015 | 1815 |
| 11 | Sitting or lying | | 0230 | 1030 | 1830 |
| 12 | Quiet | | 0245 | 1045 | 1845 |
| 13 | Sleeping | | 0300 | 1100 | 1900 |
| 14 | Meals/fluids | | 0315 | 1115 | 1915 |
| 15 | Bath/shower | | 0330 | 1130 | 1930 |
| 16 | Toilet | | 0345 | 1145 | 1945 |
| 17 | Restraints loosened | | 0400 | 1200 | 2000 |
| 18 | Range of motion | | 0415 | 1215 | 2015 |
| 19 | Out-of-cell | | 0430 | 1230 | 2030 |
| 20 | Nursing Rounds | | 0445 | 1245 | 2045 |
| 21 | | | 0500 | 1300 | 2100 |
| | | | 0515 | 1315 | 2115 |
| Printed Name | Initials | | 0530 | 1330 | 2130 |
| | | | 0545 | 1345 | 2145 |
| | | | 0600 | 1400 | 2200 |
| | | | 0615 | 1415 | 2215 |
| | | | 0630 | 1430 | 2230 |
| | | | 0645 | 1445 | 2245 |
| | | | 0700 | 1500 | 2300 |
| | | | 0715 | 1515 | 2315 |
| | | | 0730 | 1530 | 2330 |
| | | | 0745 | 1545 | 2345 |

HSP-5 (Rev 4/02)

X    | | | | | | | | | | (barcode) | | | | | | | | | |   #

Ex.C   Taylor - 529

Scanned by SANDVICK, KIM N. in facility MONTFORD PSYCHIATRIC (JM) on 09/10/2013 10:58

At the time the patient is placed in crisis management mental health observation seclusion or restraint an entry must be made in the health record that includes the following information
    A  Reason and authority
    B  Duration of order
        1  Inpatient Crisis Management-not to exceed 3 working days
        2  Outpatient mental health observation-not to exceed 72 hours
        3  Seclusion not to exceed 12 hours
        4  Restraint-not to exceed 12 hours
    C  Information given to the patient regarding reason for placement duration of order and behavior required for release
    D  Items allowed in room
2  The top half of the form must be completed by a psychiatrist/psychiatric mid level practitioner nurse or mental health professional and includes
    A  Patient name
    B  TDCJ number
    C  Name of facility
    D  Current date
    E  Type of observation (crisis management mental health observation seclusion restraint)
    F  Date and time begun
    G  Items allowed Personal legal materials are permitted upon request except with appropriate documented clinical justification. Suicide blankets may not be withheld without clearly documented clinical justification
3  Visual checks must be recorded on the checklist every 15 minutes (30 minutes for outpatient mental health observation) Each staff member must write his/her name and initials at the bottom of the form. Visual checks are documented by entering both the code numbers(s) which best describes the patient's behavior and the observer's initials in the blank beside the appropriate time.
4  Completed forms are forwarded to the Medical Records Department to be filed in the health record

*B2-45 OML*

TEXAS DEPARTMENT OF CRIMINAL JUSTICE - MENTAL HEALTH OBSERVATION CHECKLIST

NAME **TAYLOR, TRENT M**    TDCJ# **1691384**    UNIT **MONTFORD PSYCHIATRIC (JM)**    DATE **9/7/2013**

**12 00AM**

CHECK THE APPROPRIATE TYPE

\_\_\_\_ CRISIS MANAGEMENT  \_✓\_ MENTAL HEALTH OBSERVATION  \_\_\_\_ SECLUSION  \_\_\_\_ RESTRAINT

ITEMS ALLOWED  (Check appropriate box(es))

\_✓\_ CLOTHING  \_\_\_\_ UNDERGARMENTS ONLY  \_\_\_\_ SUICIDE BLANKET  \_\_\_\_ MATTRESS  \_\_\_\_ REGULAR TRAY  \_\_\_\_ PAPER TRAY
\_\_\_\_ SACK LUNCH

| CODE EXPLANATION | | | | TIME OF VISUAL CHECK | | | | |
|---|---|---|---|---|---|---|---|---|
| 1 | Beating on door/wall | | | CODE/INITIALS | | | CODE/INITIALS | |
| 2 | Yelling screaming | | | 0000 | 1I 5E | 0800 | 1I 13 Jm | 1600 | 1II 2 m7 |
| 3 | Crying | | | 0015 | 1I Gr | 0815 | 1I 13 Jm | 1615 | 1I 2 m7 |
| 4 | Laughing | | | 0030 | 1I Gr | 0830 | 1I 13 Jm | 1630 | 1II 2 m7 |
| 5 | Singing | | | 0045 | 1I Gr | 0845 | 1I 13 Jm | 1645 | 1II 2 m7 |
| 6 | Mumbling | | | 0100 | 1I Gr | 0900 | 1I 5 | 1700 | 1I 12 m |
| 7 | Talking to self | | | 0115 | 1I Gr | 0915 | 1I 13 Jm | 1715 | 1I 12 m |
| 8 | Talking to others | | | 0130 | 1I Gr | 0930 | 14 m | 1730 | 1I 12 m |
| 9 | Standing still | | | 0145 | 1I Gr | 0945 | 1I m | 1745 | 1I 12 m |
| 10 | Walking | | | 0200 | 1I Gr | 1000 | 1I 13 Jm | 1800 | 1I Gr |
| 11 | Sitting or lying | | | 0215 | 1I Gr | 1015 | 1I 13 Jm | 1815 | 1I Gr |
| 12 | Quiet | | | 0230 | 1I Gr | 1030 | 1I 13 Jm | 1830 | 1I |
| 13 | Sleeping | | | 0245 | 1I Gr | 1045 | 1I 2 m7 | 1845 | 1I Gr |
| 14 | Meals/fluids | | | 0300 | 1I Gr | 1100 | 1I 2 Jm | 1900 | 1I Gr |
| 15 | Bath/shower | | | 0315 | 1I Gr | 1115 | 1I 2 m7 | 1915 | 1I Gr |
| 16 | Toilet | | | 0330 | 1I Gr | 1130 | 1I 2 m7 | 1930 | 1I Gr |
| 17 | Restraints loosened | | | 0345 | 1I Gr | 1145 | 1I 2 m7 | 1945 | 1I 2r |
| 18 | Range of motion | | | 0400 | 1I Gr | 1200 | 1I 2 Jm | 2000 | 1I Gr |
| 19 | Out-of-cell | | | 0415 | 1I Gr | 1215 | 1I 5 | 2015 | 1I Gr |
| 20 | Nursing Rounds | | | 0430 | 1I Gr | 1230 | 1I 5 | 2030 | 1I Gr |
| 21 | | | | 0445 | 1I Gr | 1245 | 1I 5 | 2045 | 1I Gr |
| | | | | 0500 | 1I Gr | 1300 | 1I 5 | 2100 | 1I 5 |
| Printed Name | | Initials | | 0515 | 1I Gr | 1315 | 1I 2 Jm | 2115 | 1I 5 |
| Cortez | | Gr | | 0530 | 1I Gr | 1330 | 1I 2 Jm | 2130 | 1I 5 |
| | | | | 0545 | 1I Gr | 1345 | 1I 2 Jm | 2145 | 1I 5 |
| | | | | 0600 | 1I 13 Jm | 1400 | 1I 2 Jm | 2200 | 1I 5 |
| | | | | 0615 | 1I 13 Jm | 1415 | 1I 2 Jm | 2215 | 1I V |
| Marr | | Jm | | 0630 | 1I 5 | 1430 | 1I 2 m7 | 2230 | 1I V |
| | | | | 0645 | 1I 5 | 1445 | 1I 2 m7 | 2245 | 1I V |
| Stone | | 5 | | 0700 | 1I 13 Jm | 1500 | 1I 2 m7 | 2300 | 1I V |
| | | | | 0715 | 1I 13 Jm | 1515 | 1I 5 | 2315 | 1I V |
| Epps | | 5E | | 0730 | 1I 13 Jm | 1530 | 14 5 | 2330 | 1I V |
| | | | | 0745 | 1I 13 Jm | 1545 | 14 5 | 2345 | 1I m |

HSP-5 (Rev 4/02)

X    |||||||||||||||||||||||||||||    #

*Ex.C* Taylor - 530

Scanned by SANDVICK, KIM N. in facility MONTFORD PSYCHIATRIC (JM) on 09/10/2013 11:07

**INSTRUCTIONS FOR COMPLETING MENTAL HEALTH OBSERVATION CHECKLIST**

1. For each inpatient crisis management, mental health observation, seclusion or restraint, an entry must be made in the health record that includes the following information
   - A  Reason and authority
   - B  Duration of order
     1  Inpatient Crisis Management-not to exceed 3 working days
     2  Outpatient mental health observation not to exceed 72 hours
     3  Seclusion not to exceed 12 hours
     4  Restraint not to exceed 12 hours
   - C  Information given to the patient regarding reason for placement duration of order and behavior required for release
   - D  Items allowed in room
2. The top half of the form must be completed by a psychiatrist/psychiatric mid-level practitioner nurse or mental health professional and includes
   - A  Patient name
   - B  TDCJ number
   - C  Name of facility
   - D  Current date
   - E  Type of observation (crisis management mental health observation seclusion restraint)
   - F  Date and time begun
   - G  Items allowed Personal legal materials are permitted upon request except with appropriate documented clinical justification. Suicide blankets may not be withheld without clearly documented clinical justification
3. Visual checks must be recorded on the checklist every 15 minutes (30 minutes for outpatient mental health observation). Each staff member must write his/her name and initials at the bottom of the form. Visual checks are documented by entering both the code numbers(s) which best describes the patient's behavior and the observer's initials in the blank beside the appropriate time
4. Completed forms are forwarded to the Medical Records Department to be filed in the health record

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE - MENTAL HEALTH OBSERVATION CHECKLIST**

**NAME** TAYLOR, TRENT M   **TDCJ#** 1691384      **UNIT** MONTFORD PSYCHIATRIC (JM)      **DATE** 9/6/2013 06 41PM

CHECK THE APPROPRIATE TYPE          O M U ✓

\_\_\_\_ CRISIS MANAGEMENT      ✓ MENTAL HEALTH OBSERVATION      \_\_\_\_ SECLUSION      \_\_\_\_ RESTRAINT

ITEMS ALLOWED  (Check appropriate box(es))

✓ CLOTHING  \_\_\_ UNDERGARMENTS ONLY  ✓ SUICIDE BLANKET  \_\_\_ MATTRESS  \_\_\_ REGULAR TRAY  \_\_\_ PAPER TRAY
✓ SACK LUNCH

| CODE EXPLANATION | | | TIME OF VISUAL CHECK | | |
|---|---|---|---|---|---|
| 1 | Beating on door/wall | | CODE/INITIALS | CODE/INITIALS | CODE/INITIALS |
| 2 | Yelling  screaming | | 0000 | 0800 | 1600 |
| 3 | Crying | | 0015 | 0815 | 1615 |
| 4 | Laughing | | 0030 | 0830 | 1630 |
| 5 | Singing | | 0045 | 0845 | 1645 |
| 6 | Mumbling | | 0100 | 0900 | 1700 |
| 7 | Talking to self | | 0115 | 0915 | 1715 |
| 8 | Talking to others | | 0130 | 0930 | 1730 |
| 9 | Standing still | | 0145 | 0945 | 1745 |
| 10 | Walking | | 0200 | 1000 | 1800 |
| 11 | Sitting or lying | | 0215 | 1015 | 1815 |
| 12 | Quiet | | 0230 | 1030 | 1830 |
| 13 | Sleeping | | 0245 | 1045 | 1845 |
| 14 | Meals/fluids | | 0300 | 1100 | 1900 |
| 15 | Bath/shower | | 0315 | 1115 | 1915 |
| 16 | Toilet | | 0330 | 1130 | 1930 |
| 17 | Restraints loosened | | 0345 | 1145 | 1945 |
| 18 | Range of motion | | 0400 | 1200 | 2000 |
| 19 | Out-of-cell | | 0415 | 1215 | 2015 |
| 20 | Nursing Rounds | | 0430 | 1230 | 2030 |
| 21 | | | 0445 | 1245 | 2045 |
| | | | 0500 | 1300 | 2100 |
| Printed Name | | Initials | 0515 | 1315 | 2115 |
| | | | 0530 | 1330 | 2130 |
| | | | 0545 | 1345 | 2145 |
| | | | 0600 | 1400 | 2200 |
| | | | 0615 | 1415 | 2215 |
| | | | 0630 | 1430 | 2230 |
| | | | 0645 | 1445 | 2245 |
| | | | 0700 | 1500 | 2300 |
| | | | 0715 | 1515 | 2315 | 10 |
| | | | 0730 | 1530 | 2330 |
| | | | 0745 | 1545 | 2345 |

HSP-5 (Rev 4/02)

X     #

Ex.C  Taylor - 531

**CORRECTIONAL MANAGED CARE**
**NURSING CHART REVIEW / VERBAL ORDER NOTE**

**Patient Name:** TAYLOR, TRENT M   **TDCJ#:** 1691384      **Date:** 09/12/2013 21:59   **Facility:** MONTFORD (JM)
**Age:** 25 year   **Race:** W   **Sex:** male
**Most recent vitals from 9/6/2013:** BP: 142 / 80 (Sitting) ; Wt: 145 Lbs.; Height: 69 In.; Pulse: 58 (Sitting) ; Resp: 20 / min;
Temp: 97 (Oral)   BMI: 21
**Allergies:**   LIDOCAINE HCL

| Patient Language:   ENGLISH   Name of interpreter, if required: |
| --- |

**Current Medications:**

**Problem:**   Per Nurse Henderson, LVN the O/P had been banging loudly on his metal door for approximately one hour, then asked for medical to come to his cell side. Nurse Henderson took his vital signs @ approximately 2102 hrs which were: 97.0, 96, 20, 124/97, the O/P stated that he had pain radiating to his left arm of 5/10 scale. Nurse Henderson stated that she gave him an Aspirin and Ala-Mag x2 tablets.   The O/P denied nausea, vomiting, and diaphoresis and further denied having stress.   At 2141 Hours, the O/P stated that he did not have any chest pain at all.   Note:   This Nurse advised Nurse Henderson to bring the O/P down to the Infirmary on the initial call at 2106 hrs, security not able to transfer, later the O/P had no more pain.

**Plan:**   Pod Nurse to continue to monitor for intervention measures.

Electronically Signed by LUJAN, TOMMY E. R.N. on 09/12/2013.
##And No Others##

**CORRECTIONAL MANAGED CARE**
**CLINIC NOTES - NURSING**

**Patient Name:** TAYLOR, TRENT M   **TDCJ#:** 1691384   **Date:** 10/14/2013 21:34   **Facility:** MONTFORD (JM)
**Age:** 26 year   **Race:** W   **Sex:** male
**Most recent vitals from 10/14/2013:** BP: 136 / 80 (Sitting) ; Wt: ; Height: 69 In.; Pulse: 50 (Sitting) ; Resp: 20 / min; Temp: 98 (Oral)  BMI:
**Allergies:** LIDOCAINE HCL

| Patient Language:  ENGLISH   Name of interpreter, if required: |
|---|

**Current Medications:**

| SCR INITIATED? | | YES | Date Received: |
|---|---|---|---|
| | x | NO | |

| x | Vital signs within normal limits |
|---|---|
| | Provider notified – vital signs outside of normal parameters as follows: |
| | Blood pressure less than 90/60 or greater than 180/110 |
| | Pulse less than 50/min or greater than 110/min |
| | Temperature greater than 101°F (oral) |
| | Respirations greater than 22/min |

**Today's Problem:**   offender states was hit in groin with bean bar by an officer.

**S:** c/o pain to R testicle rating pain a 5/10. States he feels a knot in R testicle.

**O:** No swelling or bruising noted.
Unable to feel knot with palpation.  Grimaces with palpation of testicles.  No apparent injury visualized.

**Plan is as follows:**   Called and spoke with Dr. Aristimuno.  Orders received.
    1.   Ice pack to groin x 24 hours prn.
    2.

**Started Meds:**
        IBUPROFEN 600MG TABLET          16347096        10/14/2013 21:15
        1 TABS ORAL TID PRN
                FINAL EXP. DATE: 10/17/2013 09:15:00PM      REFILLS: 0      DURATION: 3 Days
        CONFIRMED VERBAL ORDER

**Follow up PRN**
**RBTO:** Dr. Aristimuno/ SCarpenter, RN

1 of 2

*Exc* Taylor - 532

**CORRECTIONAL MANAGED CARE**
**CLINIC NOTES - NURSING**

**Patient Name:** TAYLOR, TRENT M   **TDCJ#:** 1691384   **Date:** 10/14/2013 21:34   **Facility:** MONTFORD (JM)
Procedures Ordered:

| Date Time | Description | Diagnosis | Comments | Special Instructions |
|-----------|-------------|-----------|----------|----------------------|
| 10/14/2013 09:42 | #NURSING LEVEL 1 COMPLETE VISIT (F) | perineal pain | | |

Electronically Signed by CARPENTER, SHAUNA B. R.N. on 10/14/2013.
Electronically Signed by ARISTIMUNO, PATRICIA C. M.D. on 10/15/2013.
##And No Others##

2 of 2

Ex.C Taylor - 533

CERTIFICATION

I TRENT TAYLOR TDCJ NO.01691384 CERTIFY AND AFFIRM ON THE DATE LI-
STED BELOW THAT I SENT ONE ORIGINAL COPY TO THE CLERK OF TH COURT
AT 1205 TEXAS AVENE LUBBOCK TEXAS ROOM 209,AND ONE CARBON COPY TO
THE ATTORNEY GENERAL AT P.O.BOX 12548 CAPITOL STATION ,AUSTIN TX,
78711, ALL POSTAGE SENT PRE-PAID FIRST CLASS DULY DEPOSITED IN THE
PRISON MAIL BOX SYTEM.

OCTOBER 28,2016



**UNITED STATES POSTAL SERVICE**

*Retail*

**P**

**US POSTAGE PAID**

**$0.00**

Origin: 7811S
Destination: 79401
1 Lb 4.10 Oz
Oct 31, 16
4848450119-01                    1004

**PRIORITY MAIL ®2-Day**

Expected Delivery Day: 11/02/2016    C067

**USPS TRACKING NUMBER**

9505 5128 4976 6305 0117 84



NOV – 2 2016

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

From/Expéditeur: Josh Jones #1927780
Connally Unit
899 FM 632
Kenedy, TX 78119

To/Destinataire: Clerk of Courts
George H. Mahon Federal Bldg. C-209
1205 Texas Avenue
Lubbock, TX 79401

Country of Destination/Pays de destination:
S

13X4.7
2X.21



  Please
Recycle

