IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| TRENT TAYLOR, <br> TDCJ-CID #01691384, <br><br> Plaintiff, <br><br> v. <br><br> MELISSA OLMSTEAD, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 5:14-CV-149-C <br> ) ECF |

# COURT'S CHARGE TO THE JURY
# AND JURY VERDICT

MEMBERS OF THE JURY:

Now that you have heard all of the evidence, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy

or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. The law is no respecter of persons, and all persons stand equal before the law and are to be dealt with as equals in a court of justice.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

Generally speaking, there are two types of evidence which a jury may consider in properly finding the truth as to the facts in this case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances which points to the existence or nonexistence of certain facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts from a preponderance of all the evidence, both direct and circumstantial.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony. In weighing the testimony of a witness, you should consider his relationship to the Plaintiff or to the Defendant; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

The burden is on the plaintiff in a civil action such as this to prove every essential element of his claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have introduced them. If the proof should fail to establish any essential element of the plaintiff's claim by a preponderance of the evidence, the jury should find for the defendant.

A witness may be "impeached" or discredited by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time he said or did something, or failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, it is in your exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves.

In answering the questions which I will submit to you, answer "yes" or "no" unless otherwise instructed. A "yes" answer must be based on a preponderance of the evidence. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no."

In this lawsuit, the Plaintiff, Trent Taylor, claims that the Defendant, Melissa Olmstead, violated his constitutional rights by using excessive and unnecessary force by ramming him in the groin with a steel bar after the two had argued at the Montford psychiatric unit in Lubbock, Texas. Plaintiff claims that as a result of Defendant Olmstead's actions, Plaintiff suffered injuries that required medical treatment of ice packs and a three-day prescription of ibuprofen. Plaintiff alleges that he continues to suffer pain.

Defendant Olmstead denies that she has ever used excessive force against Plaintiff Trent or that any of her actions violated Trent Taylor's constitutional rights. She asserts that no evidence exists to support Plaintiff's allegations and that there is no use-of-force report to support Plaintiff's claims that such an incident ever occurred.

Section 1983 of Title 42 of the United States Code provides that any citizen may seek redress in this court by way of damages against any person who, under color of state law or custom, intentionally deprives that citizen of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

In order to prove a claim under this statute, a plaintiff must establish by a preponderance of the evidence each of the following elements:

(1) Melissa Olmstead intentionally committed acts that operated to deprive Trent Taylor of a right secured by the Constitution of the United States;

(2) Melissa Olmstead acted under color of the authority of the State of Texas;

(3) Melissa Olmstead's acts were the legal cause of the Plaintiff's damages.

In this case you are instructed that Melissa Olmstead was acting under color of state law at the time of the acts complained of.

Plaintiff claims that the Defendant, by using excessive and unnecessary force against him, violated Plaintiff's Eighth Amendment constitutional rights.

Inmates are protected from cruel and unusual punishment under the Eighth Amendment of the United States Constitution. In order to prove a violation under the Eighth Amendment, the Plaintiff must show that the Defendant unnecessarily and wantonly inflicted pain on him. Whether a use of force against a prison inmate is unnecessary or wanton depends on whether force was applied in a good faith effort to maintain or restore discipline, or whether it was done maliciously and sadistically to cause harm. In order to prove a violation under the Eighth Amendment in this case, therefore, the Plaintiff must prove each of the following two elements by a preponderance of the evidence:

First:  That the Defendant used force against the Plaintiff maliciously and sadistically, for the very purpose of causing Plaintiff harm; and

Second:  That Plaintiff suffered some harm as a result of the Defendant's use of force.

If the Plaintiff fails to prove either of these elements, you must find for the Defendant. The first element is to be evaluated by a subjective analysis of the Defendant and her state of mind at the time.  To act "maliciously" means to intentionally do a wrongful act without just cause or excuse, with an intent to inflict injury or under circumstances that show an evil intent. In deciding whether this element has been proved, I remind you that you must give prison officials wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain internal security in the prison.

Some of the things you may want to consider in determining whether the prison officials unnecessarily and wantonly inflicted pain on the Plaintiff include (1) the extent of the injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the severity of a forceful response.

It is important that in your deliberation you be aware that this action arises in a prison institution. All inmates assigned to the Texas Department of Criminal Justice, Institutional Division, are convicted felons. In view of the unique nature of the prison environment, prison officials such as the Defendant are given broad discretion to maintain the security, order, and discipline of the prison, and broad deference must be given to their management decisions. By its very nature, the operation of a prison is a dangerous task. The reasonableness of the Defendant's actions must be determined against the backdrop of this prison environment.

If the Plaintiff has proved his claims against the Defendant by a preponderance of the evidence, you must determine the damages to which Plaintiff is entitled. You should not interpret the fact that I have given instructions about damages as an indication in any way that I believe Plaintiff should, or should not, be awarded damages of any kind. It is your task to decide whether Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant is liable and that Plaintiff is entitled to recover money from the liable party.

If you find that the Defendant is liable to the Plaintiff, then you must determine an amount that is fair compensation for all of the Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiff whole—that is, to compensate the Plaintiff for the damage that the Plaintiff has suffered. Compensatory damages are not limited to expenses that the Plaintiff may have incurred because of his injury. If the Plaintiff wins, he is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he has suffered because of the Defendant's conduct. You may award compensatory damages only for injuries that the Plaintiff proves were proximately caused by the Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered or that the Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

If you find that the Plaintiff's damages were minor or slight or negligible in amount, you may award a nominal sum such as $1.00.

You may award damages for any bodily injury that the Plaintiff sustained and any pain and suffering, disability, disfigurement, mental anguish, and/or loss of capacity for enjoyment of life that the Plaintiff experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate the Plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence.

If you find that the Defendant is liable for the Plaintiff's injuries, you must award the Plaintiff the compensatory damages that he has proved. You also may award punitive damages, if the Plaintiff has proved by "clear and convincing evidence" that the Defendant acted with malice or willfulness or with callous and reckless indifference to the safety or rights of others. One acts willfully or with reckless indifference to the rights of others when she acts in disregard of a high and excessive degree of danger about which she knows or which would be apparent to a reasonable person in her condition.

If you determine that the Defendant's conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages. In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a defendant for shocking conduct, and to deter the Defendant and others from engaging in similar conduct in the future. The law does not require you to award punitive damages; however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed a plaintiff has been made whole by compensatory damages, so punitive damages should be awarded only if the Defendant's misconduct, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence. You may consider the financial resources of the Defendant in fixing the amount of punitive damages.

"Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue. This involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard; however, proof to an absolute certainty is not required.

Your verdict must represent a considered judgment of each juror. In order to return a verdict, it is necessary that all members of the jury agree thereto. You may not therefore enter into an agreement to be bound by a majority or any vote other than a unanimous one.

Remember at all times you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you should first select one of your number to act as your presiding officer who will preside over your deliberations and will be your spokesman here in Court. A verdict form has been prepared for your convenience. Your presiding officer will sign in the space provided below after you have reached your verdict.

If, during your deliberations, you wish to communicate with the Court, you should do so only in writing by a note handed to the Deputy Marshal and signed by the presiding officer.

After you have reached your verdict, you will return this charge together with your written answers to the questions that I will submit to you. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.

Date: March 6, 2017

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE

## QUESTION NO. 1

Do you find that Defendant, Melissa Olmstead, used force against Plaintiff, Trent Taylor, maliciously and sadistically for the very purpose of causing Taylor harm and that Taylor suffered some harm as a result of Olmstead's use of force?

Answer "Yes" or "No."

Answer: _Yes_

If you have answered "Yes" to Question __1__, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 2

What amount of money, if any, if paid now in cash, would compensate Plaintiff, Trent Taylor, for a violation of his Eighth Amendment constitutional rights?

Answer in dollars and cents, if any, or "None."

Answer: __none__

If you have answered "Yes" to Question ___1___, then answer the following question. Otherwise, do not answer the following question.

### QUESTION NO. 3

Do you find by clear and convincing evidence that Defendant, Melissa Olmstead, acted with such malice or reckless indifference to the safety or rights of Plaintiff, Trent Taylor, that she should be punished by an award of punitive damages?

Answer "Yes" or "No."

Answer: ___No___

If you have answered "Yes" to Question __3__, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 4

What amount of money, if any, if paid now in cash, should be awarded to Plaintiff, Trent Taylor, as punitive damages, if any, as a result of Defendant Melissa Olmstead's conduct?

Answer in dollars and cents, if any, or "None."

Answer: __None__

## Certificate

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

_____
Presiding Officer of the Jury