# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS LUBBOCK DIVISION

| | |
|---|---|
| TRENT TAYLOR, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| V. § | C.A. No. 5:14-CV-00149 |
| § | |
| ROBERT STEVENS, ET. AL., § | |
| § | |
| *Defendants*. § | |

## DEFENDANTS' MOTION IN LIMINE

Defendants Robert Riojas, Joe Martinez, Ricardo Cortez, Stephen Hunter, Larry Davidson, and Shane Swaney ("Defendants") file this Motion in Limine before commencement of trial in this case and respectfully move this Court for an Order as follows:

Defendants seek to exclude matters that are irrelevant or unfairly prejudicial to the material issues in this case. If Plaintiff introduces these matters into the trial of this case through a party, an attorney, or a witness, it will cause irreparable harm to Defendants' case, which no instruction would cure. If any of these matters are brought forward, directly or indirectly, Defendants would be compelled to move for a mistrial.

Defendants ask the Court, by entering the attached order, to prohibit Plaintiff, his attorneys, and all witnesses from mentioning or bringing before the Court any evidence or testimony on the issues addressed in this Motion, whether directly or indirectly, through elicitation of testimony through questioning, voir dire, reading of pleadings, statement of the

case, interrogatories of a witness, reading of oral depositions, objections, offering documentary evidence, or in any other means or manner.

## MOTIONS IN LIMINE

In addition to any matters listed in any standing Order in Limine used by this Honorable Court, this Motion refers to any reference to, allegations of, reports or solicited testimony (sworn or unsworn) by Plaintiff's attorneys, Plaintiff, or any witness regarding the following specific matters:

1. **Any testimony, evidence, or reference to other wrongs, disciplinary cases, or acts to prove the character of Defendants, or any of the testifying current or former TDCJ officers and employees, to show they acted in conformity with their alleged character in connection with this lawsuit.**

    Specifically, Plaintiff focused on the Defendants' disciplinary histories during the depositions in this case, and portions of the Defendants' disciplinary histories have been produced in discovery at the request of Plaintiff. None of the Defendants were disciplined for the incidents giving rise to this lawsuit. The Defendants' disciplinary histories during their employment with TDCJ arose from incidents that are not related to this lawsuit and would not make any fact in this case more or less likely. *See Lewis v. Secretary of Public Safety and Corrections*, 970 F.3d 365, 369 n.9 (5th Cir. 2017) ("[P]rison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right."); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

    The Fifth Circuit has not directly addressed the issue of administrative disciplinary proceedings and their admissibility in a case brought under 42 U.S.C. § 1983. The question has come before at least three sister circuits, however, all of which have decided the issue on the side of exclusion. Courts have concluded that the unfair

prejudice outweighs the low probative value of internal disciplinary actions, and that disciplinary proceedings are remedial in nature such that Rule 407 precludes admissibility. *Thompson v. City of Chicago*, 472 F.3d 444, 456-57 (7th Cir. 2006); *Tanberg v. Sholtis*, 401 F.3d 1151, 1161-67 (10th Cir. 2005); *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1417-18 (9th Cir. 1986). And district courts in the Fifth Circuit have followed suit. *See, e.g., Herrera v. Aguilar*, No. 10-cv-569-DAE, 2013 WL 5354518 (W.D. Tex. Sept. 24, 2013) (granting TDCJ defendant's motion in limine and prohibiting introduction or reference to the TDCJ disciplinary report against the officer relating to a use of force); *Dotson v. Edmonson*, No. 16-15371, 2018 WL 501510, at *1 (E.D. La. Jan. 22, 2018).

In *Thompson v. City of Chicago*, the Seventh Circuit addressed a situation where the plaintiff in a § 1983 case sought to introduce evidence that the Chicago Police Department's internal policies concerning uses of force were violated. *Thompson*, 742 F.3d at 456–57. The Seventh Circuit found that evidence of failure to adhere to internal policies could not be considered in a § 1983 claim. *Id.* at 457. Admission of such evidence, the Court explained, would lead to "unnecessary and detrimental jury confusion" as to the claims and the relevant law. The Court found that no limiting instruction could possibly cure the confusion presented by such evidence and that the defendants would be unfairly prejudiced. *Id.*

In *Tanberg v. Sholtis*, the Tenth Circuit confronted a similar situation, where the plaintiff in a § 1983 suit sought to introduce evidence that the defendant had violated the Albuquerque Police Department's Standard Operating Procedures regarding uses

of force. *Tanberg*, 401 F.3d at 1161–67. The evidence was intended to apply to the § 1983 claim and to pendent state law claims. The Court found that such evidence was inadmissible for either purpose. *Id.* at 1163-65. As applied to the constitutional claim, explicit or implied applications of internal regulations are irrelevant to any constitutional analysis, because violations of such regulations cannot form the basis of a § 1983 suit. *Id.* at 1163-64. A violation of internal policy "does not make it more or less likely" that the actions taken violate the Constitution, "and the evidence of the violation is therefore irrelevant." *Id.* The Court also found that considerations of public policy weigh heavily in favor of excluding this type of evidence. Use of an agency's own regulations to impose liability against its officials in a court of law creates a disincentive to adopt strict, progressive internal standards, and thereby protect civil liberties proactively. *Id.*

The Ninth Circuit addressed the issue of the admissibility of disciplinary proceedings in a § 1983 case in *Maddox v. City of Los Angeles*. Maddox, 792 F.2d at 1417–18. As in the later Seventh and Tenth Circuit cases, the *Maddox* Court determined that any probative value offered by introduction of such evidence is greatly outweighed by the likelihood that the jury will be confused by it. *Id.* The jury is also in substantial danger of giving such evidence unfair or undue weight as indicative of a constitutional violation. *Id.*

Unlike the disciplinary actions in the instant case however, the disciplinary actions at issue in the extra-circuit cases described above were actions originating from the incidents giving rise to the lawsuit; namely, the officers were disciplined for their

conduct arising from use of force incidents that became the basis of § 1983 suits against them. The exclusion of those disciplinary cases that were at least related to the incidents giving rise to suit strongly suggests that *unrelated* disciplinary actions, like those Plaintiff Taylor wants to offer to the jury in the instant case, should be excluded. The alleged probative value of the disciplinary histories here would be even more tangential and slight than those discussed in the cases above because the disciplinary actions did not arise from the alleged conduct at issue in Taylor's lawsuit.

In the instant case, as in *Maddox*, there is no discernible probative value to the evidence that Defendants were disciplined internally by TDCJ for administrative rule violations that have no connection to Plaintiff Taylor, the conditions of Plaintiff Taylor's cells or being taken to the bathroom. Plaintiff has identified no facts exclusive to the disciplinary process or findings which are relevant to Plaintiff's Eighth Amendment claims. The best case scenario is that the jury recognizes this evidence as irrelevant and ignores it; the more likely result is that the jury is misled or confused by this evidence, resulting in unfair prejudice that outweighs any conceivable probative value.

FED. R. EVID. 401, 403, 404(b)(1), and 407.

AGREED _____   GRANTED _____   DENIED _____

2. **Any testimony, evidence, reference, or opinion by Plaintiff, his witnesses, or experts regarding the reasonableness of actions taken by Defendants, absent the requisite expert witness' qualifications. FED. R. EVID. 702.**

AGREED _____   GRANTED _____   DENIED _____

3. **Any testimony, evidence, reference or comparison to the Abu Ghraib prison incidents or cases arising from the same, *Cole v. Collier*, No. 4:14-cv-01698 (S.D. Tex.) or *Ruiz v. Estelle*, 460 U.S. 1042, 103 S. Ct. 1438 (1983), and subsequent appeals, or unrelated prison incidents. Such reference is irrelevant under FED. R. EVID. 401 and 403 and only serves to unfairly prejudice the fact finder.**

   AGREED ____☑____   GRANTED _____   DENIED _____

4. **Any reference to, allegations of, reports or solicited testimony regarding or related to complaints, grievances, or allegations against Defendants or other persons that are outside the facts of Plaintiff's original complaint. And particularly, any claims or factual allegations not pled in the original complaint but that were raised in Plaintiff's amended complaint, which was stricken from the record.**

   AGREED _____   GRANTED _____   DENIED _____

5. **Any testimony, evidence, or reference to any claim, cause of action, or allegation of wrongful conduct that was dismissed from this lawsuit prior to trial. This includes all causes of action, factual allegations, and named defendants that have been previously dismissed.**

   AGREED ____☑____   GRANTED _____   DENIED _____

6. **Any suggestion or comment that a witness or person was not called by Defendants to testify when any such witness is equally available or equally unavailable to all parties.**

   AGREED ____☑____   GRANTED _____   DENIED _____

7. **Any request to Defendants' counsel to produce any information or documents in their file in front of the jury; and any request to Defendants' counsel to stipulate to any matter of fact or to the admissibility of any evidence in front of the jury.**

   AGREED ____☑____   GRANTED _____   DENIED _____

8. **Any instructions or objections made by either party's counsel within deposition testimony or answers to discovery.**

   AGREED ____☑____   GRANTED _____   DENIED _____

9. **Any pre-prepared demonstrative item, video, PowerPoint presentation, diagrams, drawings, or writing on blackboards or other surface in the courtroom done by Plaintiff or his counsel when the Court is not in session, without same first being presented to the Court and Defendants outside the presence of the jury, except during closing argument provided that such is reasonably based on the evidence admitted in the trial. Additionally, that prior to such inspection, such exhibits or demonstratives should not be mentioned or placed in or around the courtroom in areas where jurors would reasonably be expected to view such exhibits, unless the Court has ruled the exhibits are admitted into evidence or are acceptable demonstrative exhibits.**

   AGREED ____☑____   GRANTED _____   DENIED _____

10. **Any evidence, reference to, or testimony regarding any other lawsuits, verdicts and / or claims against the Defendants, TDCJ or other TDCJ officials, or any agency of the State of Texas as same is prejudicial and irrelevant to this suit.**

    AGREED ____☑____   GRANTED _____   DENIED _____

11. **Any mention, testimony, evidence or comment referring to motions filed in this case, the rulings on those motions, any appellate proceedings, or the rulings of any court on any item contained therein. And particularly, any mention that this case proceeded before the United States Court of Appeals for the Fifth Circuit or the United States Supreme Court.**

    Such commentary would be unfairly prejudicial and confusing to the jury as a layman juror would undoubtedly attach improper significance to the fact that the Supreme Court heard and remanded this case. A juror would be likely to give more weight to the alleged facts in this case and give more credibility to the Plaintiff's allegations if he

knew that the United States Supreme Court heard and remanded the case. Additionally, the procedural and appellate history of the case, included the Supreme Court's decision to hear the case and its remand, is not evidence that would tend to make any material fact more or less likely to be true. Fed. R. Evid. 401 and 403. Alluding to these matters would be so highly prejudicial to Defendants that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter would not overcome its prejudicial influence on the jurors' minds.

AGREED _____   GRANTED _____   DENIED _____

12. **Any mention, testimony, evidence or comment that Defendants could be covered by indemnification or that any statutory caps apply with respect to this lawsuit and the claims in question.**

AGREED \_\_\_☑\_\_\_   GRANTED _____   DENIED _____

13. **Any reference to the general nature, behavior or character of TDCJ's employees.**

This case involves the alleged conduct of only the named Defendants and any comparison or broad allegations against TDCJ as a whole, or it employees other than the named defendants would be unfairly prejudicial and would not tend to make any material fact more or less likely. Fed. R. Evid. 403.

AGREED _____   GRANTED _____   DENIED _____

14. **Any evidence of the condition of the Montford Unit, or any portion thereof, before or after the timeframe relevant to this lawsuit, which is September 6, 2013, when Plaintiff first arrived at the Montford Unit, through September 13, 2013, the date he was no longer housed in or around the cells at issue in this lawsuit).**

    Such evidence would be irrelevant, misleading and would hold no probative value. Fed. R. Evid. 403.

    AGREED _____   GRANTED _____   DENIED _____

15. **Any reference to Defendants as "TDCJ," "The State," "the State of Texas," "the prison system," "the system," "the good ole' boys," or any comment that that they "take care of their own".**

    Defendants are sued in their individual capacities and the State is not a party in this case. To refer to Defendants in this way would confuse and mislead the jury as to who may be liable and who the parties are, which would cause unfair prejudice to the Defendants.

    AGREED \_\_\_\_☑\_\_\_\_\_   GRANTED _____   DENIED _____

16. **Any comment, testimony, argument or suggestion that Defendants failed to retain, failed to disclose, or failed to present evidence, records or witnesses that Plaintiff had equal access to or which neither party could obtain due to retention given the age of this case.**

    The incidents giving rise to this lawsuit occurred in 2013 and documents that the parties may now believe to be relevant but that could not have been anticipated to be subject to a litigation hold, were properly purged pursuant to the applicable retention policies. Absent a motion on spoliation and the requisite findings and conclusions regarding

spoliation, such commentary or suggestion would cause unfair and uncurable prejudice to Defendants.

AGREED _____   GRANTED _____   DENIED _____

17. **Any comment, testimony, argument or suggestion that Defendants or TDCJ and its officials failed to create evidence.**

    Specifically, any comment, testimony, argument or suggestion that Defendants or TDCJ and its officials should have taken photographs of Plaintiff's cell during the relevant time period because it would have been useful in responding to Plaintiff's eventual claims about the condition of his cells. Each side could argue that such evidence would be helpful to their side of this case but arguing that TDCJ or its employees failed to create evidence that would not normally be created in the normal course of business is unfairly prejudicial and improperly insinuates spoliation.

    AGREED _____   GRANTED _____   DENIED _____

18. **Any evidence, testimony, or suggestion that Plaintiff was improperly held at the Montford Unit, was improperly housed in seclusion, or was improperly delayed release from inpatient treatment at Montford.**

    Such claims have been dismissed and would only serve to confuse the issues and mislead the jury.

    AGREED \_\_\_\_☑\_\_\_\_\_   GRANTED _____   DENIED _____

**19.**   **Any argument, suggestion or testimony that Defendant Ortiz's absence from trial in any way informs or suggests whether he is liable for the conduct Plaintiff alleges against him.**

AGREED _____   GRANTED _____   DENIED _____


**20.**   **Any argument, suggestion or testimony that there must be validity to Plaintiff's claims since this case made it to trial in federal court.**

AGREED \_\_\_\_☑\_\_\_\_\_   GRANTED _____   DENIED _____


**21.**   **Any argument, suggestion or comment telling the jury to "put yourself in Plaintiff's shoes," or similar suggestions.**

AGREED \_\_\_\_☑\_\_\_\_\_   GRANTED _____   DENIED _____


**22.**   **Any mention that this Motion in Limine has been presented to or ruled upon by the Court.**

Defendants move that Plaintiff, Plaintiff's counsel and Plaintiff's witnesses, be instructed not to suggest to the jury by argument or otherwise that Defendants have sought to exclude from proof any matter bearing on the issues in this cause or the rights of the parties to this suit.

AGREED \_\_\_\_☑\_\_\_\_\_   GRANTED _____   DENIED _____

Respectfully Submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

**CHRISTIN COBE VASQUEZ**
Assistant Attorney General
christin.vasquez@oag.texas.gov

**MICHAEL CALB**
Assistant Attorney General
Michael.Calb@oag.texas.gov

EVAN W. WELTGE
Assistant Attorney General
Evan.Weltge@oag.texas.gov

/s/ leah O'Leary
**LEAH O'LEARY**
Assistant Attorney General
State Bar No. 24070974
Leah.Oleary@oag.texas.gov

Law Enforcement Defense Division
Office of the Attorney General
P.O Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 370-9996 (fax)

## NOTICE OF ELECTRONIC FILING

I, Leah O'Leary, Assistant Attorney General of Texas, certify that I have electronically submitted a true and correct copy of the foregoing for filing in accordance with the Court's electronic filing system, on January 12, 2022.

*/s/ Leah O'Leary*
**LEAH O'LEARY**
Assistant Attorney General

## CERTIFICATE OF CONFERENCE

I, Leah O'Leary, Assistant Attorney General of Texas, certify that I have conferred in good faith with Plaintiffs' counsel regarding **Defendants' Motion in Limine** on January 12, 2022. Plaintiff is opposed to Defendants' motions in limine except those above marked as "Agreed."

*/s/ Leah O'Leary*
**LEAH O'LEARY**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Leah O'Leary, Assistant Attorney General of Texas, certify that a true and correct copy of the foregoing **Defendants' Motion in Limine** has been served electronically upon all counsel of record *via* the electronic filing system of the Northern District of Texas, on January 12, 2022.

*/s/ Leah O'Leary*
**LEAH O'LEARY**
Assistant Attorney General