UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| TRENT TAYLOR, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | C.A. No. 5:14-CV-00149 |
| ROBERT STEVENS, et al, | § § § | |
| *Defendants*. | § § | |

## PLAINTIFF'S MOTIONS IN LIMINE

Plaintiff TRENT TAYLOR, before the commencement of the voir dire examination of the jury panel, files these Motions in Limine, (hereinafter "Motions") and respectfully requests that by an appropriate order this Court:

Instruct the attorneys for Defendants to refrain from mentioning, referring to, or bringing before the jury, directly or indirectly, upon voir dire examination, readings of the pleadings, statement of the case, interrogation of the witnesses, argument, objections before the jury, or in any manner whatsoever, any of the matters set forth below, unless such matters have first been called to the Court's attention out of the presence of the jury and a favorable ruling received on the admissibility and relevance of such matters.

Instruct the attorneys for Defendants to inform Defendants and all witnesses called by or on behalf of Defendants to refrain from mentioning or referring to, in any way, in the presence or hearing of the jury, any of the matters set forth below, unless specifically permitted to do so by ruling of the Court.

In these Motions, Plaintiff states to the Court that the matters set out below are inadmissible for any purpose because they have no bearing on the issues in this case or on the rights of the

parties to this lawsuit and are inherently prejudicial. Permitting interrogation of witnesses, comments to jurors or prospective jurors, or offers of evidence concerning any of the below matters will prejudice the jury, and sustaining objections to such questions, comments or offers will not cure such prejudice, but rather reinforce the impact of such prejudicial matters on the jurors.

**NO. 1:   ANY REFERENCE, EVIDENCE, STATEMENT OR QUESTIONS THAT SUGGEST, HINT, OR INTIMATE THAT PLAINTIFF'S ATTORNEYS HAVE A CONTINGENT FEE IN THIS CASE**

Such reference, evidence, statements and/or questions are irrelevant to the claims alleged in this lawsuit. FED. R. EVID. 402. The probative value, if any, of any such testimony or evidence would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or the risk of misleading the jury. FED. R. EVID. 403.

AGREED ____X____       GRANTED _____       DENIED _____

**NO. 2:   ANY REFERENCE TO DISCOVERY DISPUTES, EXCLUDED EVIDENCE, FAILURE TO PRODUCE EVIDENCE, AND/OR OBJECTIONS TO EVIDENCE**

Any reference to discovery disputes, Court-ordered excluded evidence, Plaintiff's failure to produce documents or evidence—where Defendants did not pursue such documents by means of a motion to compel—has no relevance to any claim or defense in this lawsuit. FED. R. EVID. 402. Moreover, the probative value, if any, of such argument is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or the risk of misleading the jury. FED. R. EVID. 403.

AGREED ____X____       GRANTED _____       DENIED _____

**NO. 3:   ANY REFERENCE TO ANY CORRESPONDENCE, DISCUSSIONS, STATEMENTS, OR DISAGREEMENTS BETWEEN COUNSEL IN THIS CASE**

Any such reference has no relevance to any claim or defense in this lawsuit. FED. R. EVID. 402. Moreover, the probative value, if any, of such argument is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or the risk of misleading the jury. FED. R. EVID. 403.

AGREED ____X_____    GRANTED _____    DENIED _____

NO. 4:    **ANY REFERENCE TO SETTLEMENT DEMANDS OR NEGOTIATIONS**

Any testimony, documents, evidence or reference to any negotiations or settlement demands made by Plaintiff during this litigation. Offers of settlement and compromise, including conduct and statements made in negotiations, are inadmissible. FED. R. EVID. 408. Any records concerning settlement and efforts of conciliation are not relevant to any matter at issue. FED. R. EVID. 402. Further, admission of such records is likely to confuse the jury on damages issues and prejudice the jury as to the value of Plaintiff's claims, which far outweighs the probative value, if any, of such evidence. FED. R. EVID. 403.

AGREED ____X_____    GRANTED _____    DENIED _____

NO. 5:    **ANY REFERENCE TO THIS MOTION OR THE COURT'S ORDER REGARDING THIS MOTION**

Any reference to the filing of these Motions or to any ruling by the Court in response to these Motions is irrelevant to the claims and defenses of this lawsuit. FED. R. EVID. 402. Such references are inherently prejudicial in that they suggest or imply that Plaintiff has sought to prohibit proof or that the Court has excluded proof of matters damaging to Plaintiff's case. FED. R. EVID. 403.

AGREED ____X_____    GRANTED _____    DENIED _____

NO. 6:    **ANY STATEMENT BY DEFENDANTS THAT PLAINTIFF FAILED TO CALL ANY WITNESS EQUALLY AVAILABLE TO DEFENDANTS AND SUBSTANCE OF THE TESTIMONY**

Any reference or statement made by Defendants that Plaintiff failed to call any witness equally available to Defendants, through prior depositions or otherwise, is inadmissible. Such statements could lead jurors to draw an adverse inference regarding the selection of witnesses, which would unfairly prejudice, confuse, and mislead the jury. FED. R. EVID. 403. *Parthenon Unified Memory Architecture LLC v. Apple,* 2016 WL 7743510 at *3 (E.D. Tex. 2016) *quoting Herbert v. WalMart Stores, Inc.,* 911 F.3d 1044, 1048 (5th Cir. 1990) (stating that "the trier of fact may draw no inference from a party's mere failure to call a witness who is susceptible to subpoena by either party"). Furthermore, any speculation as to the substance of the testimony of the absent witness would improperly prejudice, confuse, and mislead the jury. FED. R. EVID. 403.

AGREED ____X_____        GRANTED _____        DENIED _____

**NO. 7:      ANY MENTION BY THE DEFENDANTS' ATTORNEYS REGARDING THEIR PERSONAL OPINIONS ABOUT THE CREDIBLITY OF ANY WITNESS**

Defendants' attorneys' opinions regarding the credibility of any witness is not relevant to any claim or defense of this lawsuit. FED. R. EVID. 402. Further, the probative value, if any, of any such opinions would be greatly outweighed by the danger of unfair prejudice, confusion of issues, and/or risk of misleading the jury. FED. R. EVID. 403. It is the duty of the jury to evaluate and determine the credibility of a witness, and this evaluation should not be swayed by attorney opinion.

AGREED ____X_____        GRANTED _____        DENIED _____

**NO. 8:      ANY MENTION, REFERENCE, INFERENCE, OR COMMENT SUGGESTING THAT PLAINTIFF FILED THIS LAWSUIT "FOR THE MONEY," "TO GET PAID," OR THAT PLAINTIFF WILL "RECEIVE A WINDFALL"**

Any reference suggesting that Plaintiff was financially motivated to file this lawsuit is not relevant to any claim or defense of this lawsuit. FED. R. EVID. 402. Further, the probative value, if any, of any such reference would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or the risk of misleading the jury. FED. R. EVID. 403.

AGREED _____   GRANTED _____   DENIED _____

**NO. 9:    ANY REFERENCE OR ASSERTION PERTAINING TO ANY OTHER PENDING, SETTLED, DISMISSED, OR FULLY LITIGATED ACTION PLAINTIFF IS OR WAS PARTY TO**

Any reference or assertion by Defendants pertaining to other litigation that Plaintiff may be party to is irrelevant to any claim or defense in this lawsuit. FED. R. EVID. 402. Furthermore, any reference to other litigation is likely to confuse, prejudice, and/or mislead the jury; this prejudice and confusion will far outweigh any probative value. FED. R. EVID. 403.

AGREED _____   GRANTED _____   DENIED _____

**NO. 10:   ANY REFERENCE OR ASSERTION PERTAINING TO ANY ALLEGED PRIOR CONVICTIONS OF THE PLAINTIFF**

Any reference or assertion by Defendants pertaining to any prior convictions that Plaintiff may have is irrelevant to any claim or defense in this lawsuit, as the facts at issue relate to what occurred when Plaintiff was already in prison. Fed. R. Evid. 402. Furthermore, any reference to prior convictions is likely to deeply prejudice, confuse and/or mislead the jury; this prejudice and confusion will far outweigh any probative value. Fed. R. Evid. 403. The reason Plaintiff was in prison is irrelevant to the facts at issue in this case and therefore should be excluded. Fed. R. Evid. 402.

AGREED _____   GRANTED _____   DENIED _____

**NO. 11:   ANY REFERENCE OR ASSERTION PERTAINING TO ANY ALLEGED EXTRANEOUS UNADJUDICATED OFFENSES**

Any reference or assertion by Defendants pertaining to any alleged unadjudicated crimes, bad acts, or violations of the law by Plaintiff is irrelevant to any claim or defense in this lawsuit. Fed. R. Evid. 402. Any reference to unadjudicated crimes, bad acts, or violations of the law is likely to prejudice, confuse, or otherwise mislead the jury; this prejudice and confuse will far outweigh any probative value of such statements. Fed. R. Evid. 403.

AGREED __X__     GRANTED _____     DENIED _____

**NO. 12:     ANY REFERENCE OR ASSERTION PERTAINING TO ANY ARREST**

Any reference or assertion by Defendants pertaining to any arrest of Plaintiff by any authority is irrelevant to any claim or defense in this case. Fed. R. Evid. 402. Furthermore, any reference to such arrests is likely to prejudice, confuse, or otherwise mislead the jury; this prejudice and confusion will far outweigh any probative value. Fed. R. Evid. 403.

AGREED __X__     GRANTED _____     DENIED _____

**NO. 13:     ANY REFERENCE OR ASSERTION BY THE DEFENDANTS' EXPERT REGARDING THEIR PERSONAL OPINIONS ABOUT THE CREDIBLITY OF ANY WITNESS**

Any mention by Defendants' expert of their personal opinion regarding the credibility of any witness is speculation and outside the expert's area of expertise. Fed. R. Evid. 602. Allowing Defendants' expert to testify to the credibility of any witness is likely to prejudice, confuse, and/or mislead the jury; this confusion will far outweigh any probative value. Fed. R. Evid. 403.

AGREED _____     GRANTED _____     DENIED _____

**NO. 14:     ANY REFERENCE OR ASSERTION BY THE DEFENDANTS' EXPERT REGARDING TDCJ FACILITY PROCEDURES**

Any mention by Defendants' expert regarding TDCJ prison procedure or the way that prisons are run is outside the expert's area of expertise. Fed. R. Evid. 702. Allowing Defendants'

expert to testify to TDCJ facility procedures is likely to prejudice, confuse, and/or mislead the jury; this prejudice and confusion will far outweigh any probative value. Fed. R. Evid. 403.

AGREED _____     GRANTED _____     DENIED _____

**NO. 15:       ANY REFERENCE OR ASSERTION PERTAINING TO PLAINTIFF'S DISCIPLINARY HISTORY WITHIN TDCJ**

Any reference or assertion by Defendants pertaining to Plaintiff's TDCJ disciplinary history is irrelevant to any claim or defense in this case. Fed. R. Evid. 402. Furthermore, any reference to Plaintiff's disciplinary history is likely to prejudice, confuse, or otherwise mislead the jury; this prejudice and confusion will far outweigh any probative value. Fed. R. Evid. 403.

AGREED _____     GRANTED _____     DENIED _____

**NO. 16:       ANY REFERENCE OR ASSERTION PERTAINING TO PREVIOUS GRIEVANCES FILED BY PLAINTIFF DURING HIS TIME WITH TDCJ**

Any reference or assertion by Defendants pertaining to any previous grievances Plaintiff filed with TDCJ is irrelevant to any claim or defense in this case. Fed. R. Evid. 402. Furthermore, any reference to such grievance is likely to prejudice, confuse, or otherwise mislead the jury; this prejudice and confusion will far outweigh any probative value. Fed. R. Evid. 403.

AGREED _____     GRANTED _____     DENIED _____

**NO. 17:       DEFENDANTS' PRODUCTION BATES NOS. 00581-00644**

Defendants' production Bates labeled 00581-00644 includes photos from the Montford Unit. However, none of the cells photographed are the cells at issue in this case, as the affidavit provided by Defendants' counsel states. Accordingly, the photographs of these other cells produced by Defendants are irrelevant to any claim or defense in this case. Fed. R. Evid. 402. Furthermore, if the photos of cells other than the cells at issue are used in trial, they are likely to confuse and/or mislead the jury; this risk of confusion outweighs any probative value the photos

might offer. Fed. R. Evid. 403. Photographs of cells that Plaintiff was not housed in are not relevant to any claim or defense in this case, and should be excluded. Fed. R. Evid. 403.

AGREED __X__    GRANTED _____    DENIED _____

Dated: January 12, 2022                                          Respectfully submitted,

*/s/ David W. Henderson*
David W. Henderson
Texas State Bar No. 24032292
dhenderson@equalrights.law
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
**ELLWANGER LAW LLLP**
400 S. Zang Blvd. Ste. 1015
Dallas, TX 75208
Telephone: (469) 998-6775
Facsimile: (469) 998-6775

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2022, a true and correct copy of the above and foregoing document was served on all counsel of record via the Court's ECF system.

*/s/ David W. Henderson*
David W. Henderson

## CERTIFICATE OF CONFERENCE

On January 12, 2022, the undersigned counsel conferred via e-mail with counsel for the Defendants, and Defendants' counsel is agreed in part and opposed in part to the relief sought in this motion.

*/s/ David W. Henderson*
David W. Henderson